```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                  New York, N.Y.

          v.                               S1 15 Cr. 287 (LTS) (JCF)

ROBERT STEWART,

              Defendant.

------------------------------x

                                           August 12, 2015
                                           12:10 p.m.

Before:

               HON. JAMES C. FRANCIS,

                                           Magistrate Judge

                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  BROOKE CUCINELLA
     SARAH McCALLUM
     Assistant United States Attorneys

SETH LEVINE
JILLIAN BERMAN
     Attorneys for Defendant
```

F8CEsteP

1   THE DEPUTY CLERK:  US v. Robert Stewart.  Counsel,
2 please state your name for the record, starting with the
3 government.
4   MS. McCALLUM:  Good afternoon.  Sarah McCallum and
5 Brook Cucinella for the government, with Special Agent Alex
6 Perganski for the FBI.
7   MR. LEVINE:  Good afternoon, your Honor.  Seth Levine
8 for the defendant.
9   MS. BERMAN:  And Jillian Berman as well Mr. Christos
10 Papapetrou, your Honor.
11   THE COURT:  Good afternoon.
12   If you please, Mr. Stewart, I'm Judge Francis.  You're
13 charged in Count One of this indictment with conspiracy to
14 commit securities fraud and fraud in connection with a tender
15 offer in violation of Title 18, United States Code, Section
16 371.  You have the right to enter your plea before a United
17 States District Judge.  However, a United States Magistrate
18 Judge also has jurisdiction to take your plea provided that you
19 consent to that procedure.
20   I have before me a consent form.  Have you read and do
21 you understand that form and did you sign it?
22   THE DEFENDANT:  I have, your Honor.
23   THE COURT:  I'm going to ask you some questions in
24 connection with your plea.  Please raise your right hand.
25   (Defendant sworn)

F8CEsteP

1           THE COURT:  Please state your full name for the
2    record.
3           THE DEFENDANT:  Robert Keith Stewart.
4           THE COURT:  What is your education?
5           THE DEFENDANT:  I went to -- I have a master's degree
6    in business administration.
7           THE COURT:  Are you now or have you recently been
8    under the care of a doctor or a psychiatrist for any reason?
9           THE DEFENDANT:  Doctor, for diabetes.
10          THE COURT:  Are you taking any medications?
11          THE DEFENDANT:  I am.
12          THE COURT:  Do any of the medications you take affect
13   your ability to understand these proceedings in any way?
14          THE DEFENDANT:  They do not, your Honor.
15          THE COURT:  Have you ever been treated for alcoholism
16   or drug addiction?
17          THE DEFENDANT:  No, your Honor.
18          THE COURT:  Are you feeling all right today?
19          THE DEFENDANT:  Yes, your Honor.
20          THE COURT:  Have you received a copy of the
21   indictment?
22          THE DEFENDANT:  I have, your Honor.
23          THE COURT:  Have you read it and do you understand
24   what it says that you did?
25          THE DEFENDANT:  Yes, I have, your Honor.

F8CEsteP

| | |
|---|---|
| 1 | THE COURT:  Do you waive its public reading? |
| 2 | THE DEFENDANT:  I do, your Honor. |
| 3 | THE COURT:  Have you had time to talk to your attorney |
| 4 | about the charges and about how you wish to plead? |
| 5 | THE DEFENDANT:  I have, your Honor. |
| 6 | THE COURT:  Are you satisfied with your attorney? |
| 7 | THE DEFENDANT:  I am, your Honor. |
| 8 | THE COURT:  Are you ready to plead at this time? |
| 9 | THE DEFENDANT:  I am, your Honor. |
| 10 | THE COURT:  And what is your plea to Count One, guilty |
| 11 | or not guilty? |
| 12 | THE DEFENDANT:  Guilty, your Honor. |
| 13 | THE COURT:  I need to determine whether your plea of |
| 14 | guilty is voluntary and whether you fully understand the |
| 15 | charges against you and the possible consequences of your plea, |
| 16 | so I'm going to ask you some additional questions.  I remind |
| 17 | you that the charge against you is conspiracy to commit |
| 18 | securities fraud and fraud in connection with the tender offer. |
| 19 | The law provides, as a penalty, a term of imprisonment of up to |
| 20 | five years, a term of supervised release of up to three years, |
| 21 | a maximum fine which is the greatest of $250,000 or twice any |
| 22 | gain derived from the offense or twice any loss to persons |
| 23 | other than yourself as a result of the offense, and a mandatory |
| 24 | $100 special assessment. |
| 25 | Do you understand those penalties? |

F8CEsteP

1     THE DEFENDANT:  I do, your Honor.
2     THE COURT:  Do you understand that as part of any
3 sentence the Court would require you to make restitution to any
4 victims of the crime?
5     THE DEFENDANT:  I do, your Honor.
6     THE COURT:  Do you understand that if you are
7 sentenced to prison and released on supervised release, and you
8 violate the terms of supervised release, you would be returned
9 to prison without credit for the time spent on supervised
10 release?
11     THE DEFENDANT:  I do, your Honor.
12     THE COURT:  Do you understand that if you are not a
13 United States citizen, you would be subject to deportation on
14 the basis of your conviction?
15     THE DEFENDANT:  I do, your Honor.
16     THE COURT:  Do you understand that you have the right
17 to plead not guilty and the right to a jury trial on these
18 charges?
19     THE DEFENDANT:  Yes, I do, your Honor.
20     THE COURT:  Do you understand that if you plead not
21 guilty and go to trial, the burden would be on the government
22 to prove your guilt beyond a reasonable doubt?
23     THE DEFENDANT:  Yes, your Honor.
24     THE COURT:  Do you understand that at a trial you'd be
25 presumed innocent until the government proves your guilt?

1          THE DEFENDANT:  Yes, your Honor.
2          THE COURT:  Do you understand that you have the right
3  to be represented by an attorney at trial and at all other
4  stages of the proceedings and, if necessary, an attorney would
5  be appointed for you?
6          THE DEFENDANT:  Yes, your Honor.
7          THE COURT:  Do you understand that at a trial you
8  would have the right to confront and question any witnesses who
9  testify against you and the right not to be forced to testify
10 against yourself?
11         THE DEFENDANT:  I do, your Honor.
12         THE COURT:  Do you understand that at a trial you'd be
13 entitled to testify on your own behalf, to call witnesses and
14 to subpoena those witnesses, if necessary?
15         THE DEFENDANT:  I do, your Honor.
16         THE COURT:  Do you understand that if you plead
17 guilty, there will be no trial of any kind, and the trial
18 related rights that I have just described would no longer
19 apply, and the only remaining step would be for the Court to
20 sentence you?
21         THE DEFENDANT:  I do, your Honor.
22         THE COURT:  Do you understand the nature of the charge
23 to which you're pleading?
24         THE DEFENDANT:  I do, your Honor.
25         THE COURT:  Do you understand the range of penalties,

F8CEsteP

1	including the maximum sentence that you could receive on the
2	basis of your plea?
3	         THE DEFENDANT:  I do, your Honor.
4	         THE COURT:  Have you and your attorney talked about
5	how the Sentencing Commission Guidelines might apply to your
6	case?
7	         THE DEFENDANT:  We have, your Honor.
8	         THE COURT:  Do you understand that the Court will not
9	be able to determine the guidelines for your case until a
10	presentence report has been prepared and you and the government
11	have had the opportunity to challenge any facts reported there?
12	         THE DEFENDANT:  I do, your Honor.
13	         THE COURT:  Do you understand that after it's been
14	determined what guidelines apply to a case, the Court has the
15	authority, in some circumstances, to impose a sentence that is
16	either more severe or less severe than that called for by the
17	guidelines?
18	         THE DEFENDANT:  I do, your Honor.
19	         THE COURT:  Do you understand that in determining the
20	sentence the Court will consider, in addition to the guidelines
21	and possible departures from those guidelines, all of the
22	factors set forth in the statute that is 18, United States
23	Code, Section 3553(a)?
24	         THE DEFENDANT:  I do, your Honor.
25	         THE COURT:  Do you understand that under some

1  circumstances you or the government may have the right to
2  appeal the sentence?
3           THE DEFENDANT:  I do, your Honor.
4           THE COURT:  Do you understand that there is no parole
5  and that if you are sentenced to prison you will not be
6  released on parole?
7           THE DEFENDANT:  I do, your Honor.
8           THE COURT:  Do you understand that the answers that
9  you give to me today under oath may in the future be used
10 against you in a prosecution for perjury or false statement if
11 you do not tell the truth?
12          THE DEFENDANT:  I do, your Honor.
13          THE COURT:  Do you still wish to plead guilty?
14          THE DEFENDANT:  I do, your Honor.
15          THE COURT:  Have any threats been made to you by
16 anyone to influence to you plead guilty?
17          THE DEFENDANT:  No, your Honor.
18          THE COURT:  Have any promises been made concerning the
19 sentence you would receive?
20          THE DEFENDANT:  No, your Honor.
21          THE COURT:  I have before me a plea agreement dated
22 July the 22nd, 2015.  Have you read that plea agreement?
23          THE DEFENDANT:  I have.
24          THE COURT:  Do you understand it and did you sign it?
25          THE DEFENDANT:  I have, your Honor.

F8CEsteP

1            THE COURT:  Do you understand that the plea agreement
2     contains a sentencing guideline calculation, and that if you
3     are sentenced within or below the guideline range indicated,
4     you're agreeing not appeal or otherwise challenge your
5     sentence?
6            THE DEFENDANT:  I do, your Honor.
7            THE COURT:  Do you understand that you're agreeing not
8     to appeal or challenge your conviction on the grounds that the
9     government has failed to produce discovery material or
10    information that might tend to prove your innocence?
11           THE DEFENDANT:  I do, your Honor.
12           THE COURT:  Do you understand that if your plea is
13    vacated for any reason, you're agreeing not to challenge any
14    future prosecution on the ground that it is time-barred?
15           THE DEFENDANT:  I do, your Honor.
16           THE COURT:  Apart from what's contained in this plea
17    agreement, has anyone promised you anything whatsoever in
18    connection with your plea?
19           THE DEFENDANT:  No, your Honor.
20           THE COURT:  Does the government wish to set forth on
21    the record the elements it would prove at trial?
22           MS. McCALLUM:  Yes, your Honor.  The elements of
23    Count One of the superseding indictment, which is conspiracy to
24    commit securities fraud and tender offer fraud are, first, that
25    the defendant agreed with at least one other person to commit

1   the defined objects; second, that at least one overt act was
2   taken by the defendant or a coconspirator to further the
3   conspiracy; and also the government would have to prove venue,
4   that is, that at least one overt act in furtherance of the
5   conspiracy took place in this district.
6           The first object of the conspiracy charged is
7   securities fraud.  As relevant to this case the elements of
8   that are, one, that the defendant received material, nonpublic
9   information; second, that the information was disclosed or used
10  in breach of a duty to keep the information confidential and
11  disclosed or used for personal benefit; third, that the
12  defendant knew the information was disclosed or used in breach
13  of a duty and for personal benefit; fourth, that the defendant
14  traded based on the material, nonpublic information received;
15  and fifth, again, as the substantive count, it would be a venue
16  element as well.
17          The second object of the charged conspiracy is fraud
18  in connection with a tender offer.  The elements of that
19  substantive offense are first, that after substantial steps had
20  been taken to commence a tender offer; second, the defendant
21  received material, nonpublic information relating to the deal;
22  third, that that information was received directly or
23  indirectly from someone the defendant knew to be associated
24  with either the offeror or of the target issuer; fourth, that
25  the defendant knowingly and willfully traded on that

1   information in advance of the public offer tender's
2   announcement.
3           If this case were to go to trial the government would
4   prove Count One of the indictment through, among other things,
5   trading records, phone records, witness testimony, documents
6   provided by various entities, e-mails collected by grand jury
7   subpoena and through search warrant.
8           Using this proof the government would show that
9   beginning around February 2011 the defendant's son, Sean
10  Stewart, who was an investment banker in Manhattan, began
11  tipping the defendant about upcoming mergers and acquisitions
12  in the healthcare field, including one tender offer.  Sean
13  Stewart had a fiduciary duty to keep this information secret
14  and breached that duty by tipping his father.  He breached this
15  duty not for a corporate purpose but for a personal benefit,
16  including pecuniary benefits he expected to flow to him from
17  his father's insider trading.
18          The defendant used the material, nonpublic information
19  that he got from his son Sean to conduct profitable trades for
20  himself, and he also partnered with his friend Richard Cunniffe
21  so that Cunniffe could use the information to conduct
22  profitable options trading for both the defendant and Cunniffe.
23  All told, the defendant and Cunniffe made approximately $1.1
24  million in profits from their illegal trading.  Cunniffe paid
25  the defendant's portion of the net proceeds to him principally

1    in small increments over time, usually in cash.  One such
2    payment was made at a diner in Manhattan.
3             THE COURT:  Thank you.
4             Mr. Stewart, do you understand if you were to go to
5    trial the government would have to prove each of those elements
6    beyond a reasonable doubt?
7             THE DEFENDANT:  I do, your Honor.
8             THE COURT:  Is your plea voluntary and made of your
9    own free will?
10            THE DEFENDANT:  It is, your Honor.
11            THE COURT:  Did you commit the offense charged?
12            THE DEFENDANT:  I did, your Honor.
13            THE COURT:  Tell me what you did.
14            THE DEFENDANT:  I, Robert Stewart, admit to each of
15   the following facts:
16            I agreed with at least one other person to trade
17   securities based on confidential, nonpublic information,
18   including information relating to mergers and acquisitions that
19   had not yet been announced.  I knew that information was used
20   and shared in breach of a duty owed to the source of the
21   information and for a personal benefit.
22            Specifically, I obtained material, nonpublic
23   information about a number of securities from my son, who I
24   understand had access to this information in the course of his
25   job.  For certain of these securities, I provided the

F8CEsteP

1   information to another individual, Rick Cunniffe, so that he
2   could trade in these securities and share trading profits with
3   me.  This included information about Gen-Probe, Lincare and
4   CareFusion.
5           After executing trades, based on the information I
6   provided to him, Mr. Cunniffe gave me money, including cash
7   payments.  One of these payments was in 2015 at a diner in
8   Manhattan.
9           I knew what I was doing was wrong.
10          THE COURT:  Does the government have any other
11  questions it wish to be asked?
12          MS. McCALLUM:  No, your Honor.
13          THE COURT:  Do you know of any reason why the
14  defendant should not plead guilty?
15          MS. McCALLUM:  No, your Honor.
16          THE COURT:  Mr. Levine, do you have any such reason?
17          MR. LEVINE:  No, your Honor.
18          THE COURT:  I'm satisfied that the defendant
19  understands the nature of the charge against him and the
20  consequences of a plea of guilty.  I'm also satisfied that the
21  plea is voluntary and knowing and that there is a factual basis
22  for it.  I will therefore recommend that Judge Swain accept the
23  defendant's plea of guilty to Count One of the indictment.
24          Do we have a sentencing date?
25          MS. McCALLUM:  No, your Honor.  Judge Swain asked that

F8CEsteP

1   a control date be set.
2               THE COURT:  November the 12th is a control date and a
3   presentence report will be prepared.
4               Can the government provide the case statement to
5   probation within the next two weeks?
6               MS. McCALLUM:  Yes, your Honor.
7               There is one other matter I think that was -- I'm not
8   sure if I missed it or not but if your Honor could just
9   allocute the defendant on his admission to the forfeiture
10  allegation as it pertains to Count One of the indictment?
11              THE COURT:  You're correct, I did not.  Do we have a
12  specific amount?
13              MS. McCALLUM:  Yes, it's $150,000, your Honor, and
14  there's a consent order of forfeiture attached to the plea
15  agreement that's Exhibit 1.
16              THE COURT:  Mr. Stewart, you understand that as part
17  of your plea you are agreeing to forfeit $150,000?
18              THE DEFENDANT:  I do, your Honor.
19              THE COURT:  Anything further?
20              MS. McCALLUM:  No, your Honor.  Thank you.
21              THE COURT:  Mr. Levine, do you know of any reason why
22  the defendant should not -- I'm sorry.
23              Are you available for your client's interview within
24  the next two weeks?
25              MR. LEVINE:  Your Honor, I am actually not but we

F8CEsteP

1   would like to be present, so if we could schedule that for
2   another time, we'll be happy to do that.
3           THE COURT:  Very well.  You'll be in touch with
4   probation to make those arrangements.
5           MR. LEVINE:  Of course, your Honor.
6           THE COURT:  Any request with respect to conditions of
7   release?
8           MS. McCALLUM:  No, your Honor.  The conditions may
9   continue.  We have a slight adjustment to make to the
10  conditions which we've already discussed with Judge Swain.  So,
11  apart from that, everything should continue as it is.
12          THE COURT:  Conditions, as discussed, will be
13  continued.  Thank you all.
14          MR. LEVINE:  Thank you, your Honor.
15          MS. McCALLUM:  Thank you, Judge.
16          (Adjourned)