# PARK JENSEN BENNETT LLP

40 WALL STREET
NEW YORK, NEW YORK 10005

(646) 200 - 6300
WWW.PARKJENSEN.COM

TAI H. PARK
TPARK@PARKJENSEN.COM
DIRECT DIAL (646) 200-6310
TELECOPIER (646) 200-6311

January 13, 2016

**BY ECF**

Honorable Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>United States v. Sean Stewart, 15 Cr. 287 (LTS)</u>

Dear Judge Swain:

      We represent defendant Sean Stewart in the above-referenced case. This letter is respectfully submitted in support of our request to be relieved as counsel and to substitute the Federal Defender's Office as new counsel.

      As set forth in the enclosed financial affidavit,[1] Mr. Stewart is now without the financial means to pay for retained counsel. Shortly after Mr. Stewart was arrested on the instant charges, he was terminated from his employment at Perella Weinberg, and remains unemployable during the pendency of the charges. Moreover, even prior to his arrest, Mr. Stewart had been engaged in contested divorce proceedings and is subject to substantial ongoing custody payments to his estranged wife for care of their very young son. Mr. Stewart has depleted his life's savings with the exception of a 401k account described in the enclosed affidavit, some funds in his savings account and equity in an apartment that he currently owns jointly with his estranged wife. This apartment is the primary residence of his wife and son.

      As the enclosed affidavit also reflects, Mr. Stewart's liabilities far exceed any remaining assets, even excluding the continued cost of living that Mr. Stewart will incur as he continues to defend against the criminal and parallel SEC charges. Our firm's substantial bills from September through the present remain unpaid and there appears no prospect that they will be paid in the foreseeable future. Mr. Stewart also has substantial pre-existing credit card bills that have not been paid. Additionally, his financial obligations to the marital estate continue to mount, with no ability to pay. Finally, as reflected in the letter filed by the government earlier

---

[1] The affidavit is submitted *ex parte* and *in camera* to protect the highly confidential and personal information contained therein. We respectfully request that the affidavit be maintained under seal.

today, Mr. Stewart is on bail with conditions that require security, and the defense is in discussions with the government to modify those conditions because it appears the security has been depleted.

      Our firm would take all steps necessary promptly to transfer the file and ensure new counsel are brought fully up to date on the issues, the discovery analyzed to date, as well as the procedural posture of the case. Moreover, to ensure that Mr. Stewart is not disadvantaged by this substitution, I would be prepared to argue the motion to dismiss the indictment that is currently pending before this Court at the next conference scheduled for January 22, 2016, should the Court require argument.

      I have discussed this matter with David Patton, the Attorney-in-Chief of the Federal Defender's Office, and his office has agreed to accept the representation if the Court will approve the application. I have also discussed this application carefully with Mr. Stewart, and he consents to the substitution of counsel.

      Based on the foregoing, we respectfully request that the Court approve the substitution and appoint the Federal Defender's Office as new counsel for Mr. Stewart.

Respectfully submitted,

Tai H. Park

Cc:    Sean Stewart,
        David Patton, Esq.
        AUSA Brooke Cuccinella (w/o enc.)