# **EXHIBIT Q**

```
                                                                          1
     C57AROSSps

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                                  11 CR 300 (JSR)

 5   DAVID ROSEN,

 6                  Defendant.

 7   ------------------------------x
                                                  New York, N.Y.
 8                                                May 7, 2012
 9                                                3:45 p.m.

10
     Before:
11
                       HON. JED S. RAKOFF
12
                                                  District Judge
13

14                         APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  GLEN MCGORTY, ESQ.
17        MICHAEL BOSWORTH, ESQ.
          Assistant United States Attorneys
18
     MORVILLO, ABRAMOWITZ, GRAND,
19   IASON, ANELLO & BOHRER, P.C.
          Attorneys for Defendant
20   BY:  ELKAN ABRAMOWITZ, ESQ.
          SCOTT MORVILLO, ESQ.
21        ROBERT CRAIG MORVILLO, ESQ.
          ELLEN MARIE MURPHY, ESQ.
22

23

24

25
```

```
                                                                    2
     C57AROSSps


 1            @@Prater page goes here@@
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

                                                                        3
          C57AROSSps

1                THE COURT:  So the first of the remaining objections
2    is that paragraph 37 of the PSR refers to certain acts that
3    William Boyland undertook that the defense says are really not
4    MediSys-related.  What is the government's view of that?
5                MR. McGORTY:  Your Honor, I believe it specifically
6    and exclusively refers to the $22,000 in state grants to Urban
7    Strategies, which is line 4 of paragraph 37.  And as to that we
8    agree with the defense.
9                THE COURT:  All right.  So we will ask the Probation
10   Office to correct that.  The second one is that the PSR asserts
11   that MediSys received $400,000 from the funds Carl Kruger
12   awarded to Brooklyn and Jamaica Hospitals, whereas according to
13   the defense, no MediSys-related entity received those funds.
14   What is the government's view of that?
15               MR. McGORTY:  The grants were requested, but the
16   defendant is correct; those funds were never ultimately
17   received by MediSys.  So we won't object.
18               THE COURT:  We will correct that and we will have the
19   Probation Office correct that as well.
20               Any objections to the report from the government?
21               MR. McGORTY:  No, your Honor.
22               THE COURT:  All right.  Let's first turn to the least
23   important part of this sentence, which is the calculation of
24   the guidelines, which I am required to do, regretfully, even
25   though this is just the latest example of the guidelines'

```
                                                                    4
         C57AROSSps
```

1    totally hollow and bizarre efforts to determine a sentence
2    chiefly by reference to the amount of money involved, which
3    surely is not irrelevant, but under the guidelines plays an
4    overwhelming role that is contrary to those elementary notions
5    of justice or even common sense.  The guidelines, for example,
6    seem to be of the view that if some swindler, such as one that
7    I once prosecuted many years ago, swindles, in that case I'm
8    thinking of, three widows out of every last penny they have
9    been left by their late husbands, but the total amount that he
10   obtains is only a few hundred thousand dollars, he should be
11   given under the guidelines a much lower sentence than someone
12   who commits, say, an accounting fraud that cheats every
13   shareholder in a company out of 50 cents but because there are
14   a million shareholders amounts to a much greater loss.  This is
15   a morally repugnant view of sentencing that this Court will not
16   give more than the modest efforts it is due.
17           But I am required to calculate the guidelines, and it
18   all turns on the amount involved.  The Probation Office says it
19   is a total offense level of 36 and a criminal history of
20   category I.  There is a secondary issue about abuse of trust,
21   but getting first to the amount involved, the defense says it
22   should be calculated as between $400,000 and a million.  The
23   Probation Office and the government says more than a million.
24           So let me hear first from the defense and from the
25   government at that point.