# **EXHIBIT S**

```
                                                                    1
     1CLKFLES              SENTENCE
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   UNITED STATES OF AMERICA,
 3
 4            v.                        11 CR 32 (JSR)
 4
 5   JAMES FLEISHMAN,
 5
 6              Defendant.
 6
 7   ------------------------------x
 7
 8                                      New York, N.Y.
 8                                      December 21, 2011
 9                                      11:43 a.m.
 9
10
10   Before:
11
11                  HON. JED S. RAKOFF,
12
12                                      District Judge
13
13
14                      APPEARANCES
14
15
15   PREET BHARARA,
16        United States Attorney for the
16        Southern District of New York
17   DAVID S. LEIBOWITZ
17   ANTONIA APPS
18        Assistant United States Attorney
18
19   COLEMAN & BALOGH LLP
19        Attorneys for Defendant
20   ETHAN ATTICUS BALOGH
20
21
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

```
                                                                   3
         1CLKFLES              SENTENCE
 1       of debate over what the the sentencing calculation, guideline
 2       calculation should be, even though that is only one factor
 3       among many that the Court must consider under Section 3553(a).
 4       And the parties have even threatened to present evidence here
 5       today, which of course I'm looking forward to immensely.
 6                But my question for counsel is this:  If the basic
 7       conspiracies of which Mr. Fleishman was convicted consisted of
 8       his unlawfully, willfully and knowingly joining in a plan to
 9       facilitate the distribution of inside information by others --
10       persons at his company, et cetera -- isn't the best measure of
11       loss the intended loss as opposed to any actual loss?  He would
12       be less in a position to appreciate what would be the actual
13       gains and losses in any particular transaction since he was
14       often one step removed, but he would know, and intend, that by
15       repeatedly facilitating the distribution of inside information
16       to others, that those in receipt of it would gain and others
17       therefore would lose.
18                So isn't the best measure to be utilized here intended
19       loss as opposed to any actual loss?  Let me hear from the
20       parties on that.
21                MR. APPS:  I'm happy to go first, your Honor.
22                I agree with that statement, your Honor.  I think the
23       essence of Mr. Fleishman's criminal conduct is really not the
24       actual trades that the government has highlighted, it's the
25       intended loss, as the Court says.  Mr. Fleishman knew he had
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
```

```
                                                                    4
         1CLKFLES              SENTENCE
 1   clients who were multimillion-dollar hedge funds and
 2   multibillion-dollar hedge funds.  The purpose of the business,
 3   as was established at trial, was to get detailed data points to
 4   those clients that wanted it, was to get inside information to
 5   those clients who wanted to use it, and the understanding was
 6   that those clients would use that information to trade.
 7            Now, whether that number then, the intended loss
 8   number, your Honor -- and this is the difficulty of this case
 9   for sentencing purposes -- whether that number is $5,000 or
10   $50 million, while technically foreseeable to Mr. Fleishman,
11   because of the nature of the hedge funds, that are the clients,
12   that are getting this inside information, it really does not
13   capture the essence of the criminal conduct for which
14   Mr. Fleishman was convicted, because in some sense of the
15   arbitrariness of how high or low that number could be, it is
16   arguably all intended loss.
17            THE COURT:  Yes, of course what you're saying really
18   cuts further.  What you're saying is that the guidelines fetish
19   with the calculation of loss, whether actual or intended or
20   however, poorly fits this situation.  Of course I would
21   hesitate to be as deeply critical of the guidelines as you
22   clearly are, but I think there's some force to your criticism.
23            MR. APPS:  May I just say, your Honor, I do believe
24   this is a unique case in that respect, and I of course --
25   nothing I am saying should be read to say I reject the
                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                    5
      1CLKFLES                  SENTENCE
 1    guidelines in any way, shape or form.
 2              But I think that what I have highlighted --
 3              THE COURT:  Some people need to preserve their job at
 4    all costs.
 5              MR. APPS:  I hope to be able to go to work tomorrow,
 6    your Honor.
 7              THE COURT:  Yes.
 8              MR. APPS:  But I think that's the reality of the
 9    nature of the evidence and the nature of the conduct in this
10    case.  That may mean that your Honor says I don't think we
11    should attribute trades under that loss table, maybe a better
12    proxy for the nature of this criminal conduct is
13    Mr. Fleishman's salary.  We presented evidence of the salary in
14    the papers that it was 829-odd-thousand dollars for the
15    three-year period.  Maybe there's some other measure.
16              Your Honor, we also highlighted for the Court on the
17    wire fraud case, you know, we asked public companies, can you
18    put a dollar figure on the harm.  They all testified --
19    convincingly, I would submit to the Court -- that the conduct
20    presented at trial did harm the companies.  There were a number
21    of specific ways in which the disclosure by the insiders was
22    materially harmful to the companies.
23              That doesn't mean that putting a dollar figure on that
24    is feasible for sentencing purposes.  And accordingly, we are
25    left in a little bit of a quandary and the Court may quite
                     SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```