# EXHIBIT T

1

0CHSCONTORINIS

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4

5             v.                        09 Cr. 1083

6

     JOSEPH CONTORINIS,
7
                  Defendant.
8    ------------------------------x

9
                                  December 17, 2010
10                                2:45 p.m.

11   Before:

12              HON. RICHARD J. SULLIVAN,

13                                District Judge

14                    APPEARANCES

15   PREET BHARARA
          Acting United States Attorney for the
16        Southern District of New York
     ANDREW L. FISH,
17   REED M. BRODSKY,
          Assistant United States Attorneys
18
     PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
19        Attorneys for Defendant
     BY:  MARK F. POMERANTZ
20        ROBERTO FINZI
          THEODORE WELLS, JR.
21        FARRAH R. BERSE

22

23

24

25
```

57

0CHSCONTORINIS

1    people like you in your profession who will look to this

2    sentence, will read about it, who will learn about it and who

3    will be affected by it and will understand that a statement has

4    been made, and you will become in a sense a poster child for

5    what happens when do you this kind of thing.  That is an

6    acceptable objective of sentencing and that is nothing new.

7    That is long before the guidelines.  Long before 3553(a) of

8    Title 18 that has been something that has significance.

9            So all of these things, you know, lead me to weigh

10   this very carefully, but the fact of the matter is I am struck

11   by the fact that you really did not seem to recognize the

12   seriousness of this crime up through even the trial.  And

13   everyone has a right to go to trial, but to take the stand and

14   then to lie on the stand is something that I think is worthy of

15   very definite consideration.  That is the only conclusion that

16   can be drawn from the testimony you gave.  And so I think an

17   extra penalty has to be paid for that as well, because a

18   message has to be sent that one has a right to testify but they

19   don't have a right to testify falsely.  And when you do testify

20   falsely you will be punished more harshly than those who don't.

21   There are many who go to trial who don't testify falsely.  So

22   that is another factor that really weighs on me.

23           So in light of all of that I have to say I am

24   persuaded that a significant sentence is appropriate.  I think

25   the guidelines range here is 97 to 121 months.  I am prepared

58

0CHSCONTORINIS

1    to impose a sentence of 72 months.  That is 6 years.  And it's

2    less than the guidelines because, first of all, I don't think

3    there is any magic to the guidelines and I don't think anyone

4    can argue that there is.  I think it is true that the fraud

5    table is sometimes a clumsy tool to measure loss or gain or

6    seriousness of the crime.  I think there is a reason why we

7    have it.  I think it's useful.  It's useful in the same way

8    that quantity tables are useful in drug cases but they are not

9    the whole story.

10          So in this case I am persuaded that 72 months is more

11   appropriate than the 97 that would be called for by the

12   guidelines.

13          I also think it's worth noting that Mr. Contorinis

14   has, as Mr. Finzi alluded to, led an otherwise law-abiding

15   life; that the duration of this crime was months but it wasn't

16   years.  There is no indication, as is the case in other cases

17   in this courthouse, where people have persistently over time

18   repeatedly for years engaged in a steady practice of insider

19   trading.  There is no evidence really of that in this case

20   here.  It was relatively isolated.  The information provided by

21   Mr. Stefano to Mr. Contorinis.

22          So I think that is another reason why a sentence below

23   the guidelines is appropriate.

24          So it's my intention to impose a sentence of 72 months

25   to run concurrent on the counts of conviction.  I guess the

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

59

OCHSCONTORINIS

1    first count is only up to 5 years but concurrent on all the

2    counts.  Two years of supervised release to follow the term of

3    imprisonment to run concurrently on each of the counts.

4            With respect to a fine, I am not going to impose a

5    fine.  I am going to really focus on forfeiture.  In this case

6    I am prepared to find the $7.2 million forfeiture amount for

7    the January trades.  With respect to the loss avoided, I do

8    think that that also should be included in the forfeiture

9    amount.  I take the point it's a little hard to pinpoint so I

10   am prepared to basically take I guess whatever the price during

11   the day is that results in the least loss, so whether that is

12   the starting selling price or the closing selling price I think

13   in the interest of being conservative I will use that as the

14   basis to conclude what the loss avoided was for December and so

15   that will be part of my order.  I don't think it will be that

16   much different than what the government has asked for but I

17   will do that when I review the exhibit that was offered at

18   trial.

19           Mr. Fish, that is an exhibit at trial, you said that

20   before.

21           MR. FISH:  I think so.  My only concern is I think

22   that the forfeiture has to be fixed as part of sentencing, so I

23   am just not sure it can wait until afterwards.

24           THE COURT:  I don't know if I have to give it to the

25   penny as part of sentencing.  It's going to be part of the

        SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300