# EXHIBIT U

```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - - - X

    UNITED STATES OF AMERICA,       : 12-CR-00265(ENV)
                                    :
                                    :
                                    :
         -against-                  : United States Courthouse
                                    : Brooklyn, New York
                                    :
                                    :
    MAIR FAIBISH,                   : Thursday, March 10, 2016
                                    : 2:30 p.m.
              Defendant.            :
                                    :
                                    :

    - - - - - - - - - - - - - - X


            TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
             BEFORE THE HONORABLE ERIC N. VITALIANO
                  UNITED STATES DISTRICT JUDGE


                       A P P E A R A N C E S:

    For the Government: ROBERT L. CAPERS, ESQ.
                          United States Attorney
                          Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201
                        BY: SYLVIA SHWEDER, ESQ.
                            Assistant United States Attorney



    For the Defendant:    SIMON & PARTNERS LLP
                            30 Rockefeller Plaza
                            42nd Floor
                            New York, New York 10112
                          BY: BRADLEY DREW SIMON, ESQ.

    Court Reporter:     VICTORIA A. TORRES BUTLER, CRR
                        225 Cadman Plaza East/Brooklyn, NY 11201
                        VButlerRPR@aol.com

    Proceedings recorded by mechanical stenography, transcript
    produced by Computer-Aided Transcription.
```

1       USPO HAASNOOT:  Okay.  So paragraph 48 has the
2  leader and organizer of the instant offense which involved
3  five or more participants, a four-level aggravating role
4  enhancement was applied.
5       THE COURT:  And we sustained that.
6       Any objections to that?
7       Anything else on your --
8       USPO HAASNOOT:  That's it, Your Honor.
9       THE COURT:  And that brought you to a --
10      USPO HAASNOOT:  Well, in the report --  you want me
11 to --
12      THE COURT:  No, what is the new --
13      USPO HAASNOOT:  The new one?
14      You took out six points, so 43, Your Honor.
15      THE COURT:  Any other enhancements or mitigating
16 factors Counsel believe should be included?
17      MS. SHWEDER:  No, Your Honor.
18      MR. SIMON:  No, Your Honor.
19      THE COURT:  All right.
20      So the Court is requesting, and I understand from
21 Officer Haasnoot, that Probation will agree to amend the
22 report to reflect the determination the Court has made here at
23 the sentencing hearing; is that correct?
24      USPO HAASNOOT:  Yes, Your Honor.
25      THE COURT:  All right.

Proceedings                                                     23

1      All right.  There is certainly no secret, as well,
2 that I subscribe to the views of a whole host of judges who
3 have said so publicly and scores of others who have bumbled
4 and grumbled about it privately, that the guidelines, even
5 with its slight revisions, are just mindlessly accelerated
6 once you have numbers of any size added in the loss or gain
7 table.
8      It just -- it is the tail of the dog wags everything
9 else.  This mindless acceleration essentially makes the
10 guideline for economic crimes, in my view, almost useless when
11 you get into -- unless you are dealing with a far less
12 significant kind of crime than the one that we have here.
13      Various efforts have been made to suggest revisions
14 to the guidelines for economic crimes.  The American Bar
15 Association has launched the criminal justice section and
16 launched a task force to look into the concerns of pension bar
17 alike.  That task force has made a report.  The Court has
18 reviewed it, listened to it.  Again, my vision does not allow
19 me to read them, and persuades the Court that while the
20 current guidelines system does not provide a reasonable way to
21 achieve the kind of sentencing objectives the guidelines are
22 supposed to achieve, and to try to provide fair and just
23 punishment, and not a punishment that is not disproportionate,
24 more uniform, that the ABA task force guidelines certainly
25 significantly move in that direction.  So that the Court finds

Proceedings                                                                 24

1  those recommendations usable.
2           So for the edification of Counsel, this may shape
3  what you wish to tell me when we reach the 3553(a) portion of
4  this hearing.  I will give you the benefit of what I like to
5  think of as the shadow guidelines that control in this case.
6           The first -- and it begins with a base under the
7  task force guidelines, the base remains a seven.
8           The ABA guidelines do not have as many -- much
9  stratification with respect to the value in play, so that it
10 de-emphasizes, as the Court thinks it should be de-emphasized,
11 this equation, or this equivalency that the official
12 guidelines seem to embrace of the equivalency between economic
13 value and moral turpitude.  The Court does not share that
14 view.  The ABA guidelines recognize the need to move in that,
15 reform in that direction.
16          So based on our computations of the economic
17 characteristic, instead of an addition of 22 levels, the ABA
18 guideline would add 12 levels.
19          The task force guidelines also deals with victims
20 and other impacts in a different way, sets forth an analysis
21 for victim impact, which can range on the scale from 0 to 6.
22 The Court finds that in this case, looking both at Signature
23 Bank and the impacts on the shareholders of Synergy Brands,
24 that the, that this is a moderate kind of -- it is not
25 minimal.  It is certainly not five on the Richter scale, but

1  it is significant and it should, and it falls in the
2  mid-range, so the Court, under the shadow guidelines, would
3  add three levels for victim impact.
4            We have reviewed a whole list of them, which I can
5  remember parts of them, but the ABA task force groups them as
6  culpability factors.  So things like, we believe things like
7  role.  How far up were you on the chain?  What was the
8  motivation?  Was this a scam from the start, or was it in the
9  context of an ongoing company?  What was the motivation?  Was
10 it to try to advance the interests of the company?  What was
11 the gain to the individuals, compared to the loss of the
12 victims?  And so it creates a scale there as well.
13           This one has a very broad and very unusual, given
14 that the subject area.  It has, zero is the middle.  You can
15 take away as many as ten levels, and you can add up to ten
16 levels, depending on the assessment of these various items
17 that relate to the culpability of this defendant in the
18 overall context of this crime.
19           So, given the context here of Mr. Faibish trying to
20 keep his company going and manipulating these accounts for
21 that purpose, and also recognizing that he, whether he
22 recognizes it publicly or not, that he is responsible for
23 significant criminal activity in the course of trying to
24 achieve that objective, and that he was a leader, he and
25 Mr. Gatti were close partners in this scheme, that is for the