**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 28, 2016

**BY ECF and Facsimile**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

>  Re:  *United States* v. *Sean Stewart*
>       **S1 15 Cr. 287 (LTS)**

Dear Judge Swain:

The Government writes in response and opposition to defendant Sean Stewart's April 20, 2016 request to modify the conditions of his release.

The Government opposes this request because, among other reasons, it is premature.  As Stewart acknowledges in his letter, the Court's order imposing his current conditions of release (which include home detention and electronic monitoring) was made "without prejudice to request for reconsideration" only "on a substantial factual foundation."  (*See* Tr. of Proceedings 1/29/2016, at 10-11).  Stewart has made no showing of a substantial factual change.  Rather, his submission merely lays out for the Court all of the facts that were previously before it, and adds that Stewart has now adhered to his new court-ordered conditions for three months.

The facts that prompted the Court's January order were (1) Stewart's violation of his previous conditions of release through liquidation of the account securing his bond, and (2) the stark contrast between Stewart's very substantial income for the four years preceding his arrest (totaling approximately $3 million) and his asserted negative net worth as of January 2016—a discrepancy suggestive of possible undisclosed funds and/or assets.  The documents that the defense has provided to the Government since January only underscore the flagrancy of Stewart's violation of his release conditions.  It appears from these documents that Stewart liquidated the account securing his bond no later than *August* of last year—many months before the fact of the liquidation was brought to the Court's attention.

As to the second concern, regarding unaccounted-for funds, the defense simply has not supplied the "accounting" that it represented would be provided to the Court and the Government before a bail modification request would be made.  (*Id.* at 10). As the Government has discussed

with defense counsel, in view of this gap, the Government is undertaking its own accounting. This simply takes time.

In sum, the record the Court has before it now differs in no material respect from the one it had before it in January: a record of a defendant who violated a court order and failed to adhere to the previous conditions of his release, along with serious concerns about risk of flight. Accordingly, the Government continues to oppose any modification to the current conditions of release.  Once the Government has completed its accounting (which we estimate will take approximately a week or two more), it will consider whether to agree to some modification.  The Government does not, however, expect to agree to the removal of electronic monitoring, even if the concern about unaccounted-for funds is assuaged.  The defendant's demonstrated disregard for court orders alone calls for keeping the electronic monitoring in place.

Respectfully submitted,

PREET BHARARA
United States Attorney


by: __/s/_____
      Sarah Eddy McCallum/Brooke E. Cucinella
      Assistant United States Attorneys
      (212) 637-1033/2477


cc: Counsel of Record (*via* ECF)