# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

April 20, 2016

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-2016
```

*By ECF*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

**MEMO ENDORSED**

Re:   *United States v. Sean Stewart*
      **15 Cr. 287 (LTS)**

Dear Judge Swain:

We write to respectfully request that the Court modify the conditions of Mr. Stewart's release from "home detention" to "curfew." Mr. Stewart would still be subject to electronic monitoring, but would be allowed to leave his apartment without notification to Pretrial Services between the hours of 7 a.m. to 9 p.m.

We are requesting this modification because the condition of home detention is especially onerous given Mr. Stewart's child care obligations and the need for frequent attorney-client meetings. We believe that Mr. Stewart's exemplary conduct since home detention was imposed and the provision of additional information regarding his financial circumstances address the concerns that led the Court to impose the requirement of home detention.

John Moscato, Mr. Stewart's Pretrial Services Officer, consents to the modification. In fact, Pretrial Services supports the elimination of electronic monitoring entirely.[1] The Government – per Assistant U.S. Attorney Sarah McCallum – opposes the modification at this time.

### Background

Upon learning that the Government was seeking his arrest in New York, Sean Stewart self-surrendered in Wisconsin on May 14, 2015. On May 18, 2015, Mr. Stewart was presented in the Southern District of New York. On that date, Magistrate Judge Fox imposed release conditions including: a $1,000,000 personal recognizance bond secured by $250,000 in cash or property; one financially responsible co-signer; and travel limited to the continental United

---

[1] We anticipate requesting the Court to remove the condition of electronic monitoring once the government completes its forensic analysis of Mr. Stewart's personal financial condition.

Re: *United States v. Sean Stewart*
    15 Cr. 287 (LTS)

States. Mr. Stewart posted his 401(k) account to secure the bond (the "security account").

As the Court is aware, the bank that held the security account decided to sever its relationship with Mr. Stewart, and transferred the funds in that account to Mr. Stewart's checking account. Mr. Stewart then used that money primarily for living expenses, legal fees (in connection with his divorce, this criminal prosecution, and a related civil prosecution), and significant spousal maintenance obligations.

On January 22, 2016, Federal Defenders were appointed to represent Mr. Stewart. At that time, the Court imposed home detention, allowing Mr. Stewart to leave his house between 7:00 a.m. and 10 a.m., and between 12:30 p.m. and 4 p.m. to care for his child.

At a conference held on January 29, 2016, the Court agreed to allow Mr. Stewart's brother to post $250,000 in equity in his house as a replacement for the security account. At that time, we requested that the Court terminate the electronic monitoring condition once the new security was in place. The Government opposed the request, informing the Court, among other things, that, in light of Mr. Stewart's income over the last four years, it had "serious concerns about him possibly having secreted funds somewhere." Jan. 29, 2016 Conference Transcript, at 7. (Hereinafter "Tr.").

The Court denied the request to terminate the condition of home detention, stating: "We all acknowledge the noncompliance was very serious. . . . It is indicative to the Court of an inclination on the part of Mr. Stewart to disregard a court order when it is not convenient for him. There are at this point unaccounted for significant assets." Tr. at 10. I indicated that we would make every effort to provide an accounting to establish the fact that there were no additional assets, and the Court indicated that its decision was "without prejudice to a request for reconsideration on a substantial factual foundation." Tr. at 10-11.

After the conference, our office collected and reviewed documents including bank statements and the transaction history from the security account; bank statements and the transaction history from Mr. Stewart's checking account, to which the money in the security account was transferred; and sworn statements submitted by Mr. Stewart in connection with his divorce proceeding in June 2014 and December 2015.

By letter dated March 22, 2016, we asked the Government to consent to the termination of home detention. We explained that the reviewed documents established that Mr. Stewart used the money in the security account for the purposes that we had previously described to the Court, and showed no other unexplained transfers. The documents, in our view, made clear that Mr. Stewart had no hidden assets.

At the Government's request, we provided the underlying documents. The Government did not, though, consent to the requested modification. It stated, in essence, that the documents spoke to the current state of Mr. Stewart's finances, but did not go far enough into Mr. Stewart's past transactional history. The Government indicated that it was conducting its own forensic

Honorable Laura Taylor Swain  
April 20, 2016

Page 3

**Re:** ***United States v. Sean Stewart***  
**15 Cr. 287 (LTS)**

analysis, which would take several weeks.

### Modifying Mr. Stewart's release is appropriate given the documents provided to the Government and Mr. Stewart's conduct over the past several months.

We respectfully request that the Court reduce the level of Mr. Stewart's monitoring to "curfew" while the Government completes its forensic analysis. Under the Bail Reform Act, the applicable standard is to impose "the least restrictive" conditions that will reasonably assure the appearance of the person as required. 18 U.S.C. § 3142(c). For the reasons detailed below, curfew is such a condition.

There is no dispute that the nature of Mr. Stewart's noncompliance was very serious. At the same time, the documents provided to the Government make clear that his use of the funds in the security account did not reflect a risk of flight, but rather highlighted his precarious financial condition. Mr. Stewart used the money in the account primarily for living expenses, the payment of legal fees in connection with his divorce, this case (and the parallel civil case), and spousal maintenance obligations.

At the conference in January, the Court also expressed concern over Mr. Stewart's ability to follow the Court's orders in light of his use of the security account. Sean Stewart has been on home detention for three months now and has been fully compliant with all the associated conditions. As noted above, Mr. Stewart's Pretrial Services Officer – John Moscato – favors eliminating electronic monitoring entirely.

In sum, in the three months that have passed since home detention was put into place, (1) the additional security in the form of home equity has been posted; (2) we have provided the Government with documentation concerning the security account and the manner in which that money was spent; (3) we have provided additional documentation demonstrating that Mr. Stewart has no unaccounted for assets; and (4) Mr. Stewart has been fully compliant with the terms of his release. In our view, these factors provide a "substantial factual foundation" for modifying Mr. Stewart's release to "curfew" while the Government completes its analysis. Such a modification is consistent with the standard set forth in the Bail Reform Act.

We are confident that when the Government finishes its review, it will agree that Mr. Stewart is in the financially precarious position that we have represented him to be in, and that there are no additional unaccounted for assets. At that time, we will request that the Court terminate home detention entirely.

Thank you for your consideration of this request.

Honorable Laura Taylor Swain  Page 4
April 20, 2016

Re: *United States v. Sean Stewart*
15 Cr. 287 (LTS)

Respectfully submitted,

/s/
Martin Cohen
Mark Gombiner
Christopher B. Greene
Assistant Federal Defenders
Tel. (212) 417-8737/ (212) 417-8718

Cc. Sarah McCallum, Esq., by ECF
Brooke Cucinella, Esq., by ECF
John Moscato, U.S. Pretrial Services Officer, by e-mail

In light of the foregoing information and the Government's May 12, 2016 status report, the requested modification to a curfew is granted. Electronic monitoring shall remain in place.

SO ORDERED.

5/13/16
HON. LAURA TAYLOR SWAIN
U.S. DISTRICT JUDGE