**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

June 30, 2016

*By ECF and Facsimile*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Fax: (212) 805-0426

**Re:**   *United States v. Sean Stewart*
         **15 Cr. 287 (LTS)**

Dear Judge Swain:

      We write (with the consent of Pretrial Services) to respectfully request that the Court modify the conditions of Mr. Stewart's release by terminating the condition of curfew. The government opposes the request. In the alternative, we request that the Court eliminate the electronic monitoring component of the curfew because of its effect on Mr. Stewart's health. The government opposes this alternative request as well.

      On January 22, 2016, the Court imposed a condition of home detention enforced by electronic monitoring because of Mr. Stewart's serious noncompliance with the conditions of his release: specifically, he had spent the funds in the account that had been designated to secure his bond, and the government had expressed concern that there were unaccounted for assets.

      Over the course of the next few months, we provided information to the government and the Court explaining that Mr. Stewart's use of the funds reflected his precarious financial situation, rather than a risk of flight. *See* letter-motion of April 20, 2016, Docket Number 94 (describing how Mr. Stewart had used the funds for living expenses, legal fees, and spousal maintenance obligations). On May 12, 2016, the government provided a "status update," indicating that it had "not uncovered the existence of any heretofore unidentified accounts, funds or assets." By order dated May 13, 2016, the Court reduced the level of supervision from home detention to curfew.

      Under the Bail Reform Act, the Court must impose "the least restrictive" conditions necessary to reasonably assure the appearance of a person in court. 18 U.S.C. § 3142(c).

      Sean Stewart does not pose a risk of flight. He has been fully compliant with all of the conditions of home detention and curfew; and has been actively assisting counsel in preparing for trial. Mr. Stewart's ties are entirely to his community and family in New York, where he has

Honorable Laura Taylor Swain                                                                                         Page 2
June 30, 2016

**Re:**   *United States v. Sean Stewart*
         **15 Cr. 287 (LTS)**

lived his entire life (other than during college, when he lived in New Haven). Mr. Stewart's conduct over the past five months strongly supports the requested modification.

 Here, the condition of curfew is now more restrictive than necessary, and we request that the Court terminate the condition. The remaining conditions, which include a $1,000,000 personal recognizance bond, co-signed by one financially responsible person, and secured by $250,000 in property, will be more than sufficient to assure Mr. Stewart's continued appearance in court. As noted above, Pretrial Services consents to the request for termination of the curfew condition at this time.

 In the alternative, if the Court determines that the curfew condition be kept in place, we request that the Court remove the electronic monitoring component. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Pretrial Services also consents to this alternative request.

 Thank you for your consideration of this request.

              Respectfully submitted,

              /s/
              Martin Cohen
              Mark Gombiner
              Christopher B. Greene
              Assistant Federal Defenders
              Tel. (212) 417-8737 / (212) 417-8718

Cc.   Sarah McCallum, Esq., by ECF and e-mail
      Brooke Cucinella, Esq., by ECF and e-mail
      John Moscato, U.S. Pretrial Services Officer, by e-mail