UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

   -v.-                                    :            S1 15 Cr. 287 (LTS)

SEAN STEWART,                           :

               Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT REQUESTS TO CHARGE**

## INTRODUCTION

The parties respectfully submit their requests to charge the jury.  The proposed instructions are based principally on those given in recent insider trading cases (*United States* v. *Riley*, 13 Cr. 339 (VEC); *United States* v. *Martoma*, 12 Cr. 973 (PGG) (S.D.N.Y. 2014) (hereinafter "*Martoma*"); *United States* v. *Steinberg*, 12 Cr. 121 (RJS) (S.D.N.Y. 2013) (hereinafter "*Steinberg*"); *United States* v. *Whitman*, No. 12 Cr. 125 (JSR) (S.D.N.Y. 2012) (hereinafter "*Whitman*"); *United States* v. *Gupta*, No. 11 Cr. 907 (JSR) (S.D.N.Y. 2012) (hereinafter "*Gupta*"), and *United States* v. *Newman*, 773 F.3d 438 (2d Cir. 2014).  Certain more general charges are based on those given by this Court in *United States* v. *Bonventre*, 10 Cr. 228 (LTS) (S.D.N.Y. 2014) ("*Bonventre*").  Because this is a joint submission, we are submitting a redline reflecting the parties' respective views.  The Government's proposed language appears in plain type.  The defendant's proposed additions—to which the Government objects— are underlined.  Any text that appears to be stricken reflects a request from the defense to delete the Government's proposed language; the Government also objects to these proposed deletions.

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. i

GENERAL INSTRUCTIONS ......................................................................................... 1

    1.  Court's Usual Instructions ................................................................................ 1

WITNESSES ................................................................................................................... 2

    2.  Defendant's Testimony [*or* Defendant's Right Not to Testify] ...................... 2

    3.  Preparation of Witnesses ................................................................................. 4

    4.  Accomplice/Cooperating Witness Testimony ................................................. 5

    5.  Uncalled Witnesses – Equally Available ......................................................... 7

    6.  Persons Not on Trial ........................................................................................ 8

OTHER EVIDENCE ...................................................................................................... 9

    7.  Summary Charts ............................................................................................... 9

    8.  Audio Recordings and Transcripts ................................................................ 10

    9.  Stipulations of Testimony .............................................................................. 11

    10. Stipulations of Fact ....................................................................................... 12

    11. Particular Investigative Techniques Not Required ......................................... 13

THE CHARGES .......................................................................................................... 15~~14~~

    12. Multiple Counts ............................................................................................. 15~~14~~

    13. Securities Fraud ............................................................................................. 16~~15~~

    14. Tender Offer Fraud ....................................................................................... 27~~24~~

    15. Conspiracy to Commit Securities Fraud and Tender Offer Fraud .............. 29~~26~~

    16. Conspiracy to Commit Wire Fraud .............................................................. 33~~30~~

17. Conscious Avoidance ........................................................................................... 35~~32~~

18. Venue ...................................................................................................................... 37~~34~~

19. Internal Compliance Policies ............................................................................... 38~~35~~

20. Variance in Dates and Amounts ........................................................................... 39~~36~~

CONCLUSION ................................................................................................................. 44~~41~~

## **GENERAL INSTRUCTIONS**

### **REQUEST NO. 1**

### **Court's Usual Instructions**

The government respectfully requests that the Court give its usual instructions to the jury on the following matters (*the defense requests that the Court modify its instructions on Burden of Proof and Reasonable Doubt as set forth below, and that those instructions be provided at the end of the charge*):

a.     Roles of Court and Jury

b.     Indictment not Evidence

c.     Statements of Court and Counsel not Evidence

d.     Burden of Proof and Presumption of Innocence

e.     Reasonable Doubt

f.     Government Treated Like Any Other Party

g.     Definitions and Examples of Direct and Circumstantial Evidence

h.     Credibility of Witnesses

i.     Interest in Outcome

j.     Right to See Exhibits and Have Testimony Read During Deliberations

k.     Sympathy:  Oath as Jurors

l.     Punishment Is Not to Be Considered by the Jury

m.     Verdict of Guilt or Innocence Must be Unanimous

**WITNESSES**

**REQUEST NO. 2**

**Defendant's Testimony [or Defendant's Right Not to Testify]**

[*If defendant testifies:*]  The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, Mr. Stewart ~~the defendant~~ did testify and he was subject to cross-examination like any other witness.  The fact that he testified does not in any way remove or lessen the burden on the government to prove the charges against him beyond a reasonable doubt.  Mr. Stewart did not have to testify, and in fact, did not have to present any evidence whatsoever.  You should examine and evaluate the defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.  I also remind you that Mr. Stewart's decision to testify does not in any way shift the burden of proof to him.

Do not ask yourself whether his testimony convinces you that he is not guilty.  Rather, you must consider all the evidence and the lack of evidence presented, and then ask yourselves whether or not the prosecution has proven the charges contained in the indictment beyond a reasonable doubt.

**Authority**

Adapted from L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 7-4; *see United States v. Gaines*, 457 F.3d 238, 249 and n.9 (2d Cir. 2006).

2

[*If defendant does not testify and requests an instruction concerning his election not to do so:*]  ~~The defendant~~Mr. Stewart did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.

You may not speculate as to why Mr. Stewart did not testify.  There are many reasons why a defendant may decide not to testify.  A defendant may feel because of the strain of being a witness, the tension, that he may not be calm.  A defendant may be embarrassed by his inability to speak well in front of a group of people.  You are not to speculate as to these things.  You may not draw any inference whatsoever from Mr. Stewart's decision not to take the stand.

~~A defendant is never required to prove that he or she is innocent.  Therefore, you must not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.~~

*Riley*; *Bonventre*; *see also United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006) (regarding instruction about defendant's testimony).

**Defense authority:** Adapted from the charge of the Hon. Robert P. Patterson, Jr., in *United States v. Anibal Soto*, 12 Cr. 556 (RPP).

## REQUEST NO. 3

### Preparation of Witnesses

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys.  Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing either improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

*Steinberg*; *Riley*; *Bonventre*.

### Defense Objection

Mr. Stewart objects to this proposed instruction in its entirety on the ground that it does not explain a legal principle that the jury needs to understand in order to resolve the case.  Rather, it represents improper judicial commentary on the evidence and improperly bolsters the government's case. Moreover, Mr. Stewart does not intend to question the propriety of witness preparation.  The proposed instruction would therefore be over-correcting for a hypothetical concern not posed by the case.

## REQUEST NO. 4

### Accomplice/Cooperating Witness Testimony
### [To the extent applicable]

You have heard from a witness, [                    ], who testified pursuant to [a grant of immunity]/[non-prosecution agreement with the Government].  This witness's testimony may not be used against him, except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with his immunity order or non-prosecution agreement.  You should weigh the credibility of this witness carefully, considering the impact that any incentive, motive, bias, or prejudice may have had on his testimony.

You have also heard from one witness, Richard Cunniffe, who testified that he has pled guilty to insider trading.  Mr. Cunniffe testified pursuant to an agreement to cooperate with the Government.  The law allows the use of accomplice testimony.  ~~Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  It is also the case, however, that~~ A~~a~~ccomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

[I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all the arguments made on both sides.  Nevertheless, let me say a few things that you might want to consider during your deliberations on the subject of accomplices.  You should ask yourselves whether Mr. Cunniffe would benefit more by lying or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by

5

hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?  In sum, you should look at all of the evidence in deciding what credence and what weight, if any, to give to an accomplice witness.]

> *Riley*; *see Bonventre*.

## **Defense Objection**

Mr. Stewart objects to the bracketed section–: "I have given you some general considerations . . . ." The Court's general instructions on credibility applies to all witnesses, and the Court should not comment separately on cooperating or accomplice witnesses. To do so suggests that these witnesses should be evaluated by some alternative standard than the one that applies to witnesses generally.

## REQUEST NO. 5

### Uncalled Witnesses – Equally Available

There are people whose names you heard during the course of the trial that did not appear in court to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence whatsoever, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

*Bonventre*; *Riley*.

7

## REQUEST NO. 6

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

*Bonventre.*

## **OTHER EVIDENCE**

### **REQUEST NO. 7**

### **Summary Charts**

You have seen exhibits in the form of charts and summaries.  These exhibits purport to summarize the underlying evidence that was used to prepare them.  I decided to admit these charts and summaries in order to save time and to avoid unnecessary inconvenience.  You should consider these charts and summaries as your would any other evidence.

*Riley*; *see Bonventre*.

### REQUEST NO. 8

### Audio Recordings and Transcripts
### (If Applicable)

You must give the audio recording full consideration, along with all the other evidence in the case, as you determine whether the Government has proved the defendant's guilt beyond a reasonable doubt.  You must do that even if you disapprove of the way in which the evidence was collected.

In connection with these recordings, the government and the defendant (*if applicable*) were permitted to hand out transcripts.  The transcripts were given to you as an aid to assist you in listening to the tapes.  The transcripts are not, however, evidence.  Therefore, when the tapes were played, I advised you to listen very carefully to the tapes themselves. You must make your own determination of what appears on the tapes based on what you heard.  If you heard something different than what appears in the transcripts, what you heard is controlling.

*Riley*.

10

## REQUEST NO. 9

## Stipulations of Testimony
## [If applicable]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

*Bonventre*.

**REQUEST NO. 10**

**Stipulations of Fact
[If applicable]**

In this case you have also heard evidence in the form of stipulations that contained facts

that were agreed to be true.  In such instances, you must accept those facts as true.

*Bonventre.*

**REQUEST NO. 11**

**Particular Investigative Techniques Not Required**
**[If applicable]**

You have heard references in the arguments in this case to the fact that certain investigative techniques were used by the government and that certain others were not used. There is no legal requirement that the government use any specific investigative techniques to prove its case.  However, you may consider these facts in deciding whether the government has met its burden of proof, because, as I told you, you should look to all of the evidence and lack of evidence in deciding whether the defendant is guilty or not guilty.

~~You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement, however, that the Government prove its case through any particular means.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether or not the Government has proven the guilt of the defendant beyond a reasonable doubt.~~

~~*Bonventre*.~~

**Defense Objection**

Mr. Stewart objects to this proposed instruction in its entirety on the ground that it does not explain a legal principle that the jury needs to understand in order to resolve the case.  Rather, it represents improper judicial commentary on the evidence and improperly bolsters the government's case.

While it is within the Court's discretion to instruct the jury that there is no legal requirement that the government use any specific investigative techniques to prove its case, jurors should not be instructed that law enforcement techniques are "not [their] concern."  On the contrary, the Supreme Court has recognized that it is a common and legitimate defense strategy "to discredit the caliber of the investigation or the decision to charge the defendant."  Kyles v. Whitley, 514 U.S. 419, 446 (1995) (Brady violation where state withheld information that could have been used at trial to attack the police investigation); see Alvarez v. Ercole, 763 F.3d 223, 232 (2d Cir.

2014) (Confrontation Clause violation where court prevented defense counsel from cross-examining detective about unpursued leads).

If the Court decides to give an instruction concerning investigative techniques, Mr. Stewart respectfully requests that the Court use his proposed instruction.

## THE CHARGES

### REQUEST NO. 12

### Multiple Counts

With these preliminary instructions in mind, let us turn to the specific charges (or "counts" as they are sometimes called) against Mr. Stewart.  I will, at times, refer to each count by the number assigned to it in the charging instrument, called an indictment.  You will not be furnished with the indictment itself because an indictment is merely a statement of charges and not itself evidence.  ~~You~~ You should also know that there is no significance to the order of these numbers or the specific number of counts charged, and indeed my instructions will follow a different order than the order in which the various counts appear in the indictment.

There are nine counts in the indictment.  ~~The defendant~~Mr. Stewart is charged in Count One with conspiracy to commit securities fraud and to commit fraud in connection with a tender offer, which is a particular kind of securities fraud.  Based on the same allegations ~~the defendant~~Mr. Stewart is charged in Count Two with conspiracy to commit wire fraud.  In Counts Three through Eight, ~~the defendant~~Mr. Stewart is charged with committing six ~~different~~ acts of securities fraud itself; these are sometimes called substantive counts.  Finally, in Count Nine Mr. Stewart ~~the defendant~~ is charged with committing a substantive act of tender offer fraud.  In a moment, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that you must consider each individual charge separately and evaluate each on the proof or lack of proof that relates to that charge.

*Riley*; *Whitman*; *Gupta*.

15

## REQUEST NO. 13

### Securities Fraud

Let us turn first to the six substantive securities fraud charges, which are listed in the indictment as Counts Three through Eight but which are more convenient to consider before Counts One and Two.  Each of these counts charges Mr. Stewart with unlawfully disclosing to his father, Robert Stewart, ~~certain "inside information"~~certain material, nonpublic information, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, ~~that~~ and that ~~Robert Stewart~~Robert Stewart ~~and his acquaintance, Richard Cunniffe,~~ then used this information ~~in connection with the purchase or sale of~~to purchase  stocks. ~~stock in several healthcare companies.  Sean Stewart, the defendant, is alleged to have learned this information during and in connection with his work as an investment banker.~~

<u>Count Three</u> charges ~~the defendant~~Mr. Stewart with unlawfully disclosing material, nonpublic information ~~inside information~~ about ~~one of his firm's clients,~~ Kendle International, to his father, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, which information his father then used to purchase 2,775 shares of Kendle from on or about February 7, 2011 through on or about March 4, 2011.

<u>Count Four</u> charges ~~the defendant~~Mr. Stewart with unlawfully disclosing material, nonpublic information ~~inside information~~ about Kinetic Concepts or "KCI" to his father, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, which information his father then used to purchase approximately 700 shares of KCI from on or about May 5 to on or about May 6, 2011.

Count Five also charges the ~~defendant~~ Mr. Stewart with unlawfully disclosing material, nonpublic information ~~inside information~~ about KCI to his father, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, but the allegation here is that ~~the defendant's~~ Mr. Stewart's father then used the information to cause ~~an acquaintance,~~ Richard Cunniffe ~~.~~ to purchase 365 KCI call option contracts from on or about April 21, 2011 to on or about June 23, 2011.

Count Six charges ~~the~~ Mr. Stewart ~~defendant~~ with unlawfully disclosing material, nonpublic information ~~inside information~~ about Gen-Probe to his father, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, which information his father then used to cause Cunniffe to purchase 320 Gen-Probe call option contracts from on or about April 18, 2012 to on or about April 27, 2012.

Count Seven charges Mr. Stewart ~~the defendant~~ with unlawfully disclosing material, nonpublic information ~~inside information~~ about Lincare to his father, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, which information his father then used to cause Cunniffe to purchase 375 Lincare call option contracts from on or about May 29, 2012 to on or about June 28, 2012.

Count Eight charges Mr. Stewart ~~the defendant~~ with unlawfully disclosing material, nonpublic information ~~inside information~~ about CareFusion to his father, with the understanding that the disclosed information would be used in connection with the purchase or sale of stocks, which information his father then used to cause Cunniffe to purchase 630 CareFusion call option contracts from on or about August 19, 2014 to on or about October 2, 2014.

17

As to any of these six substantive counts that you are considering, the Government, in order to convict Mr. Stewart on that count, must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Stewart engaged in an insider trading scheme, in that, in return for a personal benefit, he provided to his father the material non-public information specified in the count you are considering, with the anticipation that his father would trade on that information, as Mr. Stewart's father or Cunniffe then did in the manner specified in the count.

~~First, that in connection with the purchase or sale of securities on the company in question, the defendant employed a device, scheme, or artifice to defraud, or engaged in an act, practice, or course of business that operated, or would operate, as fraud or deceit upon a purchaser or seller of the specified security;~~

Second, that when he engaged in this scheme, ~~the defendant~~ Mr. Stewart acted knowingly, willfully, and with an intent to ~~deceive~~ defraud the company ~~in question~~ specified in any given count~~, its shareholders, or the market~~; and

Third, that the mail or and interstate communication facility or a facility of a national securities exchange was used in furtherance of the scheme.

## A.  The First Element: The Insider Trading Scheme

An "insider" is one who comes into possession of material, non-public information about a security or stock by virtue of a relationship that involves trust and confidence. If a person has such "inside information" and his position of trust and confidence prohibits him from disclosing that information, the law prohibits him from (1) buying or selling the securities in question on the basis of that information, or (2) giving that information to others so that they can trade in such securities on the basis of that information.

A few words about the first element, device or artifice to defraud:  A device or artifice to defraud is merely a plan to accomplish a fraudulent objective.  The specific device, scheme, or artifice to defraud, or act, practice, or course of business that the Government alleges the defendant employed in connection with each of Counts Three through Eight is known as insider trading.  For purposes of these charges, an insider is a person who possesses material, nonpublic information about a publicly traded company by virtue of a relationship that involves trust and confidence.  If a person has such inside information and his position of trust and confidence prevents him from disclosing that information, the law forbids him from buying or selling the securities in question or assisting others to trade on the basis of that information.

In order to find that the Government has established this first element – that Mr. Stewart engaged in an insider trading scheme – , you must answer each of the following questions yes:find that the Government has proved, beyond a reasonable doubt, four separate factors that, taken together, constitute an insider trading scheme under the federal securities laws:

Did the Government prove, beyond a reasonable doubt:

One, that the defendantMr. Stewart had a relationship of trust and confidence with the owed the company at issue in the count being considered a duty of trust and confidence?:

Two, that the defendantMr. Stewart violated the duty of trust and confidence by disclosing disclosed to his father material, non-public information belonging to the company specified in each count that he obtained by virtue of his relationship with that company?:

Three, That Mr. Stewart knew that his father would trade on the basis of this information, and that his father then did so by buying the stock specified in the count, or by having Cunniffe buy the stock specified in the count; andthat the defendant knew that his father would likely use the material, non-public information to trade securities or to cause others to trade securities? and

<u>Four</u>, that ~~the defendant~~Mr. Stewart, in providing this information so that his father could trade on it, ~~anticipated receiving~~intended to receive a personal benefit in return ~~of some kind from disclosing the material, non-public information to his father.~~

~~?~~ In order to establish the first factor ~~To answer the first question~~, concerning the existence of a ~~duty~~ relationship of trust and confidence, you must look to all of the facts and circumstances and ask whether both the defendant and the company recognized that their relationship involved trust and confidence.

In order to establish the second factor, concerning the nature of the disclosed information, the government must prove beyond a reasonable doubt that any information disclosed by Mr. Stewart to his father was both material and nonpublic.

Information is material if a reasonable investor would consider it important in deciding whether to buy or sell the stock of the company as to which the information relates. The materiality of the information must be judged as of the time the information was disclosed. Materiality cannot be judged in hindsight.——

~~As to the second question, regarding disclosure of material non-public information,~~ ~~i~~Information is non-public if, at the time it was disclosed, it was not available to the public through such sources as press releases, Securities and Exchange Commission filings, trade publications, analysts' reports, newspapers, magazines, rumors, word of mouth or other similar sources. But the fact that information has not appeared in a newspaper or other media does not prove that the information is non-public. Sometimes a corporation is willing to make information available to securities analysts, prospective investors, or members of the press who ask for it even though it may never have appeared in any newspaper or other publication. Such information would be considered public. Accordingly, information is not necessarily non-public

simply because there has been no formal announcement or because only a few people have been made aware of it.

In order to establish the third factor, that Mr. Stewart knew that his father would trade on the information, the Government must prove beyond a reasonable doubt, that Mr. Stewart disclosed material non-public information to his father knowing that his father would use that information to trade securities, or to cause others to use the information to trade securities. The Government cannot prevail by establishing only that Mr. Stewart divulged information that he was required to keep confidential. The Government must instead prove beyond a reasonable doubt that at the time the information was disclosed, Mr. Stewart knew that his father would use that information to trade on securities. ~~Confirmation by an insider of facts or rumors that the company has not confirmed publicly itself may be the disclosure of inside information.  A tip from a corporate insider that is more reliable or more specific than rumor is non-public information, even if the information is also the subject of rumors in the media or the investment community.~~

~~Information is material if a reasonable investor would have considered it significant in deciding whether to buy, sell, or hold securities, and at what price to buy or sell the securities.~~

~~If you find that the defendant had a relationship of trust and confidence and tipped material, non-public information, then you must determine whether the Government has proven, beyond a reasonable doubt, that the defendant knew his father would likely use or cause others to use the information to trade securities.  Direct proof that the defendant knew his father would likely use the information to trade, or cause others to trade, securities is not required.  The defendant's knowledge may be established by circumstantial evidence.  Further, it is not~~

~~necessary for the Government to prove that the defendant knew to a certainty that his father~~

~~would use the information to trade or cause others to trade securities.  It is sufficient for the~~

~~Government to prove that the defendant knew that his father would likely use the information to~~

~~his advantage (or cause others to do so).~~

~~In determining whether the defendant's father did use the information to trade, or~~

~~cause others to trade, securities, you need only determine that the information was a factor in the~~

~~decision to trade – it need not have been the only factor.~~

~~If, after considering all of the circumstances, you are persuaded, beyond a~~

~~reasonable doubt, that the defendant knew that his father would likely use the material, non-~~

~~public information and that the information was a factor in Robert Stewart's decision to buy or~~

~~sell securities or to cause others to do so, then this element will have been established.~~

In order the establish the fourth factor – the personal benefit factor – the Government

must prove beyond a reasonable doubt that in return for providing material non-public

information to his father, Mr. Stewart ~~Finally, you must determine whether the defendant~~

~~anticipated receiving~~intended to receive a personal benefit. An insider's disclosure of material

nonpublic information, standing alone, does not establish this factor. Even where a person has a

duty of confidentiality, meaning that he was required to keep information confidential, his breach

of the duty of confidentiality is not fraudulent unless he discloses the information with the

intention that he receive a personal benefit in return.

The personal benefit received in exchange for providing confidential information must be

of some consequence. Where there is a meaningfully close personal relationship between the

provider of information and the recipient of that information, the provider of the information

must receive a benefit that is objective, consequential, and represents at least a potential gain of a pecuniary or similarly valuable nature. Absent proof beyond a reasonable doubt of an intent on Mr. Stewart's part to secure a consequential personal benefit, there has been no unlawful disclosure, and this factor has not been established.

~~"Personal benefit" is broadly defined to include not only monetary gain, but also, among other things, the benefit one would obtain from simply making a gift of confidential information to a trading friend or family member.  However, a personal benefit may be inferred from a personal relationship between Mr. Stewart and his father only if there is proof that they had a meaningfully close personal relationship that generated an exchange that was objective, consequential, and represented at least a potential gain to the defendant of a pecuniary or similarly valuable nature.  The Government must prove a relationship between the defendant and his father that supports the conclusion that the information was given in return for the defendant's receiving something from his father or that the defendant in giving the information had an intention to benefit his father.~~

As I indicated earlier, the Government must establish each of these four factors beyond a reasonable doubt ~~se four questions all must be answered in the affirmative for each count~~ in order for you to determine that the Government has sustained its burden of proof as to the first element of the crime of securities fraud on a particular count.  If as to any count the ~~answer to any of those four questions is no~~ Government has not established that factor beyond a reasonable doubt, then you must find that the Government did not satisfy its burden of proof, and you must return a verdict of not guilty as to that count.

**B.      The Second Element – State of Mind**

The second element of the crime of securities fraud relates to state of mind. The Government must prove beyond a reasonable doubt that Mr. Stewart engaged in an insider trading scheme – that is, the four factors I just explained – ~~The second element that the Government must establish, beyond a reasonable doubt, is that the defendant participated in the insider trading scheme,~~ knowingly, willfully, and with an intent to ~~deceive.~~defraud.  To act knowingly means to act intentionally, ~~voluntarily and~~ deliberately, and voluntarily, rather than ~~mistakenly or inadvertently~~by mistake, accident, ignorance, or carelessness. ~~-~~To act willfully means to act deliberately and with ~~a purpose~~the intent to do something that the law forbids, that is, with a bad purpose to disobey or disregard the law.  ~~Intent to~~ For Mr. Stewart to have acted with the intent to defraud means that he must have known of the fraudulent nature of the scheme and acted with the intent that it succeed.

It is not required that the government show that Mr. Stewart, in addition to knowing what he was doing and deliberately doing it, also knew that he was violating some particular federal statute. But Mr. Stewart must have acted with the knowledge and intent to help carry out the insider trading scheme; that is, the government must prove beyond a reasonable doubt that Mr. Stewart provided material non-public information to his father knowing and intending that his father would purchase securities on the basis of that information. A defendant cannot be held liable for negligently providing information. ~~deceive in the context of this alleged insider trading scheme means to act with the intent to disclose the company's confidential information without its knowledge.~~

Whether ~~the defendant~~a person acted knowingly, willfully, and with intent to ~~deceive~~ defraud is a question of fact for you to determine, like any other fact question.  Intent to defraud

involves the state of a person's mind and the purpose with which he acted at the time the acts in question occurred. ~~Direct proof of knowledge and intent to deceive is not required.  Knowledge and criminal intent may, like any other fact, be established by circumstantial evidence.~~

Because an essential element of the crime charged is intent to ~~deceive~~defraud, good faith on the part of ~~Mr. Stewart~~Mr. Stewart is a complete defense to the charge of insider trading. That is, the law is not violated if the defendant held an honest belief that his actions were not in furtherance of any unlawful scheme. Thus, it is a complete defense to the charge of insider trading if Mr. Stewart believed in good faith that any information he provided to his father would not be used for trading purposes. A person who acts on a belief or opinion honestly held that turns out to be wrong,  is not punishable under these statutes.

-A defendant , however, has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to ~~deceive~~defraud. If you have a reasonable doubt as to whether Mr. Stewart acted in good faith, it is your duty to acquit him.

## C.  The Third Element: Interstate Commerce

The third and final element that the Government must prove beyond a reasonable doubt is that the disclosure of material, nonpublic information or trading based on that information involved the use of some instrumentality of interstate commerce, such as an interstate telephone call, use of the mails, or use of a facility of a national securities exchange, such as a stock or options trade made on the NASDAQ, the New York Stock Exchange or the International Stock Exchange.

As to each tip and trade alleged in Counts Three through Eight of the Indictment, if you find that the Government has failed to prove any element of any count beyond a reasonable doubt, then you must find the defendant not guilty of that count. On the other hand, if you find that the Government has proven each element, beyond a reasonable doubt, then you must find the defendant guilty of that count. ~~On the other hand, if you find that the Government has failed to prove any element of any count beyond a reasonable doubt, then you must find the defendant not guilty of that count.~~

*See Riley*; *see also United States* v. *Litvak*, 808 F.3d 160, 178-79 (2d Cir. 2015) (for scienter requirement); *United States* v. *Newman*, 773 F.3d 438, 452 (2d Cir. 2014) (for personal benefit); *SEC* v. *Payton*, 14 Civ. 4644 (JSR), Docket Entry No. 133 at 11-12 (post-*Newman* jury instruction in civil enforcement action).

**Defense Authority:**
*Gupta, Steinberg, Newman, Riley, Martoma, SEC v. Obus*, 693 F. 3d 276 (2d. Cir. 2012).

**REQUEST NO. 14**

**Tender Offer Fraud**

The last substantive count in the Indictment, Count Nine, charges Mr. Stewart with fraud in connection with a tender offer.  This relates to the acquisition of Lincare by Linde AG, which the Government has alleged took the form of a tender offer.  To prove this count, the Government must establish beyond a reasonable doubt the following:

First, that ~~the defendant~~Mr. Stewart communicated to another person (that is, his father) material non-public information relating to the Lincare tender offer, which he knew had been acquired directly or indirectly either from Linde or Lincare, or any officer, director, partner, or employee, or any other person acting on behalf of Lincare or Linde;

Second, that ~~the defendant~~Mr. Stewart made this communication at a time when Linde had taken substantial steps to commence the tender offer; ~~and~~

Third, that, at the time of this communication, there were circumstances that made it reasonably foreseeable to Mr. Stewart that the communication would likely cause his father to purchase or sell Lincare stock, or to have another person do so~~it was reasonably foreseeable to the defendant that the communication would likely cause someone to purchase or sell Lincare stock or options.~~; and

Fourth, that Mr. Stewart acted willfully.

As I described earlier, to act willfully means to act deliberately and with the intent to do something that the law forbids, that is, with a bad purpose to disobey or disregard the law. For Mr. Stewart to have acted with the intent to commit fraud in connection with a tender offer, he must have known of the fraudulent nature of the scheme and acted with the intent that it succeed. Because an essential element of the crime charged is that Mr. Stewart acted willfully, that is,

with the intent to defraud, good faith on the part of Mr. Stewart is a complete defense. Thus, it is a complete defense to the tender offer charge if Mr. Stewart believed in good faith that any information he provided to his father would not be used to purchase or sell Lincare stock.

~~The Government does not have to prove that the defendant knew the material, non-public information he was communicating related to a tender offer specifically. Nor, for this count, does the Government have to prove that the defendant acted in breach of any duty of trust or confidence, or that he acted for personal benefit.~~

A substantial step to commence a tender offer may include the formulation of a plan or proposal to make a tender offer by the offering company (here, Linde) or people working on its behalf. It may also include activities which substantially facilitate the tender offer such as: hiring an investment bank, hiring lawyers, arranging financing for the tender offer, or preparing or directing or authorizing the preparation of tender offer materials.

> *United States* v. *O'Hagan*, 521 U.S. 642, 672-75 (1997); *SEC* v. *Warde*, 151 F.3d 42, 49 (2d Cir. 1998); *SEC* v. *Mayhew*, 121 F.3d 44, 53 (2d Cir. 1997); *see also* Sand, *Modern Federal Jury Instructions* § 57-23 (comment); *United States* v. *Ginsburg*, 362 F.3d 1292, 1304 (11th Cir. 2004);  *SEC* v. *Sargent*, 229 F.3d 68, 78-79 (1st Cir. 2000); *United States* v. *O'Hagan*, 139 F.3d 641, 650 (8th Cir. 1998) (on remand~~).~~
>
> **Additional Defense Authority**: ~~-~~*United States v. Cassese*, 290 F. Supp. 2d 443 (S.D.N.Y. 2003), aff'd, 428 F.3d 92 (2d Cir. 2005).

**REQUEST NO. 15**

**Conspiracy to Commit Securities Fraud and Tender Offer Fraud**

Count One charges Mr. Stewart with conspiracy to commit securities fraud and tender offer fraud——the same crimes I have just described to you. Conspiracy is an entirely distinct and separate offense from substantive securities fraud. In order to sustain its burden of proof with respect to a conspiracy charge, the Government must prove beyond a reasonable doubt each of the following three elements:

First, that the charged conspiracy existed;

Second, that the defendant intentionally joined and participated in this conspiracy during the applicable time period; and

Third, that at least one of the co-conspirators committed an overt act in furtherance of the conspiracy.

The first element is simply the existence of a conspiracy. A conspiracy is an agreement, or an understanding, by two or more persons to accomplish one or more unlawful objectives by working togetheran unlawful or criminal purpose. In this case, the unlawful objects of the conspiracy are alleged to be trading on the basis of material, non-public information regarding Kendle, KCI, Gen-Probe, Lincare, and/or CareFusion. Specifically, it is a conspiracy to undertake any scheme that meets the essential elements of insider trading and tender offer fraud as I have already explained them to you in Instructions 13 and 14.

To prove that a conspiracy exists, the Government must prove that two or more people explicitly or implicitly came to an understanding to achieve at least one of the specified objects. It is not necessary for you to find that the agreement was ever expressed orally or in writing, but

29

the Government does have to prove that there was a mutual understanding between at least two people.

The indictment charges that the conspiracy lasted from February 2011 to April 2015.  It is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

_____

If you conclude that the Government has proven beyond a reasonable doubt that the charged conspiracy existed, you must then consider the second essential element, whether the Government has proven, beyond a reasonable doubt, that Mr. Stewart intentionally ~~joined~~ participated in the conspiracy~~, either at the outset or at some later point~~.  To prove this element, the Government must prove beyond a reasonable doubt that ~~the defendant~~ Mr. Stewart entered into the conspiracy and did so "knowingly," "~~and~~ willfully" and with an "intent to defraud," as I have previously described those terms to you. ~~joined the insider trading conspiracy for the purpose of furthering its unlawful object.~~

As I have already instructed you, knowingly means to act ~~consciously~~ intentionally and voluntarily, ~~rather than by mistake or accident~~ and not because of ignorance, mistake, accident or carelessness. W~~, and w~~illfully means to act ~~deliberately and with a purpose to do something that the law forbids~~ with knowledge that one's conduct is unlawful and with the intent to do something that the law forbids.  That is to say, with a bad purpose either to disobey or to disregard the law. A defendant's conduct is not willful if it was undertaken in good faith, or done due to negligence, inadvertence or mistake.

As I mentioned a moment ago, before a defendant can be found to have been a coconspirator, you must first find that he knowingly entered into the unlawful agreement or plan.

The key question, therefore, is whether Mr. Stewart entered into an agreement with an awareness of the basic aims and purposes of the unlawful agreement.

It is not necessary that a defendant be fully informed of all the details of the conspiracy, or all of its participants.  He need know only one other member of the conspiracy and need know and agree to only one of its objects.  He can join the conspiracy at any point and need not have received any benefit in return, so long as he in fact participated in the conspiracy in the manner I have explained.

I want to caution you, however, that a defendant's On the other hand, mere association between the with another member of the alleged conspiracy defendant and a conspirator does not make the defendant a member of the conspiracy, even if he knows that the conspiracy exists.  In other words, knowledge and association without participation is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant has are not enough; the defendant must have intentionally participated in the conspiracy with knowledge of its unlawful purposes and with the purpose of intent to aid in the accomplishment of its unlawful objective. helping to

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. A defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator. achieve at least one of the unlawful objects.

The third element that the Government must prove, beyond a reasonable doubt, is that some member of the conspiracy, not necessarily the defendant, knowingly committed at least one overt act in furtherance of the conspiracy.  An overt act is any act intended to help achieve the

object of the conspiracy.  An overt act, itself, need not be a criminal act, but it must contribute to the goals of the conspiracy.  The overt act requirement may be met, even if the fraudulent scheme is never actually carried out.

In sum, if you find that the Government has not proved, beyond a reasonable doubt, any of those essential elements, then you must find the defendant not guilty of Count One. On the other hand, if you find that the Government proved, beyond a reasonable doubt, that the charged conspiracy existed, that Mr. Stewart joined it, and that at least one overt act was committed in furtherance of the conspiracy, then you should find the defendant guilty of Count One.  ~~On the other hand, if you find that the Government has not proved, beyond a reasonable doubt, any of those essential elements, then you must find the defendant not guilty of Count One.~~

*Riley*; *see Whitman; Gupta*.

**Defense Authority:** *Gupta; Steinberg*.

## REQUEST NO. 16

### Conspiracy to Commit Wire Fraud

The final count to address is Count Two, which charges the defendant with conspiracy to commit wire fraud.  For this count, the Government must prove beyond a reasonable doubt two elements:

First, that the charged conspiracy existed;

Second, that the defendant unlawfully, knowingly and intentionally joined and participated in this conspiracy during the applicable time period.

As you will recognize, these are basically the same elements about which I instructed you with respect to Count One and my prior instructions about those elements apply equally here, except My earlier explanations about these elements, in the context of Count One, apply here. For conspiracy to commit wire fraud, the Government does not have to prove that any overt act was taken in furtherance of the conspiracy.

———The other difference between this count and Count One is the object of the conspiracy charged:  Here, the object is alleged to be wire fraud, not securities fraud. Specifically, the wire fraud scheme that is alleged to be the object of the conspiracy charged in Count Two is the use of the interstate or international wires (for example, through phone calls, e-mail communications, or electronic trades) in furtherance of a scheme to defraud one or more of the companies at issue of non-public information that was material to the company in question. In this context, "material" means simply that the information was important to the company in making decisions.

To prove this count, the Government must establish beyond a reasonable doubt that the defendant agreed to: (1) employ a device, scheme, or artifice to defraud or to obtain money or

property by false pretenses, representations or promises; (2) act knowingly and willfully, with knowledge of the fraudulent nature of the scheme and with specific intent to defraud; and (3) in the execution of the scheme, use, or cause to be used, interstate wires.  I explained in the context of securities fraud what it means to employ a device, scheme, or artifice to defraud, and to act knowingly and willfully. Those earlier explanations apply here.  To prove that the defendant conspired to act with specific intent to defraud, the Government must prove that he agreed to act with the intent to deprive the company at issue of something of value—for example, material, non-public information.  In this context, "material" means simply that the information was important to the company in making decisions.

See United States v. Fleishman, 11 Cr. 32 (JSR), Docket Entry No. 129 (Jury Instruction), at 17; Carpenter v. United States, 484 U.S. 19, 25 (1987) (intent to defraud in context of mail fraud charge in insider trading case); United States v. Rios, 91 Cr. 94 (LBS) (S.D.N.Y. 1992).

## REQUEST NO. 17

### Conscious Avoidance

As I have explained, all of the counts charged require the Government to prove that the defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that the defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior.  In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in criminal conduct.

> *See United States* v. *Park*, 05 Cr. 59 (DC) (S.D.N.Y. 2006); *see also United States*
> v. *Bonventre*, -- F. App'x --, 2016 WL 1579036, at *7-8 (2d Cir. Apr. 20, 2016)
> (summary order) (approving conscious avoidance charge given by this Court);
> *United States* v. *Whitman*, 555 F. App'x 98, 105–06 (2d Cir. 2014) (summary
> order) (approving charge in insider trading case); *United States* v. *Cuti*, 720 F.3d
> 453, 463 (2d Cir. 2013).

**Defense Objection**: ~~We object~~Mr. Stewart objects to any "conscious avoidance" instruction in this case. ~~We expect that g~~Given the nature of this case, the evidence will not support the provision of such an instruction. We request that the Court wait until the evidence has been presented to the jury before determining whether such an instruction is appropriate. If the Court ultimately determines that a conscious avoidance instruction is warranted, we request the opportunity to provide the Court with our proposed instruction at that time.

## REQUEST NO. 18

### Venue

With respect any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged, occurred in this District. The act itself may not be a criminal act. It could include, for example, processing or executing a securities trade within this District. And the act need not have been taken by Mr. Stewart, so long as the act was part of the crime that you find Mr. Stewart committed.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

*Riley*; *see also Martoma*; *Steinberg*; *Whitman*; *Gupta*.

## REQUEST NO. 19

### Internal Compliance Policies
*(If Applicable)*

During the course of the trial, you heard testimony and argument and were shown exhibits regarding the internal compliance policies of JP Morgan and Perella Weinberg.  I remind and instruct you that a violation of a compliance policy or an internal rule is not the same as a violation of the law.  Even if a particular disclosure of information would violate these policies, it would not necessarily violate the law. You may consider such evidence and argument only as it related to a person's Mr. Stewart's state of mind.  During your deliberations, you must follow my instructions on the law and the definitions that I have provided to you.  In this case, your role is to determine whether the defendant violated the law, and specifically whether he is guilty of the crimes charged in the indictment, not whether he may have violated any internal policies.

*Riley*; *Steinberg*.

**REQUEST NO. 20**

**Variance in Dates and Amounts**

The indictment refers to various dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  Nor does it matter if the indictment alleges that a transaction involved a specific number of shares or amount of money, but the testimony indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the indictment and the dates, months, and amounts established by the evidence.

*Riley*; *Steinberg*.

**REQUEST NO. 21**

**Presumption of Innocence** *(Defense)*

Mr. Stewart has pleaded not guilty.  In so doing, he has denied every allegation against him.  As a result of Mr. Stewart's plea of not guilty, the burden is on the government to prove his guilt beyond a reasonable doubt.  This burden never shifts to Mr. Stewart for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all charges against him.  I therefore instruct you that you must presume Mr. Stewart to be innocent throughout your deliberations.

Mr. Stewart began the trial here with a clean slate.  The presumption of innocence alone requires you to acquit him, unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt after a careful and impartial consideration of all of the evidence and lack of evidence in this case.  If the prosecution fails to sustain its burden of proof, you must find Mr. Stewart not guilty.  This presumption was with Mr. Stewart when the trial began.  It remains with him even now as I speak to you, and it will continue with him into your deliberations unless and until you are convinced that the prosecution has proven beyond a reasonable doubt that he is guilty.

**Authority**

Adapted from the charge of the Honorable Judge Failla in *United States v. Rudolph Bartee*, 13 Cr. 365 (KPF).

## REQUEST NO. 22

### Reasonable Doubt *(Defense)*

I have said that, in order to convict Mr. Stewart of a given charge, the government is required to prove that charge beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all doubt; proof beyond a reasonable doubt is sufficient. This burden never shifts to Mr. Stewart. Even if Mr. Stewart has presented evidence in his defense, it is not his burden to prove himself not guilty. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and lack of evidence, you are satisfied of Mr. Stewart' guilt beyond a reasonable doubt with respect to a particular charge against him, you should vote to convict. On the other hand, if after fair and impartial consideration of all the evidence and lack of evidence you have a reasonable doubt as to Mr. Stewart's guilt with respect to a particular charge, it is your duty to acquit Mr. Stewart of that charge.

### Authority

Adapted from L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 4-2.

The modifications from the pattern instruction made in the above proposed charge are necessary and important for the following reasons:

In the first paragraph, the last two sentences from the pattern instruction have been omitted. Those sentences read:

> A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

These sentences could easily, albeit unwittingly, negate the sentences in the preceding paragraph that properly define the standard as a significant one.  Furthermore, they are unnecessary given the preceding language that guides jurors that a reasonable doubt is one based upon reason and common sense.

In the second paragraph, the following sentence has been added:

> Even if Mr. Stewart has presented evidence in his defense, it is not his burden to prove himself not guilty.

This sentence is necessary to make clear that not only does the burden never shift to the defense generally, but even when a defendant presents evidence, the burden remains with the government.  That fundamental concept is missing without the proposed language.

In the third paragraph, the order of the sentences is reversed, so that conviction is mentioned before acquittal.  In light of the central role this standard of proof plays in our system of justice, this proposed modification is necessary. If the last option the Court provides is conviction, it will undercut the importance of the government's burden.

## REQUEST NO. 23

**Defense Theory of the Case**

[To be submitted at the close of trial.]

### Authority

*United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d. Cir. 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.");
*United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990) (explaining that a criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the evidence.);

## **CONCLUSION**

In submitting these requests to charge, the parties each reserve the right to submit

additional or modified requests before or during trial.~~at or near the close of evidence~~.

Dated: New York, New York
July 1, 2016

                                Respectfully submitted,

                                  PREET BHARARA
                                  United States Attorney

By:         _____/s/_____
                               Sarah Eddy McCallum
                               Brooke E. Cucinella
                               Assistant United States Attorneys
                               (212) 637-1033/2477

                               Federal Defenders of New York

                             _____/s/_____
                               Mark Gombiner
                               Martin Cohen
                               Christopher B. Greene
                               (212) 417-8718/8737

44