# LEVINE LEE LLP
## NEW YORK

666 Fifth Avenue
New York, New York 10103
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Jillian B. Berman**
212 257 4034 direct
jberman@levinelee.com

July 26, 2016

**VIA ECF**
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

          **Re:**    *United States v. Sean Stewart.*, 15-cr-287 (LTS)

Dear Judge Swain,

      We respectfully submit this letter on behalf of Robert Stewart, in opposition to the July 22, 2016 letter filed by Sean Stewart requesting that the Court compel Robert Stewart's testimony (the "Motion to Compel").[1] [ECF No. 139.]  As set forth below, Robert Stewart has a valid basis to invoke his Fifth Amendment privilege against self-incrimination.  As such, the Court should deny the Motion to Compel.

      Sean Stewart's motion is based on the faulty legal premise that Robert Stewart has waived his Fifth Amendment rights because he pleaded guilty and has been sentenced.  To the contrary, Robert Stewart has not waived his Fifth Amendment rights.  The Second Circuit has stated:

> [W]here . . . a **sentenced** co-defendant "reasonably believes that his testimony could 'furnish a link in the chain of evidence needed to prosecute' him for a crime," *Estate of Fisher v. Commissioner*, 905 F.2d 645, 648 (2d Cir.1990) (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)), he may properly invoke the Fifth Amendment.  *See United States v. Lumpkin*, 192 F.3d 280, 285-86 (2d Cir. 1999); *United States v. Bahadar*, 954 F.2d 821, 824-25 (2d Cir.1992); *see also United States v. Smith*, 245 F.3d 538, 543 (6th Cir.2001); *United States v. Albert*, 773 F.2d 386, 389 (1st Cir.1985).  The actual likelihood of prosecution is irrelevant to determining whether the witness may invoke the privilege.  *See Fisher*, 905 F.2d at 649-50; *United States v. Edgerton*, 734 F.2d 913, 921 (2d Cir.1984).  We believe the record established by the government without objection by the defendant reveals a reasonable basis for

---

[1] Counsel to Sean Stewart has indicated that it intends to question Robert Stewart about the charges contained in the above-referenced indictment (the "Indictment"), which are the same charges with which Robert Stewart was charged.  Robert Stewart pleaded guilty to, and was sentenced on, Count One of the Indictment.

concluding that [the co-defendants] might have revealed information on the stand that would have supported prosecutions for perjury or other federal crimes.

*United States v. Yildiz*, 85 F. App'x 239, 240–41 (2d Cir. 2004) (emphasis added); *see also United States v. Tavarez*, No. 13 CR. 947 JGK, 2015 WL 1137550, at *7 (S.D.N.Y. Mar. 12, 2015) (stating, in a case involving a co-defendant who had pleaded guilty and been sentenced, and whose testimony the defendant argued had been improperly withheld, that "the Fifth Amendment privilege is not lost after a witness has pleaded guilty if the witness is still subject to a realistic risk of incrimination on other charges, or if the desired testimony about the transaction in question would give rise to a risk of incrimination in connection with other transactions") (quoting *United States v. Rodriguez*, 706 F.2d 31, 36–37 (2d Cir.1983) and citing *Lumpkin*, 192 F.3d at285–86 (2d Cir.1999).)

In Sean Stewart's Motion to Compel, he relies upon *Mitchell v. United States*, 526 U.S. 314, 326 (1999), but that case does not support his request for the compelled testimony. As recognized in *Yildiz*—in which the Second Circuit discussed the general rule pronounced in *Mitchell* that there is no basis to assert the Fifth Amendment privilege "where there can be no further incrimination," as may be the case where a defendant has been sentenced—even a "sentenced co-defendant" may reasonably believe that his testimony may "furnish a link in the chain of evidence needed to prosecute him for a crime," and is permitted to avail himself of his Fifth Amendment rights. 85 F. App'x at 240–41 (internal citations omitted). In other words, the litmus test is not whether an individual has pleaded guilty or has been sentenced, but rather, whether "adverse consequences can be visited upon the convicted person by reason of further testimony." *Mitchell*, 526 U.S. at 326.[2]

In the instant case, due to the unique nature of his position, Robert Stewart has a reasonable belief that he may face such "adverse consequences" if compelled to testify about facts surrounding the insider trading scheme charged in the above-referenced indictment—both as posed to him by Sean Stewart's counsel and upon cross-examination by the Government. As such, the Motion to Compel should be denied. To the extent the Court requires additional information regarding his concerns, Robert Stewart respectfully requests the opportunity to be heard *ex parte* when he appears on July 27, 2016.

Respectfully submitted,

/s/ Jillian Berman
Jillian B. Berman
Seth L. Levine
Christos G. Papapetrou

cc:   Mark Gombiner/Martin Cohen/Christopher B. Greene, Assistant Federal Defenders (*via ECF*)
      Sarah E. McCallum/Brooke E. Cucinella, Assistant U.S. Attorneys (*via ECF*)

---

[2] Sean Stewart also cites to *United States v. Londono*, 175 F. App'x 370, 374 (2d Cir. 2006), which simply refers to the general rule announced in *Mitchell.*