# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 2, 2016

*By ECF*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re:   ***United States v. Sean Stewart***
      **15 Cr. 287 (LTS)**

Dear Judge Swain:

We write to request that the Court order the government to grant immunity to Robert Stewart in connection with his testimony at trial.

### Background

As the Court is aware, Mr. Stewart subpoenaed Robert Stewart to testify on July 20, 2016, and he invoked his Fifth Amendment rights. That invocation was upheld by the Court on July 27, 2016.[1] Last evening, Mr. Stewart requested that the government grant Robert Stewart immunity so that he can be made available as a defense witness. This morning, the government declined.

### Argument

To obtain the relief requested, a defendant must establish three things. First, the defendant must show that "the government has engaged in discriminatory use of grants of immunity to gain a tactical advantage." United States v. Diaz, 176 F.3d 52, 115 (2d Cir. 1999). Second, that the sought-after witness' testimony will be "material, exculpatory, and not cumulative." Id. And third, that "defendant has no other source to obtain the evidence." Id.

*First*, the government has engaged in a discriminatory use of grants of immunity in order to gain a tactical advantage over Mr. Stewart. To secure testimony it believed was favorable to its case-in-chief, the government granted Mark Boccia immunity in return for agreeing to testify. By denying Robert Stewart the same immunity it granted to Mark Boccia, the government gains

---

[1] We continue to request that defense counsel be given access to the sealed portion of the July 27 transcript so that we may evaluate whether the bases of the invocation are subject to challenge. We understand the Court has given Robert Stewart until noon today to tender a response.

Honorable Laura Taylor Swain  Page 2
August 2, 2016

Re:  *United States v. Sean Stewart*
     15 Cr. 287 (LTS)

the tactical advantage of the jury only hearing its preferred hearsay statements, and not anything that might contradict them.

*Second*, Robert Stewart's testimony is material, exculpatory and non-cumulative. The testimony of Mr. Stewart's alleged co-conspirator as to the key issue at trial—whether Mr. Stewart was a knowing and active participant in an insider trading conspiracy—could not be more material to his defense. It will also be exculpatory, as the only statements Robert Stewart has made under penalty of prosecution[2] exculpated Mr. Stewart. Finally, Robert Stewart's testimony will be non-cumulative. Robert Stewart is in a unique position to testify as to whether Sean was knowingly tipping his father with the hope that he trade on it.

*Third*, Mr. Stewart has no other way to secure this evidence. Although there are other hearsay statements that may overlap with Robert Stewart's live testimony, the Court has precluded their admission.

Mr. Stewart has established each of the three factors required. Accordingly, this Court should enter an order directing the government to grant Robert Stewart immunity.

Respectfully Submitted,

Christopher B. Greene -
Martin Cohen
Mark Gombiner
Assistant Federal Defenders
Tel. (212) 417-8737 / (212) 417-8718

cc:  Sarah McCallum, Esq., by Email
     Brooke Cucinella, Esq., by Email
     Jillian Berman, Esq., by Email

---

[2] It is a federal crime to lie to a Federal agent. 18 U.S.C. § 1001. Robert Stewart's hearsay statements that the government has introduced at trial were not made to a federal agent.