LEVINE LEE LLP

NEW YORK

666 Fifth Avenue
New York, New York 10103
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Jillian B. Berman**
212 257 4034 direct
jberman@levinelee.com

August 2, 2016

**VIA ECF**

Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      **Re:**    *United States v. Sean Stewart*, 15-cr-287 (LTS)

Dear Judge Swain,

      We respectfully submit this letter on behalf of Robert Stewart ("Mr. Stewart"), in opposition to the July 29, 2016 letter filed by Sean Stewart requesting that the *in camera* portion of the proceedings on July 27, 2016, be made available to the defense subject to the governing protective order. Mr. Stewart objects to this request. However, to the extent the Court deems it necessary to permit the defense access to the sealed transcript, Mr. Stewart requests that the Court ensure that this is done in a manner that fully protects Mr. Stewart's constitutional and other rights.

      In addition to conducting a particularized inquiry of Mr. Stewart in open court, the Court appropriately conducted an *in camera* inquiry outside the presence of the parties. The Court recognized that by employing this procedure, Robert Stewart, in asserting his fundamental constitutional right against self-incrimination, would not "be required to surrender that very protection of the privilege in order to seek to assert the privilege." (July 27, 2016 Tr. at 16.) *Accord Hoffman v. United States*, 341 U.S. 479, 486-87 (1951) ("To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim 'must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.'") (citation omitted); *see also, e.g.*, *United States v. Fricke*, 684 F.2d 1126, 1130-1132 (5th Cir. 1982) (finding no error where the district court examined witnesses *in camera*, and outside the presence of the government and defense, to determine the validity of fifth amendment claims); *see also United States v. Burns*, 684 F.2d 1066, 1070 (2d Cir. 1982) (conducting *in camera* inquiry of witness, outside the presence of the parties, to determine validity of fifth amendment claims); *United States v. Basciano*, 763 F. Supp. 2d 303, 322 (E.D.N.Y. 2011) (same).

In proceeding in this fashion, the Court properly determined that "countervailing factors"—Mr. Stewart's compelling interest in asserting his Fifth Amendment rights without threatening or jeopardizing those very rights—overcame any presumption of access to judicial proceedings.  *United States v. Amadeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).  This was well within the Court's discretion, and there is no basis to reverse that decision.

Despite our opposition, to the extent the Court entertains the defendant's request for access to the transcript of the *in camera* proceedings, we ask that any disclosure to him be narrow, and be done in a manner that fully protects Mr. Stewart's constitutional and other rights.

Respectfully submitted,

s/ Jillian B. Berman
Jillian B. Berman
Seth L. Levine
Christos G. Papapetrou

cc:   All counsel (*via ECF*)