UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

TEL: (212)-805-0417
FAX: (212)-805-0426

August 3, 2016

VIA ECF & EMAIL
Sarah McCallum, Esq.
Brooke Cucinella, Esq.
Mark Gombiner, Esq.
Martin Cohen, Esq.

United States v. Sean Stewart
Criminal Action No. 15 Cr. 287 (LTS)

MEMORANDUM TO COUNSEL

Dear Counsel:

      Pursuant to Judge Swain's direction, enclosed please find a revised version of the

jury charge reflecting the discussion at the charge conference and a blacklined copy showing the

changes over the prior version, with the approved verdict form.

Sincerely yours,

    /s/

Lina Peng
Law Clerk to Judge Swain

w/ Enclosure

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1              **JURY INSTRUCTIONS**

2           **U.S. v. Stewart, 15 CR 287**

3

4              Ladies and gentlemen, I now am going to instruct you on the law,

5       before you begin your deliberations.  You must pay close attention and I will be as

6       clear as possible.

7

8              It has been obvious to me and counsel that you have faithfully

9       discharged your duty to listen carefully and observe each witness who testified.

10      Your interest has never flagged, and you have followed the testimony with close

11      attention.

12

13             I ask you to give me that same careful attention as I instruct you on

14      the law.

15

16             The following instructions are rather extensive, so let me provide you

17      with a brief overview of what to expect.  I'll begin by instructing you on very

18      important rules that are generally applicable to all criminal jury trials.  Then, I will

19      proceed to review the counts which are charged in the Indictment and instruct you

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    on the specific rules of law that you will have to consider in deciding each count.

2    Finally, I will instruct you on the procedures you should follow while conducting

3    your deliberations.

4

5                               **ROLE OF THE COURT**

6             You have now heard all of the evidence in the case as well as the final

7    arguments of the lawyers for the Government and for Mr. Stewart, the Defendant.

8

9             My duty at this point is to instruct you as to the law.  It is your duty to

10   accept these instructions of law and apply them to the facts as you determine them,

11   just as it has been my duty to preside over the trial and decide what testimony and

12   evidence is relevant under the law for your consideration.

13

14            On these legal matters, you must take the law as I give it to you.  If

15   any attorney has stated a legal principle different from any that I state to you in my

16   instructions, it is my instructions that you must follow.

17

18            You should not single out any instruction as alone stating the law, but

19   you should consider my instructions as a whole when you retire to deliberate in the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    jury room.

2

3         You should not, any of you, be concerned about the wisdom of any

4    rule that I state. Regardless of any opinion that you may have as to what the law

5    may be – or ought to be – it would violate your sworn duty to base a verdict upon

6    any other view of the law than that which I give you.

7

8                    **ROLE OF THE JURY**

9         As members of the jury, you are the sole and exclusive judges of the

10   facts.  You pass upon the evidence.  You determine the credibility of the witnesses.

11   You resolve such conflicts as there may be in the testimony.  You draw whatever

12   reasonable inferences you decide to draw from the facts as you have determined

13   them, and you determine the weight of the evidence.

14

15         In determining these issues, no one may invade your province or

16   function as jurors.  In order for you to determine the facts, you must rely upon your

17   own recollection of the evidence. What the lawyers have said in their opening

18   statements, in their closing arguments, in the objections, or in their questions is not

19   evidence.  Nor is what I may have said – or what I may say in these instructions –

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    about a fact issue, evidence.  In this connection, you should bear in mind that a

2    question put to a witness is never evidence; it is only the answer which is evidence.

3    But you may not consider any answer that I directed you to disregard or that I

4    directed struck from the record.  Do not consider such answers.

5

6            Since you are the sole and exclusive judges of the facts, I do not mean

7    to indicate any opinion as to the facts or what your verdict should be.  The rulings I

8    have made during the trial are not any indication of my views of what your

9    decision should be as to whether or not the Government has proven its case.

10

11           You are to understand that the Court has no opinion as to the verdict

12   you should render in this case.

13

14           As to the facts, ladies and gentlemen, you are the exclusive judges.

15   You are to perform the duty of finding the facts without bias or prejudice for or

16   against any party.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       **JUROR OATH**

2           In determining the facts, you are reminded that you took an oath to

3   render judgment impartially and fairly, without prejudice or sympathy and without

4   fear, solely upon the evidence in the case and the applicable law.  I know that you

5   will do this and reach a just and true verdict.

6

7       **JURY TO DISREGARD COURT'S VIEW**

8           I have not expressed, nor have I intended to intimate, any opinion as

9   to which witnesses are or are not worthy of belief, what facts are or are not

10  established, or what inference or inferences should be drawn from the evidence.  If

11  any expression of mine has seemed to indicate an opinion relating to any of these

12  matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges

13  of all of the questions of fact submitted to you and of the credibility of the

14  witnesses. Your authority, however, is not to be exercised arbitrarily; it must be

15  exercised with sincere judgment, sound discretion, and in accordance with the rules

16  of law that I give you.  In making your determination of the facts in this case, your

17  judgment must be applied only to that which is properly in evidence.  Arguments

18  of counsel are not in evidence, although you may give consideration to those

19  arguments in making up your mind on what inferences to draw from the facts

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    which are in evidence.

2

3          From time to time the Court has been called upon to pass upon the

4    admissibility of certain evidence.  I have tried to do so, in so far as it was

5    practicable, out of your hearing.  The reasons for any such rulings are not your

6    concern and you are not to draw any inferences from them.  Whether evidence is

7    admissible is purely a question of law in the province of the Court and outside the

8    province of the jury.  In admitting evidence to which objection has been made, the

9    Court does not determine what weight should be given to such evidence, nor does

10    it pass on the credibility of the evidence.  Of course, you will dismiss from your

11    mind completely, entirely, any evidence which has been ruled out of the case by

12    the Court, and you must refrain from speculation or conjecture or any guesswork

13    about the nature or effect of any discussion between Court and counsel held out of

14    your hearing or sight.

15

16

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1 ## **CONDUCT OF COUNSEL**

2   It is the duty of the attorney on each side of a case to object when the

3 other side offers testimony or other evidence which the attorney believes is not

4 properly admissible.  Counsel also have the right and duty to ask the Court to make

5 rulings of law and to request conferences at the side bar out of the hearing of the

6 jury.  All those questions of law must be decided by me, the Court.  You should

7 not show any prejudice against an attorney or the party the attorney represents

8 because the attorney objected to the admissibility of evidence, or asked for a

9 conference out of the hearing of the jury, or asked the Court for a ruling on the law.

10

11   As I already indicated, my rulings on the admissibility of evidence do

12 not, unless expressly stated by me, indicate any opinion as to the weight or effect

13 of such evidence.  You are the sole judges of the credibility of all witnesses and the

14 weight and effect of all evidence.

15

16   Your verdict should be based on the facts as found by you from the

17 evidence and the law as instructed by the Court.

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       <u>**REMARKS TO COUNSEL**</u>

2       It is the duty of the attorneys to offer evidence and press objections on

3 behalf of their side.  It is my function to cut off counsel from an improper line of

4 argument or questioning, to strike offending remarks and to reprimand counsel

5 when I think it is necessary.  But you should draw no inference from that.  It is

6 irrelevant whether you like a lawyer or whether you believe I like a lawyer.

7

8       I would like to express my gratitude to each of the attorneys for their

9 conscientious efforts and for work well done.

10

11       <u>**PRESUMPTION OF INNOCENCE & BURDEN OF PROOF**</u>

12       Mr. Stewart has pleaded not guilty to the Indictment, which contains

13 the charges for which he is now on trial.

14

15       As a result of Mr. Stewart's plea of not guilty the burden is on the

16 Government to prove him guilty beyond a reasonable doubt.  This burden never

17 shifts to a defendant for the simple reason that the law never imposes upon a

18 defendant in a criminal case the burden or duty of calling any witness or producing

19 any evidence.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       The law presumes Mr. Stewart to be innocent of all the charges

2   against him.  I therefore instruct you that you are to presume that Mr. Stewart is

3   innocent throughout your deliberations until such time, if ever, that you as a jury

4   are satisfied that the Government has proven him guilty beyond a reasonable

5   doubt.

6

7       Mr. Stewart begins the trial here with a clean slate.  This presumption

8   of innocence alone is sufficient to acquit a defendant unless you as jurors are,

9   unanimously, convinced beyond a reasonable doubt of his guilt, after a careful and

10  impartial consideration of all of the evidence in this case.  If the Government fails

11  to sustain its burden, you must find Mr. Stewart not guilty.

12

13      This presumption was with Mr. Stewart when the trial began and

14  remains with him even now, as I speak to you, and will continue with Mr. Stewart

15  into your deliberations unless and until you are convinced that the Government has

16  proven him guilty beyond a reasonable doubt.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## **REASONABLE DOUBT**

I have said that the Government must prove Mr. Stewart guilty beyond a reasonable doubt. The question naturally is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of each of the crimes charged beyond a reasonable doubt.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    If, after fair and impartial consideration of all of the evidence, you

2    have a reasonable doubt, it is your duty to acquit Mr. Stewart.  On the other hand,

3    if after fair and impartial consideration of all the evidence, you are satisfied of Mr.

4    Stewart's guilt beyond a reasonable doubt, it is your duty to convict.

5

6                    **THE GOVERNMENT AS A PARTY**

7    You are to perform the duty of finding the facts without bias or

8    prejudice as to any party.  You are to perform this duty in an attitude of complete

9    fairness and impartiality.

10

11    This case is important to the Government, for the enforcement of

12    criminal laws is a matter of prime concern to the community.  Equally, it is

13    important to the Defendant, who is charged with serious crimes.

14

15    The fact that the prosecution is brought in the name of the United

16    States of America entitles the Government to no greater consideration than that

17    accorded to any other party to a litigation.  By the same token, it is entitled to no

18    less consideration.  All parties, whether government or individuals, stand as equals

19    at the bar of justice.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and stipulations.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

An example of this is a lawyer's question of a witness: "When did you stop drinking excessively?"  You would not be permitted to consider as true the assumed fact that the witness had ever been drinking excessively unless the witness herself indicated that she had, or unless there was some other evidence in the record that the witness had been drinking excessively.

Testimony that has been stricken or excluded is not evidence and may

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    not be considered by you in rendering your verdict.  Also, if certain testimony was

2    received for a limited purpose – such as for the purpose of assessing a witness'

3    credibility--you must follow any limiting instructions I have given.

4

5              Arguments by lawyers are not evidence, because the lawyers are not

6    witnesses.  What they have said to you in their opening statements and in their

7    summations is intended to help you understand the evidence to reach your verdict.

8    However, if your recollection of the facts differs from the lawyers' statements, it is

9    your recollection which controls.

10

11             To constitute evidence, exhibits must be received in evidence.

12   Exhibits which have been marked for identification may not be considered by you

13   as evidence until and unless they have been received in evidence by the Court.

14

15              Materials brought forth only to refresh a witness' recollection are not

16   evidence.

17

18             Finally, statements that I may have made concerning the quality of the

19   evidence do not constitute evidence.  It is for you alone to decide the weight, if

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    any, to be given to the testimony you have heard and the exhibits you have seen.

2

3                    ## DIRECT AND CIRCUMSTANTIAL EVIDENCE

4                    There are two types of evidence which you may properly use in

5    reaching your verdict.

6

7                    One type of evidence is direct evidence.  Direct evidence is testimony

8    about something the witness knows by virtue of his own senses – something he has

9    seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit,

10   where the fact to be proved is its present existence or condition.

11

12                   Circumstantial evidence is evidence that tends to prove a disputed fact

13   by proof of other facts.  Here is a simple example of circumstantial evidence.

14   Assume that, when you came into the courthouse this morning, it was a nice day.

15   Assume that the courtroom blinds were drawn and you could not look outside.  As

16   you were sitting here, someone walked in with a wet coat and hat.  Then, a few

17   minutes later, another person entered with a wet umbrella.  Now, you cannot look

18   outside of the courtroom and you cannot see whether or not it is raining.  So you

19   have no direct evidence of that fact.  But on the combination of facts which I have

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    asked you to assume, it would be reasonable and logical for you to conclude that it

2    had begun to rain.

3

4          That is all there is to circumstantial evidence.  You infer on the basis

5    of reason and experience and common sense, from one established fact, the

6    existence or non-existence of some other fact.

7

8          Circumstantial evidence is of no less value than direct evidence.  It is

9    a general rule that the law makes no distinction between direct evidence and

10   circumstantial evidence.

11

12                       **<u>INFERENCE DEFINED</u>**

13          You have just heard me use the term "infer," and in their arguments

14   the attorneys may have asked you to infer, on the basis of your reason, experience,

15   and common sense, from one or more established facts, the existence of some other

16   fact.

17

18          An inference is not a suspicion or a guess.  It is a reasoned, logical

19   conclusion that a disputed fact exists on the basis of another fact which has been

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    shown to exist.

2

3         There are times when different inferences may be drawn from facts,

4    whether proved by direct or circumstantial evidence.  The Government may ask

5    you to draw one set of inferences, while the defense may ask you to draw another.

6    It is for you, and you alone, to decide what inferences you will draw.

7

8         The process of drawing inferences from facts in evidence is not a

9    matter of guesswork or speculation.  An inference is a deduction or conclusion that

10   you, the jury, are permitted to draw – but are not required to draw – from the facts

11   which have been established by either direct or circumstantial evidence.  In

12   drawing inferences, you should exercise your common sense.

13

14        So, while you are considering the evidence presented to you, you are

15   permitted to draw, from the facts which you find to be proven, such reasonable

16   inferences as would be justified in light of your experience.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## <u>WITNESS CREDIBILITY</u>

1

2          You have had the opportunity to observe all the witnesses.  It is now

3  your job to decide how believable each witness was in his or her testimony.  You

4  are the sole judges of the credibility of each witness and of the importance of his or

5  her testimony.

6

7          It must be clear to you by now that you are being called upon to

8  resolve various factual issues raised by the parties in the face of very different

9  pictures painted by both sides.  In making these judgments, you should carefully

10  scrutinize all of the testimony of each witness, the circumstances under which each

11  witness testified, and any other matter in evidence which may help you decide the

12  truth and the importance of each witness' testimony.

13

14          How do you determine where the truth lies?  You watched the witness

15  testify.  Everything a witness said or did on the witness stand counts in your

16  determination.  How did the witness impress you?  Did he or she appear to be

17  frank, forthright and candid, or evasive and edgy as if hiding something?  How did

18  the witness appear; what was his or her demeanor – that is, the person's carriage,

19  behavior, bearing, manner and appearance while testifying?  Often it is not what a

REFLECTING DISCUSSION AT CHARGE CONFERENCE

1    person says but how he or she says it that moves us.

2

3            You should use all the tests for truthfulness that you would use in

4    determining matters of importance to you in your everyday life.  You should

5    consider any bias or hostility the witness may have shown for or against any party

6    as well as any interest the witness has in the outcome of the case.  You should

7    consider the opportunity the witness had to see, hear, and know the things about

8    which he or she testified, the accuracy of the witness' memory, the witness' candor

9    or lack of candor, the witness' intelligence, the reasonableness and probability of

10   his or her testimony and its consistency or lack of consistency, and its

11   corroboration or lack of corroboration with other credible testimony.

12

13           If you find that a witness has testified falsely as to any material fact or

14   if you find that a witness has been previously untruthful when testifying under oath

15   or otherwise, you may reject that witness' testimony in its entirety or you may

16   accept only those parts that you believe to be truthful or that are corroborated by

17   other independent evidence in the case.

18

19           It is for you, the jury, and for you alone, not the lawyers, or the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    witnesses, or me as the judge, to decide the credibility of witnesses who appeared

2    here and the weight that their testimony deserves.

3

4         What you must try to do in deciding credibility is to size a witness up

5    in light of the witnesses's demeanor, the explanations given and all of the other

6    evidence in the case.  Always remember that you should use your common sense,

7    your good judgment and your own life experience.

8

9                    **<u>BIAS</u>**

10        In deciding whether to believe a witness, you should specifically note

11    any evidence of hostility or affection which the witness may have towards one of

12    the parties.  Likewise, you should consider evidence of any other interest or motive

13    that the witness may have in cooperating with a particular party.

14

15        It is your duty to consider whether the witness has permitted any such

16    bias or interest to color his or her testimony.  In short, if you find that a witness is

17    biased, you should view his or her testimony with caution, weigh it with care and

18    subject it to close and searching scrutiny.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   ## INTEREST IN OUTCOME

2   In evaluating the credibility of the witnesses, you should take into

3   account any evidence that a witness may benefit in some way from the outcome of

4   the case.  Such interest in the outcome creates a motive to testify falsely and may

5   sway a witness to testify in a way that advances his or her own interests.

6   Therefore, if you find that any witness whose testimony you are considering may

7   have an interest in the outcome of this trial, then you should bear that factor in

8   mind when evaluating the credibility of his or her testimony, and accept it with

9   great care.

10

11   Keep in mind, though, that it does not automatically follow that

12   testimony given by an interested witness is to be disbelieved.  There are many

13   people who, no matter what their interest in the outcome of the case may be, would

14   not testify falsely.  It is for you to decide, based on your own perceptions and

15   common sense, to what extent, if at all, the witness' interest has affected his or her

16   testimony.

17

18   ## [DISCREPANCIES IN TESTIMONY]

19   [You may have heard evidence of discrepancies in the testimony of

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    certain witnesses, and counsel may have argued that such discrepancies are a

2    reason for you to reject the testimony of those witnesses.

3

4            You are instructed that evidence of discrepancies may be a basis to

5    disbelieve a witness' testimony.  On the other hand, discrepancies in a witness'

6    testimony or between his testimony and that of others do not necessarily mean that

7    the witness' entire testimony should be discredited.

8

9            People sometimes forget things and even a truthful witness may be

10   nervous and contradict him or herself.  It is also a fact that two people witnessing

11   an event will see or hear it differently.  Whether a discrepancy pertains to a fact of

12   importance or only to a trivial detail should be considered in weighing its

13   significance; but a willful falsehood always is a matter of importance and should

14   be considered seriously.

15

16           It is for you to decide, based on your total impression of the witness,

17   how to weigh the discrepancies in his or her testimony. You should, as always, use

18   common sense and your own good judgment.]

19

REFLECTING DISCUSSION AT CHARGE CONFERENCE

1        **[IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS]**

2                [You have heard evidence that at some earlier time a witness has said

3        or done something which counsel argues is inconsistent with the witness' trial

4        testimony.

5

6                Evidence of a prior inconsistent statement is not to be considered by

7        you as affirmative evidence in determining guilt.  Evidence of a prior inconsistent

8        statement was placed before you for the more limited purpose of helping you

9        decide whether to believe the trial testimony of the witness who contradicted him

10       or herself.  If you find that the witness made an earlier statement that conflicts with

11       his or her trial testimony, you may consider that fact in deciding how much of his

12       or her trial testimony, if any, to believe.

13

14               In making this determination, you may consider whether the witness

15       purposely made a false statement or whether it was an innocent mistake; whether

16       the inconsistency concerns an important fact, or whether it had to do with a small

17       detail; whether the witness had an explanation for the inconsistency, and whether

18       that explanation appealed to your common sense.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1         It is exclusively your duty, based upon all the evidence and your own

2    good judgment, to determine whether the prior statement was inconsistent, and if

3    so how much, if any, weight to give to the inconsistent statement in determining

4    whether to believe all or part of the witness' testimony.]

5

6                   **[DEFENDANT'S TESTIMONY]**

7         [If Defendant testifies:] The defendant in a criminal case never has

8    any duty to testify or come forward with any evidence. This is because, as I have

9    told you, the burden of proof beyond a reasonable doubt remains on the

10   Government at all times, and the defendant is presumed innocent. In this case, Mr.

11   Stewart did testify and he was subject to cross-examination like any other witness.

12   The fact that he testified does not in any way remove or lessen the burden on the

13   Government to prove the charges against him beyond a reasonable doubt. Mr.

14   Stewart did not have to testify, and in fact, did not have to present any evidence

15   whatsoever. You should examine and evaluate Mr. Stewart's testimony just as you

16   would the testimony of any witness with an interest in the outcome of the case.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1        ## [DEFENDANT'S RIGHT NOT TO TESTIFY]

2                [*If defendant does not testify and requests an instruction concerning*

3    *his election not to do so:*] Mr. Stewart did not testify in this case. Under our

4    Constitution, a defendant has no obligation to testify or to present any evidence,

5    because it is the Government's burden to prove a defendant guilty beyond a

6    reasonable doubt. That burden remains with the Government throughout the entire

7    trial and never shifts to the defendant.

8

9                A defendant is never required to prove that he is innocent.  You may

10   not attach any significance to the fact that Mr. Stewart did not testify.  You may

11   not draw any adverse inference against him because he did not take the witness

12   stand.  You may not consider this against Mr. Stewart in any way in your

13   deliberations in the jury room.]

14

15       ## [PREPARATION OF WITNESSES]

16               [*Court will give instruction if defense cross-examines regarding*

17   *witness preparation during trial*]

18               [You have heard evidence that, prior to appearing in court, witnesses

19   have discussed the facts of the case and their testimony with attorneys. Although

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   you may consider this fact when you are evaluating a witness's credibility, I should

2   tell you that there is nothing either improper or unusual about a witness meeting

3   with lawyers before testifying, so that the witness can be aware of the subjects he

4   or she will be questioned about, and can focus on those subjects and have the

5   opportunity to prepare or review relevant exhibits before being questioned about

6   them. Such consultation helps conserve your time and the Court's time. In fact, it

7   would be unusual for a lawyer to call a witness without such consultation.]

8

9   **ACCOMPLICE/COOPERATING WITNESS TESTIMONY**

10          You have heard from a witness, Mark Boccia, who testified pursuant

11   to a grant of immunity. This witness's testimony may not be used against him in

12   any criminal proceeding, except in a prosecution for perjury, giving a false

13   statement, or otherwise failing to comply with his immunity order or non-

14   prosecution agreement. You should weigh the credibility of this witness carefully,

15   considering the impact that any incentive, motive, bias, or prejudice may have had

16   on his testimony.

17          You have also heard from one witness, Richard Cunniffe, who

18   testified that he has pleaded guilty to insider trading.  Mr. Cunniffe testified

19   pursuant to an agreement to cooperate with the Government. The law allows the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   use of accomplice testimony. Indeed, it is the law in federal courts that the

2   testimony of accomplices may be enough in itself for conviction, if the jury finds

3   that the testimony establishes guilt beyond a reasonable doubt. It is also the case,

4   however, that accomplice testimony is of such a nature that it must be scrutinized

5   with great care and viewed with particular caution when you decide how much of

6   that testimony to believe.

7

8           I have given you some general considerations on credibility and I will

9   not repeat them all here. Nor will I repeat all the arguments made on both sides.

10  Nevertheless, let me say a few things that you might want to consider during your

11  deliberations on the subject of accomplices. You should ask yourselves whether

12  Mr. Cunniffe would benefit more by lying or by telling the truth. Was his

13  testimony made up in any way because he believed or hoped that he would

14  somehow receive favorable treatment by testifying falsely? Or did he believe that

15  his interests would be best served by testifying truthfully? If you believe that the

16  witness was motivated by hopes of personal gain, was the motivation one that

17  would cause him to lie, or was it one that would cause him to tell the truth? Did

18  this motivation color his testimony? In sum, you should look at all of the evidence

19  in deciding what credence and what weight, if any, to give to an accomplice

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    witness.

2

3    ### **UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES**

4    There are people whose names you heard during the course of the trial

5    that did not appear in court to testify. I instruct you that each party had an equal

6    opportunity or lack of opportunity to call any of these witnesses, and that Robert

7    Stewart was unavailable to both sides.  Therefore, you should not draw any

8    inferences or reach any conclusions as to what they would have testified to had

9    they been called. Their absence should not affect your judgment in any way.

10

11    You should remember my instruction, however, that the law does not

12    impose on the defendant in a criminal case the burden or duty of calling any

13    witnesses or producing any evidence whatsoever, and that the burden always rests

14    with the Government to prove the defendant's guilt beyond a reasonable doubt.

15

16    ### **PERSONS NOT ON TRIAL**

17    You may not draw any inference, favorable or unfavorable, towards

18    the Government or the Defendant from the fact that any person other than the

19    Defendant is not on trial here.  You also may not speculate as to the reasons why

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    other persons are not on trial.  Those matters are wholly outside your concern and

2    have no bearing on your function as jurors.

3

4                      **<u>SUMMARY CHARTS</u>**

5          You have seen exhibits in the form of charts and summaries. These

6    exhibits purport to summarize the underlying evidence that was used to prepare

7    them. I decided to admit these charts and summaries in order to save time and to

8    avoid unnecessary inconvenience. You should consider these charts and summaries

9    as your would any other evidence.

10

11              **<u>AUDIO RECORDINGS AND TRANSCRIPTS</u>**

12          The evidence admitted in this case includes one or more audio

13    recordings.  You must give the audio recording full consideration, along with all

14    the other evidence in the case, as you determine whether the Government has

15    proved the defendant's guilt beyond a reasonable doubt. You must do that even if

16    you disapprove of the way in which the evidence was collected.

17

18          In connection with these recordings, the government was permitted to

19    hand out transcripts. The transcripts were given to you as an aid to assist you in

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    listening to the tapes. The transcripts are not, however, evidence. Therefore, when

2    the tapes were played, I advised you to listen very carefully to the tapes

3    themselves. You must make your own determination of what appears on the tapes

4    based on what you heard. If you heard something different than what appears in the

5    transcripts, what you heard is controlling.

6

7                              **STIPULATIONS OF TESTIMONY**

8                    In this case you have heard evidence in the form of stipulations of

9    testimony. A stipulation of testimony is an agreement between the parties that, if

10   called as a witness, the person would have given certain testimony. You must

11   accept as true the fact that the witness would have given that testimony. However,

12   it is for you to determine the effect to be given that testimony.

13

14                              **STIPULATIONS OF FACT**

15                    In this case you have also heard evidence in the form of stipulations

16   that contained facts that were agreed to be true.  In such instances, you must accept

17   those facts as true.

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    **PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED**

2         You have heard reference, in the arguments of defense counsel in this

3    case, to the fact that certain investigative techniques were not used by law

4    enforcement authorities.  There is no legal requirement that the Government prove

5    its case through any particular means.  However, you may consider the evidence as

6    to what was done or omitted in deciding whether the Government has met its

7    burden of proof, because, as I told you, you should look to all of the evidence and

8    lack of evidence in deciding whether the Defendant is guilty or not guilty.

9

10   **LAW ENFORCEMENT AND GOVERNMENT EMPLOYEE WITNESSES**

11        You have heard the testimony of law enforcement officials and of

12   employees of the Government.  The fact that a witness may be employed as a

13   federal or state law enforcement official or employee does not mean that his or her

14   testimony is necessarily deserving of more or less consideration or greater or lesser

15   weight than that of an ordinary witness.

16

17        It is your decision, after reviewing all the evidence, whether to accept

18   the testimony of the law enforcement or Government employee witness and to give

19   to that testimony the weight you find it deserves.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## __INTERNAL COMPLIANCE POLICIES__

1

2     During the course of the trial, you heard testimony and argument and

3 were shown exhibits regarding the internal compliance policies of JP Morgan and

4 Perella Weinberg. I remind and instruct you that a violation of a compliance policy

5 or an internal rule is not the same as a violation of the law. Even if a particular

6 disclosure of information would violate these policies, it would not necessarily

7 violate the law. You may consider such evidence and argument only as it related to

8 Mr. Stewart's state of mind. During your deliberations, you must follow my

9 instructions on the law and the definitions that I have provided to you.  To the

10 extent that the policies define terms in a manner inconsistent with the instructions I

11 have given you, the definition I provide is the definition you must use.  In this case,

12 your role is to determine whether the defendant violated the law, and specifically

13 whether he is guilty of the crimes charged in the indictment, not whether he may

14 have violated any internal policies.

15

16                          __LEGENDS__

17     As I have previously instructed you, on some of the J.P. Morgan and

18 Perella Weinberg documents you have seen, a legend along the lines of

19 "confidential treatment requested by" the respective company has been placed on

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    the documents in connection with this case.  Those legends have no significance

2    for your work in this case and you are to disregard them.

3

4                                **IMPROPER CONSIDERATIONS:**

5                **RACE, RELIGION, NATIONAL ORIGIN, SEX, AGE, ETC.**

6              Your verdict must be based solely upon the evidence developed at

7    trial or the lack of evidence.  It would be improper for you to consider, in reaching

8    your decision as to whether the Government sustained its burden of proof, any

9    personal feelings you may have about the Defendant's race, religion, national

10   origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice

11   and our judicial system cannot work unless you reach your verdict through a fair

12   and impartial consideration of the evidence.  It would also be improper for you to

13   allow any feelings you might have about the nature of the crimes charged to

14   interfere with your decision-making process.

15

16                                **PUNISHMENT**

17             The question of possible punishment of the Defendant is of no

18   concern to the jury and should not, in any sense, enter into or influence your

19   deliberations.  The duty of imposing a sentence, if necessary, rests exclusively with

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    the Court. Your function is to weigh the evidence in the case and to determine,

2    solely upon the basis of such evidence, whether or not Mr. Stewart is guilty beyond

3    a reasonable doubt. Under your oath as jurors, you cannot allow a consideration of

4    the punishment that may be imposed upon Mr. Stewart, if he is convicted, to

5    influence your verdict in any way or to enter into your deliberations in any sense.

6

7                      **INDICTMENT NOT EVIDENCE**

8         With these preliminary instructions in mind, let us turn to the charges

9    against Mr. Stewart that are contained in the Indictment. I remind you that an

10    indictment itself is not evidence. It merely describes the charges made against the

11    Defendant. It is an accusation. It may not be considered by you as any evidence of

12    the guilt of Mr. Stewart.

13

14         In reaching your determination as to whether the Government has

15    proven the Defendant guilty beyond a reasonable doubt, you may consider only the

16    evidence introduced or lack of evidence. The indictment is not evidence.

17

18               **MULTIPLE COUNTS - ONE DEFENDANT**

19         With these preliminary instructions in mind, let us turn to the specific

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    charges (or "counts" as they are sometimes called) against Mr. Stewart. I will, at

2    times, refer to each count by the number assigned to it in the Indictment, a copy of

3    which will be provided to you in the jury room when you retire to deliberate.  You

4    should know that there is no significance to the order of these numbers or the

5    specific number of counts charged, and indeed my instructions will follow a

6    different order than the order in which the various counts appear in the indictment.

7           There are <u>nine</u> <u>counts</u> in the indictment.  Mr. Stewart is charged in

8    Count One with conspiracy to commit securities fraud and to commit fraud in

9    connection with a tender offer, which is a particular kind of securities fraud. Based

10   on the same allegations, Mr. Stewart is charged in Count Two with conspiracy to

11   commit wire fraud. In Counts Three through Eight, Mr. Stewart is charged with

12   committing six acts of securities fraud itself; these are sometimes called

13   substantive counts. Finally, in Count Nine Mr. Stewart is charged with committing

14   a substantive act of tender offer fraud. In a moment, I will instruct you on each of

15   these charges in more detail. At the outset, however, let me instruct you that you

16   must consider each individual charge separately and evaluate each on the proof or

17   lack of proof that relates to that charge.

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## <u>ELEMENTS OF THE OFFENSE</u>

**SECURITIES FRAUD**

Let us turn first to the six substantive securities fraud charges, which are listed in the indictment as Counts Three through Eight but which are more convenient to consider before Counts One and Two. Each of these counts charges Mr. Stewart with unlawfully disclosing to his father, Robert Stewart, certain material, nonpublic information, and that Robert Stewart and/or his acquaintance, Richard Cunniffe, then used this information to purchase securities.

Count Three charges Mr. Stewart with unlawfully disclosing material, nonpublic information about Kendle International, to his father, which information his father then used to purchase 2,775 shares of Kendle from on or about February 7, 2011 through on or about March 4, 2011.

Count Four charges Mr. Stewart with unlawfully disclosing material, nonpublic information about Kinetic Concepts or "KCI" to his father, which information his father then used to purchase approximately 700 shares of KCI from on or about May 5 to on or about May 6, 2011.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       Court Five also charges Mr. Stewart with unlawfully disclosing

2   material nonpublic information about KCI to his father, which information Mr.

3   Stewart's father then used to cause Richard Cunniffe to purchase 365 KCI call

4   option contracts from on or about April 21, 2011 to on or about June 23, 2011.

5

6       Count Six charges Mr. Stewart with unlawfully disclosing material,

7   nonpublic information about Gen Probe to his father, which information his father

8   then used to cause Cunniffe to purchase 320 Gen-Probe call option contracts from

9   on or about April 18, 2012 to on or about April 27, 2012.

10

11      Count Seven charges Mr. Stewart with unlawfully disclosing material,

12  nonpublic information about Lincare to his father, which information his father

13  then used to cause Cunniffe to purchase 375 Lincare call option contracts from on

14  or about May 29, 2012 to on or about June 28, 2012.

15

16      Count Eight charges Mr. Stewart with unlawfully disclosing material,

17  nonpublic information about CareFusion to his father, which information his father

18  then used to cause Cunniffe to purchase 630 CareFusion call option contracts from

19  on or about August 19, 2014 to on or about October 2, 2014.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    As to any of these six substantive counts that you are considering, the

2    Government, in order to convict Mr. Stewart on that count, must prove each of the

3    following <u>three</u> elements beyond a reasonable doubt:

4

5    The <u>first</u> element is, that in connection with the purchase or sale of

6    securities on the company in question, the defendant employed a device, scheme,

7    or artifice to defraud.

8

9    The <u>second</u> element is, that when he engaged in this scheme, Mr.

10   Stewart acted knowingly, willfully, and with an intent to defraud the company

11   specified in any given count and its shareholders, or the source of the information.

12

13   The <u>third</u> element is that, the mail, interstate communication facility,

14   or a facility of a national securities exchange was used in furtherance of the

15   scheme.

16

17   **A. The First Element: The Insider Trading Scheme**

18   A few words about the <u>first</u> <u>element</u>, device, scheme or artifice to

19   defraud: A device or artifice to defraud is merely a plan to accomplish a fraudulent

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    objective.  The specific device, scheme, or artifice to defraud that the Government

2    alleges that Mr. Stewart employed in connection with each of Counts Three

3    through Eight is known as insider trading.  For purposes of these charges, an

4    insider is a person who possesses material, nonpublic information about a publicly

5    traded company by virtue of a relationship that involves trust and confidence.  If a

6    person has such inside information and his position of trust and confidence

7    prevents him from disclosing that information, the law forbids him from buying or

8    selling the securities in question or assisting others to trade on the basis of that

9    information.

10

11        In order to find that the Government has established this <u>first</u> <u>element</u>

12   - that Mr. Stewart engaged in an insider trading scheme - you must find that the

13   Government has proven, beyond a reasonable doubt, each of <u>four</u> separate <u>factors</u>

14   that, taken together, constitute an insider trading scheme under the federal

15   securities laws.  The <u>four</u> <u>factors</u> are as follows:

16

17        <u>One</u>, that Mr. Stewart had a relationship of trust and confidence with

18   either the company at issue in the count being considered or the source from which

19   he obtained the information he allegedly disclosed;

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    <u>Two</u>, that Mr. Stewart violated the duty of trust and confidence by

2    disclosing to his father material, non-public information belonging to the company

3    specified in each count that he obtained by virtue of his relationship with the

4    company or the source from which he obtained the information he allegedly

5    disclosed;

6

7    <u>Three</u>, that Mr. Stewart anticipated that his father would trade on the

8    basis of this information and that his father then did so by buying the securities

9    specified in the count, or by having Mr. Cunniffe buy the security specified in the

10   count; and

11

12   <u>Four</u>, that, Mr. Stewart, in providing this information so that his father

13   could trade on it, anticipated receiving a personal benefit in return;

14

15   In order to establish the <u>first</u> <u>factor</u>, concerning the existence of a

16   relationship of trust and confidence, you must look to all of the facts and

17   circumstances and ask whether both the Defendant and the company or the

18   information source recognized that their relationship involved trust and confidence.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    In order to establish the <u>second</u> <u>factor</u>, the Government must prove

2    beyond a reasonable doubt that any information disclosed by Mr. Stewart to his

3    father was both material and non-public.

4

5    Information is material if there is a substantial likelihood that a

6    reasonable investor would consider it important in deciding how to invest.  In other

7    words, there must be a substantial likelihood that a reasonable investor would view

8    it as significantly altering the "total mix" of information available.  Materiality of

9    the information is judged as of the time the information was disclosed.

10

11    Information is non-public if, at the time it was disclosed, it was not

12    available to the public through such sources as press releases, Securities and

13    Exchange Commission filings, trade publications, analysts' reports, newspapers,

14    magazines, rumors, word of mouth or other similar sources.  But the fact that

15    information has not appeared in a newspaper or other media does not prove that the

16    information is non-public. Sometimes a corporation is willing to make information

17    available to securities analysts, prospective investors, or members of the press who

18    ask for it even though it may never have appeared in any newspaper or other

19    publication. Such information would be considered public.  Accordingly,

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    information is not necessarily non-public simply because there has been no formal

2    announcement or because only a few people have been made aware of it.

3

4              [On the other hand, confirmation by an insider of facts or rumors that

5    the company has not confirmed publicly itself may be the disclosure of inside

6    information. A tip from a corporate insider that is more reliable or more specific

7    than rumor is non-public information, even if the information is also the subject of

8    rumors in the media or the investment community.]

9

10             In other to establish the <u>third</u> <u>factor</u>, that Mr. Stewart anticipated that

11   his father would trade on the information, the Government must prove beyond a

12   reasonable doubt that, at the time the information was disclosed, Mr. Stewart

13   anticipated that his father would use the information to trade in securities or cause

14   others to use the information to trade in securities.  The Government cannot prevail

15   by establishing only that Mr. Stewart shared information that he was required to

16   keep confidential.  The Government must instead prove beyond a reasonable doubt

17   that, at the time the information was disclosed, Mr. Stewart anticipated that his

18   father would use that information to trade in securities

19   .

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    In order to establish the <u>fourth</u> <u>factor</u> -personal benefit- the

2    Government must prove beyond a reasonable doubt that Mr. Stewart anticipated

3    receiving a personal benefit in return for providing material non-public information

4    to his father.  Personal benefit is broadly defined to include pecuniary gain, as well

5    as the benefit one would obtain from simply making a gift of confidential

6    information to a trading relative or friend.  However, the personal benefit received

7    in exchange for confidential information must be of some consequence.  Although

8    the receipt of personal benefit may be inferred from the personal relationship

9    between Mr. Stewart and his father, you may only draw this inference if you find

10   that there was an exchange between them that was objective, consequential, and

11   represents at least a potential gain of a pecuniary or similarly valuable nature.

12

13        As I indicated earlier, the Government must establish each of these

14   <u>four</u> <u>factors</u> beyond a reasonable doubt, in order for you to determine that the

15   Government has sustained its burden of proof as to the <u>first</u> <u>element</u> of the crime of

16   securities fraud on a particular count. If as to any count the Government has not

17   established that factor beyond a reasonable doubt, as to a particular securities fraud

18   count, then you must find that the Government did not satisfy its burden of proof,

19   and you must return a verdict of not guilty as to that count.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    **B. The Second Element - State of Mind**

2        The <u>second</u> <u>element</u> of the crime of securities fraud relates to state of

3    mind.  If the Government proves beyond a reasonable doubt the four factors I just

4    explained – that is, if it proves that Mr. Stewart engaged in an insider trading

5    scheme – it must then prove that Mr. Stewart engaged in the scheme knowingly,

6    willfully, and with an intent to defraud.  To act <u>knowingly</u> means to act

7    intentionally, deliberately, and voluntarily, rather than by mistake, accident,

8    ignorance, or carelessness.  To act <u>willfully</u> means to act deliberately and with the

9    intent to do something that the law forbids.  For Mr. Stewart to have acted with the

10   intent to defraud, he must have known of the fraudulent nature of the scheme and

11   acted with the intent that it succeed.

12

13        It is not required that the Government show that Mr. Stewart, in

14   addition to knowing what he was doing and deliberately doing it, also knew that he

15   was violating some particular federal statute.  But Mr. Stewart must have acted

16   with the knowledge and intent to help carry out the insider trading scheme; that is,

17   the Government must prove beyond a reasonable doubt that Mr. Stewart provided

18   material non-public information to his father while anticipating that his father

19   would purchase securities on the basis of that information. A defendant cannot be

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  held liable for negligently or recklessly providing information.

2

3         Whether a person acted knowingly, willfully, and with intent to

4  defraud is a question of fact for you to determine, like any other fact question.

5  Intent to defraud involves the state of a person's mind and the purpose with which

6  he acted at the time the acts in question occurred. Direct proof of knowledge and

7  intent to defraud is not required.  Knowledge and criminal intent may, like any

8  other fact, be established by circumstantial evidence.

9

10         Because an essential element of the crime charged is intent to defraud,

11  good faith on the part of Mr. Stewart is a complete defense to the charge of insider

12  trading.  That is, the law is not violated if the defendant held an honest belief that

13  his actions were not in furtherance of any unlawful scheme.  Thus, it is a complete

14  defense to the charge of insider trading if Mr. Stewart believed in good faith that

15  any information he provided to his father would not be used for trading purposes.

16  A person who acts on a belief or opinion honestly held that turns out to be wrong,

17  is not punishable under these statutes.

18

19         It is not a criminal violation of these statutes to carelessly or

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  unreasonably share material non-public information with another person; instead,

2  the Government must prove beyond a reasonable doubt that Mr. Stewart intended

3  to defraud the company in question or the source of the information by sharing

4  information with his father, anticipating that his father would trade on that

5  information.

6

7  **C. The Third Element: Interstate Commerce**

8  The _third_ and _final_ element that the Government must prove beyond a

9  reasonable doubt is that the disclosure of material, nonpublic information or

10  trading based on that information involved the use of some instrumentality of

11  interstate commerce, such as an interstate telephone call, use of the mails, or use of

12  a facility of a national securities exchange, such as a stock or options trade made

13  on the NASDAQ, the New York Stock Exchange or the International Stock

14  Exchange.

15

16  As to each tip and trade alleged in Counts Three through Eight of the

17  Indictment, if you find that the Government has failed to prove any element of any

18  count beyond a reasonable doubt, then you must find Mr. Stewart not guilty of that

19  count. On the other hand, if you find that the Government has proven each

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   element, beyond a reasonable doubt, then you must find Mr. Stewart guilty of that

2   count.

3

4                              **TENDER OFFER FRAUD**

5                  The last substantive count in the Indictment, Count Nine, charges Mr.

6   Stewart with fraud in connection with a tender offer. This relates to the acquisition

7   of Lincare by Linde AG, which the Government has alleged took the form of a

8   tender offer. To prove this count, the Government must establish beyond a

9   reasonable doubt the following <u>three</u> <u>elements</u>:

10

11                  <u>First</u>, that Mr. Stewart communicated to another person (that is, his

12   father) material non-public information relating to the Lincare tender offer, which

13   he knew had been acquired directly or indirectly either from Linde or Lincare, or

14   any officer, director, partner, or employee, or any other person acting on behalf of

15   Lincare or Linde;

16

17                  <u>Second</u>, that Mr. Stewart made this communication at a time when

18   Linde had taken substantial steps to commence the tender offer.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    A substantial step to commence a tender offer may include the

2    formulation of a plan or proposal to make a tender offer by the offering company

3    (here, Linde) or people working on its behalf. It may also include activities which

4    substantially facilitate the tender offer such as: hiring an investment bank, hiring

5    lawyers, arranging financing for the tender offer, or preparing or directing or

6    authorizing the preparation of tender offer materials.

7

8    <u>Third</u>, that, at the time of this communication, there were

9    circumstances that made it reasonably foreseeable to Mr. Stewart that the

10   communication would likely cause his father to purchase or sell Lincare stock, or

11   to have another person do so; and

12

13   <u>Fourth</u>, that Mr. Stewart acted willfully.  As I described earlier, to act

14   willfully means to act deliberately and with the intent to do something that the law

15   forbids.  For Mr. Stewart to have acted with the intent to commit fraud in

16   connection with a tender offer, he must have known of the fraudulent nature of the

17   scheme and acted with the intent that it succeed.  Because an essential element of

18   the crime charged is that Mr. Stewart acted willfully, that is, with the intent to

19   defraud, good faith on the part of Mr. Stewart is a complete defense. Thus, it is a

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1 complete defense to the tender offer charge if Mr. Stewart believed in good faith

2 that any information he provided to his father would not be used to purchase or sell

3 Lincare stock.

4

5       The Government does not have to prove that Mr. Stewart knew that

6 the material, non-public information he was communicating related to a tender

7 offer specifically.  Also, for this count, the Government does not have to prove that

8 the Defendant acted in breach of any duty of trust or confidence, or that he acted

9 for personal benefit.

10

## CONSPIRACY TO COMMIT SECURITIES FRAUD AND TENDER OFFER FRAUD

13       I will now instruct you with respect to Count One.  Count One charges

14 Mr. Stewart with conspiracy to commit securities fraud and tender offer fraud.

15 Conspiracy is an entirely distinct and separate offense from substantive securities

16 fraud. In order to sustain its burden of proof with respect to a conspiracy charge,

17 the Government must prove beyond a reasonable doubt each of the following three

18 elements:

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1      <u>First</u>, that the charged conspiracy existed;

2

3      <u>Second</u>, that Mr. Stewart intentionally joined and participated in this

4      conspiracy during the applicable time period; and

5

6      <u>Third</u>, that at least one of the co-conspirators committed an overt act

7      in furtherance of the conspiracy.

8

9      The <u>first</u> <u>element</u> is simply the existence of a conspiracy.  A

10     conspiracy is an agreement, or an understanding, by two or more persons to

11     accomplish an unlawful or criminal purpose.  In this case, the unlawful objects of

12     the conspiracy are alleged to be trading on the basis of material, non-public

13     information regarding Kendle, KCI, Gen-Probe, Lincare, and/or CareFusion.

14     Specifically, Mr. Stewart is charged with participating in a conspiracy to undertake

15     a scheme that meets the essential elements of insider trading and/or tender offer

16     fraud as I have already explained them to you in my Instructions regarding

17     securities fraud and tender offer fraud.

18

19     To prove that a conspiracy exists, the Government must prove that

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   two or more people explicitly or implicitly came to an understanding to achieve at

2   least one of the specified objects. It is not necessary for you to find that the

3   agreement was ever expressed orally or in writing, but the Government does have

4   to prove that there was a mutual understanding between at least two people.

5   The indictment charges that the conspiracy lasted from February 2011 to April

6   2015. It is not necessary for the Government to prove that the conspiracy lasted

7   throughout the entire period alleged, but only that it existed for some period within

8   that time frame.

9

10       If you conclude that the Government has proven beyond a reasonable

11   doubt that the charged conspiracy existed, you must then consider the second

12   essential element and determine whether the Government has proven, beyond a

13   reasonable doubt, that Mr. Stewart intentionally participated in the conspiracy.  To

14   prove this element, the Government must prove beyond a reasonable doubt that

15   Mr. Stewart entered into the conspiracy and did so "knowingly" and "willfully" as

16   I have previously described those terms to you, and that he joined the insider

17   trading conspiracy for the purpose of furthering its unlawful object.

18

19       As I have already instructed you, knowingly means to act

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    intentionally and voluntarily, and not because of ignorance, mistake, accident or

2    carelessness.  Willfully means to act deliberately and with a purpose to do

3    something that the law forbids with knowledge that one's conduct is unlawful and

4    with the intent to do something that the law forbids.   A defendant's conduct is not

5    willful if it was undertaken in good faith, or done due to negligence, inadvertence

6    or mistake.

7

8            As I mentioned a moment ago, before a defendant can be found to

9    have been a coconspirator, you must first find that he knowingly entered into the

10   unlawful agreement or plan. The key question, therefore, is whether Mr. Stewart

11   entered into an agreement with an awareness of the basic aims and purposes of the

12   unlawful agreement.

13

14           It is not necessary that a defendant be fully informed of all the details

15   of the conspiracy, or all of its participants. He need know only one other member

16   of the conspiracy and need know and agree to only one of its objects.  He can join

17   the conspiracy at any point and need not have received any benefit in return, so

18   long as he in fact participated in the conspiracy in the manner I have explained.

19   I want to caution you, however, that a defendant's mere association with another

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    member of the alleged conspiracy does not make the defendant a member of the

2    conspiracy. In other words, knowledge and association without participation is not

3    sufficient. Moreover, the fact that the acts of a defendant, without knowledge,

4    merely happen to further the purposes or objectives of the conspiracy, does not

5    make the defendant a member.  More is required under the law. What is necessary

6    is that the defendant intentionally participated in the conspiracy with knowledge of

7    its unlawful purposes and with the intent to aid in the accomplishment of its

8    unlawful objective.

9

10            In sum, a defendant, with an understanding of the unlawful character

11   of the conspiracy, must intentionally have engaged, advised, or assisted in it for the

12   purpose of furthering an at least one of the unlawful objects charged.  A defendant

13   thereby becomes a knowing and willing participant in the unlawful agreement –

14   that is to say, a conspirator.

15

16            The third element that the Government must prove, beyond a

17   reasonable doubt, is that some member of the conspiracy, not necessarily Mr.

18   Stewart, knowingly committed at least one overt act in furtherance of the

19   conspiracy. An overt act is any act intended to help achieve the object of the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    conspiracy. An overt act, itself, need not be a criminal act, but it must contribute to

2    the goals of the conspiracy. The overt act requirement may be met even if the

3    fraudulent scheme is never actually carried out.

4

5           If you find that the Government has not proved, beyond a reasonable

6    doubt, any of those essential elements, then you must find Mr. Stewart not guilty of

7    Count One.  On the other hand, if you find that the Government proved, beyond a

8    reasonable doubt, that the charged conspiracy existed, that Mr. Stewart joined it

9    knowingly and willfully, and that at least one overt act was committed in

10   furtherance of the conspiracy, then you should find Mr. Stewart guilty of the

11   conspiracy crime charged in Count One.

12

13                        **CONSPIRACY TO COMMIT WIRE FRAUD**

14          The final count to address is Count Two, which charges Mr. Stewart

15   with conspiracy to commit wire fraud. For this count, the Government must prove

16   beyond a reasonable doubt two elements:

17

18          First, that the charged conspiracy existed;

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    <u>Second</u>, that Mr. Stewart unlawfully, knowingly and intentionally

2    joined and participated in this conspiracy during the applicable time period.

3    As you will recognize, these are basically the same elements about which I

4    instructed you with respect to Count One.  My prior instructions about the

5    elements of Count One apply equally here, except the Government does <u>not</u> have

6    to prove that any <u>overt act</u> was taken in furtherance of the conspiracy.

7

8            The other difference between this count and Count One is the object

9    of the conspiracy charged: Here, the object is alleged to be wire fraud, not

10   securities fraud. Specifically, the wire fraud scheme that is alleged to be the object

11   of the conspiracy charged in Count Two is the use of the interstate or international

12   wires (for example, through phone calls, e-mail communications, or electronic

13   trades) in furtherance of a scheme to defraud one or more of the companies at issue

14   or the source of non-public information that was material to the company in

15   question or information source.  In this context, "material" means simply that the

16   information was important to the company or the information source in making

17   decisions.

18

19           To prove this count, the Government must establish beyond a

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    reasonable doubt that Mr. Stewart agreed to: (1) employ a device, scheme, or

2    artifice to defraud or to obtain money or property by false pretenses,

3    representations or promises; (2) act knowingly and willfully, with knowledge of

4    the fraudulent nature of the scheme and with specific intent to defraud; and (3) in

5    the execution of the scheme, use, or cause to be used, interstate wires.  I explained

6    in the context of securities fraud what it means to employ a device, scheme, or

7    artifice to defraud, and to act knowingly and willfully.  Those earlier explanations

8    apply here.  To prove that Mr. Stewart conspired to act with specific intent to

9    defraud, the Government must prove that he agreed to act with the intent to deprive

10   the company at issue or the information source of something of value—for

11   example, material, non-public information, by providing that information to his

12   father with the anticipation that his father would trade or cause others to trade on

13   the basis of that information.  In this context, "material" means simply that the

14   information was important to the company or the information source in making

15   decisions.

16

17                          **CONSCIOUS AVOIDANCE**

18            As I have explained, all of the counts charged require the Government

19   to prove that Mr. Stewart acted knowingly.  In determining whether Mr. Stewart

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    acted knowingly, you may consider whether Mr. Stewart deliberately closed his

2    eyes to what otherwise would have been obvious.

3

4            I would like to point out that the necessary knowledge on the part of

5    Mr. Stewart with respect to any particular charge cannot be established by showing

6    that the defendant was careless, negligent, or foolish.  However, one may not

7    willfully and intentionally remain ignorant of a fact material and important to his

8    conduct in order to escape the consequences of criminal law.

9

10           Thus, if you find beyond a reasonable doubt that Mr. Stewart was

11   aware that there was a high probability that his father would, directly or indirectly,

12   trade in securities based on the confidential information Mr. Stewart allegedly

13   shared with him, but that Mr. Stewart deliberately and consciously avoided

14   confirming this fact, then you may treat this deliberate avoidance of positive

15   knowledge as the equivalent of knowledge.  In other words, a defendant cannot

16   avoid criminal responsibility for his own conduct by "deliberately closing his

17   eyes," or remaining purposefully ignorant of facts which would confirm to him that

18   he was engaged in criminal conduct.  However, if you find that Mr. Stewart

19   actually believed that his father was unlikely to trade, or cause trading, on the basis

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    of the information, he may not be convicted.

2

3           Finally, I caution you that the conscious avoidance doctrine as I have

4    explained is only applicable to the question of Mr. Stewart's knowledge.  It is not

5    applicable to the separate questions of whether Mr. Stewart acted willfully and

6    with the deliberate intent to commit the charged offenses.  You may not apply the

7    doctrine of conscious avoidance to decide whether Mr. Stewart formed the intent to

8    commit the charged offenses.

9

10                      **<u>VENUE</u>**

11           With respect any given count you are considering, the Government, in

12    addition to proving the essential elements of that charge, must also prove that at

13    least one act in furtherance of the crime charged occurred in the Southern District

14    of New York. This is called establishing venue.

15

16           The Southern District of New York includes all of Manhattan and the

17    Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan

18    Counties.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       The Government does not have to prove that a completed crime was

2   committed within the Southern District of New York, or that the Defendant was

3   ever in the Southern District of New York.  It is sufficient to satisfy the venue

4   requirement if any act in furtherance of the crime charged, occurred in this District.

5   The act itself may not be a criminal act. It could include, for example, processing

6   or executing a securities trade within this District. And the act need not have been

7   taken by Mr. Stewart, so long as the act was part of the crime that you find Mr.

8   Stewart committed.

9

10       Unlike the elements of the offenses which must be proven beyond a

11  reasonable doubt, the Government is only required to prove venue by a

12  preponderance of the evidence. A preponderance of the evidence means that it is

13  more probable than not that some act in furtherance of the crime you are

14  considering occurred in this District.

15

16                              **<u>VARIANCE IN DATES, ETC.</u>**

17       The indictment refers to various dates and amounts. I instruct you that

18  it does not matter if a specific event is alleged to have occurred on or about a

19  certain date or month but the testimony indicates that in fact it was a different date

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   or month. Nor does it matter if the indictment alleges that a transaction involved a

2   specific number of shares or amount of money, but the testimony indicates that it

3   was a different amount. The law requires only a substantial similarity between the

4   dates, months, and amounts alleged in the indictment and the dates, months, and

5   amounts established by the evidence.

6

7                          **[DEFENSE THEORY OF CASE]**

8   [Insert]

9

10                          **CONCLUSION OF INSTRUCTIONS**

11                  This completes my instructions of the law.

12

13   **SELECTION OF THE FOREPERSON, RIGHT TO SEE EXHIBITS AND**

14            **HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT**

15                  Now, for some general instructions that will guide you in your

16   deliberations. You will shortly retire to the jury room to begin your deliberations.

17   When you retire to the jury room, you must have a foreperson.  That person will

18   preside over the deliberations and speak for you here in open court.  Other than

19   those functions, the foreperson will have no greater nor lesser

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    authority than any other juror.

2

3            It is my custom to select the foreperson of the jury.  Accordingly, I am

4    now selecting juror number [___] as your foreperson.

5

6            All of the documentary exhibits that were received in evidence will

7    be provided to you in the jury room after you have retired to deliberate.  You may

8    also request to have any of the testimony read back.  Please remember that it is not

9    always easy to locate what you might want, so be as specific as you possibly can in

10   your requests.

11

12           I remind you that any notes you may have taken during trial are

13   simply an aid to your personal memory.  They are not to be shared.  Because the

14   notes may be inaccurate or incomplete, they may not be given any greater weight

15   or influence than the recollections of other jurors about the facts or the conclusions

16   to be drawn from the facts in determining the outcome of the case.  Any difference

17   between a juror's recollection and a juror's notes should always be settled by asking

18   to have the court reporter's transcript on that point read back to you.  You must

19   base your determination of the facts and, ultimately, your verdict, on the court

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    record rather than on your notes.

2

3          During your deliberations, you must not communicate with or provide

4    any information to anyone who is not part of the 12-member deliberating jury by

5    any means about this case.  You may not use any electronic device or media, such

6    as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any

7    internet service, or any text or instant messaging; or any internet chat room, blog or

8    website or social networking platform such as Facebook, LinkedIn, YouTube, or

9    Twitter, to communicate to anyone any information about this case or to conduct

10    any research about this case until I accept your verdict.  You must continue to

11    refrain from receiving any outside information about this case.

12

13          Each of your requests, and any communication with the Court, should

14    be made to me in writing, signed by your foreperson, and given to the U.S.

15    Marshal, who will be available outside the jury room throughout your

16    deliberations.  After consulting with counsel, I will respond to any question or

17    request you have as promptly as possible, either in writing or by having you return

18    to the courtroom so that I can speak with you in person.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## DUTY TO CONSULT AND NEED FOR UNANIMITY

1

2        The Government, to prevail with respect to each Count of the

3  Indictment, must prove the essential elements of the crime charged beyond a

4  reasonable doubt, as already explained in these instructions.  If the Government

5  succeeds, your verdict should be guilty; if the Government fails, your verdict

6  should be not guilty.

7

8        To report a verdict, your decision must be unanimous.

9

10        Your function is to weigh the evidence in the case and determine

11  whether or not the Defendant is guilty as to each crime charged in the Indictment,

12  solely upon the basis of such evidence.

13

14        Each of you must decide the case for yourself, after consideration,

15  with your fellow jurors, of the evidence of the case.  You should not hesitate to

16  change an opinion when convinced that it is erroneous.  However, you are not

17  bound to surrender your honest convictions concerning the effect or weight of the

18  evidence for the mere purpose of returning a verdict or solely because of the

19  opinion of other jurors.  Discuss and weigh your respective opinions

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    dispassionately, without regard to sympathy, without regard to prejudice or favor

2    for either party, and adopt that conclusion which in your good conscience appears

3    to be in accordance with the truth.

4

5            Again, each of you must make his or her own decision about the

6    proper outcome of this case based on your consideration of the evidence and your

7    discussions with your fellow jurors.  In short, your verdict, whether you find the

8    Defendant guilty or not guilty, must reflect your conscientious decision as to how

9    the issues should be decided.  And your decision must be unanimous.  That is, in

10   order to return a verdict, it is necessary that each juror agree to it.

11

12           If you are divided, do <u>not</u> report how the vote stands and, if you have

13   reached a verdict, do not report what it is until you are asked in open court.

14

15           After you have reached a verdict, your foreperson completes and signs

16   the verdict form that will be provided to you in the jury room after you have retired

17   to deliberate, and will advise the Marshal outside your door that you have reached

18   a verdict and are ready to return to the courtroom.  Place the completed verdict

19   form in an envelope marked "Verdict," seal the envelope and hand it to the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    Marshal.  Then wait to be brought back into the courtroom.

2

3              Please remain silent, in your seats, while I confer briefly with counsel.

4

5              **[SIDEBAR RE ANY OBJECTIONS TO CHARGE]**

6

7              At this time I will thank, and excuse from deliberations for now, the

8    two alternate jurors.  All of us in this courtroom are grateful for your faithful and

9    attentive participation in these proceedings.  Even though you are being excused

10   from deliberating for now you may be called to join the deliberations if that

11   becomes necessary in the future.  Accordingly, I am not releasing you from your

12   oath as jurors or from your obligations of confidentiality at this time.  You must

13   continue to follow my instructions to keep your views to yourself and not to

14   discuss the case, or anyone or anything having to do with it, in any way, with any

15   one at all.

16

17             Please give Ms. Ng telephone numbers at which you can be reached,

18   and be prepared to return to the courthouse on two hours' notice if called to do so.

19   If you are not recalled during the deliberations, Ms. Ng will notify you after the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    deliberations have ended.  Jurors 13 and  14, thank you.  Please accompany Ms. Ng

2    to the jury room to gather your belongings and give her your contact information.

3

4            We will all remain here, in our seats, until Ms. Ng returns.

5

6            The Marshal will now be sworn and you will retire to the jury room to

7    begin your deliberations.  You must only deliberate when all 12 of you are present

8    in the room.  You may deliberate today until _____ p.m., and tomorrow and each

9    succeeding week-day as necessary.  You must not discuss the case, or anything or

10    anyone having anything to do with it, in any way, outside the jury room, when

11    fewer than all 12 of you are present, or with anyone who is not a member of this 12

12    member jury.  Leave all notes, exhibits and case related material in the jury room at

13    all times.   The Marshal will bring you back to the courtroom for dismissal.

14

15            [Deputy Clerk swears Marshal in.]

16

17            Mr. Marshal, please escort the jury to the jury room.

18

WordPerfect Document Compare Summary

Original document:  G:\LTS\CASES\15cr0287CC\Trial\Draft.Jury.Instructions.v1.wpd
Revised document:  G:\LTS\CASES\15cr0287CC\Trial\Draft.Jury.Instructions.v2.wpd
Deletions are shown with the following attributes and color:
    ~~Strikeout~~, Blue   RGB(0,0,255).
    Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
    <u>Double Underline</u>, Redline, Red   RGB(255,0,0).

The document was marked with 52 Deletions, 35 Insertions, 0 Moves.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1                        **JURY INSTRUCTIONS**

2                     **U.S. v. Stewart, 15 CR 287**

3

4                Ladies and gentlemen, I now am going to instruct you on the law,

5       before you begin your deliberations.  You must pay close attention and I will be as

6       clear as possible.

7

8                It has been obvious to me and counsel that you have faithfully

9       discharged your duty to listen carefully and observe each witness who testified.

10      Your interest has never flagged, and you have followed the testimony with close

11      attention.

12

13               I ask you to give me that same careful attention as I instruct you on

14      the law.

15

16               The following instructions are rather extensive, so let me provide you

17      with a brief overview of what to expect.  I'll begin by instructing you on very

18      important rules that are generally applicable to all criminal jury trials.  Then, I will

19      proceed to review the counts which are charged in the Indictment and instruct you

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    on the specific rules of law that you will have to consider in deciding each count.

2    Finally, I will instruct you on the procedures you should follow while conducting

3    your deliberations.

4

5                          **ROLE OF THE COURT**

6             You have now heard all of the evidence in the case as well as the final

7    arguments of the lawyers for the Government and for Mr. Stewart, the Defendant.

8

9             My duty at this point is to instruct you as to the law.  It is your duty to

10   accept these instructions of law and apply them to the facts as you determine them,

11   just as it has been my duty to preside over the trial and decide what testimony and

12   evidence is relevant under the law for your consideration.

13

14            On these legal matters, you must take the law as I give it to you.  If

15   any attorney has stated a legal principle different from any that I state to you in my

16   instructions, it is my instructions that you must follow.

17

18            You should not single out any instruction as alone stating the law, but

19   you should consider my instructions as a whole when you retire to deliberate in the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    jury room.

2

3           You should not, any of you, be concerned about the wisdom of any

4    rule that I state. Regardless of any opinion that you may have as to what the law

5    may be – or ought to be – it would violate your sworn duty to base a verdict upon

6    any other view of the law than that which I give you.

7

8                              **<u>ROLE OF THE JURY</u>**

9           As members of the jury, you are the sole and exclusive judges of the

10   facts.  You pass upon the evidence.  You determine the credibility of the witnesses.

11   You resolve such conflicts as there may be in the testimony.  You draw whatever

12   reasonable inferences you decide to draw from the facts as you have determined

13   them, and you determine the weight of the evidence.

14

15           In determining these issues, no one may invade your province or

16   function as jurors.  In order for you to determine the facts, you must rely upon your

17   own recollection of the evidence. What the lawyers have said in their opening

18   statements, in their closing arguments, in the objections, or in their questions is not

19   evidence.  Nor is what I may have said – or what I may say in these instructions –

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    about a fact issue, evidence.  In this connection, you should bear in mind that a

2    question put to a witness is never evidence; it is only the answer which is evidence.

3    But you may not consider any answer that I directed you to disregard or that I

4    directed struck from the record.  Do not consider such answers.

5

6            Since you are the sole and exclusive judges of the facts, I do not mean

7    to indicate any opinion as to the facts or what your verdict should be.  The rulings I

8    have made during the trial are not any indication of my views of what your

9    decision should be as to whether or not the Government has proven its case.

10

11           You are to understand that the Court has no opinion as to the verdict

12   you should render in this case.

13

14           As to the facts, ladies and gentlemen, you are the exclusive judges.

15   You are to perform the duty of finding the facts without bias or prejudice for or

16   against any party.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.


## JURY TO DISREGARD COURT'S VIEW

I have not expressed, nor have I intended to intimate, any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law that I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   which are in evidence.

2

3          From time to time the Court has been called upon to pass upon the

4   admissibility of certain evidence.  I have tried to do so, in so far as it was

5   practicable, out of your hearing.  The reasons for any such rulings are not your

6   concern and you are not to draw any inferences from them.  Whether evidence is

7   admissible is purely a question of law in the province of the Court and outside the

8   province of the jury.  In admitting evidence to which objection has been made, the

9   Court does not determine what weight should be given to such evidence, nor does

10  it pass on the credibility of the evidence.  Of course, you will dismiss from your

11  mind completely, entirely, any evidence which has been ruled out of the case by

12  the Court, and you must refrain from speculation or conjecture or any guesswork

13  about the nature or effect of any discussion between Court and counsel held out of

14  your hearing or sight.

15

16

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  ## CONDUCT OF COUNSEL

2  It is the duty of the attorney on each side of a case to object when the

3  other side offers testimony or other evidence which the attorney believes is not

4  properly admissible.  Counsel also have the right and duty to ask the Court to make

5  rulings of law and to request conferences at the side bar out of the hearing of the

6  jury.  All those questions of law must be decided by me, the Court.  You should

7  not show any prejudice against an attorney or the party the attorney represents

8  because the attorney objected to the admissibility of evidence, or asked for a

9  conference out of the hearing of the jury, or asked the Court for a ruling on the law.

10

11  As I already indicated, my rulings on the admissibility of evidence do

12  not, unless expressly stated by me, indicate any opinion as to the weight or effect

13  of such evidence.  You are the sole judges of the credibility of all witnesses and the

14  weight and effect of all evidence.

15

16  Your verdict should be based on the facts as found by you from the

17  evidence and the law as instructed by the Court.

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## REMARKS TO COUNSEL

It is the duty of the attorneys to offer evidence and press objections on behalf of their side.  It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary.  But you should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

I would like to express my gratitude to each of the attorneys for their conscientious efforts and for work well done.

## PRESUMPTION OF INNOCENCE & BURDEN OF PROOF

Mr. Stewart has pleaded not guilty to the Indictment, which contains the charges for which he is now on trial.

As a result of Mr. Stewart's plea of not guilty the burden is on the Government to prove him guilty beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       The law presumes Mr. Stewart to be innocent of all the charges

2   against him.  I therefore instruct you that you are to presume that Mr. Stewart is

3   innocent throughout your deliberations until such time, if ever, that you as a jury

4   are satisfied that the Government has proven him guilty beyond a reasonable

5   doubt.

6

7       Mr. Stewart begins the trial here with a clean slate.  This presumption

8   of innocence alone is sufficient to acquit a defendant unless you as jurors are,

9   unanimously, convinced beyond a reasonable doubt of his guilt, after a careful and

10  impartial consideration of all of the evidence in this case.  If the Government fails

11  to sustain its burden, you must find Mr. Stewart not guilty.

12

13      This presumption was with Mr. Stewart when the trial began and

14  remains with him even now, as I speak to you, and will continue with Mr. Stewart

15  into your deliberations unless and until you are convinced that the Government has

16  proven him guilty beyond a reasonable doubt.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## REASONABLE DOUBT

I have said that the Government must prove Mr. Stewart guilty beyond a reasonable doubt.  The question naturally is: what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of each of the crimes charged beyond a reasonable doubt.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    If, after fair and impartial consideration of all of the evidence, you

2  have a reasonable doubt, it is your duty to acquit Mr. Stewart.  On the other hand,

3  if after fair and impartial consideration of all the evidence, you are satisfied of Mr.

4  Stewart's guilt beyond a reasonable doubt, it is your duty to convict.

5

6                    **THE GOVERNMENT AS A PARTY**

7    You are to perform the duty of finding the facts without bias or

8  prejudice as to any party.  You are to perform this duty in an attitude of complete

9  fairness and impartiality.

10

11    This case is important to the Government, for the enforcement of

12  criminal laws is a matter of prime concern to the community.  Equally, it is

13  important to the Defendant, who is charged with serious crimes.

14

15    The fact that the prosecution is brought in the name of the United

16  States of America entitles the Government to no greater consideration than that

17  accorded to any other party to a litigation.  By the same token, it is entitled to no

18  less consideration.  All parties, whether government or individuals, stand as equals

19  at the bar of justice.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1 ## **WHAT IS AND IS NOT EVIDENCE**

2        The evidence in this case is the sworn testimony of the witnesses, the

3    exhibits received in evidence and stipulations.

4

5        By contrast, the question of a lawyer is not to be considered by you as

6    evidence.  It is the witnesses' answers that are evidence, not the questions.  At

7    times, a lawyer on cross-examination may have incorporated into a question a

8    statement which assumed certain facts to be true, and asked the witness if the

9    statement was true.  If the witness denied the truth of a statement, and if there is no

10   direct evidence in the record proving that assumed fact to be true, then you may not

11   consider it to be true simply because it was contained in the lawyer's question.

12

13       An example of this is a lawyer's question of a witness: "When did you

14   stop drinking excessively?"  You would not be permitted to consider as true the

15   assumed fact that the witness had ever been drinking excessively unless the witness

16   herself indicated that she had, or unless there was some other evidence in the

17   record that the witness had been drinking excessively.

18

19       Testimony that has been stricken or excluded is not evidence and may

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    not be considered by you in rendering your verdict.  Also, if certain testimony was

2    received for a limited purpose – such as for the purpose of assessing a witness'

3    credibility--you must follow any limiting instructions I have given.

4

5           Arguments by lawyers are not evidence, because the lawyers are not

6    witnesses.  What they have said to you in their opening statements and in their

7    summations is intended to help you understand the evidence to reach your verdict.

8    However, if your recollection of the facts differs from the lawyers' statements, it is

9    your recollection which controls.

10

11          To constitute evidence, exhibits must be received in evidence.

12   Exhibits which have been marked for identification may not be considered by you

13   as evidence until and unless they have been received in evidence by the Court.

14

15           Materials brought forth only to refresh a witness' recollection are not

16   evidence.

17

18          Finally, statements that I may have made concerning the quality of the

19   evidence do not constitute evidence.  It is for you alone to decide the weight, if

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    any, to be given to the testimony you have heard and the exhibits you have seen.

2

3               **<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

4          There are two types of evidence which you may properly use in

5    reaching your verdict.

6

7          One type of evidence is direct evidence.  Direct evidence is testimony

8    about something the witness knows by virtue of his own senses – something he has

9    seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit,

10    where the fact to be proved is its present existence or condition.

11

12          Circumstantial evidence is evidence that tends to prove a disputed fact

13    by proof of other facts.  Here is a simple example of circumstantial evidence.

14    Assume that, when you came into the courthouse this morning, it was a nice day.

15    Assume that the courtroom blinds were drawn and you could not look outside.  As

16    you were sitting here, someone walked in with a wet coat and hat.  Then, a few

17    minutes later, another person entered with a wet umbrella.  Now, you cannot look

18    outside of the courtroom and you cannot see whether or not it is raining.  So you

19    have no direct evidence of that fact.  But on the combination of facts which I have

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    asked you to assume, it would be reasonable and logical for you to conclude that it

2    had begun to rain.

3

4          That is all there is to circumstantial evidence.  You infer on the basis

5    of reason and experience and common sense, from one established fact, the

6    existence or non-existence of some other fact.

7

8          Circumstantial evidence is of no less value than direct evidence.  It is

9    a general rule that the law makes no distinction between direct evidence and

10   circumstantial evidence.

11

12                          **INFERENCE DEFINED**

13         You have just heard me use the term "infer," and in their arguments

14   the attorneys may have asked you to infer, on the basis of your reason, experience,

15   and common sense, from one or more established facts, the existence of some other

16   fact.

17

18         An inference is not a suspicion or a guess.  It is a reasoned, logical

19   conclusion that a disputed fact exists on the basis of another fact which has been

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    shown to exist.

2

3          There are times when different inferences may be drawn from facts,

4    whether proved by direct or circumstantial evidence.  The Government may ask

5    you to draw one set of inferences, while the defense may ask you to draw another.

6    It is for you, and you alone, to decide what inferences you will draw.

7

8          The process of drawing inferences from facts in evidence is not a

9    matter of guesswork or speculation.  An inference is a deduction or conclusion that

10   you, the jury, are permitted to draw – but are not required to draw – from the facts

11   which have been established by either direct or circumstantial evidence.  In

12   drawing inferences, you should exercise your common sense.

13

14         So, while you are considering the evidence presented to you, you are

15   permitted to draw, from the facts which you find to be proven, such reasonable

16   inferences as would be justified in light of your experience.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  ## <u>WITNESS CREDIBILITY</u>

2          You have had the opportunity to observe all the witnesses.  It is now

3  your job to decide how believable each witness was in his or her testimony.  You

4  are the sole judges of the credibility of each witness and of the importance of his or

5  her testimony.

6

7          It must be clear to you by now that you are being called upon to

8  resolve various factual issues raised by the parties in the face of very different

9  pictures painted by both sides.  In making these judgments, you should carefully

10  scrutinize all of the testimony of each witness, the circumstances under which each

11  witness testified, and any other matter in evidence which may help you decide the

12  truth and the importance of each witness' testimony.

13

14          How do you determine where the truth lies?  You watched the witness

15  testify.  Everything a witness said or did on the witness stand counts in your

16  determination.  How did the witness impress you?  Did he or she appear to be

17  frank, forthright and candid, or evasive and edgy as if hiding something?  How did

18  the witness appear; what was his or her demeanor – that is, the person's carriage,

19  behavior, bearing, manner and appearance while testifying?  Often it is not what a

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    person says but how he or she says it that moves us.

2

3              You should use all the tests for truthfulness that you would use in

4    determining matters of importance to you in your everyday life.  You should

5    consider any bias or hostility the witness may have shown for or against any party

6    as well as any interest the witness has in the outcome of the case.  You should

7    consider the opportunity the witness had to see, hear, and know the things about

8    which he or she testified, the accuracy of the witness' memory, the witness' candor

9    or lack of candor, the witness' intelligence, the reasonableness and probability of

10   his or her testimony and its consistency or lack of consistency, and its

11   corroboration or lack of corroboration with other credible testimony.

12

13             If you find that a witness has testified falsely as to any material fact or

14   if you find that a witness has been previously untruthful when testifying under oath

15   or otherwise, you may reject that witness' testimony in its entirety or you may

16   accept only those parts that you believe to be truthful or that are corroborated by

17   other independent evidence in the case.

18

19             It is for you, the jury, and for you alone, not the lawyers, or the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    witnesses, or me as the judge, to decide the credibility of witnesses who appeared

2    here and the weight that their testimony deserves.

3

4           What you must try to do in deciding credibility is to size a witness up

5    in light of the witnesses's demeanor, the explanations given and all of the other

6    evidence in the case.  Always remember that you should use your common sense,

7    your good judgment and your own life experience.

8

9                                          **BIAS**

10          In deciding whether to believe a witness, you should specifically note

11   any evidence of hostility or affection which the witness may have towards one of

12   the parties.  Likewise, you should consider evidence of any other interest or motive

13   that the witness may have in cooperating with a particular party.

14

15          It is your duty to consider whether the witness has permitted any such

16   bias or interest to color his or her testimony.  In short, if you find that a witness is

17   biased, you should view his or her testimony with caution, weigh it with care and

18   subject it to close and searching scrutiny.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1 <u>**INTEREST IN OUTCOME**</u>

2       In evaluating the credibility of the witnesses, you should take into

3 account any evidence that a witness may benefit in some way from the outcome of

4 the case.  Such interest in the outcome creates a motive to testify falsely and may

5 sway a witness to testify in a way that advances his or her own interests.

6 Therefore, if you find that any witness whose testimony you are considering may

7 have an interest in the outcome of this trial, then you should bear that factor in

8 mind when evaluating the credibility of his or her testimony, and accept it with

9 great care.

10

11       Keep in mind, though, that it does not automatically follow that

12 testimony given by an interested witness is to be disbelieved.  There are many

13 people who, no matter what their interest in the outcome of the case may be, would

14 not testify falsely.  It is for you to decide, based on your own perceptions and

15 common sense, to what extent, if at all, the witness' interest has affected his or her

16 testimony.

17

18               <u>**[DISCREPANCIES IN TESTIMONY]**</u>

19       [You may have heard evidence of discrepancies in the testimony of

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    certain witnesses, and counsel may have argued that such discrepancies are a

2    reason for you to reject the testimony of those witnesses.

3

4            You are instructed that evidence of discrepancies may be a basis to

5    disbelieve a witness' testimony.  On the other hand, discrepancies in a witness'

6    testimony or between his testimony and that of others do not necessarily mean that

7    the witness' entire testimony should be discredited.

8

9            People sometimes forget things and even a truthful witness may be

10   nervous and contradict him or herself.  It is also a fact that two people witnessing

11   an event will see or hear it differently.  Whether a discrepancy pertains to a fact of

12   importance or only to a trivial detail should be considered in weighing its

13   significance; but a willful falsehood always is a matter of importance and should

14   be considered seriously.

15

16           It is for you to decide, based on your total impression of the witness,

17   how to weigh the discrepancies in his or her testimony. You should, as always, use

18   common sense and your own good judgment.]

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   **[IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS]**

2   [You have heard evidence that at some earlier time a witness has said

3   or done something which counsel argues is inconsistent with the witness' trial

4   testimony.

5

6   Evidence of a prior inconsistent statement is not to be considered by

7   you as affirmative evidence in determining guilt.  Evidence of a prior inconsistent

8   statement was placed before you for the more limited purpose of helping you

9   decide whether to believe the trial testimony of the witness who contradicted him

10  or herself.  If you find that the witness made an earlier statement that conflicts with

11  his or her trial testimony, you may consider that fact in deciding how much of his

12  or her trial testimony, if any, to believe.

13

14  In making this determination, you may consider whether the witness

15  purposely made a false statement or whether it was an innocent mistake; whether

16  the inconsistency concerns an important fact, or whether it had to do with a small

17  detail; whether the witness had an explanation for the inconsistency, and whether

18  that explanation appealed to your common sense.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1       It is exclusively your duty, based upon all the evidence and your own

2   good judgment, to determine whether the prior statement was inconsistent, and if

3   so how much, if any, weight to give to the inconsistent statement in determining

4   whether to believe all or part of the witness' testimony.**]**

5

6                **[DEFENDANT'S TESTIMONY]**

7       [If Defendant testifies:] The defendant in a criminal case never has

8   any duty to testify or come forward with any evidence. This is because, as I have

9   told you, the burden of proof beyond a reasonable doubt remains on the

10  Government at all times, and the defendant is presumed innocent. In this case, Mr.

11  Stewart did testify and he was subject to cross-examination like any other witness.

12  The fact that he testified does not in any way remove or lessen the burden on the

13  Government to prove the charges against him beyond a reasonable doubt. Mr.

14  Stewart did not have to testify, and in fact, did not have to present any evidence

15  whatsoever. You should examine and evaluate Mr. Stewart's testimony just as you

16  would the testimony of any witness with an interest in the outcome of the case.

17

18

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1            **[DEFENDANT'S RIGHT NOT TO TESTIFY]**

2            [*If defendant does not testify and requests an instruction concerning*

3    *his election not to do so:*] Mr. Stewart did not testify in this case. Under our

4    Constitution, a defendant has no obligation to testify or to present any evidence,

5    because it is the Government's burden to prove a defendant guilty beyond a

6    reasonable doubt. That burden remains with the Government throughout the entire

7    trial and never shifts to the defendant.

8

9            A defendant is never required to prove that he is innocent.  You may

10   not attach any significance to the fact that Mr. Stewart did not testify.  You may

11   not draw any adverse inference against him because he did not take the witness

12   stand.  You may not consider this against Mr. Stewart in any way in your

13   deliberations in the jury room.]

14

15           **[PREPARATION OF WITNESSES]**

16           [*Court will give instruction if defense cross-examines regarding*

17   *witness preparation during trial*]

18           [You have heard evidence that, prior to appearing in court, witnesses

19   have discussed the facts of the case and their testimony with attorneys. Although

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  you may consider this fact when you are evaluating a witness's credibility, I should

2  tell you that there is nothing either improper or unusual about a witness meeting

3  with lawyers before testifying, so that the witness can be aware of the subjects he

4  or she will be questioned about, and can focus on those subjects and have the

5  opportunity to prepare or review relevant exhibits before being questioned about

6  them. Such consultation helps conserve your time and the Court's time. In fact, it

7  would be unusual for a lawyer to call a witness without such consultation.]

8

9  **[ACCOMPLICE/COOPERATING WITNESS TESTIMONY]**

10  *[Instruct if applicable.]*      You have heard from a witness, [ ]Mark

11  Boccia, who testified pursuant to [a grant of immunity]/[non-prosecution

12  agreement with the Government]. This witness's testimony may not be used

13  against him in any criminal proceeding, except in a prosecution for perjury, giving

14  a false statement, or otherwise failing to comply with his immunity order or non-

15  prosecution agreement. You should weigh the credibility of this witness carefully,

16  considering the impact that any incentive, motive, bias, or prejudice may have had

17  on his testimony.

18      You have also heard from one witness, Richard Cunniffe, who

19  testified that he has pleaded guilty to insider trading.  Mr. Cunniffe testified

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    pursuant to an agreement to cooperate with the Government. The law allows the

2    use of accomplice testimony. Indeed, it is the law in federal courts that the

3    testimony of accomplices may be enough in itself for conviction, if the jury finds

4    that the testimony establishes guilt beyond a reasonable doubt. It is also the case,

5    however, that accomplice testimony is of such a nature that it must be scrutinized

6    with great care and viewed with particular caution when you decide how much of

7    that testimony to believe.

8

9            I have given you some general considerations on credibility and I will

10   not repeat them all here. Nor will I repeat all the arguments made on both sides.

11   Nevertheless, let me say a few things that you might want to consider during your

12   deliberations on the subject of accomplices. You should ask yourselves whether

13   Mr. Cunniffe would benefit more by lying or by telling the truth. Was his

14   testimony made up in any way because he believed or hoped that he would

15   somehow receive favorable treatment by testifying falsely? Or did he believe that

16   his interests would be best served by testifying truthfully? If you believe that the

17   witness was motivated by hopes of personal gain, was the motivation one that

18   would cause him to lie, or was it one that would cause him to tell the truth? Did

19   this motivation color his testimony? In sum, you should look at all of the evidence

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    in deciding what credence and what weight, if any, to give to an accomplice

2    witness.

3

4    ## **UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES**

5    There are people whose names you heard during the course of the trial

6    that did not appear in court to testify. I instruct you that each party had an equal

7    opportunity or lack of opportunity to call any of these witnesses, and that Robert

8    Stewart was unavailable to both sides. Therefore, you should not draw any

9    inferences or reach any conclusions as to what they would have testified to had

10    they been called. Their absence should not affect your judgment in any way.

11

12    You should remember my instruction, however, that the law does not

13    impose on the defendant in a criminal case the burden or duty of calling any

14    witnesses or producing any evidence whatsoever, and that the burden always rests

15    with the Government to prove the defendant's guilt beyond a reasonable doubt.

16

17    ## **PERSONS NOT ON TRIAL**

18    You may not draw any inference, favorable or unfavorable, towards

19    the Government or the Defendant from the fact that any person other than the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  Defendant is not on trial here.  You also may not speculate as to the reasons why

2  other persons are not on trial.  Those matters are wholly outside your concern and

3  have no bearing on your function as jurors.

4

5                                    **<u>SUMMARY CHARTS</u>**

6           You have seen exhibits in the form of charts and summaries. These

7  exhibits purport to summarize the underlying evidence that was used to prepare

8  them. I decided to admit these charts and summaries in order to save time and to

9  avoid unnecessary inconvenience. You should consider these charts and summaries

10  as your would any other evidence.

11

12                    **<u>AUDIO RECORDINGS AND TRANSCRIPTS</u>**

13           The evidence admitted in this case includes one or more audio

14  recordings.  You must give the audio recording full consideration, along with all

15  the other evidence in the case, as you determine whether the Government has

16  proved the defendant's guilt beyond a reasonable doubt. You must do that even if

17  you disapprove of the way in which the evidence was collected.

18

19           In connection with these recordings, the government [and the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    ~~defendant (*if applicable*) were]~~was permitted to hand out transcripts. The

2    transcripts were given to you as an aid to assist you in listening to the tapes. The

3    transcripts are not, however, evidence. Therefore, when the tapes were played, I

4    advised you to listen very carefully to the tapes themselves. You must make your

5    own determination of what appears on the tapes based on what you heard. If you

6    heard something different than what appears in the transcripts, what you heard is

7    controlling.

8

9                    **<u>STIPULATIONS OF TESTIMONY</u>**

10                   In this case you have heard evidence in the form of stipulations of

11   testimony. A stipulation of testimony is an agreement between the parties that, if

12   called as a witness, the person would have given certain testimony. You must

13   accept as true the fact that the witness would have given that testimony. However,

14   it is for you to determine the effect to be given that testimony.

15

16                   **<u>STIPULATIONS OF FACT</u>**

17                   In this case you have also heard evidence in the form of stipulations

18   that contained facts that were agreed to be true.  In such instances, you must accept

19   those facts as true.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1

2

## PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED

4          You have heard reference, in the arguments of defense counsel in this

5    case, to the fact that certain investigative techniques were not used by law

6    enforcement authorities.  There is no legal requirement that the Government prove

7    its case through any particular means.  However, you may consider the evidence as

8    to what was done or omitted in deciding whether the Government has met its

9    burden of proof, because, as I told you, you should look to all of the evidence and

10   lack of evidence in deciding whether the Defendant is guilty or not guilty.

11

## {LAW ENFORCEMENT AND GOVERNMENT EMPLOYEE WITNESSES}

13          {You have heard the testimony of law enforcement officials and of

14   employees of the Government.  The fact that a witness may be employed as a

15   federal or state law enforcement official or employee does not mean that his or her

16   testimony is necessarily deserving of more or less consideration or greater or lesser

17   weight than that of an ordinary witness.}

18

19          {It is your decision, after reviewing all the evidence, whether to accept

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    the testimony of the law enforcement or Government employee witness and to give

2    to that testimony the weight you find it deserves.†

3               **<u>INTERNAL COMPLIANCE POLICIES</u>**

4    <u>During the course of the trial, you heard testimony and argument and</u>

5    <u>were shown exhibits regarding the internal compliance policies of JP Morgan and</u>

6    <u>Perella Weinberg. I remind and instruct you that a violation of a compliance policy</u>

7    <u>or an internal rule is not the same as a violation of the law. Even if a particular</u>

8    <u>disclosure of information would violate these policies, it would not necessarily</u>

9    <u>violate the law. You may consider such evidence and argument only as it related to</u>

10    <u>Mr. Stewart's state of mind. During your deliberations, you must follow my</u>

11    <u>instructions on the law and the definitions that I have provided to you.  To the</u>

12    <u>extent that the policies define terms in a manner inconsistent with the instructions I</u>

13    <u>have given you, the definition I provide is the definition you must use.  In this case,</u>

14    <u>your role is to determine whether the defendant violated the law, and specifically</u>

15    <u>whether he is guilty of the crimes charged in the indictment, not whether he may</u>

16    <u>have violated any internal policies.</u>

17

18                        **<u>LEGENDS</u>**

19    <u>As I have previously instructed you, on some of the J.P. Morgan and</u>

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  Perella Weinberg documents you have seen, a legend along the lines of

2  "confidential treatment requested by" the respective company has been placed on

3  the documents in connection with this case.  Those legends have no significance

4  for your work in this case and you are to disregard them.

5

6  **IMPROPER CONSIDERATIONS:**

7  **RACE, RELIGION, NATIONAL ORIGIN, SEX, AGE, ETC.**

8  Your verdict must be based solely upon the evidence developed at

9  trial or the lack of evidence.  It would be improper for you to consider, in reaching

10  your decision as to whether the Government sustained its burden of proof, any

11  personal feelings you may have about the Defendant's race, religion, national

12  origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice

13  and our judicial system cannot work unless you reach your verdict through a fair

14  and impartial consideration of the evidence.  It would also be improper for you to

15  allow any feelings you might have about the nature of the crimes charged to

16  interfere with your decision-making process.

17

18  **PUNISHMENT**

19  The question of possible punishment of the Defendant is of no

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   concern to the jury and should not, in any sense, enter into or influence your

2   deliberations.  The duty of imposing a sentence, if necessary, rests exclusively with

3   the Court.  Your function is to weigh the evidence in the case and to determine,

4   solely upon the basis of such evidence, whether or not Mr. Stewart is guilty beyond

5   a reasonable doubt.  Under your oath as jurors, you cannot allow a consideration of

6   the punishment that may be imposed upon Mr. Stewart, if he is convicted, to

7   influence your verdict in any way or to enter into your deliberations in any sense.

8

9   ## INDICTMENT NOT EVIDENCE

10          With these preliminary instructions in mind, let us turn to the charges

11  against Mr. Stewart that are contained in the Indictment.  I remind you that an

12  indictment itself is not evidence.  It merely describes the charges made against the

13  Defendant.  It is an accusation.  It may not be considered by you as any evidence of

14  the guilt of Mr. Stewart.

15

16          In reaching your determination as to whether the Government has

17  proven the Defendant guilty beyond a reasonable doubt, you may consider only the

18  evidence introduced or lack of evidence.  The indictment is not evidence.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

## MULTIPLE COUNTS - ONE DEFENDANT

1

2   With these preliminary instructions in mind, let us turn to the specific

3   charges (or "counts" as they are sometimes called) against Mr. Stewart. I will, at

4   times, refer to each count by the number assigned to it in the Indictment, a copy of

5   which will be provided to you in the jury room when you retire to deliberate.  You

6   should know that there is no significance to the order of these numbers or the

7   specific number of counts charged, and indeed my instructions will follow a

8   different order than the order in which the various counts appear in the indictment.

9   There are nine counts in the indictment.  Mr. Stewart is charged in

10  Count One with conspiracy to commit securities fraud and to commit fraud in

11  connection with a tender offer, which is a particular kind of securities fraud. Based

12  on the same allegations, Mr. Stewart is charged in Count Two with conspiracy to

13  commit wire fraud. In Counts Three through Eight, Mr. Stewart is charged with

14  committing six acts of securities fraud itself; these are sometimes called

15  substantive counts. Finally, in Count Nine Mr. Stewart is charged with committing

16  a substantive act of tender offer fraud. In a moment, I will instruct you on each of

17  these charges in more detail. At the outset, however, let me instruct you that you

18  must consider each individual charge separately and evaluate each on the proof or

19  lack of proof that relates to that charge.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1

2

3

4  _____

5  ## ELEMENTS OF THE OFFENSE

6

7  **SECURITIES FRAUD**

8  Let us turn first to the six substantive securities fraud charges, which

9  are listed in the indictment as Counts Three through Eight but which are more

10  convenient to consider before Counts One and Two. Each of these counts charges

11  Mr. Stewart with unlawfully disclosing to his father, Robert Stewart, certain

12  material, nonpublic information, and that Robert Stewart ~~and~~and/or his

13  acquaintance, Richard Cunniffe, then used this information to purchase securities.

14

15  Count Three charges Mr. Stewart with unlawfully disclosing material,

16  nonpublic information about Kendle International, to his father, which information

17  his father then used to purchase 2,775 shares of Kendle from on or about February

18  7, 2011 through on or about March 4, 2011.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1           Count Four charges Mr. Stewart with unlawfully disclosing material,

2    nonpublic information about Kinetic Concepts or "KCI" to his father, which

3    information his father then used to purchase approximately 700 shares of KCI from

4    on or about May 5 to on or about May 6, 2011.

5

6           Court Five also charges Mr. Stewart with unlawfully disclosing

7    material nonpublic information about KCI to his father, which information Mr.

8    Stewart's father then used to cause Richard Cunniffe to purchase 365 KCI call

9    option contracts from on or about April 21, 2011 to on or about June 23, 2011.

10

11           Count Six charges Mr. Stewart with unlawfully disclosing material,

12    nonpublic information about Gen Probe to his father, which information his farther

13    then used to cause Cunniffe to purchase 320 Gen-Probe call option contracts from

14    on or about April 18, 2012 to on or about April 27, 2012.

15

16           Count Seven charges Mr. Stewart with unlawfully disclosing material,

17    nonpublic information about Lincare to his father, which information his father

18    then used to cause Cunniffe to purchase 375 Lincare call option contracts from on

19    or about May 29, 2012 to on or about June 28, 2012.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    Count Eight charges Mr. Stewart with unlawfully disclosing material,

2    nonpublic information about CareFusion to his father, which information his father

3    then used to cause Cunniffe to purchase 630 CareFusion call option contracts from

4    on or about August 19, 2014 to on or about October 2, 2014.

5

6    As to any of these six substantive counts that you are considering, the

7    Government, in order to convict Mr. Stewart on that count, must prove each of the

8    following underline three elements beyond a reasonable doubt:

9

10    The underline first element is, that in connection with the purchase or sale of

11    securities on the company in question, the defendant employed a device, scheme,

12    or artifice to defraud.

13

14    The underline second element is, that when he engaged in this scheme, Mr.

15    Stewart acted knowingly, willfully, and with an intent to defraud the company

16    specified in any given count and its shareholders, or the source of the information.

17

18    The underline third element is that, the mail, interstate communication facility,

19    or a facility of a national securities exchange was used in furtherance of the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    scheme.

2

3    **A. The First Element: The Insider Trading Scheme**

4    A few words about the <u>first</u> <u>element</u>, device, scheme or artifice to

5    defraud: A device or artifice to defraud is merely a plan to accomplish a fraudulent

6    objective.  The specific device, scheme, or artifice to defraud that the Government

7    alleges that Mr. Stewart employed in connection with each of Counts Three

8    through Eight is known as insider trading.  For purposes of these charges, an

9    insider is a person who possesses material, nonpublic information about a publicly

10   traded company by virtue of a relationship that involves trust and confidence.  If a

11   person has such inside information and his position of trust and confidence

12   prevents him from disclosing that information, the law forbids him from buying or

13   selling the securities in question or assisting others to trade on the basis of that

14   information.

15

16   In order to find that the Government has established this <u>first</u> <u>element</u>

17   - that Mr. Stewart engaged in an insider trading scheme - you must find that the

18   Government has proven, beyond a reasonable doubt, each of <u>four</u> separate <u>factors</u>

19   that, taken together, constitute an insider trading scheme under the federal

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   securities laws.  The <u>four</u> <u>factors</u> are as follows:

2

3          <u>One</u>, that Mr. Stewart had a relationship of trust and confidence with

4   either the company at issue in the count being considered or the source from which

5   he obtained the information he allegedly disclosed ~~illegally~~;

6          <u>Two</u>, that Mr. Stewart violated the duty of trust and confidence by

7   disclosing to his father material, non-public information belonging to the company

8   specified in each count that he obtained by virtue of his relationship with the

9   company or the source from which he obtained the information he allegedly

10  disclosed ~~illegally~~;

11

12         <u>Three</u>, that Mr. Stewart anticipated that his father would trade on the

13  basis of this information and that his father then did so by buying the securities

14  specified in the count, or by having <span style="color:red"><u>Mr.</u></span> Cunniffe buy the security specified in the

15  count; and

16

17         <u>Four</u>, that, Mr. Stewart, in providing this information so that his father

18  could trade on it, anticipated receiving a personal benefit in return;

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    In order to establish the <u>first</u> <u>factor</u>, concerning the existence of a

2    relationship of trust and confidence, you must look to all of the facts and

3    circumstances and ask whether both the ~~d~~Defendant and the company or the

4    information source recognized that their relationship involved trust and confidence.

5

6    In o~~th~~r~~d~~er to establish the <u>second</u> <u>factor</u>, the Government must prove

7    beyond a reasonable doubt that any information disclosed by Mr. Stewart to his

8    father was both material and non-public.

9

10    Information is material if there is a substantial likelihood that a

11    reasonable investor would consider it important in deciding how to invest.  In other

12    words, there must be a substantial likelihood that a reasonable investor would view

13    it as significantly altering the "total mix" of information available.  Materiality of

14    the information is judged as of the time the information was disclosed.

15

16    Information is non-public if, at the time it was disclosed, it was not

17    available to the public through such sources as press releases, Securities and

18    Exchange Commission filings, trade publications, analysts' reports, newspapers,

19    magazines, rumors, word of mouth or other similar sources.  But the fact that

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    information has not appeared in a newspaper or other media does not prove that the

2    information is non-public. Sometimes a corporation is willing to make information

3    available to securities analysts, prospective investors, or members of the press who

4    ask for it even though it may never have appeared in any newspaper or other

5    publication. Such information would be considered public.  Accordingly,

6    information is not necessarily non-public simply because there has been no formal

7    announcement or because only a few people have been made aware of it.

8

9            [On the other hand, confirmation by an insider of facts or rumors that

10   the company has not confirmed publicly itself may be the disclosure of inside

11   information. A tip from a corporate insider that is more reliable or more specific

12   than rumor is non-public information, even if the information is also the subject of

13   rumors in the media or the investment community.]

14

15           In other to establish the third factor, that Mr. Stewart anticipated that

16   his father would trade on the information, the Government must prove beyond a

17   reasonable doubt that, at the time the information was disclosed, Mr. Stewart

18   anticipated that his father would use the information to trade in securities or cause

19   others to use the information to trade in securities.  The Government cannot prevail

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    by establishing only that Mr. Stewart shared information that he was required to

2    keep confidential.  The Government must instead prove beyond a reasonable doubt

3    that, at the time the information was disclosed, Mr. Stewart anticipated that his

4    father would use that information to trade in securities

5    .

6            In order to establish the <u>fourth factor</u> -personal benefit- the

7    Government must prove beyond a reasonable doubt that Mr. Stewart anticipated

8    receiving a personal benefit in return for providing material non-public information

9    to his father.  Personal benefit is broadly defined to include ~~not only~~ pecuniary

10    gain~~, but also any reputational benefit that will translate into future earnings~~, as

11    well as the benefit one would obtain from simply making a gift of confidential

12    information to a trading relative or friend.  However, the personal benefit received

13    in exchange for confidential information must be of some consequence.  Although

14    the receipt of personal benefit may be inferred from the personal relationship

15    between Mr. Stewart and his father~~, to whom he gave the tips~~, you may only draw

16    this inference if you find that there was an exchange between them that was

17    objective, consequential, and represents at least a potential gain of a pecuniary or

18    similarly valuable nature.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    As I indicated earlier, the Government must establish each of these

2    four factors beyond a reasonable doubt, in order for you to determine that the

3    Government has sustained its burden of proof as to the first element of the crime of

4    securities fraud on a particular count. If as to any count the Government has not

5    established that factor beyond a reasonable doubt, as to a particular securities fraud

6    count, then you must find that the Government did not satisfy its burden of proof,

7    and you must return a verdict of not guilty as to that count.

8

9    **B. The Second Element - State of Mind**

10   The second element of the crime of securities fraud relates to state of

11   mind.  If the Government proves beyond a reasonable doubt the four factors I just

12   explained – that is, if it proves that Mr. Stewart engaged in an insider trading

13   scheme – it must then prove that Mr. Stewart engaged in the scheme knowingly,

14   willfully, and with an intent to defraud.  To act knowingly means to act

15   intentionally, deliberately, and voluntarily, rather than by mistake, accident,

16   ignorance, or carelessness.  To act willfully means to act deliberately and with the

17   intent to do something that the law forbids.  For Mr. Stewart to have acted with the

18   intent to defraud, he must have known of the fraudulent nature of the scheme and

19   acted with the intent that it succeed.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1          It is not required that the Government show that Mr. Stewart, in

2   addition to knowing what he was doing and deliberately doing it, also knew that he

3   was violating some particular federal statute.  But Mr. Stewart must have acted

4   with the knowledge and intent to help carry out the insider trading scheme; that is,

5   the Government must prove beyond a reasonable doubt that Mr. Stewart provided

6   material non-public information to his father while anticipating that his father

7   would purchase securities on the basis of that information. A defendant cannot be

8   held liable for negligently <u>or recklessly </u>providing information.

9

10          Whether a person acted knowingly, willfully, and with intent to

11   defraud is a question of fact for you to determine, like any other fact question.

12   Intent to defraud involves the state of a person's mind and the purpose with which

13   he acted at the time the acts in question occurred. Direct proof of knowledge and

14   intent to defraud is not required.  Knowledge and criminal intent may, like any

15   other fact, be established by circumstantial evidence.

16

17          Because an essential element of the crime charged is intent to defraud,

18   good faith on the part of Mr. Stewart is a complete defense to the charge of insider

19   trading.  That is, the law is not violated if the defendant held an honest belief that

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    his actions were not in furtherance of any unlawful scheme.  Thus, it is a complete

2    defense to the charge of insider trading if Mr. Stewart believed in good faith that

3    any information he provided to his father would not be used for trading purposes.

4    A person who acts on a belief or opinion honestly held that turns out to be wrong,

5    is not punishable under these statutes.

6

7           It is not a criminal violation of these statutes to carelessly or

8    unreasonably share material non-public information with another person; instead,

9    the Government must prove beyond a reasonable doubt that Mr. Stewart intended

10   to defraud the company in question or the source of the information by sharing

11   information with his father with the intention, anticipating that his father would

12   trade on that information.

13

14   **C. The Third Element: Interstate Commerce**

15          The third and final element that the Government must prove beyond a

16   reasonable doubt is that the disclosure of material, nonpublic information or

17   trading based on that information involved the use of some instrumentality of

18   interstate commerce, such as an interstate telephone call, use of the mails, or use of

19   a facility of a national securities exchange, such as a stock or options trade made

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    on the NASDAQ, the New York Stock Exchange or the International Stock

2    Exchange.

3

4            As to each tip and trade alleged in Counts Three through Eight of the

5    Indictment, if you find that the Government has failed to prove any element of any

6    count beyond a reasonable doubt, then you must find Mr. Stewart not guilty of that

7    count. On the other hand, if you find that the Government has proven each

8    element, beyond a reasonable doubt, then you must find Mr. Stewart guilty of that

9    count.

10

11                    **TENDER OFFER FRAUD**

12            The last substantive count in the Indictment, Count Nine, charges Mr.

13    Stewart with fraud in connection with a tender offer. This relates to the acquisition

14    of Lincare by Linde AG, which the Government has alleged took the form of a

15    tender offer. To prove this count, the Government must establish beyond a

16    reasonable doubt the following <u>three</u> <u>elements</u>:

17

18            <u>First</u>, that Mr. Stewart communicated to another person (that is, his

19    father) material non-public information relating to the Lincare tender offer, which

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  he knew had been acquired directly or indirectly either from Linde or Lincare, or

2  any officer, director, partner, or employee, or any other person acting on behalf of

3  Lincare or Linde;

4

5          Second, that Mr. Stewart made this communication at a time when

6  Linde had taken substantial steps to commence the tender offer.

7

8          A substantial step to commence a tender offer may include the

9  formulation of a plan or proposal to make a tender offer by the offering company

10 (here, Linde) or people working on its behalf. It may also include activities which

11 substantially facilitate the tender offer such as: hiring an investment bank, hiring

12 lawyers, arranging financing for the tender offer, or preparing or directing or

13 authorizing the preparation of tender offer materials.

14

15         Third, that, at the time of this communication, there were

16 circumstances that made it reasonably foreseeable to Mr. Stewart that the

17 communication would likely cause his father to purchase or sell Lincare stock, or

18 to have another person do so; and

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    <u>Fourth</u>, that Mr. Stewart acted willfully.  As I described earlier, to act

2    willfully means to act deliberately and with the intent to do something that the law

3    forbids.  For Mr. Stewart to have acted with the intent to commit fraud in

4    connection with a tender offer, he must have known of the fraudulent nature of the

5    scheme and acted with the intent that it succeed.  Because an essential element of

6    the crime charged is that Mr. Stewart acted willfully, that is, with the intent to

7    defraud, good faith on the part of Mr. Stewart is a complete defense. Thus, it is a

8    complete defense to the tender offer charge if Mr. Stewart believed in good faith

9    that any information he provided to his father would not be used to purchase or sell

10   Lincare stock.

11

12          The Government does not have to prove that Mr. Stewart knew that

13   the material, non-public information he was communicating related to a tender

14   offer specifically. ~~Nor~~ Also, for this count, ~~does~~ the Government does not have to

15   prove that the ~~d~~Defendant acted in breach of any duty of trust or confidence, or that

16   he acted for personal benefit.

17

18          **CONSPIRACY TO COMMIT SECURITIES FRAUD AND TENDER**

19                              **OFFER FRAUD**

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    I will now instruct you with respect to Count One.  Count One charges

2    Mr. Stewart with conspiracy to commit securities fraud and tender offer fraud.

3    Conspiracy is an entirely distinct and separate offense from substantive securities

4    fraud. In order to sustain its burden of proof with respect to a conspiracy charge,

5    the Government must prove beyond a reasonable doubt each of the following <u>three</u>

6    <u>elements</u>:

7

8        <u>First</u>, that the charged conspiracy existed;

9

10       <u>Second</u>, that Mr. Stewart intentionally joined and participated in this

11   conspiracy during the applicable time period; and

12

13       <u>Third</u>, that at least one of the co-conspirators committed an overt act

14   in furtherance of the conspiracy.

15

16       The <u>first</u> <u>element</u> is simply the existence of a conspiracy.  A

17   conspiracy is an agreement, or an understanding, by two or more persons to

18   accomplish an unlawful or criminal purpose.  In this case, the unlawful objects of

19   the conspiracy are alleged to be trading on the basis of material, non-public

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   information regarding Kendle, KCI, Gen-Probe, Lincare, and/or CareFusion.

2   Specifically, Mr. Stewart is charged with participating in a conspiracy to undertake

3   a scheme that meets the essential elements of insider trading and/or tender offer

4   fraud as I have already explained them to you in my Instructions regarding

5   securities fraud and tender offer fraud.

6

7            To prove that a conspiracy exists, the Government must prove that

8   two or more people explicitly or implicitly came to an understanding to achieve at

9   least one of the specified objects. It is not necessary for you to find that the

10  agreement was ever expressed orally or in writing, but the Government does have

11  to prove that there was a mutual understanding between at least two people.

12  The indictment charges that the conspiracy lasted from February 2011 to April

13  2015. It is not necessary for the Government to prove that the conspiracy lasted

14  throughout the entire period alleged, but only that it existed for some period within

15  that time frame.

16

17           If you conclude that the Government has proven beyond a reasonable

18  doubt that the charged conspiracy existed, you must then consider the second

19  essential element and determine whether the Government has proven, beyond a

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  reasonable doubt, that Mr. Stewart intentionally participated in the conspiracy.  To

2  prove this element, the Government must prove beyond a reasonable doubt that

3  Mr. Stewart entered into the conspiracy and did so "knowingly" and "willfully" as

4  I have previously described those terms to you, and that he joined the insider

5  trading conspiracy for the purpose of furthering its unlawful object.

6

7        As I have already instructed you, knowingly means to act

8  intentionally and voluntarily, ~~rather than~~ and not because of ignorance, mistake,

9  accident or carelessness.  Willfully means to act deliberately and with a purpose to

10  do something that the law forbids with knowledge that one's conduct is unlawful

11  and with the intent to do something that the law forbids.   A defendant's conduct is

12  not willful if it was undertaken in good faith, or done due to negligence,

13  inadvertence or mistake.

14

15        As I mentioned a moment ago, before a defendant can be found to

16  have been a coconspirator, you must first find that he knowingly entered into the

17  unlawful agreement or plan. The key question, therefore, is whether Mr. Stewart

18  entered into an agreement with an awareness of the basic aims and purposes of the

19  unlawful agreement.

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    It is not necessary that a defendant be fully informed of all the details

2    of the conspiracy, or all of its participants. He need know only one other member

3    of the conspiracy and need know and agree to only one of its objects.  He can join

4    the conspiracy at any point and need not have received any benefit in return, so

5    long as he in fact participated in the conspiracy in the manner I have explained.

6    I want to caution you, however, that a defendant's mere association with another

7    member of the alleged conspiracy does not make the defendant a member of the

8    conspiracy. In other words, knowledge and association without participation is not

9    sufficient. Moreover, the fact that the acts of a defendant, without knowledge,

10    merely happen to further the purposes or objectives of the conspiracy, does not

11    make the defendant a member.  More is required under the law. What is necessary

12    is that the defendant ~~have~~ intentionally participated in the conspiracy with

13    knowledge of its unlawful purposes and with the intent to aid in the

14    accomplishment of its unlawful objective.

15

16    In sum, a defendant, with an understanding of the unlawful character

17    of the conspiracy, must ~~have~~ intentionally _have_ engaged, advised, or assisted in it

18    for the purpose of furthering an at least one of the unlawful objects charged.  A

19    defendant thereby becomes a knowing and willing participant in the unlawful

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    agreement – that is to say, a conspirator.

2

3          The <u>third</u> <u>element</u> that the Government must prove, beyond a

4    reasonable doubt, is that some member of the conspiracy, not necessarily Mr.

5    Stewart, knowingly committed at least one overt act in furtherance of the

6    conspiracy. An overt act is any act intended to help achieve the object of the

7    conspiracy. An overt act, itself, need not be a criminal act, but it must contribute to

8    the goals of the conspiracy. The overt act requirement may be met even if the

9    fraudulent scheme is never actually carried out.

10

11          If you find that the Government has not proved, beyond a reasonable

12   doubt, any of those essential elements, then you must find Mr. Stewart not guilty of

13   Count One.  On the other hand, if you find that the Government proved, beyond a

14   reasonable doubt, that the charged conspiracy existed, that Mr. Stewart joined it

15   knowingly and willfully, and that at least one overt act was committed in

16   furtherance of the conspiracy, then you should find Mr. Stewart guilty of the

17   conspiracy crime charged in Count One.

18

19                    **CONSPIRACY TO COMMIT WIRE FRAUD**

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1        The final count to address is Count Two, which charges Mr. Stewart

2   with conspiracy to commit wire fraud. For this count, the Government must prove

3   beyond a reasonable doubt <u>two</u> <u>elements</u>:

4

5        <u>First</u>, that the charged conspiracy existed;

6

7        <u>Second</u>, that Mr. Stewart unlawfully, knowingly and intentionally

8   joined and participated in this conspiracy during the applicable time period.

9   As you will recognize, these are basically the same elements about which I

10  instructed you with respect to Count One.  My prior instructions about the

11  elements of Count One apply equally here, except the Government does <u>not</u> have

12  to prove that any <u>overt</u> <u>act</u> was taken in furtherance of the conspiracy.

13

14       The other difference between this count and Count One is the object

15  of the conspiracy charged: Here, the object is alleged to be wire fraud, not

16  securities fraud. Specifically, the wire fraud scheme that is alleged to be the

17  of the conspiracy charged in Count Two is the use of the interstate or international

18  wires (for example, through phone calls, e-mail communications, or electronic

19  trades) in furtherance of a scheme to defraud one or more of the companies at issue

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    [or ~~information~~the source?] of non-public information that was material to the

2    company in question [or information source?].  In this context, "material" means

3    simply that the information was important to the company [or the information

4    source?] in making decisions.

5                                        _____

6              To prove this count, the Government must establish beyond a

7    reasonable doubt that Mr. Stewart agreed to: (1) employ a device, scheme, or

8    artifice to defraud or to obtain money or property by false pretenses,

9    representations or promises; (2) act knowingly and willfully, with knowledge of

10   the fraudulent nature of the scheme and with specific intent to defraud; and (3) in

11   the execution of the scheme, use, or cause to be used, interstate wires.  I explained

12   in the context of securities fraud what it means to employ a device, scheme, or

13   artifice to defraud, and to act knowingly and willfully.  Those earlier explanations

14   apply here.  To prove that Mr. Stewart conspired to act with specific intent to

15   defraud, the Government must prove that he agreed to act with the intent to deprive

16   the company at issue or the information source of something of value—for

17   example, material, non-public information, by providing that information to his

18   father with the anticipation that his father would trade or cause others to trade on

19   the basis of that information.  In this context, "material" means simply that the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    information was important to the company or the information source in making

2    decisions.

3

4                              **[CONSCIOUS AVOIDANCE]**

5                    [As I have explained, all of the counts charged require the

6    Government to prove that Mr. Stewart acted knowingly.  In determining whether

7    Mr. Stewart acted knowingly, you may consider whether Mr. Stewart deliberately

8    closed his eyes to what otherwise would have been obvious.

9

10                   I would like to point out that the necessary knowledge on the part of

11   Mr. Stewart with respect to any particular charge cannot be established by showing

12   that the defendant was careless, negligent, or foolish.  However, one may not

13   willfully and intentionally remain ignorant of a fact material and important to his

14   conduct in order to escape the consequences of criminal law.

15

16                   Thus, if you find beyond a reasonable doubt that Mr. Stewart was

17   aware that there was a high probability [that his father would, directly or indirectly,

18   trade in securities based on the confidential information Mr. Stewart allegedly

19   shared with him], but that Mr. Stewart deliberately and consciously avoided

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    confirming this [probability]fact, then you may treat this deliberate avoidance of

2    positive knowledge as the equivalent of knowledge, unless you find that Mr.

3    Stewart actually believed that [his father was unlikely to trade, or cause trading, on

4    the basis of the information.]  In other words, a defendant cannot avoid criminal

5    responsibility for his own conduct by "deliberately closing his eyes," or remaining

6    purposefully ignorant of facts which would confirm to him that he was engaged in

7    criminal conduct.]

8    

9     However, if you find that Mr. Stewart actually believed that his father was

10    unlikely to trade, or cause trading, on the basis of the information, he may not be

11    convicted.

12    

13                Finally, I caution you that the conscious avoidance doctrine as I have

14    explained is only applicable to the question of Mr. Stewart's knowledge.  It is not

15    applicable to the separate questions of whether Mr. Stewart acted willfully and

16    with the deliberate intent to commit the charged offenses.  You may not apply the

17    doctrine of conscious avoidance to decide whether Mr. Stewart formed the intent to

18    commit the charged offenses.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1                         **<u>VENUE</u>**

2           With respect any given count you are considering, the Government, in

3 addition to proving the essential elements of that charge, must also prove that at

4 least one act in furtherance of the crime charged occurred in the Southern District

5 of New York. This is called establishing venue.

6

7           The Southern District of New York includes all of Manhattan and the

8 Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan

9 Counties.

10

11           The Government does not have to prove that a completed crime was

12 committed within the Southern District of New York, or that the Defendant was

13 ever in the Southern District of New York.  It is sufficient to satisfy the venue

14 requirement if any act in furtherance of the crime charged, occurred in this District.

15 The act itself may not be a criminal act. It could include, for example, processing

16 or executing a securities trade within this District. And the act need not have been

17 taken by Mr. Stewart, so long as the act was part of the crime that you find Mr.

18 Stewart committed.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    Unlike the elements of the offenses which must be proven beyond a

2    reasonable doubt, the Government is only required to prove venue by a

3    preponderance of the evidence. A preponderance of the evidence means that it is

4    more probable than not that some act in furtherance of the crime you are

5    considering occurred in this District.

6

7                          **<u>VARIANCE IN DATES, ETC.</u>**

8    The indictment refers to various dates and amounts. I instruct you that

9    it does not matter if a specific event is alleged to have occurred on or about a

10   certain date or month but the testimony indicates that in fact it was a different date

11   or month. Nor does it matter if the indictment alleges that a transaction involved a

12   specific number of shares or amount of money, but the testimony indicates that it

13   was a different amount. The law requires only a substantial similarity between the

14   dates, months, and amounts alleged in the indictment and the dates, months, and

15   amounts established by the evidence.

16

17                          **[DEFENSE THEORY OF CASE]**

18   [Insert]

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1

## CONCLUSION OF INSTRUCTIONS

3     This completes my instructions of the law.

4

## SELECTION OF THE FOREPERSON, RIGHT TO SEE EXHIBITS AND

## HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT

7     Now, for some general instructions that will guide you in your

8  deliberations. You will shortly retire to the jury room to begin your deliberations.

9  When you retire to the jury room, you must have a foreperson.  That person will

10  preside over the deliberations and speak for you here in open court.  Other than

11  those functions, the foreperson will have no greater nor lesser

12  authority than any other juror.

13

14     It is my custom to select the foreperson of the jury.  Accordingly, I am

15  now selecting juror number [___] as your foreperson.

16

17     [You may request to see any of the exhibits that were entered into

18  evidence.] [All of the documentary exhibits that were received in evidence will be

19  provided to you in the jury room after you have retired to deliberate.]  You may

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    also request to have any of the testimony read back.  Please remember that it is not

2    always easy to locate what you might want, so be as specific as you possibly can in

3    your requests.

4

5          I remind you that any notes you may have taken during trial are

6    simply an aid to your personal memory.  They are not to be shared.  Because the

7    notes may be inaccurate or incomplete, they may not be given any greater weight

8    or influence than the recollections of other jurors about the facts or the conclusions

9    to be drawn from the facts in determining the outcome of the case.  Any difference

10   between a juror's recollection and a juror's notes should always be settled by asking

11   to have the court reporter's transcript on that point read back to you.  You must

12   base your determination of the facts and, ultimately, your verdict, on the court

13   record rather than on your notes.

14

15          During your deliberations, you must not communicate with or provide

16   any information to anyone who is not part of the 12-member deliberating jury by

17   any means about this case.  You may not use any electronic device or media, such

18   as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any

19   internet service, or any text or instant messaging; or any internet chat room, blog or

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1   website or social networking platform such as Facebook, LinkedIn, YouTube, or

2   Twitter, to communicate to anyone any information about this case or to conduct

3   any research about this case until I accept your verdict.  You must continue to

4   refrain from receiving any outside information about this case.

5

6         Each of your requests, and any communication with the Court, should

7   be made to me in writing, signed by your foreperson, and given to the U.S.

8   Marshal, who will be available outside the jury room throughout your

9   deliberations.  After consulting with counsel, I will respond to any question or

10  request you have as promptly as possible, either in writing or by having you return

11  to the courtroom so that I can speak with you in person.

12

13              **DUTY TO CONSULT AND NEED FOR UNANIMITY**

14        The Government, to prevail with respect to each Count of the

15  Indictment, must prove the essential elements of the crime charged beyond a

16  reasonable doubt, as already explained in these instructions.  If the Government

17  succeeds, your verdict should be guilty; if the Government fails, your verdict

18  should be not guilty.

19

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1        To report a verdict, your decision must be unanimous.

2

3        Your function is to weigh the evidence in the case and determine

4    whether or not the Defendant is guilty as to each crime charged in the Indictment,

5    solely upon the basis of such evidence.

6

7        Each of you must decide the case for yourself, after consideration,

8    with your fellow jurors, of the evidence of the case.  You should not hesitate to

9    change an opinion when convinced that it is erroneous.  However, you are not

10   bound to surrender your honest convictions concerning the effect or weight of the

11   evidence for the mere purpose of returning a verdict or solely because of the

12   opinion of other jurors.  Discuss and weigh your respective opinions

13   dispassionately, without regard to sympathy, without regard to prejudice or favor

14   for either party, and adopt that conclusion which in your good conscience appears

15   to be in accordance with the truth.

16

17       Again, each of you must make his or her own decision about the

18   proper outcome of this case based on your consideration of the evidence and your

19   discussions with your fellow jurors.  In short, your verdict, whether you find the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    Defendant guilty or not guilty, must reflect your conscientious decision as to how

2    the issues should be decided.  And your decision must be unanimous.  That is, in

3    order to return a verdict, it is necessary that each juror agree to it.

4

5            If you are divided, do <u>not</u> report how the vote stands and, if you have

6    reached a verdict, do not report what it is until you are asked in open court.

7

8            After you have reached a verdict, your foreperson completes and signs

9    the verdict form that will be provided to you in the jury room after you have retired

10   to deliberate, and will advise the Marshal outside your door that you have reached

11   a verdict and are ready to return to the courtroom.  Place the completed verdict

12   form in an envelope marked "Verdict," seal the envelope and hand it to the

13   Marshal.  Then wait to be brought back into the courtroom.

14

15           Please remain silent, in your seats, while I confer briefly with counsel.

16

17           **[SIDEBAR RE ANY OBJECTIONS TO CHARGE]**

18

19           At this time I will thank, and excuse from deliberations for now, the

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1    two alternate jurors.  All of us in this courtroom are grateful for your faithful and

2    attentive participation in these proceedings.  Even though you are being excused

3    from deliberating for now you may be called to join the deliberations if that

4    becomes necessary in the future.  Accordingly, I am not releasing you from your

5    oath as jurors or from your obligations of confidentiality at this time.  You must

6    continue to follow my instructions to keep your views to yourself and not to

7    discuss the case, or anyone or anything having to do with it, in any way, with any

8    one at all.

9

10            Please give Ms. Ng telephone numbers at which you can be reached,

11   and be prepared to return to the courthouse on two hours' notice if called to do so.

12   If you are not recalled during the deliberations, Ms. Ng will notify you after the

13   deliberations have ended.  Jurors 13 and  14, thank you.  Please accompany Ms. Ng

14   to the jury room to gather your belongings and give her your contact information.

15

16            We will all remain here, in our seats, until Ms. Ng returns.

17

18            The Marshal will now be sworn and you will retire to the jury room to

19   begin your deliberations.  You must only deliberate when all 12 of you are present

*REFLECTING DISCUSSION AT CHARGE CONFERENCE*

1  in the room.  You may deliberate today until _____ p.m., and tomorrow and each

2  succeeding week-day as necessary.  You must not discuss the case, or anything or

3  anyone having anything to do with it, in any way, outside the jury room, when

4  fewer than all 12 of you are present, or with anyone who is not a member of this 12

5  member jury.  Leave all notes, exhibits and case related material in the jury room at

6  all times.   The Marshal will bring you back to the courtroom for dismissal.

7

8          [Deputy Clerk swears Marshal in.]

9

10         Mr. Marshal, please escort the jury to the jury room.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                 :

United States of America,             :
                                 :

                -against-         :
                                 :         15 Cr. 287 (LTS)

Sean Stewart,                  :
                                 :

                Defendant.      :
-------------------------------------------------------------- X

LAURA TAYLOR SWAIN, District Judge:

PLEASE CHECK (√) YOUR ANSWERS
All jurors must agree on the answers to each of the following questions:

**We the jury find unanimously as to the Defendant, Sean Stewart, as follows:**

I. Count 1: Conspiracy to Commit Securities Fraud and Tender Offer Fraud

_____ Not Guilty _____ Guilty

II. Count 2: Conspiracy to Commit Wire Fraud

_____ Not Guilty _____ Guilty

III. Count 3: Securities Fraud in Connection with Kendle Inc. Common Stock

_____ Not Guilty _____ Guilty

IV. Count 4: Securities Fraud in Connection with KCI Common Stock

_____ Not Guilty _____ Guilty

V. Count 5: Securities Fraud in Connection with KCI Call Options

_____ Not Guilty _____ Guilty

VI. Count 6: Securities Fraud in Connection with Gen-Probe Call Options

_____ Not Guilty _____ Guilty

VII. Count 7: Securities Fraud in Connection with Lincare Call Options

_____ Not Guilty _____ Guilty

VIII. Count 8: Securities Fraud in Connection with CareFusion Call Options

_____ Not Guilty _____ Guilty

IX. Count 9: Tender Offer Fraud in Connection with Lincare Call Options

_____ Not Guilty _____ Guilty


Date:   New York, New York
        August ___, 2016


                                        _____
                                        Signature of Foreperson