**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

August 5, 2016

*By ECF and by hand*

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

**Re:**   *United States v. Sean Stewart*
         **15 Cr. 287 (LTS)**

Dear Judge Swain:

  I write to provide the Court with the proposed jury instruction concerning the defense theory of the case. The Second Circuit "has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory." *United States v. GAF Corp*, 928 F.2d 1253, 1262 (2d Cir. 1991) (collecting cases); *see also United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990) ("[A] criminal defendant is entitled to instructions related to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court."). In *United States v. Gansman*, 657 F.3d 85, 90 (2d Cir. 2011), the Second Circuit held that, in connection with an insider trading case, the defendant was entitled to a jury instruction asserting the theory that the defendant did not have the requisite intent to commit securities fraud.

               Respectfully submitted,

               /s/
               Martin Cohen / Mark Gombiner / Chris Greene
               Ass't Federal Defenders
               (212) 417-8737

Cc.  Brooke Cucinella, Esq., by ECF and e-mail
    Sarah McCallum, Esq., by ECF and e-mail

In this case, Sean Stewart contends that he did not provide his father, Robert Stewart, with material non-public information with the anticipation that his father would use the information to purchase securities, or with the anticipation that his father would ask another person to purchase securities.

Sean Stewart contends that on a number of occasions, he violated the internal policies of JP Morgan Chase and Perella Weinberg by sharing work information with his father that Sean Stewart was supposed to keep confidential. On those occasions, Sean Stewart never expected or believed that his father would use this confidential information to purchase securities, or would ask another person to purchase securities.

In essence, the defense theory is that although Mr. Stewart shared confidential information with his father, he never intended to commit any crime when doing so, and he believed in good faith that the shared information would not be used for trading purposes.