UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

TEL: (212)-805-0417
FAX: (212)-805-0426

August 5, 2016

VIA ECF & EMAIL
Sarah McCallum, Esq.
Brooke Cucinella, Esq.
Mark Gombiner, Esq.
Martin Cohen, Esq.

United States v. Sean Stewart
Criminal Action No. 15 Cr. 287 (LTS)

MEMORANDUM TO COUNSEL

Dear Counsel:

Pursuant to Judge Swain's direction, enclosed please find a revised version of the

jury charge reflecting consideration of the parties' August 5, 2016, submissions, and a blacklined

copy showing changes over the August 3, 2016, version. Please also note that the "Defense

Theory of Case" charge has been moved to precede the "Venue" charge.

Sincerely yours,

/s/

Lina Peng
Law Clerk to Judge Swain

w/ Enclosure

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## JURY INSTRUCTIONS

### U.S. v. Stewart, 15 CR 287

1  

2  

3  

4           Ladies and gentlemen, I now am going to instruct you on the law,

5   before you begin your deliberations.  You must pay close attention and I will be as

6   clear as possible.

7  

8           It has been obvious to me and counsel that you have faithfully

9   discharged your duty to listen carefully and observe each witness who testified.

10  Your interest has never flagged, and you have followed the testimony with close

11  attention.

12  

13          I ask you to give me that same careful attention as I instruct you on

14  the law.

15  

16          The following instructions are rather extensive, so let me provide you

17  with a brief overview of what to expect.  I'll begin by instructing you on very

18  important rules that are generally applicable to all criminal jury trials.  Then, I will

19  proceed to review the counts which are charged in the Indictment and instruct you

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    on the specific rules of law that you will have to consider in deciding each count.

2    Finally, I will instruct you on the procedures you should follow while conducting

3    your deliberations.

4

5                                    **ROLE OF THE COURT**

6               You have now heard all of the evidence in the case as well as the final

7    arguments of the lawyers for the Government and for Mr. Stewart, the Defendant.

8

9               My duty at this point is to instruct you as to the law.  It is your duty to

10   accept these instructions of law and apply them to the facts as you determine them,

11   just as it has been my duty to preside over the trial and decide what testimony and

12   evidence is relevant under the law for your consideration.

13

14              On these legal matters, you must take the law as I give it to you.  If

15   any attorney has stated a legal principle different from any that I state to you in my

16   instructions, it is my instructions that you must follow.

17

18              You should not single out any instruction as alone stating the law, but

19   you should consider my instructions as a whole when you retire to deliberate in the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  jury room.

2

3  You should not, any of you, be concerned about the wisdom of any

4  rule that I state. Regardless of any opinion that you may have as to what the law

5  may be – or ought to be – it would violate your sworn duty to base a verdict upon

6  any other view of the law than that which I give you.

7

8  ## ROLE OF THE JURY

9  As members of the jury, you are the sole and exclusive judges of the

10  facts.  You pass upon the evidence.  You determine the credibility of the witnesses.

11  You resolve such conflicts as there may be in the testimony.  You draw whatever

12  reasonable inferences you decide to draw from the facts as you have determined

13  them, and you determine the weight of the evidence.

14

15  In determining these issues, no one may invade your province or

16  function as jurors.  In order for you to determine the facts, you must rely upon your

17  own recollection of the evidence. What the lawyers have said in their opening

18  statements, in their closing arguments, in the objections, or in their questions is not

19  evidence.  Nor is what I may have said – or what I may say in these instructions –

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    about a fact issue, evidence.  In this connection, you should bear in mind that a

2    question put to a witness is never evidence; it is only the answer which is evidence.

3    But you may not consider any answer that I directed you to disregard or that I

4    directed struck from the record.  Do not consider such answers.

5

6            Since you are the sole and exclusive judges of the facts, I do not mean

7    to indicate any opinion as to the facts or what your verdict should be.  The rulings I

8    have made during the trial are not any indication of my views of what your

9    decision should be as to whether or not the Government has proven its case.

10

11            You are to understand that the Court has no opinion as to the verdict

12    you should render in this case.

13

14            As to the facts, ladies and gentlemen, you are the exclusive judges.

15    You are to perform the duty of finding the facts without bias or prejudice for or

16    against any party.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

## JURY TO DISREGARD COURT'S VIEW

I have not expressed, nor have I intended to intimate, any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law that I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    which are in evidence.

2

3            From time to time the Court has been called upon to pass upon the

4    admissibility of certain evidence.  I have tried to do so, in so far as it was

5    practicable, out of your hearing.  The reasons for any such rulings are not your

6    concern and you are not to draw any inferences from them.  Whether evidence is

7    admissible is purely a question of law in the province of the Court and outside the

8    province of the jury.  In admitting evidence to which objection has been made, the

9    Court does not determine what weight should be given to such evidence, nor does

10   it pass on the credibility of the evidence.  Of course, you will dismiss from your

11   mind completely, entirely, any evidence which has been ruled out of the case by

12   the Court, and you must refrain from speculation or conjecture or any guesswork

13   about the nature or effect of any discussion between Court and counsel held out of

14   your hearing or sight.

15

16

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## <u>CONDUCT OF COUNSEL</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court.  You should not show any prejudice against an attorney or the party the attorney represents because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the Court.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 <u>**REMARKS TO COUNSEL**</u>

2       It is the duty of the attorneys to offer evidence and press objections on

3 behalf of their side.  It is my function to cut off counsel from an improper line of

4 argument or questioning, to strike offending remarks and to reprimand counsel

5 when I think it is necessary.  But you should draw no inference from that.  It is

6 irrelevant whether you like a lawyer or whether you believe I like a lawyer.

7

8       I would like to express my gratitude to each of the attorneys for their

9 conscientious efforts and for work well done.

10

11 <u>**PRESUMPTION OF INNOCENCE & BURDEN OF PROOF**</u>

12       Mr. Stewart has pleaded not guilty to the Indictment, which contains

13 the charges for which he is now on trial.

14

15       As a result of Mr. Stewart's plea of not guilty the burden is on the

16 Government to prove him guilty beyond a reasonable doubt.  This burden never

17 shifts to a defendant for the simple reason that the law never imposes upon a

18 defendant in a criminal case the burden or duty of calling any witness or producing

19 any evidence.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1       The law presumes Mr. Stewart to be innocent of all the charges

2    against him.  I therefore instruct you that you are to presume that Mr. Stewart is

3    innocent throughout your deliberations until such time, if ever, that you as a jury

4    are satisfied that the Government has proven him guilty beyond a reasonable

5    doubt.

6

7       Mr. Stewart begins the trial here with a clean slate.  This presumption

8    of innocence alone is sufficient to acquit a defendant unless you as jurors are,

9    unanimously, convinced beyond a reasonable doubt of his guilt, after a careful and

10    impartial consideration of all of the evidence in this case.  If the Government fails

11    to sustain its burden, you must find Mr. Stewart not guilty.

12

13       This presumption was with Mr. Stewart when the trial began and

14    remains with him even now, as I speak to you, and will continue with Mr. Stewart

15    into your deliberations unless and until you are convinced that the Government has

16    proven him guilty beyond a reasonable doubt.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## <u>REASONABLE DOUBT</u>

I have said that the Government must prove Mr. Stewart guilty beyond a reasonable doubt.  The question naturally is: what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of each of the crimes charged beyond a reasonable doubt.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1            If, after fair and impartial consideration of all of the evidence, you

2    have a reasonable doubt, it is your duty to acquit Mr. Stewart.  On the other hand,

3    if after fair and impartial consideration of all the evidence, you are satisfied of Mr.

4    Stewart's guilt beyond a reasonable doubt, it is your duty to convict.

5

6                    **THE GOVERNMENT AS A PARTY**

7            You are to perform the duty of finding the facts without bias or

8    prejudice as to any party.  You are to perform this duty in an attitude of complete

9    fairness and impartiality.

10

11           This case is important to the Government, for the enforcement of

12   criminal laws is a matter of prime concern to the community.  Equally, it is

13   important to the Defendant, who is charged with serious crimes.

14

15           The fact that the prosecution is brought in the name of the United

16   States of America entitles the Government to no greater consideration than that

17   accorded to any other party to a litigation.  By the same token, it is entitled to no

18   less consideration.  All parties, whether government or individuals, stand as equals

19   at the bar of justice.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1        ## WHAT IS AND IS NOT EVIDENCE

2        The evidence in this case is the sworn testimony of the witnesses, the

3        exhibits received in evidence and stipulations.

4

5        By contrast, the question of a lawyer is not to be considered by you as

6        evidence.  It is the witnesses' answers that are evidence, not the questions.  At

7        times, a lawyer on cross-examination may have incorporated into a question a

8        statement which assumed certain facts to be true, and asked the witness if the

9        statement was true.  If the witness denied the truth of a statement, and if there is no

10       direct evidence in the record proving that assumed fact to be true, then you may not

11       consider it to be true simply because it was contained in the lawyer's question.

12

13       An example of this is a lawyer's question of a witness: "When did you

14       stop drinking excessively?"  You would not be permitted to consider as true the

15       assumed fact that the witness had ever been drinking excessively unless the witness

16       herself indicated that she had, or unless there was some other evidence in the

17       record that the witness had been drinking excessively.

18

19       Testimony that has been stricken or excluded is not evidence and may

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    not be considered by you in rendering your verdict.  Also, if certain testimony was

2    received for a limited purpose – such as for the purpose of assessing a witness'

3    credibility--you must follow any limiting instructions I have given.

4

5            Arguments by lawyers are not evidence, because the lawyers are not

6    witnesses.  What they have said to you in their opening statements and in their

7    summations is intended to help you understand the evidence to reach your verdict.

8    However, if your recollection of the facts differs from the lawyers' statements, it is

9    your recollection which controls.

10

11           To constitute evidence, exhibits must be received in evidence.

12   Exhibits which have been marked for identification may not be considered by you

13   as evidence until and unless they have been received in evidence by the Court.

14

15            Materials brought forth only to refresh a witness' recollection are not

16   evidence.

17

18           Finally, statements that I may have made concerning the quality of the

19   evidence do not constitute evidence.  It is for you alone to decide the weight, if

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    any, to be given to the testimony you have heard and the exhibits you have seen.

2

3                    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

4              There are two types of evidence which you may properly use in

5    reaching your verdict.

6

7              One type of evidence is direct evidence.  Direct evidence is testimony

8    about something the witness knows by virtue of his own senses – something he has

9    seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit,

10   where the fact to be proved is its present existence or condition.

11

12             Circumstantial evidence is evidence that tends to prove a disputed fact

13   by proof of other facts.  Here is a simple example of circumstantial evidence.

14   Assume that, when you came into the courthouse this morning, it was a nice day.

15   Assume that the courtroom blinds were drawn and you could not look outside.  As

16   you were sitting here, someone walked in with a wet coat and hat.  Then, a few

17   minutes later, another person entered with a wet umbrella.  Now, you cannot look

18   outside of the courtroom and you cannot see whether or not it is raining.  So you

19   have no direct evidence of that fact.  But on the combination of facts which I have

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  asked you to assume, it would be reasonable and logical for you to conclude that it

2  had begun to rain.

3

4        That is all there is to circumstantial evidence.  You infer on the basis

5  of reason and experience and common sense, from one established fact, the

6  existence or non-existence of some other fact.

7

8        Circumstantial evidence is of no less value than direct evidence.  It is

9  a general rule that the law makes no distinction between direct evidence and

10  circumstantial evidence.

11

12                      **<u>INFERENCE DEFINED</u>**

13        You have just heard me use the term "infer," and in their arguments

14  the attorneys may have asked you to infer, on the basis of your reason, experience,

15  and common sense, from one or more established facts, the existence of some other

16  fact.

17

18        An inference is not a suspicion or a guess.  It is a reasoned, logical

19  conclusion that a disputed fact exists on the basis of another fact which has been

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    shown to exist.

2

3           There are times when different inferences may be drawn from facts,

4    whether proved by direct or circumstantial evidence.  The Government may ask

5    you to draw one set of inferences, while the defense may ask you to draw another.

6    It is for you, and you alone, to decide what inferences you will draw.

7

8           The process of drawing inferences from facts in evidence is not a

9    matter of guesswork or speculation.  An inference is a deduction or conclusion that

10   you, the jury, are permitted to draw – but are not required to draw – from the facts

11   which have been established by either direct or circumstantial evidence.  In

12   drawing inferences, you should exercise your common sense.

13

14          So, while you are considering the evidence presented to you, you are

15   permitted to draw, from the facts which you find to be proven, such reasonable

16   inferences as would be justified in light of your experience.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## <u>WITNESS CREDIBILITY</u>

2      You have had the opportunity to observe all the witnesses.  It is now

3   your job to decide how believable each witness was in his or her testimony.  You

4   are the sole judges of the credibility of each witness and of the importance of his or

5   her testimony.

6

7      It must be clear to you by now that you are being called upon to

8   resolve various factual issues raised by the parties in the face of very different

9   pictures painted by both sides.  In making these judgments, you should carefully

10   scrutinize all of the testimony of each witness, the circumstances under which each

11   witness testified, and any other matter in evidence which may help you decide the

12   truth and the importance of each witness' testimony.

13

14      How do you determine where the truth lies?  You watched the witness

15   testify.  Everything a witness said or did on the witness stand counts in your

16   determination.  How did the witness impress you?  Did he or she appear to be

17   frank, forthright and candid, or evasive and edgy as if hiding something?  How did

18   the witness appear; what was his or her demeanor – that is, the person's carriage,

19   behavior, bearing, manner and appearance while testifying?  Often it is not what a

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    person says but how he or she says it that moves us.

2

3        You should use all the tests for truthfulness that you would use in

4    determining matters of importance to you in your everyday life.  You should

5    consider any bias or hostility the witness may have shown for or against any party

6    as well as any interest the witness has in the outcome of the case.  You should

7    consider the opportunity the witness had to see, hear, and know the things about

8    which he or she testified, the accuracy of the witness' memory, the witness' candor

9    or lack of candor, the witness' intelligence, the reasonableness and probability of

10   his or her testimony and its consistency or lack of consistency, and its

11   corroboration or lack of corroboration with other credible testimony.

12

13       If you find that a witness has testified falsely as to any material fact or

14   if you find that a witness has been previously untruthful when testifying under oath

15   or otherwise, you may reject that witness' testimony in its entirety or you may

16   accept only those parts that you believe to be truthful or that are corroborated by

17   other independent evidence in the case.

18

19       It is for you, the jury, and for you alone, not the lawyers, or the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  witnesses, or me as the judge, to decide the credibility of witnesses who appeared

2  here and the weight that their testimony deserves.

3

4          What you must try to do in deciding credibility is to size a witness up

5  in light of the witnesses's demeanor, the explanations given and all of the other

6  evidence in the case.  Always remember that you should use your common sense,

7  your good judgment and your own life experience.

8

9                              **BIAS**

10          In deciding whether to believe a witness, you should specifically note

11  any evidence of hostility or affection which the witness may have towards one of

12  the parties.  Likewise, you should consider evidence of any other interest or motive

13  that the witness may have in cooperating with a particular party.

14

15          It is your duty to consider whether the witness has permitted any such

16  bias or interest to color his or her testimony.  In short, if you find that a witness is

17  biased, you should view his or her testimony with caution, weigh it with care and

18  subject it to close and searching scrutiny.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 <u>**INTEREST IN OUTCOME**</u>

2          In evaluating the credibility of the witnesses, you should take into

3 account any evidence that a witness may benefit in some way from the outcome of

4 the case.  Such interest in the outcome creates a motive to testify falsely and may

5 sway a witness to testify in a way that advances his or her own interests.

6 Therefore, if you find that any witness whose testimony you are considering may

7 have an interest in the outcome of this trial, then you should bear that factor in

8 mind when evaluating the credibility of his or her testimony, and accept it with

9 great care.

10

11          Keep in mind, though, that it does not automatically follow that

12 testimony given by an interested witness is to be disbelieved.  There are many

13 people who, no matter what their interest in the outcome of the case may be, would

14 not testify falsely.  It is for you to decide, based on your own perceptions and

15 common sense, to what extent, if at all, the witness' interest has affected his or her

16 testimony.

17

18          <u>**DISCREPANCIES IN TESTIMONY**</u>

19          You may have heard evidence of discrepancies in the testimony of

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    certain witnesses, and counsel may have argued that such discrepancies are a

2    reason for you to reject the testimony of those witnesses.

3

4            You are instructed that evidence of discrepancies may be a basis to

5    disbelieve a witness' testimony.  On the other hand, discrepancies in a witness'

6    testimony or between his testimony and that of others do not necessarily mean that

7    the witness' entire testimony should be discredited.

8

9            People sometimes forget things and even a truthful witness may be

10   nervous and contradict him or herself.  It is also a fact that two people witnessing

11   an event will see or hear it differently.  Whether a discrepancy pertains to a fact of

12   importance or only to a trivial detail should be considered in weighing its

13   significance; but a willful falsehood always is a matter of importance and should

14   be considered seriously.

15

16           It is for you to decide, based on your total impression of the witness,

17   how to weigh the discrepancies in his or her testimony. You should, as always, use

18   common sense and your own good judgment.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 **IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

2          You have heard evidence that at some earlier time a witness has said

3 or done something which counsel argues is inconsistent with the witness' trial

4 testimony.

5

6          Evidence of a prior inconsistent statement is not to be considered by

7 you as affirmative evidence in determining guilt.  Evidence of a prior inconsistent

8 statement was placed before you for the more limited purpose of helping you

9 decide whether to believe the trial testimony of the witness who contradicted him

10 or herself.  If you find that the witness made an earlier statement that conflicts with

11 his or her trial testimony, you may consider that fact in deciding how much of his

12 or her trial testimony, if any, to believe.

13

14          In making this determination, you may consider whether the witness

15 purposely made a false statement or whether it was an innocent mistake; whether

16 the inconsistency concerns an important fact, or whether it had to do with a small

17 detail; whether the witness had an explanation for the inconsistency, and whether

18 that explanation appealed to your common sense.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1          It is exclusively your duty, based upon all the evidence and your own

2    good judgment, to determine whether the prior statement was inconsistent, and if

3    so how much, if any, weight to give to the inconsistent statement in determining

4    whether to believe all or part of the witness' testimony.

5

6                     **DEFENDANT'S TESTIMONY**

7          The defendant in a criminal case never has any duty to testify or come

8    forward with any evidence. This is because, as I have told you, the burden of proof

9    beyond a reasonable doubt remains on the Government at all times, and the

10    defendant is presumed innocent. In this case, Mr. Stewart did testify and he was

11    subject to cross-examination like any other witness. The fact that he testified does

12    not in any way remove or lessen the burden on the Government to prove the

13    charges against him beyond a reasonable doubt. Mr. Stewart did not have to testify,

14    and in fact, did not have to present any evidence whatsoever. You should examine

15    and evaluate Mr. Stewart's testimony just as you would the testimony of any

16    witness with an interest in the outcome of the case.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## PREPARATION OF WITNESSES

2    You have heard evidence that, prior to appearing in court, witnesses

3    have discussed the facts of the case and their testimony with attorneys. Although

4    you may consider this fact when you are evaluating a witness's credibility, I should

5    tell you that there is nothing either improper or unusual about a witness meeting

6    with lawyers before testifying, so that the witness can be aware of the subjects he

7    or she will be questioned about, and can focus on those subjects and have the

8    opportunity to prepare or review relevant exhibits before being questioned about

9    them. Such consultation helps conserve your time and the Court's time. In fact, it

10   would be unusual for a lawyer to call a witness without such consultation.

11

## ACCOMPLICE/COOPERATING WITNESS TESTIMONY

13   You have heard from a witness, Mark Boccia, who testified pursuant

14   to a grant of immunity. This witness's testimony may not be used against him in

15   any criminal proceeding, except in a prosecution for perjury, giving a false

16   statement, or otherwise failing to comply with his immunity order or non-

17   prosecution agreement. You should weigh the credibility of this witness carefully,

18   considering the impact that any incentive, motive, bias, or prejudice may have had

19   on his testimony.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    You have also heard from one witness, Richard Cunniffe, who

2    testified that he has pleaded guilty to insider trading.  Mr. Cunniffe testified

3    pursuant to an agreement to cooperate with the Government. The law allows the

4    use of accomplice testimony. Indeed, it is the law in federal courts that the

5    testimony of accomplices may be enough in itself for conviction, if the jury finds

6    that the testimony establishes guilt beyond a reasonable doubt. It is also the case,

7    however, that accomplice testimony is of such a nature that it must be scrutinized

8    with great care and viewed with particular caution when you decide how much of

9    that testimony to believe.

10

11    I have given you some general considerations on credibility and I will

12    not repeat them all here. Nor will I repeat all the arguments made on both sides.

13    Nevertheless, let me say a few things that you might want to consider during your

14    deliberations on the subject of accomplices. You should ask yourselves whether

15    Mr. Cunniffe would benefit more by lying or by telling the truth. Was his

16    testimony made up in any way because he believed or hoped that he would

17    somehow receive favorable treatment by testifying falsely? Or did he believe that

18    his interests would be best served by testifying truthfully? If you believe that the

19    witness was motivated by hopes of personal gain, was the motivation one that

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    would cause him to lie, or was it one that would cause him to tell the truth? Did

2    this motivation color his testimony? In sum, you should look at all of the evidence

3    in deciding what credence and what weight, if any, to give to an accomplice

4    witness.

5

6    **UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES**

7         There are people whose names you heard during the course of the trial

8    that did not appear in court to testify. I instruct you that each party had an equal

9    opportunity or lack of opportunity to call any of these witnesses, and that Robert

10   Stewart was unavailable to both sides.  Therefore, you should not draw any

11   inferences or reach any conclusions as to what they would have testified to had

12   they been called. Their absence should not affect your judgment in any way.

13

14        You should remember my instruction, however, that the law does not

15   impose on the defendant in a criminal case the burden or duty of calling any

16   witnesses or producing any evidence whatsoever, and that the burden always rests

17   with the Government to prove the defendant's guilt beyond a reasonable doubt.

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    ## PERSONS NOT ON TRIAL

2         You may not draw any inference, favorable or unfavorable, towards

3    the Government or the Defendant from the fact that any person other than the

4    Defendant is not on trial here.  You also may not speculate as to the reasons why

5    other persons are not on trial.  Those matters are wholly outside your concern and

6    have no bearing on your function as jurors.

7

8    ## SUMMARY CHARTS

9         You have seen exhibits in the form of charts and summaries. These

10   exhibits purport to summarize the underlying evidence that was used to prepare

11   them. I decided to admit these charts and summaries in order to save time and to

12   avoid unnecessary inconvenience. You should consider these charts and summaries

13   as your would any other evidence.

14

15   ## AUDIO RECORDINGS AND TRANSCRIPTS

16        The evidence admitted in this case includes one or more audio

17   recordings.  You must give the audio recording full consideration, along with all

18   the other evidence in the case, as you determine whether the Government has

19   proved the defendant's guilt beyond a reasonable doubt. You must do that even if

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    you disapprove of the way in which the evidence was collected.

2

3            In connection with these recordings, the government was permitted to

4    hand out transcripts. The transcripts were given to you as an aid to assist you in

5    listening to the tapes. The transcripts are not, however, evidence. Therefore, when

6    the tapes were played, I advised you to listen very carefully to the tapes

7    themselves. You must make your own determination of what appears on the tapes

8    based on what you heard. If you heard something different than what appears in the

9    transcripts, what you heard is controlling.

10

11                          **STIPULATIONS OF TESTIMONY**

12           In this case you have heard evidence in the form of stipulations of

13   testimony. A stipulation of testimony is an agreement between the parties that, if

14   called as a witness, the person would have given certain testimony. You must

15   accept as true the fact that the witness would have given that testimony. However,

16   it is for you to determine the effect to be given that testimony.

17

18                             **STIPULATIONS OF FACT**

19           In this case you have also heard evidence in the form of stipulations

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    that contained facts that were agreed to be true.  In such instances, you must accept

2    those facts as true.

3

4

5    ## PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED

6            You have heard reference, in the arguments of defense counsel in this

7    case, to the fact that certain investigative techniques were not used by law

8    enforcement authorities.  There is no legal requirement that the Government prove

9    its case through any particular means.  However, you may consider the evidence as

10   to what was done or omitted in deciding whether the Government has met its

11   burden of proof, because, as I told you, you should look to all of the evidence and

12   lack of evidence in deciding whether the Defendant is guilty or not guilty.

13

14   ## LAW ENFORCEMENT AND GOVERNMENT EMPLOYEE WITNESSES

15           You have heard the testimony of law enforcement officials and of

16   employees of the Government.  The fact that a witness may be employed as a

17   federal or state law enforcement official or employee does not mean that his or her

18   testimony is necessarily deserving of more or less consideration or greater or lesser

19   weight than that of an ordinary witness.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1

2        It is your decision, after reviewing all the evidence, whether to accept

3   the testimony of the law enforcement or Government employee witness and to give

4   to that testimony the weight you find it deserves.

5

## INTERNAL COMPLIANCE POLICIES

7        During the course of the trial, you heard testimony and argument and

8   were shown exhibits regarding the internal compliance policies of JP Morgan and

9   Perella Weinberg. I remind and instruct you that a violation of a compliance policy

10   or an internal rule is not the same as a violation of the law. Even if a particular

11   disclosure of information would violate these policies, it would not necessarily

12   violate the law. You may consider such evidence and argument only as it related to

13   Mr. Stewart's state of mind. During your deliberations, you must follow my

14   instructions on the law and the definitions that I have provided to you.  To the

15   extent that the policies define terms in a manner inconsistent with the instructions I

16   have given you, the definition I provide is the definition you must use.  In this case,

17   your role is to determine whether the defendant violated the law, and specifically

18   whether he is guilty of the crimes charged in the indictment, not whether he may

19   have violated any internal policies.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## **LEGENDS**

As I have previously instructed you, on some of the J.P. Morgan and Perella Weinberg documents you have seen, a legend along the lines of "confidential treatment requested by" the respective company has been placed on the documents in connection with this case.  Those legends have no significance for your work in this case and you are to disregard them.


## **IMPROPER CONSIDERATIONS:**

## **RACE, RELIGION, NATIONAL ORIGIN, SEX, AGE, ETC.**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  It would also be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## PUNISHMENT

The question of possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence, if necessary, rests exclusively with the Court.  Your function is to weigh the evidence in the case and to determine, solely upon the basis of such evidence, whether or not Mr. Stewart is guilty beyond a reasonable doubt.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon Mr. Stewart, if he is convicted, to influence your verdict in any way or to enter into your deliberations in any sense.

## INDICTMENT NOT EVIDENCE

With these preliminary instructions in mind, let us turn to the charges against Mr. Stewart that are contained in the Indictment.  I remind you that an indictment itself is not evidence.  It merely describes the charges made against the Defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of Mr. Stewart.

In reaching your determination as to whether the Government has proven the Defendant guilty beyond a reasonable doubt, you may consider only the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   evidence introduced or lack of evidence.  The indictment is not evidence.

2

3   ## **MULTIPLE COUNTS - ONE DEFENDANT**

4          With these preliminary instructions in mind, let us turn to the specific

5   charges (or "counts" as they are sometimes called) against Mr. Stewart. I will, at

6   times, refer to each count by the number assigned to it in the Indictment, a copy of

7   which will be provided to you in the jury room when you retire to deliberate.  You

8   should know that there is no significance to the order of these numbers or the

9   specific number of counts charged, and indeed my instructions will follow a

10  different order than the order in which the various counts appear in the indictment.

11         There are nine counts in the indictment.  Mr. Stewart is charged in

12  Count One with conspiracy to commit securities fraud and to commit fraud in

13  connection with a tender offer, which is a particular kind of securities fraud. Based

14  on the same allegations, Mr. Stewart is charged in Count Two with conspiracy to

15  commit wire fraud. In Counts Three through Eight, Mr. Stewart is charged with

16  committing six acts of securities fraud itself; these are sometimes called

17  substantive counts. Finally, in Count Nine Mr. Stewart is charged with committing

18  a substantive act of tender offer fraud. In a moment, I will instruct you on each of

19  these charges in more detail. At the outset, however, let me instruct you that you

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    must consider each individual charge separately and evaluate each on the proof or

2    lack of proof that relates to that charge.

3

4                        **<u>ELEMENTS OF THE OFFENSE</u>**

5    **SECURITIES FRAUD**

6                Let us turn first to the six substantive securities fraud charges, which

7    are listed in the indictment as Counts Three through Eight but which are more

8    convenient to consider before Counts One and Two. Each of these counts charges

9    Mr. Stewart with unlawfully disclosing to his father, Robert Stewart, certain

10   material, nonpublic information, and that Robert Stewart and/or his acquaintance,

11   Richard Cunniffe, then used this information to purchase securities.

12

13                Count Three charges Mr. Stewart with unlawfully disclosing material,

14   nonpublic information about Kendle International, to his father, which information

15   his father then used to purchase 2,775 shares of Kendle from on or about February

16   7, 2011 through on or about March 4, 2011.

17

18                Count Four charges Mr. Stewart with unlawfully disclosing material,

19   nonpublic information about Kinetic Concepts or "KCI" to his father, which

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    information his father then used to purchase approximately 700 shares of KCI from

2    on or about May 5 to on or about May 6, 2011.

3

4            Court Five also charges Mr. Stewart with unlawfully disclosing

5    material nonpublic information about KCI to his father, which information Mr.

6    Stewart's father then used to cause Richard Cunniffe to purchase 365 KCI call

7    option contracts from on or about April 21, 2011 to on or about June 23, 2011.

8

9            Count Six charges Mr. Stewart with unlawfully disclosing material,

10   nonpublic information about Gen Probe to his father, which information his father

11   then used to cause Cunniffe to purchase 320 Gen-Probe call option contracts from

12   on or about April 18, 2012 to on or about April 27, 2012.

13

14           Count Seven charges Mr. Stewart with unlawfully disclosing material,

15   nonpublic information about Lincare to his father, which information his father

16   then used to cause Cunniffe to purchase 375 Lincare call option contracts from

17   or about May 29, 2012 to on or about June 28, 2012.

18

19           Count Eight charges Mr. Stewart with unlawfully disclosing material,

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    nonpublic information about CareFusion to his father, which information his father

2    then used to cause Cunniffe to purchase 630 CareFusion call option contracts from

3    on or about August 19, 2014 to on or about October 2, 2014.

4

5         As to any of these six substantive counts that you are considering, the

6    Government, in order to convict Mr. Stewart on that count, must prove each of the

7    following three elements beyond a reasonable doubt:

8

9         The first element is, that in connection with the purchase or sale of

10   securities on the company in question, the defendant employed a device, scheme,

11   or artifice to defraud.

12

13        The second element is, that when he engaged in this scheme, Mr.

14   Stewart acted knowingly, willfully, and with an intent to defraud the company

15   specified in any given count and its shareholders, or the source of the information.

16

17        The third element is that, the mail, interstate communication facility,

18   or a facility of a national securities exchange was used in furtherance of the

19   scheme.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

**A. The First Element: The Insider Trading Scheme**

A few words about the <u>first</u> <u>element</u>, device, scheme or artifice to defraud: A device or artifice to defraud is merely a plan to accomplish a fraudulent objective.  The specific device, scheme, or artifice to defraud that the Government alleges that Mr. Stewart employed in connection with each of Counts Three through Eight is known as insider trading.  For purposes of these charges, an insider is a person who possesses material, nonpublic information about a publicly traded company by virtue of a relationship that involves trust and confidence.  If a person has such inside information and his position of trust and confidence prevents him from disclosing that information, the law forbids him from buying or selling the securities in question or assisting others to trade on the basis of that information.

In order to find that the Government has established this <u>first</u> <u>element</u> - that Mr. Stewart engaged in an insider trading scheme - you must find that the Government has proven, beyond a reasonable doubt, each of <u>four</u> separate <u>factors</u> that, taken together, constitute an insider trading scheme under the federal securities laws.  The <u>four</u> <u>factors</u> are as follows:

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    <u>One</u>, that Mr. Stewart had a relationship of trust and confidence with

2    either the company at issue in the count being considered or the source from which

3    he obtained the information he allegedly disclosed;

4    <u>Two</u>, that Mr. Stewart violated the duty of trust and confidence by

5    disclosing to his father material, non-public information belonging to the company

6    specified in each count that he obtained by virtue of his relationship with the

7    company or the source from which he obtained the information he allegedly

8    disclosed;

9

10   <u>Three</u>, that Mr. Stewart anticipated that his father would trade on the

11   basis of this information and that his father then did so by buying the securities

12   specified in the count, or by having Mr. Cunniffe buy the security specified in the

13   count; and

14

15   <u>Four</u>, that, Mr. Stewart, in providing this information so that his father

16   could trade on it, anticipated receiving a personal benefit in return;

17

18   In order to establish the <u>first</u> <u>factor</u>, concerning the existence of a

19   relationship of trust and confidence, you must look to all of the facts and

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   circumstances and ask whether both the Defendant and the company or the

2   information source recognized that their relationship involved trust and confidence.

3

4   In order to establish the <u>second factor</u>, the Government must prove

5   beyond a reasonable doubt that any information disclosed by Mr. Stewart to his

6   father was both material and non-public.

7

8   Information is material if there is a substantial likelihood that a

9   reasonable investor would consider it important in deciding how to invest.  In other

10   words, there must be a substantial likelihood that a reasonable investor would view

11   it as significantly altering the "total mix" of information available.  Materiality of

12   the information is judged as of the time the information was disclosed.

13

14   Information is non-public if, at the time it was disclosed, it was not

15   available to the public through such sources as press releases, Securities and

16   Exchange Commission filings, trade publications, analysts' reports, newspapers,

17   magazines, rumors, word of mouth or other similar sources.  But the fact that

18   information has not appeared in a newspaper or other media does not prove that the

19   information is non-public. Sometimes a corporation is willing to make information

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   available to securities analysts, prospective investors, or members of the press who

2   ask for it even though it may never have appeared in any newspaper or other

3   publication. Such information would be considered public.  Accordingly,

4   information is not necessarily non-public simply because there has been no formal

5   announcement or because only a few people have been made aware of it.

6

7           [On the other hand, confirmation by an insider of facts or rumors that

8   the company has not confirmed publicly itself may be the disclosure of inside

9   information. A tip from a corporate insider that is more reliable or more specific

10  than rumor is non-public information, even if the information is also the subject of

11  rumors in the media or the investment community.]

12

13          In other to establish the third factor, that Mr. Stewart anticipated that

14  his father would trade on the information, the Government must prove beyond a

15  reasonable doubt that, at the time the information was disclosed, Mr. Stewart

16  anticipated that his father would use the information to trade in securities or cause

17  others to use the information to trade in securities.  The Government cannot prevail

18  by establishing only that Mr. Stewart shared information that he was required to

19  keep confidential.  The Government must instead prove beyond a reasonable doubt

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    that, at the time the information was disclosed, Mr. Stewart anticipated that his

2    father would use that information to trade in securities

3    .

4             In order to establish the <u>fourth factor</u> -personal benefit- the

5    Government must prove beyond a reasonable doubt that Mr. Stewart anticipated

6    receiving a personal benefit in return for providing material non-public information

7    to his father.  Personal benefit is broadly defined to include pecuniary gain, as well

8    as the benefit one would obtain from simply making a gift of confidential

9    information to a trading relative or friend.  However, the personal benefit received

10    in exchange for confidential information must be of some consequence.  Although

11    the receipt of personal benefit may be inferred from the personal relationship

12    between Mr. Stewart and his father, you may only draw this inference if you find

13    that there was an exchange between them that was objective, consequential, and

14    represents at least a potential gain of a pecuniary or similarly valuable nature.

15

16             As I indicated earlier, the Government must establish each of these

17    <u>four factors</u> beyond a reasonable doubt, in order for you to determine that the

18    Government has sustained its burden of proof as to the <u>first element</u> of the crime of

19    securities fraud on a particular count. If as to any count the Government has not

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   established that factor beyond a reasonable doubt, as to a particular securities fraud

2   count, then you must find that the Government did not satisfy its burden of proof,

3   and you must return a verdict of not guilty as to that count.

4

5   **B. The Second Element - State of Mind**

6         The <u>second</u> <u>element</u> of the crime of securities fraud relates to state of

7   mind.  If the Government proves beyond a reasonable doubt the four factors I just

8   explained – that is, if it proves that Mr. Stewart engaged in an insider trading

9   scheme – it must then prove that Mr. Stewart engaged in the scheme knowingly,

10   willfully, and with an intent to defraud.  To act <u>knowingly</u> means to act

11   intentionally, deliberately, and voluntarily, rather than by mistake, accident,

12   ignorance, or carelessness.  To act <u>willfully</u> means to act deliberately and with the

13   intent to do something that the law forbids.  For Mr. Stewart to have acted with the

14   intent to defraud, he must have known of the fraudulent nature of the scheme and

15   acted with the intent that it succeed.

16

17         It is not required that the Government show that Mr. Stewart, in

18   addition to knowing what he was doing and deliberately doing it, also knew that he

19   was violating some particular federal statute.  But Mr. Stewart must have acted

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    with the knowledge and intent to help carry out the insider trading scheme; that is,

2    the Government must prove beyond a reasonable doubt that Mr. Stewart provided

3    material non-public information to his father while anticipating that his father

4    would purchase securities on the basis of that information. A defendant cannot be

5    held liable for negligently or recklessly providing information.

6

7            Whether a person acted knowingly, willfully, and with intent to

8    defraud is a question of fact for you to determine, like any other fact question,

9    based on your evaluation of the evidence.  Intent to defraud involves the state of a

10   person's mind and the purpose with which he acted at the time the acts in question

11   occurred. Direct proof of knowledge and intent to defraud is not required.

12   Knowledge and criminal intent may, like any other fact, be established by

13   circumstantial evidence.

14

15           Because an essential element of the crime charged is intent to defraud,

16   good faith on the part of Mr. Stewart is a complete defense to the charge of insider

17   trading.  That is, the law is not violated if the defendant held an honest belief that

18   his actions were not in furtherance of any unlawful scheme.  Thus, it is a complete

19   defense to the charge of insider trading if Mr. Stewart believed in good faith that

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   any information he provided to his father would not be used for trading purposes.

2   A person who acts on a belief or opinion honestly held that turns out to be wrong,

3   is not punishable under these statutes.

4

5          It is not a criminal violation of these statutes to carelessly or

6   unreasonably share material non-public information with another person; instead,

7   the Government must prove beyond a reasonable doubt that Mr. Stewart intended

8   to defraud the company in question or the source of the information by sharing

9   information with his father, anticipating that his father would trade on that

10  information.

11

12  **C. The Third Element: Interstate Commerce**

13         The third and final element that the Government must prove beyond a

14  reasonable doubt is that the disclosure of material, nonpublic information or

15  trading based on that information involved the use of some instrumentality of

16  interstate commerce, such as an interstate telephone call, use of the mails, or use of

17  a facility of a national securities exchange, such as a stock or options trade made

18  on the NASDAQ, the New York Stock Exchange or the International Stock

19  Exchange.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1

2     As to each tip and trade alleged in Counts Three through Eight of the

3  Indictment, if you find that the Government has failed to prove any element of any

4  count beyond a reasonable doubt, then you must find Mr. Stewart not guilty of that

5  count. On the other hand, if you find that the Government has proven each

6  element, beyond a reasonable doubt, then you must find Mr. Stewart guilty of that

7  count.

8

9                              **TENDER OFFER FRAUD**

10     The last substantive count in the Indictment, Count Nine, charges Mr.

11  Stewart with fraud in connection with a tender offer. This relates to the acquisition

12  of Lincare by Linde AG, which the Government has alleged took the form of a

13  tender offer. To prove this count, the Government must establish beyond a

14  reasonable doubt the following <u>three</u> <u>elements</u>:

15

16     <u>First</u>, that Mr. Stewart communicated to another person (that is, his

17  father) material non-public information relating to the Lincare tender offer, which

18  he knew had been acquired directly or indirectly either from Linde or Lincare, or

19  any officer, director, partner, or employee, or any other person acting on behalf of

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Lincare or Linde;

2

3    <u>Second</u>, that Mr. Stewart made this communication at a time when

4    Linde had taken substantial steps to commence the tender offer.

5

6    A substantial step to commence a tender offer may include the

7    formulation of a plan or proposal to make a tender offer by the offering company

8    (here, Linde) or people working on its behalf. It may also include activities which

9    substantially facilitate the tender offer such as: hiring an investment bank, hiring

10   lawyers, arranging financing for the tender offer, or preparing or directing or

11   authorizing the preparation of tender offer materials.

12

13   <u>Third</u>, that, at the time of this communication, there were

14   circumstances that made it reasonably foreseeable to Mr. Stewart that the

15   communication would likely cause his father to purchase or sell Lincare stock, or

16   to have another person do so; and

17

18   <u>Fourth</u>, that Mr. Stewart acted willfully.  As I described earlier, to act

19   willfully means to act deliberately and with the intent to do something that the law

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    forbids.  For Mr. Stewart to have acted with the intent to commit fraud in

2    connection with a tender offer, he must have known of the fraudulent nature of the

3    scheme and acted with the intent that it succeed.  Because an essential element of

4    the crime charged is that Mr. Stewart acted willfully, that is, with the intent to

5    defraud, good faith on the part of Mr. Stewart is a complete defense. Thus, it is a

6    complete defense to the tender offer charge if Mr. Stewart believed in good faith

7    that any information he provided to his father would not be used to purchase or sell

8    Lincare stock.

9

10          The Government does not have to prove that Mr. Stewart knew that

11   the material, non-public information he was communicating related to a tender

12   offer specifically.  Also, for this count, the Government does not have to prove that

13   the Defendant acted in breach of any duty of trust or confidence, or that he acted

14   for personal benefit.

15

16          **CONSPIRACY TO COMMIT SECURITIES FRAUD AND TENDER**

17                              **OFFER FRAUD**

18          I will now instruct you with respect to Count One.  Count One charges

19   Mr. Stewart with conspiracy to commit securities fraud and tender offer fraud.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Conspiracy is an entirely distinct and separate offense from substantive securities

2    fraud. In order to sustain its burden of proof with respect to a conspiracy charge,

3    the Government must prove beyond a reasonable doubt each of the following <u>three</u>

4    <u>elements</u>:

5

6               <u>First</u>, that the charged conspiracy existed;

7

8               <u>Second</u>, that Mr. Stewart intentionally joined and participated in this

9    conspiracy during the applicable time period; and

10

11              <u>Third</u>, that at least one of the co-conspirators committed an overt act

12    in furtherance of the conspiracy.

13

14              The <u>first element</u> is simply the existence of a conspiracy.  A

15    conspiracy is an agreement, or an understanding, by two or more persons to

16    accomplish an unlawful or criminal purpose.  In this case, the unlawful objects of

17    the conspiracy are alleged to be trading on the basis of material, non-public

18    information regarding Kendle, KCI, Gen-Probe, Lincare, and/or CareFusion.

19    Specifically, Mr. Stewart is charged with participating in a conspiracy to undertake

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    a scheme that meets the essential elements of insider trading and/or tender offer

2    fraud as I have already explained them to you in my Instructions regarding

3    securities fraud and tender offer fraud.

4

5            To prove that a conspiracy exists, the Government must prove that

6    two or more people explicitly or implicitly came to an understanding to achieve at

7    least one of the specified objects. It is not necessary for you to find that the

8    agreement was ever expressed orally or in writing, but the Government does have

9    to prove that there was a mutual understanding between at least two people.

10   The indictment charges that the conspiracy lasted from February 2011 to April

11   2015. It is not necessary for the Government to prove that the conspiracy lasted

12   throughout the entire period alleged, but only that it existed for some period within

13   that time frame.

14

15           If you conclude that the Government has proven beyond a reasonable

16   doubt that the charged conspiracy existed, you must then consider the second

17   essential element and determine whether the Government has proven, beyond a

18   reasonable doubt, that Mr. Stewart intentionally participated in the conspiracy.  To

19   prove this element, the Government must prove beyond a reasonable doubt that

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Mr. Stewart entered into the conspiracy and did so "knowingly" and "willfully" as

2    I have previously described those terms to you, and that he joined the insider

3    trading conspiracy for the purpose of furthering its unlawful object.

4

5             As I have already instructed you, knowingly means to act

6    intentionally and voluntarily, and not because of ignorance, mistake, accident or

7    carelessness.  Willfully means to act deliberately and with a purpose to do

8    something that the law forbids with knowledge that one's conduct is unlawful and

9    with the intent to do something that the law forbids.   A defendant's conduct is not

10   willful if it was undertaken in good faith, or done due to negligence, inadvertence

11   or mistake.

12

13            As I mentioned a moment ago, before a defendant can be found to

14   have been a coconspirator, you must first find that he knowingly entered into the

15   unlawful agreement or plan. The key question, therefore, is whether Mr. Stewart

16   entered into an agreement with an awareness of the basic aims and purposes of the

17   unlawful agreement.

18

19            It is not necessary that a defendant be fully informed of all the details

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   of the conspiracy, or all of its participants. He need know only one other member

2   of the conspiracy and need know and agree to only one of its objects.  He can join

3   the conspiracy at any point and need not have received any benefit in return, so

4   long as he in fact participated in the conspiracy in the manner I have explained.

5   I want to caution you, however, that a defendant's mere association with another

6   member of the alleged conspiracy does not make the defendant a member of the

7   conspiracy. In other words, knowledge and association without participation is not

8   sufficient. Moreover, the fact that the acts of a defendant, without knowledge,

9   merely happen to further the purposes or objectives of the conspiracy, does not

10  make the defendant a member.  More is required under the law. What is necessary

11  is that the defendant intentionally participated in the conspiracy with knowledge of

12  its unlawful purposes and with the intent to aid in the accomplishment of its

13  unlawful objective.

14

15          In sum, a defendant, with an understanding of the unlawful character

16  of the conspiracy, must intentionally have engaged, advised, or assisted in it for the

17  purpose of furthering an at least one of the unlawful objects charged.  A defendant

18  thereby becomes a knowing and willing participant in the unlawful agreement –

19  that is to say, a conspirator.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    The <u>third</u> <u>element</u> that the Government must prove, beyond a

2    reasonable doubt, is that some member of the conspiracy, not necessarily Mr.

3    Stewart, knowingly committed at least one overt act in furtherance of the

4    conspiracy. An overt act is any act intended to help achieve the object of the

5    conspiracy. An overt act, itself, need not be a criminal act, but it must contribute to

6    the goals of the conspiracy. The overt act requirement may be met even if the

7    fraudulent scheme is never actually carried out.

8

9    If you find that the Government has not proved, beyond a reasonable

10   doubt, any of those essential elements, then you must find Mr. Stewart not guilty of

11   Count One.  On the other hand, if you find that the Government proved, beyond a

12   reasonable doubt, that the charged conspiracy existed, that Mr. Stewart joined it

13   knowingly and willfully, and that at least one overt act was committed in

14   furtherance of the conspiracy, then you should find Mr. Stewart guilty of the

15   conspiracy crime charged in Count One.

16

17   **CONSPIRACY TO COMMIT WIRE FRAUD**

18   The final count to address is Count Two, which charges Mr. Stewart

19   with conspiracy to commit wire fraud. For this count, the Government must prove

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    beyond a reasonable doubt <u>two</u> <u>elements</u>:

2

3              <u>First</u>, that the charged conspiracy existed;

4

5              <u>Second</u>, that Mr. Stewart unlawfully, knowingly and intentionally

6    joined and participated in this conspiracy during the applicable time period.

7    As you will recognize, these are basically the same elements about which I

8    instructed you with respect to Count One.  My prior instructions about the

9    elements of Count One apply equally here, except the Government does <u>not</u> have

10   to prove that any <u>overt</u> <u>act</u> was taken in furtherance of the conspiracy.

11

12             The other difference between this count and Count One is the object

13   of the conspiracy charged: Here, the object is alleged to be wire fraud, not

14   securities fraud. Specifically, the wire fraud scheme that is alleged to be the object

15   of the conspiracy charged in Count Two is the use of the interstate or international

16   wires (for example, through phone calls, e-mail communications, or electronic

17   trades) in furtherance of a scheme to defraud one or more of the companies at issue

18   or the source of non-public information that was material to the company in

19   question or information source.  In this context, "material" means simply that the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    information was important to the company or the information source in making

2    decisions.

3

4            To prove this count, the Government must establish beyond a

5    reasonable doubt that Mr. Stewart agreed to: (1) employ a device, scheme, or

6    artifice to defraud or to obtain money or property by false pretenses,

7    representations or promises; (2) act knowingly and willfully, with knowledge of

8    the fraudulent nature of the scheme and with specific intent to defraud; and (3) in

9    the execution of the scheme, use, or cause to be used, interstate wires.  I explained

10   in the context of securities fraud what it means to employ a device, scheme, or

11   artifice to defraud, and to act knowingly and willfully.  Those earlier explanations

12   apply here.  To prove that Mr. Stewart conspired to act with specific intent to

13   defraud, the Government must prove that he agreed to act with the intent to deprive

14   the company at issue or the information source of something of value—for

15   example, material, non-public information, by providing that information to his

16   father with the anticipation that his father would trade or cause others to trade on

17   the basis of that information.  In this context, "material" means simply that the

18   information was important to the company or the information source in making

19   decisions.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## CONSCIOUS AVOIDANCE

1

2    As I have explained, all of the counts charged require the Government

3    to prove that Mr. Stewart acted knowingly.  In determining whether Mr. Stewart

4    acted knowingly, you may consider whether Mr. Stewart deliberately closed his

5    eyes to what otherwise would have been obvious.

6

7    I would like to point out that the necessary knowledge on the part of

8    Mr. Stewart with respect to any particular charge cannot be established by showing

9    that the defendant was careless, negligent, or foolish.  However, one may not

10   willfully and intentionally remain ignorant of a fact material and important to his

11   conduct in order to escape the consequences of criminal law.

12

13   Thus, if you find beyond a reasonable doubt that Mr. Stewart was

14   aware that there was a high probability that his father would, directly or indirectly,

15   trade in securities based on the confidential information Mr. Stewart allegedly

16   shared with him, but that Mr. Stewart deliberately and consciously avoided

17   confirming this fact, then you may treat this deliberate avoidance of positive

18   knowledge as the equivalent of knowledge.  In other words, a defendant cannot

19   avoid criminal responsibility for his own conduct by "deliberately closing his

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  eyes," or remaining purposefully ignorant of facts which would confirm to him that

2  he was engaged in criminal conduct.  However, if you find that Mr. Stewart

3  actually believed that his father was unlikely to trade, or cause trading, on the basis

4  of the information, he may not be convicted.

5

6         Finally, I caution you that the conscious avoidance doctrine as I have

7  explained is only applicable to the question of Mr. Stewart's knowledge.  It is not

8  applicable to the separate questions of whether Mr. Stewart acted willfully and

9  with the deliberate intent to commit the charged offenses.  You may not apply the

10  doctrine of conscious avoidance to decide whether Mr. Stewart formed the intent to

11  commit the charged offenses.

12

13                **DEFENSE THEORY OF CASE**

14         The defendant, Sean Stewart, contends that he did not provide his

15  father, Robert Stewart, with material non-public information with the anticipation

16  that his father would use the information to purchase securities, or with the

17  anticipation that his father would ask another person to purchase securities.

18

19         Sean Stewart acknowledges that, on a number of occasions, he

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   violated the internal policies of JP Morgan Chase and Perella Weinberg by sharing

2   work information with his father that Sean Stewart was supposed to keep

3   confidential.  Sean Stewart contends, however, that, on those occasions, he never

4   expected or believed that his father would use this confidential information to

5   purchase securities, or that his father would ask another person to purchase

6   securities.

7

8           In essence, the defense theory is that, although Sean Stewart shared

9   confidential information with his father, he never intended to commit any crime

10  when doing so, and that he believed in good faith that the shared information

11  would not be used for trading purposes

12

13                          **<u>VENUE</u>**

14          With respect any given count you are considering, the Government, in

15  addition to proving the essential elements of that charge, must also prove that at

16  least one act in furtherance of the crime charged occurred in the Southern District

17  of New York. This is called establishing venue.

18

19          The Southern District of New York includes all of Manhattan and the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan

2    Counties.

3

4          The Government does not have to prove that a completed crime was

5    committed within the Southern District of New York, or that the Defendant was

6    ever in the Southern District of New York.  It is sufficient to satisfy the venue

7    requirement if any act in furtherance of the crime charged, occurred in this District.

8    The act itself may not be a criminal act. It could include, for example, processing

9    or executing a securities trade within this District. And the act need not have been

10   taken by Mr. Stewart, so long as the act was part of the crime that you find Mr.

11   Stewart committed.

12

13         Unlike the elements of the offenses which must be proven beyond a

14   reasonable doubt, the Government is only required to prove venue by a

15   preponderance of the evidence. A preponderance of the evidence means that it is

16   more probable than not that some act in furtherance of the crime you are

17   considering occurred in this District.

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    **VARIANCE IN DATES, ETC.**

2    The indictment refers to various dates and amounts. I instruct you that

3    it does not matter if a specific event is alleged to have occurred on or about a

4    certain date or month but the testimony indicates that in fact it was a different date

5    or month. Nor does it matter if the indictment alleges that a transaction involved a

6    specific number of shares or amount of money, but the testimony indicates that it

7    was a different amount. The law requires only a substantial similarity between the

8    dates, months, and amounts alleged in the indictment and the dates, months, and

9    amounts established by the evidence.

10

11    **CONCLUSION OF INSTRUCTIONS**

12    This completes my instructions of the law.

13

14    **SELECTION OF THE FOREPERSON, RIGHT TO SEE EXHIBITS AND**

15    **HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT**

16    Now, for some general instructions that will guide you in your

17    deliberations. You will shortly retire to the jury room to begin your deliberations.

18    When you retire to the jury room, you must have a foreperson.  That person will

19    preside over the deliberations and speak for you here in open court.  Other than

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    those functions, the foreperson will have no greater nor lesser

2    authority than any other juror.

3

4            It is my custom to select the foreperson of the jury.  Accordingly, I am

5    now selecting juror number [___] as your foreperson.

6

7             All of the documentary exhibits that were received in evidence will

8    be provided to you in the jury room after you have retired to deliberate.  You may

9    also request to have any of the testimony read back.  Please remember that it is not

10   always easy to locate what you might want, so be as specific as you possibly can in

11   your requests.

12

13           I remind you that any notes you may have taken during trial are

14   simply an aid to your personal memory.  They are not to be shared.  Because the

15   notes may be inaccurate or incomplete, they may not be given any greater weight

16   or influence than the recollections of other jurors about the facts or the conclusions

17   to be drawn from the facts in determining the outcome of the case.  Any difference

18   between a juror's recollection and a juror's notes should always be settled by asking

19   to have the court reporter's transcript on that point read back to you.  You must

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    base your determination of the facts and, ultimately, your verdict, on the court

2    record rather than on your notes.

3

4          During your deliberations, you must not communicate with or provide

5    any information to anyone who is not part of the 12-member deliberating jury by

6    any means about this case.  You may not use any electronic device or media, such

7    as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any

8    internet service, or any text or instant messaging; or any internet chat room, blog or

9    website or social networking platform such as Facebook, LinkedIn, YouTube, or

10   Twitter, to communicate to anyone any information about this case or to conduct

11   any research about this case until I accept your verdict.  You must continue to

12   refrain from receiving any outside information about this case.

13

14         Each of your requests, and any communication with the Court, should

15   be made to me in writing, signed by your foreperson, and given to the U.S.

16   Marshal, who will be available outside the jury room throughout your

17   deliberations.  After consulting with counsel, I will respond to any question or

18   request you have as promptly as possible, either in writing or by having you return

19   to the courtroom so that I can speak with you in person.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 **DUTY TO CONSULT AND NEED FOR UNANIMITY**

2 　　　　　The Government, to prevail with respect to each Count of the

3 Indictment, must prove the essential elements of the crime charged beyond a

4 reasonable doubt, as already explained in these instructions.  If the Government

5 succeeds, your verdict should be guilty; if the Government fails, your verdict

6 should be not guilty.

7

8 　　　　　To report a verdict, your decision must be unanimous.

9

10 　　　　　Your function is to weigh the evidence in the case and determine

11 whether or not the Defendant is guilty as to each crime charged in the Indictment,

12 solely upon the basis of such evidence.

13

14 　　　　　Each of you must decide the case for yourself, after consideration,

15 with your fellow jurors, of the evidence of the case.  You should not hesitate to

16 change an opinion when convinced that it is erroneous.  However, you are not

17 bound to surrender your honest convictions concerning the effect or weight of the

18 evidence for the mere purpose of returning a verdict or solely because of the

19 opinion of other jurors.  Discuss and weigh your respective opinions

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    dispassionately, without regard to sympathy, without regard to prejudice or favor

2    for either party, and adopt that conclusion which in your good conscience appears

3    to be in accordance with the truth.

4

5            Again, each of you must make his or her own decision about the

6    proper outcome of this case based on your consideration of the evidence and your

7    discussions with your fellow jurors.  In short, your verdict, whether you find the

8    Defendant guilty or not guilty, must reflect your conscientious decision as to how

9    the issues should be decided.  And your decision must be unanimous.  That is, in

10   order to return a verdict, it is necessary that each juror agree to it.

11

12           If you are divided, do <u>not</u> report how the vote stands and, if you have

13   reached a verdict, do not report what it is until you are asked in open court.

14

15           After you have reached a verdict, your foreperson completes and signs

16   the verdict form that will be provided to you in the jury room after you have retired

17   to deliberate, and will advise the Marshal outside your door that you have reached

18   a verdict and are ready to return to the courtroom.  Place the completed verdict

19   form in an envelope marked "Verdict," seal the envelope and hand it to the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Marshal.  Then wait to be brought back into the courtroom.

2

3            Please remain silent, in your seats, while I confer briefly with counsel.

4

5            **[SIDEBAR RE ANY OBJECTIONS TO CHARGE]**

6

7            At this time I will thank, and excuse from deliberations for now, the

8    two alternate jurors.  All of us in this courtroom are grateful for your faithful and

9    attentive participation in these proceedings.  Even though you are being excused

10   from deliberating for now you may be called to join the deliberations if that

11   becomes necessary in the future.  Accordingly, I am not releasing you from your

12   oath as jurors or from your obligations of confidentiality at this time.  You must

13   continue to follow my instructions to keep your views to yourself and not to

14   discuss the case, or anyone or anything having to do with it, in any way, with any

15   one at all.

16

17           Please give Ms. Ng telephone numbers at which you can be reached,

18   and be prepared to return to the courthouse on two hours' notice if called to do so.

19   If you are not recalled during the deliberations, Ms. Ng will notify you after the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    deliberations have ended.  Jurors 13 and  14, thank you.  Please accompany Ms. Ng

2    to the jury room to gather your belongings and give her your contact information.

3

4                 We will all remain here, in our seats, until Ms. Ng returns.

5

6                 The Marshal will now be sworn and you will retire to the jury room to

7    begin your deliberations.  You must only deliberate when all 12 of you are present

8    in the room.  You may deliberate today until 6:00 p.m., and tomorrow and each

9    succeeding week-day as necessary.  You must not discuss the case, or anything or

10   anyone having anything to do with it, in any way, outside the jury room, when

11   fewer than all 12 of you are present, or with anyone who is not a member of this 12

12   member jury.  Leave all notes, exhibits and case related material in the jury room at

13   all times.   The Marshal will bring you back to the courtroom for dismissal.

14

15                 [Deputy Clerk swears Marshal in.]

16

17                 Mr. Marshal, please escort the jury to the jury room.

18

WordPerfect Document Compare Summary

Original document:  G:\LTS\CASES\15cr0287CC\Trial\Draft.Jury.Instructions.v2.wpd
Revised document:  G:\LTS\CASES\15cr0287CC\Trial\Draft.Jury.Instructions.v3.wpd
Deletions are shown with the following attributes and color:
    Strikeout, Blue  RGB(0,0,255).
    Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
    Double Underline, Redline, Red  RGB(255,0,0).

The document was marked with 19 Deletions, 9 Insertions, 0 Moves.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## JURY INSTRUCTIONS

**U.S. v. Stewart, 15 CR 287**

1

2

3

4      Ladies and gentlemen, I now am going to instruct you on the law,

5  before you begin your deliberations.  You must pay close attention and I will be as

6  clear as possible.

7

8      It has been obvious to me and counsel that you have faithfully

9  discharged your duty to listen carefully and observe each witness who testified.

10  Your interest has never flagged, and you have followed the testimony with close

11  attention.

12

13      I ask you to give me that same careful attention as I instruct you on

14  the law.

15

16      The following instructions are rather extensive, so let me provide you

17  with a brief overview of what to expect.  I'll begin by instructing you on very

18  important rules that are generally applicable to all criminal jury trials.  Then, I will

19  proceed to review the counts which are charged in the Indictment and instruct you

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    on the specific rules of law that you will have to consider in deciding each count.

2    Finally, I will instruct you on the procedures you should follow while conducting

3    your deliberations.

4

5                                    **ROLE OF THE COURT**

6                You have now heard all of the evidence in the case as well as the final

7    arguments of the lawyers for the Government and for Mr. Stewart, the Defendant.

8

9                My duty at this point is to instruct you as to the law.  It is your duty to

10   accept these instructions of law and apply them to the facts as you determine them,

11   just as it has been my duty to preside over the trial and decide what testimony and

12   evidence is relevant under the law for your consideration.

13

14               On these legal matters, you must take the law as I give it to you.  If

15   any attorney has stated a legal principle different from any that I state to you in my

16   instructions, it is my instructions that you must follow.

17

18               You should not single out any instruction as alone stating the law, but

19   you should consider my instructions as a whole when you retire to deliberate in the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    jury room.

2

3              You should not, any of you, be concerned about the wisdom of any

4    rule that I state. Regardless of any opinion that you may have as to what the law

5    may be – or ought to be – it would violate your sworn duty to base a verdict upon

6    any other view of the law than that which I give you.

7

8                            **<u>ROLE OF THE JURY</u>**

9              As members of the jury, you are the sole and exclusive judges of the

10   facts.  You pass upon the evidence.  You determine the credibility of the witnesses.

11   You resolve such conflicts as there may be in the testimony.  You draw whatever

12   reasonable inferences you decide to draw from the facts as you have determined

13   them, and you determine the weight of the evidence.

14

15             In determining these issues, no one may invade your province or

16   function as jurors.  In order for you to determine the facts, you must rely upon your

17   own recollection of the evidence. What the lawyers have said in their opening

18   statements, in their closing arguments, in the objections, or in their questions is not

19   evidence.  Nor is what I may have said – or what I may say in these instructions –

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   about a fact issue, evidence.  In this connection, you should bear in mind that a

2   question put to a witness is never evidence; it is only the answer which is evidence.

3   But you may not consider any answer that I directed you to disregard or that I

4   directed struck from the record.  Do not consider such answers.

5

6         Since you are the sole and exclusive judges of the facts, I do not mean

7   to indicate any opinion as to the facts or what your verdict should be.  The rulings I

8   have made during the trial are not any indication of my views of what your

9   decision should be as to whether or not the Government has proven its case.

10

11        You are to understand that the Court has no opinion as to the verdict

12   you should render in this case.

13

14        As to the facts, ladies and gentlemen, you are the exclusive judges.

15   You are to perform the duty of finding the facts without bias or prejudice for or

16   against any party.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 **JUROR OATH**

2      In determining the facts, you are reminded that you took an oath to

3 render judgment impartially and fairly, without prejudice or sympathy and without

4 fear, solely upon the evidence in the case and the applicable law.  I know that you

5 will do this and reach a just and true verdict.

6

7      **JURY TO DISREGARD COURT'S VIEW**

8      I have not expressed, nor have I intended to intimate, any opinion as

9 to which witnesses are or are not worthy of belief, what facts are or are not

10 established, or what inference or inferences should be drawn from the evidence.  If

11 any expression of mine has seemed to indicate an opinion relating to any of these

12 matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges

13 of all of the questions of fact submitted to you and of the credibility of the

14 witnesses. Your authority, however, is not to be exercised arbitrarily; it must be

15 exercised with sincere judgment, sound discretion, and in accordance with the rules

16 of law that I give you.  In making your determination of the facts in this case, your

17 judgment must be applied only to that which is properly in evidence.  Arguments

18 of counsel are not in evidence, although you may give consideration to those

19 arguments in making up your mind on what inferences to draw from the facts

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   which are in evidence.

2

3            From time to time the Court has been called upon to pass upon the

4   admissibility of certain evidence.  I have tried to do so, in so far as it was

5   practicable, out of your hearing.  The reasons for any such rulings are not your

6   concern and you are not to draw any inferences from them.  Whether evidence is

7   admissible is purely a question of law in the province of the Court and outside the

8   province of the jury.  In admitting evidence to which objection has been made, the

9   Court does not determine what weight should be given to such evidence, nor does

10  it pass on the credibility of the evidence.  Of course, you will dismiss from your

11  mind completely, entirely, any evidence which has been ruled out of the case by

12  the Court, and you must refrain from speculation or conjecture or any guesswork

13  about the nature or effect of any discussion between Court and counsel held out of

14  your hearing or sight.

15

16

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 ## **CONDUCT OF COUNSEL**

2       It is the duty of the attorney on each side of a case to object when the

3 other side offers testimony or other evidence which the attorney believes is not

4 properly admissible.  Counsel also have the right and duty to ask the Court to make

5 rulings of law and to request conferences at the side bar out of the hearing of the

6 jury.  All those questions of law must be decided by me, the Court.  You should

7 not show any prejudice against an attorney or the party the attorney represents

8 because the attorney objected to the admissibility of evidence, or asked for a

9 conference out of the hearing of the jury, or asked the Court for a ruling on the law.

10

11       As I already indicated, my rulings on the admissibility of evidence do

12 not, unless expressly stated by me, indicate any opinion as to the weight or effect

13 of such evidence.  You are the sole judges of the credibility of all witnesses and the

14 weight and effect of all evidence.

15

16       Your verdict should be based on the facts as found by you from the

17 evidence and the law as instructed by the Court.

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## REMARKS TO COUNSEL

It is the duty of the attorneys to offer evidence and press objections on behalf of their side.  It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary.  But you should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

I would like to express my gratitude to each of the attorneys for their conscientious efforts and for work well done.

## PRESUMPTION OF INNOCENCE & BURDEN OF PROOF

Mr. Stewart has pleaded not guilty to the Indictment, which contains the charges for which he is now on trial.

As a result of Mr. Stewart's plea of not guilty the burden is on the Government to prove him guilty beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    The law presumes Mr. Stewart to be innocent of all the charges

2    against him.  I therefore instruct you that you are to presume that Mr. Stewart is

3    innocent throughout your deliberations until such time, if ever, that you as a jury

4    are satisfied that the Government has proven him guilty beyond a reasonable

5    doubt.

6

7    Mr. Stewart begins the trial here with a clean slate.  This presumption

8    of innocence alone is sufficient to acquit a defendant unless you as jurors are,

9    unanimously, convinced beyond a reasonable doubt of his guilt, after a careful and

10   impartial consideration of all of the evidence in this case.  If the Government fails

11   to sustain its burden, you must find Mr. Stewart not guilty.

12

13   This presumption was with Mr. Stewart when the trial began and

14   remains with him even now, as I speak to you, and will continue with Mr. Stewart

15   into your deliberations unless and until you are convinced that the Government has

16   proven him guilty beyond a reasonable doubt.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 ## <u>REASONABLE DOUBT</u>

2    I have said that the Government must prove Mr. Stewart guilty

3 beyond a reasonable doubt.  The question naturally is: what is a reasonable doubt?

4 The words almost define themselves.  It is a doubt based upon reason and common

5 sense.  It is a doubt that a reasonable person has after carefully weighing all of the

6 evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a

7 matter of importance in his or her personal life.  Proof beyond a reasonable doubt

8 must, therefore, be proof of such a convincing character that a reasonable person

9 would not hesitate to rely and act upon it in the most important of his or her own

10 affairs.  A reasonable doubt is not a caprice or whim; it is not speculation or

11 suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And

12 it is not sympathy.

13

14    In a criminal case, the burden is at all times upon the Government to

15 prove guilt beyond a reasonable doubt.  The law does not require that the

16 Government prove guilt beyond all possible doubt; proof beyond a reasonable

17 doubt is sufficient to convict.  This burden never shifts to the defendant, which

18 means that it is always the Government's burden to prove each of the elements of

19 each of the crimes charged beyond a reasonable doubt.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    If, after fair and impartial consideration of all of the evidence, you

2    have a reasonable doubt, it is your duty to acquit Mr. Stewart.  On the other hand,

3    if after fair and impartial consideration of all the evidence, you are satisfied of Mr.

4    Stewart's guilt beyond a reasonable doubt, it is your duty to convict.

5

6                     **<u>THE GOVERNMENT AS A PARTY</u>**

7    You are to perform the duty of finding the facts without bias or

8    prejudice as to any party.  You are to perform this duty in an attitude of complete

9    fairness and impartiality.

10

11   This case is important to the Government, for the enforcement of

12   criminal laws is a matter of prime concern to the community.  Equally, it is

13   important to the Defendant, who is charged with serious crimes.

14

15   The fact that the prosecution is brought in the name of the United

16   States of America entitles the Government to no greater consideration than that

17   accorded to any other party to a litigation.  By the same token, it is entitled to no

18   less consideration.  All parties, whether government or individuals, stand as equals

19   at the bar of justice.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and stipulations.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

An example of this is a lawyer's question of a witness: "When did you stop drinking excessively?" You would not be permitted to consider as true the assumed fact that the witness had ever been drinking excessively unless the witness herself indicated that she had, or unless there was some other evidence in the record that the witness had been drinking excessively.

Testimony that has been stricken or excluded is not evidence and may

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    not be considered by you in rendering your verdict.  Also, if certain testimony was

2    received for a limited purpose – such as for the purpose of assessing a witness'

3    credibility--you must follow any limiting instructions I have given.

4

5           Arguments by lawyers are not evidence, because the lawyers are not

6    witnesses.  What they have said to you in their opening statements and in their

7    summations is intended to help you understand the evidence to reach your verdict.

8    However, if your recollection of the facts differs from the lawyers' statements, it is

9    your recollection which controls.

10

11           To constitute evidence, exhibits must be received in evidence.

12    Exhibits which have been marked for identification may not be considered by you

13    as evidence until and unless they have been received in evidence by the Court.

14

15           Materials brought forth only to refresh a witness' recollection are not

16    evidence.

17

18           Finally, statements that I may have made concerning the quality of the

19    evidence do not constitute evidence.  It is for you alone to decide the weight, if

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    any, to be given to the testimony you have heard and the exhibits you have seen.

2

3                  **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

4                  There are two types of evidence which you may properly use in

5    reaching your verdict.

6

7                  One type of evidence is direct evidence.  Direct evidence is testimony

8    about something the witness knows by virtue of his own senses – something he has

9    seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit,

10   where the fact to be proved is its present existence or condition.

11

12                 Circumstantial evidence is evidence that tends to prove a disputed fact

13   by proof of other facts.  Here is a simple example of circumstantial evidence.

14   Assume that, when you came into the courthouse this morning, it was a nice day.

15   Assume that the courtroom blinds were drawn and you could not look outside.  As

16   you were sitting here, someone walked in with a wet coat and hat.  Then, a few

17   minutes later, another person entered with a wet umbrella.  Now, you cannot look

18   outside of the courtroom and you cannot see whether or not it is raining.  So you

19   have no direct evidence of that fact.  But on the combination of facts which I have

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    asked you to assume, it would be reasonable and logical for you to conclude that it

2    had begun to rain.

3

4         That is all there is to circumstantial evidence.  You infer on the basis

5    of reason and experience and common sense, from one established fact, the

6    existence or non-existence of some other fact.

7

8         Circumstantial evidence is of no less value than direct evidence.  It is

9    a general rule that the law makes no distinction between direct evidence and

10   circumstantial evidence.

11

12                        **<u>INFERENCE DEFINED</u>**

13        You have just heard me use the term "infer," and in their arguments

14   the attorneys may have asked you to infer, on the basis of your reason, experience,

15   and common sense, from one or more established facts, the existence of some other

16   fact.

17

18        An inference is not a suspicion or a guess.  It is a reasoned, logical

19   conclusion that a disputed fact exists on the basis of another fact which has been

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   shown to exist.

2

3          There are times when different inferences may be drawn from facts,

4   whether proved by direct or circumstantial evidence.  The Government may ask

5   you to draw one set of inferences, while the defense may ask you to draw another.

6   It is for you, and you alone, to decide what inferences you will draw.

7

8          The process of drawing inferences from facts in evidence is not a

9   matter of guesswork or speculation.  An inference is a deduction or conclusion that

10  you, the jury, are permitted to draw – but are not required to draw – from the facts

11  which have been established by either direct or circumstantial evidence.  In

12  drawing inferences, you should exercise your common sense.

13

14         So, while you are considering the evidence presented to you, you are

15  permitted to draw, from the facts which you find to be proven, such reasonable

16  inferences as would be justified in light of your experience.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 ## WITNESS CREDIBILITY

2    You have had the opportunity to observe all the witnesses.  It is now

3 your job to decide how believable each witness was in his or her testimony.  You

4 are the sole judges of the credibility of each witness and of the importance of his or

5 her testimony.

6

7    It must be clear to you by now that you are being called upon to

8 resolve various factual issues raised by the parties in the face of very different

9 pictures painted by both sides.  In making these judgments, you should carefully

10 scrutinize all of the testimony of each witness, the circumstances under which each

11 witness testified, and any other matter in evidence which may help you decide the

12 truth and the importance of each witness' testimony.

13

14    How do you determine where the truth lies?  You watched the witness

15 testify.  Everything a witness said or did on the witness stand counts in your

16 determination.  How did the witness impress you?  Did he or she appear to be

17 frank, forthright and candid, or evasive and edgy as if hiding something?  How did

18 the witness appear; what was his or her demeanor – that is, the person's carriage,

19 behavior, bearing, manner and appearance while testifying?  Often it is not what a

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    person says but how he or she says it that moves us.

2

3         You should use all the tests for truthfulness that you would use in

4    determining matters of importance to you in your everyday life.  You should

5    consider any bias or hostility the witness may have shown for or against any party

6    as well as any interest the witness has in the outcome of the case.  You should

7    consider the opportunity the witness had to see, hear, and know the things about

8    which he or she testified, the accuracy of the witness' memory, the witness' candor

9    or lack of candor, the witness' intelligence, the reasonableness and probability of

10   his or her testimony and its consistency or lack of consistency, and its

11   corroboration or lack of corroboration with other credible testimony.

12

13        If you find that a witness has testified falsely as to any material fact or

14   if you find that a witness has been previously untruthful when testifying under oath

15   or otherwise, you may reject that witness' testimony in its entirety or you may

16   accept only those parts that you believe to be truthful or that are corroborated by

17   other independent evidence in the case.

18

19        It is for you, the jury, and for you alone, not the lawyers, or the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   witnesses, or me as the judge, to decide the credibility of witnesses who appeared

2   here and the weight that their testimony deserves.

3

4          What you must try to do in deciding credibility is to size a witness up

5   in light of the witnesses's demeanor, the explanations given and all of the other

6   evidence in the case.  Always remember that you should use your common sense,

7   your good judgment and your own life experience.

8

9                              **<u>BIAS</u>**

10         In deciding whether to believe a witness, you should specifically note

11  any evidence of hostility or affection which the witness may have towards one of

12  the parties.  Likewise, you should consider evidence of any other interest or motive

13  that the witness may have in cooperating with a particular party.

14

15         It is your duty to consider whether the witness has permitted any such

16  bias or interest to color his or her testimony.  In short, if you find that a witness is

17  biased, you should view his or her testimony with caution, weigh it with care and

18  subject it to close and searching scrutiny.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1        **INTEREST IN OUTCOME**

2                  In evaluating the credibility of the witnesses, you should take into

3        account any evidence that a witness may benefit in some way from the outcome of

4        the case.  Such interest in the outcome creates a motive to testify falsely and may

5        sway a witness to testify in a way that advances his or her own interests.

6        Therefore, if you find that any witness whose testimony you are considering may

7        have an interest in the outcome of this trial, then you should bear that factor in

8        mind when evaluating the credibility of his or her testimony, and accept it with

9        great care.

10

11                 Keep in mind, though, that it does not automatically follow that

12       testimony given by an interested witness is to be disbelieved.  There are many

13       people who, no matter what their interest in the outcome of the case may be, would

14       not testify falsely.  It is for you to decide, based on your own perceptions and

15       common sense, to what extent, if at all, the witness' interest has affected his or her

16       testimony.

17

18                        **[DISCREPANCIES IN TESTIMONY]**

19                 [You may have heard evidence of discrepancies in the testimony of

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    certain witnesses, and counsel may have argued that such discrepancies are a

2    reason for you to reject the testimony of those witnesses.

3

4           You are instructed that evidence of discrepancies may be a basis to

5    disbelieve a witness' testimony.  On the other hand, discrepancies in a witness'

6    testimony or between his testimony and that of others do not necessarily mean that

7    the witness' entire testimony should be discredited.

8

9           People sometimes forget things and even a truthful witness may be

10   nervous and contradict him or herself.  It is also a fact that two people witnessing

11   an event will see or hear it differently.  Whether a discrepancy pertains to a fact of

12   importance or only to a trivial detail should be considered in weighing its

13   significance; but a willful falsehood always is a matter of importance and should

14   be considered seriously.

15

16          It is for you to decide, based on your total impression of the witness,

17   how to weigh the discrepancies in his or her testimony. You should, as always, use

18   common sense and your own good judgment.]

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 **[IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS]**

2       [You have heard evidence that at some earlier time a witness has said

3 or done something which counsel argues is inconsistent with the witness' trial

4 testimony.

5

6       Evidence of a prior inconsistent statement is not to be considered by

7 you as affirmative evidence in determining guilt.  Evidence of a prior inconsistent

8 statement was placed before you for the more limited purpose of helping you

9 decide whether to believe the trial testimony of the witness who contradicted him

10 or herself.  If you find that the witness made an earlier statement that conflicts with

11 his or her trial testimony, you may consider that fact in deciding how much of his

12 or her trial testimony, if any, to believe.

13

14       In making this determination, you may consider whether the witness

15 purposely made a false statement or whether it was an innocent mistake; whether

16 the inconsistency concerns an important fact, or whether it had to do with a small

17 detail; whether the witness had an explanation for the inconsistency, and whether

18 that explanation appealed to your common sense.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    It is exclusively your duty, based upon all the evidence and your own

2    good judgment, to determine whether the prior statement was inconsistent, and if

3    so how much, if any, weight to give to the inconsistent statement in determining

4    whether to believe all or part of the witness' testimony.]

5

6                    **[DEFENDANT'S TESTIMONY]**

7    [If Defendant testifies:] The defendant in a criminal case never has

8    any duty to testify or come forward with any evidence. This is because, as I have

9    told you, the burden of proof beyond a reasonable doubt remains on the

10   Government at all times, and the defendant is presumed innocent. In this case, Mr.

11   Stewart did testify and he was subject to cross-examination like any other witness.

12   The fact that he testified does not in any way remove or lessen the burden on the

13   Government to prove the charges against him beyond a reasonable doubt. Mr.

14   Stewart did not have to testify, and in fact, did not have to present any evidence

15   whatsoever. You should examine and evaluate Mr. Stewart's testimony just as you

16   would the testimony of any witness with an interest in the outcome of the case.

17

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1 **[DEFENDANT'S RIGHT NOT TO TESTIFY]**

2 *[If defendant does not testify and requests an instruction concerning his election*

3 *not to do so.]* **Mr. Stewart did not testify in this case. Under our Constitution,**

4 **a defendant has no obligation to testify or to present any evidence, because it**

5 **is the Government's burden to prove a defendant guilty beyond a reasonable**

6 **doubt. That burden remains with the Government throughout the entire trial**

7 **and never shifts to the defendant.**

8

9 **A defendant is never required to prove that he is innocent.  You may not**

10 **attach any significance to the fact that Mr. Stewart did not testify.  You may**

11 **not draw any adverse inference against him because he did not take the**

12 **witness stand.  You may not consider this against Mr. Stewart in any way in**

13 **your deliberations in the jury room.]**

14

15 **[PREPARATION OF WITNESSES]**

16 *[Court will give instruction if defense cross-examines regarding witness*

17 *preparation during trial]*

18 [You have heard evidence that, prior to appearing in court, witnesses

19 have discussed the facts of the case and their testimony with attorneys. Although

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    you may consider this fact when you are evaluating a witness's credibility, I should

2    tell you that there is nothing either improper or unusual about a witness meeting

3    with lawyers before testifying, so that the witness can be aware of the subjects he

4    or she will be questioned about, and can focus on those subjects and have the

5    opportunity to prepare or review relevant exhibits before being questioned about

6    them. Such consultation helps conserve your time and the Court's time. In fact, it

7    would be unusual for a lawyer to call a witness without such consultation.]

8

9              **ACCOMPLICE/COOPERATING WITNESS TESTIMONY**

10             You have heard from a witness, Mark Boccia, who testified pursuant

11   to a grant of immunity. This witness's testimony may not be used against him in

12   any criminal proceeding, except in a prosecution for perjury, giving a false

13   statement, or otherwise failing to comply with his immunity order or non-

14   prosecution agreement. You should weigh the credibility of this witness carefully,

15   considering the impact that any incentive, motive, bias, or prejudice may have had

16   on his testimony.

17             You have also heard from one witness, Richard Cunniffe, who

18   testified that he has pleaded guilty to insider trading.  Mr. Cunniffe testified

19   pursuant to an agreement to cooperate with the Government. The law allows the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    use of accomplice testimony. Indeed, it is the law in federal courts that the

2    testimony of accomplices may be enough in itself for conviction, if the jury finds

3    that the testimony establishes guilt beyond a reasonable doubt. It is also the case,

4    however, that accomplice testimony is of such a nature that it must be scrutinized

5    with great care and viewed with particular caution when you decide how much of

6    that testimony to believe.

7

8              I have given you some general considerations on credibility and I will

9    not repeat them all here. Nor will I repeat all the arguments made on both sides.

10   Nevertheless, let me say a few things that you might want to consider during your

11   deliberations on the subject of accomplices. You should ask yourselves whether

12   Mr. Cunniffe would benefit more by lying or by telling the truth. Was his

13   testimony made up in any way because he believed or hoped that he would

14   somehow receive favorable treatment by testifying falsely? Or did he believe that

15   his interests would be best served by testifying truthfully? If you believe that the

16   witness was motivated by hopes of personal gain, was the motivation one that

17   would cause him to lie, or was it one that would cause him to tell the truth? Did

18   this motivation color his testimony? In sum, you should look at all of the evidence

19   in deciding what credence and what weight, if any, to give to an accomplice

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  witness.

2

3  ## **UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES**

4  There are people whose names you heard during the course of the trial

5  that did not appear in court to testify. I instruct you that each party had an equal

6  opportunity or lack of opportunity to call any of these witnesses, and that Robert

7  Stewart was unavailable to both sides.  Therefore, you should not draw any

8  inferences or reach any conclusions as to what they would have testified to had

9  they been called. Their absence should not affect your judgment in any way.

10

11  You should remember my instruction, however, that the law does not

12  impose on the defendant in a criminal case the burden or duty of calling any

13  witnesses or producing any evidence whatsoever, and that the burden always rests

14  with the Government to prove the defendant's guilt beyond a reasonable doubt.

15

16

17  ## **PERSONS NOT ON TRIAL**

18  You may not draw any inference, favorable or unfavorable, towards

19  the Government or the Defendant from the fact that any person other than the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Defendant is not on trial here.  You also may not speculate as to the reasons why

2    other persons are not on trial.  Those matters are wholly outside your concern and

3    have no bearing on your function as jurors.

4

5                          **<u>SUMMARY CHARTS</u>**

6              You have seen exhibits in the form of charts and summaries. These

7    exhibits purport to summarize the underlying evidence that was used to prepare

8    them. I decided to admit these charts and summaries in order to save time and to

9    avoid unnecessary inconvenience. You should consider these charts and summaries

10   as your would any other evidence.

11

12                  **<u>AUDIO RECORDINGS AND TRANSCRIPTS</u>**

13             The evidence admitted in this case includes one or more audio

14   recordings.  You must give the audio recording full consideration, along with all

15   the other evidence in the case, as you determine whether the Government has

16   proved the defendant's guilt beyond a reasonable doubt. You must do that even if

17   you disapprove of the way in which the evidence was collected.

18

19             In connection with these recordings, the government was permitted to

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   hand out transcripts. The transcripts were given to you as an aid to assist you in

2   listening to the tapes. The transcripts are not, however, evidence. Therefore, when

3   the tapes were played, I advised you to listen very carefully to the tapes

4   themselves. You must make your own determination of what appears on the tapes

5   based on what you heard. If you heard something different than what appears in the

6   transcripts, what you heard is controlling.

7

8                            **STIPULATIONS OF TESTIMONY**

9                   In this case you have heard evidence in the form of stipulations of

10  testimony. A stipulation of testimony is an agreement between the parties that, if

11  called as a witness, the person would have given certain testimony. You must

12  accept as true the fact that the witness would have given that testimony. However,

13  it is for you to determine the effect to be given that testimony.

14

15                            **STIPULATIONS OF FACT**

16                  In this case you have also heard evidence in the form of stipulations

17  that contained facts that were agreed to be true.  In such instances, you must accept

18  those facts as true.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    **PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED**

2    You have heard reference, in the arguments of defense counsel in this

3    case, to the fact that certain investigative techniques were not used by law

4    enforcement authorities.  There is no legal requirement that the Government prove

5    its case through any particular means.  However, you may consider the evidence as

6    to what was done or omitted in deciding whether the Government has met its

7    burden of proof, because, as I told you, you should look to all of the evidence and

8    lack of evidence in deciding whether the Defendant is guilty or not guilty.

9

10   **LAW ENFORCEMENT AND GOVERNMENT EMPLOYEE WITNESSES**

11   You have heard the testimony of law enforcement officials and of

12   employees of the Government.  The fact that a witness may be employed as a

13   federal or state law enforcement official or employee does not mean that his or her

14   testimony is necessarily deserving of more or less consideration or greater or lesser

15   weight than that of an ordinary witness.

16

17   It is your decision, after reviewing all the evidence, whether to accept

18   the testimony of the law enforcement or Government employee witness and to give

19   to that testimony the weight you find it deserves.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1

## **INTERNAL COMPLIANCE POLICIES**

3    During the course of the trial, you heard testimony and argument and

4  were shown exhibits regarding the internal compliance policies of JP Morgan and

5  Perella Weinberg. I remind and instruct you that a violation of a compliance policy

6  or an internal rule is not the same as a violation of the law. Even if a particular

7  disclosure of information would violate these policies, it would not necessarily

8  violate the law. You may consider such evidence and argument only as it related to

9  Mr. Stewart's state of mind. During your deliberations, you must follow my

10  instructions on the law and the definitions that I have provided to you.  To the

11  extent that the policies define terms in a manner inconsistent with the instructions I

12  have given you, the definition I provide is the definition you must use.  In this case,

13  your role is to determine whether the defendant violated the law, and specifically

14  whether he is guilty of the crimes charged in the indictment, not whether he may

15  have violated any internal policies.

16

## **LEGENDS**

18    As I have previously instructed you, on some of the J.P. Morgan and

19  Perella Weinberg documents you have seen, a legend along the lines of

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   "confidential treatment requested by" the respective company has been placed on

2   the documents in connection with this case.  Those legends have no significance

3   for your work in this case and you are to disregard them.

4

5   **IMPROPER CONSIDERATIONS:**

6   **RACE, RELIGION, NATIONAL ORIGIN, SEX, AGE, ETC.**

7            Your verdict must be based solely upon the evidence developed at

8   trial or the lack of evidence.  It would be improper for you to consider, in reaching

9   your decision as to whether the Government sustained its burden of proof, any

10  personal feelings you may have about the Defendant's race, religion, national

11  origin, sex, or age.  The parties in this case are entitled to a trial free from prejudice

12  and our judicial system cannot work unless you reach your verdict through a fair

13  and impartial consideration of the evidence.  It would also be improper for you to

14  allow any feelings you might have about the nature of the crimes charged to

15  interfere with your decision-making process.

16

17  **PUNISHMENT**

18           The question of possible punishment of the Defendant is of no

19  concern to the jury and should not, in any sense, enter into or influence your

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    deliberations.  The duty of imposing a sentence, if necessary, rests exclusively with

2    the Court.  Your function is to weigh the evidence in the case and to determine,

3    solely upon the basis of such evidence, whether or not Mr. Stewart is guilty beyond

4    a reasonable doubt.  Under your oath as jurors, you cannot allow a consideration of

5    the punishment that may be imposed upon Mr. Stewart, if he is convicted, to

6    influence your verdict in any way or to enter into your deliberations in any sense.

7

8                                    **INDICTMENT NOT EVIDENCE**

9                With these preliminary instructions in mind, let us turn to the charges

10   against Mr. Stewart that are contained in the Indictment.  I remind you that an

11   indictment itself is not evidence.  It merely describes the charges made against the

12   Defendant.  It is an accusation.  It may not be considered by you as any evidence of

13   the guilt of Mr. Stewart.

14

15               In reaching your determination as to whether the Government has

16   proven the Defendant guilty beyond a reasonable doubt, you may consider only the

17   evidence introduced or lack of evidence.  The indictment is not evidence.

18

19                               **MULTIPLE COUNTS - ONE DEFENDANT**

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    With these preliminary instructions in mind, let us turn to the specific

2    charges (or "counts" as they are sometimes called) against Mr. Stewart. I will, at

3    times, refer to each count by the number assigned to it in the Indictment, a copy of

4    which will be provided to you in the jury room when you retire to deliberate.  You

5    should know that there is no significance to the order of these numbers or the

6    specific number of counts charged, and indeed my instructions will follow a

7    different order than the order in which the various counts appear in the indictment.

8    There are <u>nine</u> <u>counts</u> in the indictment.  Mr. Stewart is charged in

9    Count One with conspiracy to commit securities fraud and to commit fraud in

10    connection with a tender offer, which is a particular kind of securities fraud. Based

11    on the same allegations, Mr. Stewart is charged in Count Two with conspiracy to

12    commit wire fraud. In Counts Three through Eight, Mr. Stewart is charged with

13    committing six acts of securities fraud itself; these are sometimes called

14    substantive counts. Finally, in Count Nine Mr. Stewart is charged with committing

15    a substantive act of tender offer fraud. In a moment, I will instruct you on each of

16    these charges in more detail. At the outset, however, let me instruct you that you

17    must consider each individual charge separately and evaluate each on the proof or

18    lack of proof that relates to that charge.

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1

2

3 ## **ELEMENTS OF THE OFFENSE**

4 —————

5 **SECURITIES FRAUD**

6          Let us turn first to the six substantive securities fraud charges, which

7 are listed in the indictment as Counts Three through Eight but which are more

8 convenient to consider before Counts One and Two. Each of these counts charges

9 Mr. Stewart with unlawfully disclosing to his father, Robert Stewart, certain

10 material, nonpublic information, and that Robert Stewart and/or his acquaintance,

11 Richard Cunniffe, then used this information to purchase securities.

12

13          Count Three charges Mr. Stewart with unlawfully disclosing material,

14 nonpublic information about Kendle International, to his father, which information

15 his father then used to purchase 2,775 shares of Kendle from on or about February

16 7, 2011 through on or about March 4, 2011.

17

18          Count Four charges Mr. Stewart with unlawfully disclosing material,

19 nonpublic information about Kinetic Concepts or "KCI" to his father, which

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    information his father then used to purchase approximately 700 shares of KCI from

2    on or about May 5 to on or about May 6, 2011.

3

4            Court Five also charges Mr. Stewart with unlawfully disclosing

5    material nonpublic information about KCI to his father, which information Mr.

6    Stewart's father then used to cause Richard Cunniffe to purchase 365 KCI call

7    option contracts from on or about April 21, 2011 to on or about June 23, 2011.

8

9            Count Six charges Mr. Stewart with unlawfully disclosing material,

10   nonpublic information about Gen Probe to his father, which information his father

11   then used to cause Cunniffe to purchase 320 Gen-Probe call option contracts from

12   on or about April 18, 2012 to on or about April 27, 2012.

13

14           Count Seven charges Mr. Stewart with unlawfully disclosing material,

15   nonpublic information about Lincare to his father, which information his father

16   then used to cause Cunniffe to purchase 375 Lincare call option contracts from on

17   or about May 29, 2012 to on or about June 28, 2012.

18

19           Count Eight charges Mr. Stewart with unlawfully disclosing material,

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    nonpublic information about CareFusion to his father, which information his father

2    then used to cause Cunniffe to purchase 630 CareFusion call option contracts from

3    on or about August 19, 2014 to on or about October 2, 2014.

4

5              As to any of these six substantive counts that you are considering, the

6    Government, in order to convict Mr. Stewart on that count, must prove each of the

7    following <u>three</u> elements beyond a reasonable doubt:

8

9              The <u>first</u> element is, that in connection with the purchase or sale of

10   securities on the company in question, the defendant employed a device, scheme,

11   or artifice to defraud.

12

13             The <u>second</u> element is, that when he engaged in this scheme, Mr.

14   Stewart acted knowingly, willfully, and with an intent to defraud the company

15   specified in any given count and its shareholders, or the source of the information.

16

17             The <u>third</u> element is that, the mail, interstate communication facility,

18   or a facility of a national securities exchange was used in furtherance of the

19   scheme.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  **A. The First Element: The Insider Trading Scheme**

2      A few words about the first element, device, scheme or artifice to

3  defraud: A device or artifice to defraud is merely a plan to accomplish a fraudulent

4  objective.  The specific device, scheme, or artifice to defraud that the Government

5  alleges that Mr. Stewart employed in connection with each of Counts Three

6  through Eight is known as insider trading.  For purposes of these charges, an

7  insider is a person who possesses material, nonpublic information about a publicly

8  traded company by virtue of a relationship that involves trust and confidence.  If a

9  person has such inside information and his position of trust and confidence

10  prevents him from disclosing that information, the law forbids him from buying or

11  selling the securities in question or assisting others to trade on the basis of that

12  information.

13

14      In order to find that the Government has established this first element

15  - that Mr. Stewart engaged in an insider trading scheme - you must find that the

16  Government has proven, beyond a reasonable doubt, each of four separate factors

17  that, taken together, constitute an insider trading scheme under the federal

18  securities laws.  The four factors are as follows:

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    <u>One</u>, that Mr. Stewart had a relationship of trust and confidence with

2    either the company at issue in the count being considered or the source from which

3    he obtained the information he allegedly disclosed;

4    <u>Two</u>, that Mr. Stewart violated the duty of trust and confidence by

5    disclosing to his father material, non-public information belonging to the company

6    specified in each count that he obtained by virtue of his relationship with the

7    company or the source from which he obtained the information he allegedly

8    disclosed;

9

10    <u>Three</u>, that Mr. Stewart anticipated that his father would trade on the

11    basis of this information and that his father then did so by buying the securities

12    specified in the count, or by having Mr. Cunniffe buy the security specified in the

13    count; and

14

15    <u>Four</u>, that, Mr. Stewart, in providing this information so that his father

16    could trade on it, anticipated receiving a personal benefit in return;

17

18    In order to establish the <u>first</u> <u>factor</u>, concerning the existence of a

19    relationship of trust and confidence, you must look to all of the facts and

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    circumstances and ask whether both the Defendant and the company or the

2    information source recognized that their relationship involved trust and confidence.

3

4              In order to establish the second factor, the Government must prove

5    beyond a reasonable doubt that any information disclosed by Mr. Stewart to his

6    father was both material and non-public.

7

8              Information is material if there is a substantial likelihood that a

9    reasonable investor would consider it important in deciding how to invest.  In other

10   words, there must be a substantial likelihood that a reasonable investor would view

11   it as significantly altering the "total mix" of information available.  Materiality of

12   the information is judged as of the time the information was disclosed.

13

14             Information is non-public if, at the time it was disclosed, it was not

15   available to the public through such sources as press releases, Securities and

16   Exchange Commission filings, trade publications, analysts' reports, newspapers,

17   magazines, rumors, word of mouth or other similar sources.  But the fact that

18   information has not appeared in a newspaper or other media does not prove that the

19   information is non-public. Sometimes a corporation is willing to make information

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    available to securities analysts, prospective investors, or members of the press who

2    ask for it even though it may never have appeared in any newspaper or other

3    publication. Such information would be considered public.  Accordingly,

4    information is not necessarily non-public simply because there has been no formal

5    announcement or because only a few people have been made aware of it.

6

7                [On the other hand, confirmation by an insider of facts or rumors that

8    the company has not confirmed publicly itself may be the disclosure of inside

9    information. A tip from a corporate insider that is more reliable or more specific

10   than rumor is non-public information, even if the information is also the subject of

11   rumors in the media or the investment community.]

12

13               In other to establish the <u>third</u> <u>factor</u>, that Mr. Stewart anticipated that

14   his father would trade on the information, the Government must prove beyond a

15   reasonable doubt that, at the time the information was disclosed, Mr. Stewart

16   anticipated that his father would use the information to trade in securities or cause

17   others to use the information to trade in securities.  The Government cannot prevail

18   by establishing only that Mr. Stewart shared information that he was required to

19   keep confidential.  The Government must instead prove beyond a reasonable doubt

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    that, at the time the information was disclosed, Mr. Stewart anticipated that his

2    father would use that information to trade in securities

3    .

4            In order to establish the <u>fourth factor</u> -personal benefit- the

5    Government must prove beyond a reasonable doubt that Mr. Stewart anticipated

6    receiving a personal benefit in return for providing material non-public information

7    to his father.  Personal benefit is broadly defined to include pecuniary gain, as well

8    as the benefit one would obtain from simply making a gift of confidential

9    information to a trading relative or friend.  However, the personal benefit received

10    in exchange for confidential information must be of some consequence.  Although

11    the receipt of personal benefit may be inferred from the personal relationship

12    between Mr. Stewart and his father, you may only draw this inference if you find

13    that there was an exchange between them that was objective, consequential, and

14    represents at least a potential gain of a pecuniary or similarly valuable nature.

15

16            As I indicated earlier, the Government must establish each of these

17    <u>four factors</u> beyond a reasonable doubt, in order for you to determine that the

18    Government has sustained its burden of proof as to the <u>first element</u> of the crime of

19    securities fraud on a particular count. If as to any count the Government has not

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    established that factor beyond a reasonable doubt, as to a particular securities fraud

2    count, then you must find that the Government did not satisfy its burden of proof,

3    and you must return a verdict of not guilty as to that count.

4

5    **B. The Second Element - State of Mind**

6         The second element of the crime of securities fraud relates to state of

7    mind.  If the Government proves beyond a reasonable doubt the four factors I just

8    explained – that is, if it proves that Mr. Stewart engaged in an insider trading

9    scheme – it must then prove that Mr. Stewart engaged in the scheme knowingly,

10   willfully, and with an intent to defraud.  To act knowingly means to act

11   intentionally, deliberately, and voluntarily, rather than by mistake, accident,

12   ignorance, or carelessness.  To act willfully means to act deliberately and with the

13   intent to do something that the law forbids.  For Mr. Stewart to have acted with the

14   intent to defraud, he must have known of the fraudulent nature of the scheme and

15   acted with the intent that it succeed.

16

17         It is not required that the Government show that Mr. Stewart, in

18   addition to knowing what he was doing and deliberately doing it, also knew that he

19   was violating some particular federal statute.  But Mr. Stewart must have acted

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    with the knowledge and intent to help carry out the insider trading scheme; that is,

2    the Government must prove beyond a reasonable doubt that Mr. Stewart provided

3    material non-public information to his father while anticipating that his father

4    would purchase securities on the basis of that information. A defendant cannot be

5    held liable for negligently or recklessly providing information.

6

7        Whether a person acted knowingly, willfully, and with intent to

8    defraud is a question of fact for you to determine, like any other fact question,

9    based on your evaluation of the evidence. Intent to defraud involves the state of a

10    person's mind and the purpose with which he acted at the time the acts in question

11    occurred. Direct proof of knowledge and intent to defraud is not required.

12    Knowledge and criminal intent may, like any other fact, be established by

13    circumstantial evidence.

14

15        Because an essential element of the crime charged is intent to defraud,

16    good faith on the part of Mr. Stewart is a complete defense to the charge of insider

17    trading.  That is, the law is not violated if the defendant held an honest belief that

18    his actions were not in furtherance of any unlawful scheme.  Thus, it is a complete

19    defense to the charge of insider trading if Mr. Stewart believed in good faith that

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1  any information he provided to his father would not be used for trading purposes.

2  A person who acts on a belief or opinion honestly held that turns out to be wrong,

3  is not punishable under these statutes.

4

5         It is not a criminal violation of these statutes to carelessly or

6  unreasonably share material non-public information with another person; instead,

7  the Government must prove beyond a reasonable doubt that Mr. Stewart intended

8  to defraud the company in question or the source of the information by sharing

9  information with his father, anticipating that his father would trade on that

10  information.

11

12  **C. The Third Element: Interstate Commerce**

13         The <u>third</u> and <u>final</u> element that the Government must prove beyond a

14  reasonable doubt is that the disclosure of material, nonpublic information or

15  trading based on that information involved the use of some instrumentality of

16  interstate commerce, such as an interstate telephone call, use of the mails, or use of

17  a facility of a national securities exchange, such as a stock or options trade made

18  on the NASDAQ, the New York Stock Exchange or the International Stock

19  Exchange.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1

2    As to each tip and trade alleged in Counts Three through Eight of the

3    Indictment, if you find that the Government has failed to prove any element of any

4    count beyond a reasonable doubt, then you must find Mr. Stewart not guilty of that

5    count. On the other hand, if you find that the Government has proven each

6    element, beyond a reasonable doubt, then you must find Mr. Stewart guilty of that

7    count.

8

9                          **TENDER OFFER FRAUD**

10    The last substantive count in the Indictment, Count Nine, charges Mr.

11    Stewart with fraud in connection with a tender offer. This relates to the acquisition

12    of Lincare by Linde AG, which the Government has alleged took the form of a

13    tender offer. To prove this count, the Government must establish beyond a

14    reasonable doubt the following <u>three</u> <u>elements</u>:

15

16    <u>First</u>, that Mr. Stewart communicated to another person (that is, his

17    father) material non-public information relating to the Lincare tender offer, which

18    he knew had been acquired directly or indirectly either from Linde or Lincare, or

19    any officer, director, partner, or employee, or any other person acting on behalf of

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Lincare or Linde;

2

3          <u>Second</u>, that Mr. Stewart made this communication at a time when

4    Linde had taken substantial steps to commence the tender offer.

5

6          A substantial step to commence a tender offer may include the

7    formulation of a plan or proposal to make a tender offer by the offering company

8    (here, Linde) or people working on its behalf. It may also include activities which

9    substantially facilitate the tender offer such as: hiring an investment bank, hiring

10   lawyers, arranging financing for the tender offer, or preparing or directing or

11   authorizing the preparation of tender offer materials.

12

13         <u>Third</u>, that, at the time of this communication, there were

14   circumstances that made it reasonably foreseeable to Mr. Stewart that the

15   communication would likely cause his father to purchase or sell Lincare stock, or

16   to have another person do so; and

17

18         <u>Fourth</u>, that Mr. Stewart acted willfully.  As I described earlier, to act

19   willfully means to act deliberately and with the intent to do something that the law

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    forbids.  For Mr. Stewart to have acted with the intent to commit fraud in

2    connection with a tender offer, he must have known of the fraudulent nature of the

3    scheme and acted with the intent that it succeed.  Because an essential element of

4    the crime charged is that Mr. Stewart acted willfully, that is, with the intent to

5    defraud, good faith on the part of Mr. Stewart is a complete defense. Thus, it is a

6    complete defense to the tender offer charge if Mr. Stewart believed in good faith

7    that any information he provided to his father would not be used to purchase or sell

8    Lincare stock.

9

10          The Government does not have to prove that Mr. Stewart knew that

11   the material, non-public information he was communicating related to a tender

12   offer specifically.  Also, for this count, the Government does not have to prove that

13   the Defendant acted in breach of any duty of trust or confidence, or that he acted

14   for personal benefit.

15

16   **CONSPIRACY TO COMMIT SECURITIES FRAUD AND TENDER**

17   **OFFER FRAUD**

18          I will now instruct you with respect to Count One.  Count One charges

19   Mr. Stewart with conspiracy to commit securities fraud and tender offer fraud.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Conspiracy is an entirely distinct and separate offense from substantive securities

2    fraud. In order to sustain its burden of proof with respect to a conspiracy charge,

3    the Government must prove beyond a reasonable doubt each of the following <u>three</u>

4    <u>elements</u>:

5

6            <u>First</u>, that the charged conspiracy existed;

7

8            <u>Second</u>, that Mr. Stewart intentionally joined and participated in this

9    conspiracy during the applicable time period; and

10

11            <u>Third</u>, that at least one of the co-conspirators committed an overt act

12    in furtherance of the conspiracy.

13

14            The <u>first</u> <u>element</u> is simply the existence of a conspiracy.  A

15    conspiracy is an agreement, or an understanding, by two or more persons to

16    accomplish an unlawful or criminal purpose.  In this case, the unlawful objects of

17    the conspiracy are alleged to be trading on the basis of material, non-public

18    information regarding Kendle, KCI, Gen-Probe, Lincare, and/or CareFusion.

19    Specifically, Mr. Stewart is charged with participating in a conspiracy to undertake

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    a scheme that meets the essential elements of insider trading and/or tender offer

2    fraud as I have already explained them to you in my Instructions regarding

3    securities fraud and tender offer fraud.

4

5           To prove that a conspiracy exists, the Government must prove that

6    two or more people explicitly or implicitly came to an understanding to achieve at

7    least one of the specified objects. It is not necessary for you to find that the

8    agreement was ever expressed orally or in writing, but the Government does have

9    to prove that there was a mutual understanding between at least two people.

10    The indictment charges that the conspiracy lasted from February 2011 to April

11    2015. It is not necessary for the Government to prove that the conspiracy lasted

12    throughout the entire period alleged, but only that it existed for some period within

13    that time frame.

14

15           If you conclude that the Government has proven beyond a reasonable

16    doubt that the charged conspiracy existed, you must then consider the second

17    essential element and determine whether the Government has proven, beyond a

18    reasonable doubt, that Mr. Stewart intentionally participated in the conspiracy.  To

19    prove this element, the Government must prove beyond a reasonable doubt that

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Mr. Stewart entered into the conspiracy and did so "knowingly" and "willfully" as

2    I have previously described those terms to you, and that he joined the insider

3    trading conspiracy for the purpose of furthering its unlawful object.

4

5            As I have already instructed you, knowingly means to act

6    intentionally and voluntarily, and not because of ignorance, mistake, accident or

7    carelessness.  Willfully means to act deliberately and with a purpose to do

8    something that the law forbids with knowledge that one's conduct is unlawful and

9    with the intent to do something that the law forbids.   A defendant's conduct is not

10   willful if it was undertaken in good faith, or done due to negligence, inadvertence

11   or mistake.

12

13           As I mentioned a moment ago, before a defendant can be found to

14   have been a coconspirator, you must first find that he knowingly entered into the

15   unlawful agreement or plan. The key question, therefore, is whether Mr. Stewart

16   entered into an agreement with an awareness of the basic aims and purposes of the

17   unlawful agreement.

18

19           It is not necessary that a defendant be fully informed of all the details

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    of the conspiracy, or all of its participants. He need know only one other member

2    of the conspiracy and need know and agree to only one of its objects.  He can join

3    the conspiracy at any point and need not have received any benefit in return, so

4    long as he in fact participated in the conspiracy in the manner I have explained.

5    I want to caution you, however, that a defendant's mere association with another

6    member of the alleged conspiracy does not make the defendant a member of the

7    conspiracy. In other words, knowledge and association without participation is not

8    sufficient. Moreover, the fact that the acts of a defendant, without knowledge,

9    merely happen to further the purposes or objectives of the conspiracy, does not

10   make the defendant a member.  More is required under the law. What is necessary

11   is that the defendant intentionally participated in the conspiracy with knowledge of

12   its unlawful purposes and with the intent to aid in the accomplishment of its

13   unlawful objective.

14

15            In sum, a defendant, with an understanding of the unlawful character

16   of the conspiracy, must intentionally have engaged, advised, or assisted in it for the

17   purpose of furthering an at least one of the unlawful objects charged.  A defendant

18   thereby becomes a knowing and willing participant in the unlawful agreement –

19   that is to say, a conspirator.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    The <u>third</u> <u>element</u> that the Government must prove, beyond a

2    reasonable doubt, is that some member of the conspiracy, not necessarily Mr.

3    Stewart, knowingly committed at least one overt act in furtherance of the

4    conspiracy. An overt act is any act intended to help achieve the object of the

5    conspiracy. An overt act, itself, need not be a criminal act, but it must contribute to

6    the goals of the conspiracy. The overt act requirement may be met even if the

7    fraudulent scheme is never actually carried out.

8

9    If you find that the Government has not proved, beyond a reasonable

10   doubt, any of those essential elements, then you must find Mr. Stewart not guilty of

11   Count One.  On the other hand, if you find that the Government proved, beyond a

12   reasonable doubt, that the charged conspiracy existed, that Mr. Stewart joined it

13   knowingly and willfully, and that at least one overt act was committed in

14   furtherance of the conspiracy, then you should find Mr. Stewart guilty of the

15   conspiracy crime charged in Count One.

16

17   **CONSPIRACY TO COMMIT WIRE FRAUD**

18   The final count to address is Count Two, which charges Mr. Stewart

19   with conspiracy to commit wire fraud. For this count, the Government must prove

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    beyond a reasonable doubt <u>two</u> <u>elements</u>:

2

3              <u>First</u>, that the charged conspiracy existed;

4

5              <u>Second</u>, that Mr. Stewart unlawfully, knowingly and intentionally

6    joined and participated in this conspiracy during the applicable time period.

7    As you will recognize, these are basically the same elements about which I

8    instructed you with respect to Count One.  My prior instructions about the

9    elements of Count One apply equally here, except the Government does <u>not</u> have

10   to prove that any <u>overt</u> <u>act</u> was taken in furtherance of the conspiracy.

11

12             The other difference between this count and Count One is the object

13   of the conspiracy charged: Here, the object is alleged to be wire fraud, not

14   securities fraud. Specifically, the wire fraud scheme that is alleged to be the object

15   of the conspiracy charged in Count Two is the use of the interstate or international

16   wires (for example, through phone calls, e-mail communications, or electronic

17   trades) in furtherance of a scheme to defraud one or more of the companies at issue

18   or the source of non-public information that was material to the company in

19   question or information source.  In this context, "material" means simply that the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   information was important to the company or the information source in making

2   decisions.

3

4            To prove this count, the Government must establish beyond a

5   reasonable doubt that Mr. Stewart agreed to: (1) employ a device, scheme, or

6   artifice to defraud or to obtain money or property by false pretenses,

7   representations or promises; (2) act knowingly and willfully, with knowledge of

8   the fraudulent nature of the scheme and with specific intent to defraud; and (3) in

9   the execution of the scheme, use, or cause to be used, interstate wires.  I explained

10  in the context of securities fraud what it means to employ a device, scheme, or

11  artifice to defraud, and to act knowingly and willfully.  Those earlier explanations

12  apply here.  To prove that Mr. Stewart conspired to act with specific intent to

13  defraud, the Government must prove that he agreed to act with the intent to deprive

14  the company at issue or the information source of something of value—for

15  example, material, non-public information, by providing that information to his

16  father with the anticipation that his father would trade or cause others to trade on

17  the basis of that information.  In this context, "material" means simply that the

18  information was important to the company or the information source in making

19  decisions.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    **CONSCIOUS AVOIDANCE**

2        As I have explained, all of the counts charged require the Government

3    to prove that Mr. Stewart acted knowingly.  In determining whether Mr. Stewart

4    acted knowingly, you may consider whether Mr. Stewart deliberately closed his

5    eyes to what otherwise would have been obvious.

6

7        I would like to point out that the necessary knowledge on the part of

8    Mr. Stewart with respect to any particular charge cannot be established by showing

9    that the defendant was careless, negligent, or foolish.  However, one may not

10   willfully and intentionally remain ignorant of a fact material and important to his

11   conduct in order to escape the consequences of criminal law.

12

13       Thus, if you find beyond a reasonable doubt that Mr. Stewart was

14   aware that there was a high probability that his father would, directly or indirectly,

15   trade in securities based on the confidential information Mr. Stewart allegedly

16   shared with him, but that Mr. Stewart deliberately and consciously avoided

17   confirming this fact, then you may treat this deliberate avoidance of positive

18   knowledge as the equivalent of knowledge.  In other words, a defendant cannot

19   avoid criminal responsibility for his own conduct by "deliberately closing his

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    eyes," or remaining purposefully ignorant of facts which would confirm to him that

2    he was engaged in criminal conduct.  However, if you find that Mr. Stewart

3    actually believed that his father was unlikely to trade, or cause trading, on the basis

4    of the information, he may not be convicted.

5

6           Finally, I caution you that the conscious avoidance doctrine as I have

7    explained is only applicable to the question of Mr. Stewart's knowledge.  It is not

8    applicable to the separate questions of whether Mr. Stewart acted willfully and

9    with the deliberate intent to commit the charged offenses.  You may not apply the

10   doctrine of conscious avoidance to decide whether Mr. Stewart formed the intent to

11   commit the charged offenses.

12

13                    **<u>DEFENSE THEORY OF CASE</u>**

14           <u>The defendant, Sean Stewart, contends that he did not provide his</u>

15   <u>father, Robert Stewart, with material non-public information with the anticipation</u>

16   <u>that his father would use the information to purchase securities, or with the</u>

17   <u>anticipation that his father would ask another person to purchase securities.</u>

18

19           <u>Sean Stewart acknowledges that, on a number of occasions, he</u>

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    violated the internal policies of JP Morgan Chase and Perella Weinberg by sharing

2    work information with his father that Sean Stewart was supposed to keep

3    confidential.  Sean Stewart contends, however, that, on those occasions, he never

4    expected or believed that his father would use this confidential information to

5    purchase securities, or that his father would ask another person to purchase

6    securities.

7

8            In essence, the defense theory is that, although Sean Stewart shared

9    confidential information with his father, he never intended to commit any crime

10   when doing so, and that he believed in good faith that the shared information

11   would not be used for trading purposes

12

13                                    **<u>VENUE</u>**

14           With respect any given count you are considering, the Government, in

15   addition to proving the essential elements of that charge, must also prove that at

16   least one act in furtherance of the crime charged occurred in the Southern District

17   of New York. This is called establishing venue.

18

19           The Southern District of New York includes all of Manhattan and the

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan

2    Counties.

3

4            The Government does not have to prove that a completed crime was

5    committed within the Southern District of New York, or that the Defendant was

6    ever in the Southern District of New York.  It is sufficient to satisfy the venue

7    requirement if any act in furtherance of the crime charged, occurred in this District.

8    The act itself may not be a criminal act. It could include, for example, processing

9    or executing a securities trade within this District. And the act need not have been

10    taken by Mr. Stewart, so long as the act was part of the crime that you find Mr.

11    Stewart committed.

12

13            Unlike the elements of the offenses which must be proven beyond a

14    reasonable doubt, the Government is only required to prove venue by a

15    preponderance of the evidence. A preponderance of the evidence means that it is

16    more probable than not that some act in furtherance of the crime you are

17    considering occurred in this District.

18

19

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    **VARIANCE IN DATES, ETC.**

2           The indictment refers to various dates and amounts. I instruct you that

3    it does not matter if a specific event is alleged to have occurred on or about a

4    certain date or month but the testimony indicates that in fact it was a different date

5    or month. Nor does it matter if the indictment alleges that a transaction involved a

6    specific number of shares or amount of money, but the testimony indicates that it

7    was a different amount. The law requires only a substantial similarity between the

8    dates, months, and amounts alleged in the indictment and the dates, months, and

9    amounts established by the evidence.

10

11   **[DEFENSE THEORY OF CASE]**

12   [Insert]

13

14                    **CONCLUSION OF INSTRUCTIONS**

15          This completes my instructions of the law.

16

17   **SELECTION OF THE FOREPERSON, RIGHT TO SEE EXHIBITS AND**

18   **HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT**

19          Now, for some general instructions that will guide you in your

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    deliberations. You will shortly retire to the jury room to begin your deliberations.

2    When you retire to the jury room, you must have a foreperson.  That person will

3    preside over the deliberations and speak for you here in open court.  Other than

4    those functions, the foreperson will have no greater nor lesser

5    authority than any other juror.

6

7           It is my custom to select the foreperson of the jury.  Accordingly, I am

8    now selecting juror number [___] as your foreperson.

9

10           All of the documentary exhibits that were received in evidence will

11    be provided to you in the jury room after you have retired to deliberate.  You may

12    also request to have any of the testimony read back.  Please remember that it is not

13    always easy to locate what you might want, so be as specific as you possibly can in

14    your requests.

15

16           I remind you that any notes you may have taken during trial are

17    simply an aid to your personal memory.  They are not to be shared.  Because the

18    notes may be inaccurate or incomplete, they may not be given any greater weight

19    or influence than the recollections of other jurors about the facts or the conclusions

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    to be drawn from the facts in determining the outcome of the case.  Any difference

2    between a juror's recollection and a juror's notes should always be settled by asking

3    to have the court reporter's transcript on that point read back to you.  You must

4    base your determination of the facts and, ultimately, your verdict, on the court

5    record rather than on your notes.

6

7            During your deliberations, you must not communicate with or provide

8    any information to anyone who is not part of the 12-member deliberating jury by

9    any means about this case.  You may not use any electronic device or media, such

10   as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any

11   internet service, or any text or instant messaging; or any internet chat room, blog or

12   website or social networking platform such as Facebook, LinkedIn, YouTube, or

13   Twitter, to communicate to anyone any information about this case or to conduct

14   any research about this case until I accept your verdict.  You must continue to

15   refrain from receiving any outside information about this case.

16

17           Each of your requests, and any communication with the Court, should

18   be made to me in writing, signed by your foreperson, and given to the U.S.

19   Marshal, who will be available outside the jury room throughout your

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1   deliberations.  After consulting with counsel, I will respond to any question or

2   request you have as promptly as possible, either in writing or by having you return

3   to the courtroom so that I can speak with you in person.

4

5   **DUTY TO CONSULT AND NEED FOR UNANIMITY**

6   The Government, to prevail with respect to each Count of the

7   Indictment, must prove the essential elements of the crime charged beyond a

8   reasonable doubt, as already explained in these instructions.  If the Government

9   succeeds, your verdict should be guilty; if the Government fails, your verdict

10  should be not guilty.

11

12  To report a verdict, your decision must be unanimous.

13

14  Your function is to weigh the evidence in the case and determine

15  whether or not the Defendant is guilty as to each crime charged in the Indictment,

16  solely upon the basis of such evidence.

17

18  Each of you must decide the case for yourself, after consideration,

19  with your fellow jurors, of the evidence of the case.  You should not hesitate to

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    change an opinion when convinced that it is erroneous.  However, you are not

2    bound to surrender your honest convictions concerning the effect or weight of the

3    evidence for the mere purpose of returning a verdict or solely because of the

4    opinion of other jurors.  Discuss and weigh your respective opinions

5    dispassionately, without regard to sympathy, without regard to prejudice or favor

6    for either party, and adopt that conclusion which in your good conscience appears

7    to be in accordance with the truth.

8

9            Again, each of you must make his or her own decision about the

10   proper outcome of this case based on your consideration of the evidence and your

11   discussions with your fellow jurors.  In short, your verdict, whether you find the

12   Defendant guilty or not guilty, must reflect your conscientious decision as to how

13   the issues should be decided.  And your decision must be unanimous.  That is, in

14   order to return a verdict, it is necessary that each juror agree to it.

15

16           If you are divided, do <u>not</u> report how the vote stands and, if you have

17   reached a verdict, do not report what it is until you are asked in open court.

18

19           After you have reached a verdict, your foreperson completes and signs

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    the verdict form that will be provided to you in the jury room after you have retired

2    to deliberate, and will advise the Marshal outside your door that you have reached

3    a verdict and are ready to return to the courtroom.  Place the completed verdict

4    form in an envelope marked "Verdict," seal the envelope and hand it to the

5    Marshal.  Then wait to be brought back into the courtroom.

6

7             Please remain silent, in your seats, while I confer briefly with counsel.

8

9                    **[SIDEBAR RE ANY OBJECTIONS TO CHARGE]**

10

11            At this time I will thank, and excuse from deliberations for now, the

12    two alternate jurors.  All of us in this courtroom are grateful for your faithful and

13    attentive participation in these proceedings.  Even though you are being excused

14    from deliberating for now you may be called to join the deliberations if that

15    becomes necessary in the future.  Accordingly, I am not releasing you from your

16    oath as jurors or from your obligations of confidentiality at this time.  You must

17    continue to follow my instructions to keep your views to yourself and not to

18    discuss the case, or anyone or anything having to do with it, in any way, with any

19    one at all.

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1    Please give Ms. Ng telephone numbers at which you can be reached,

2    and be prepared to return to the courthouse on two hours' notice if called to do so.

3    If you are not recalled during the deliberations, Ms. Ng will notify you after the

4    deliberations have ended.  Jurors 13 and  14, thank you.  Please accompany Ms. Ng

5    to the jury room to gather your belongings and give her your contact information.

6

7    We will all remain here, in our seats, until Ms. Ng returns.

8

9    The Marshal will now be sworn and you will retire to the jury room to

10   begin your deliberations.  You must only deliberate when all 12 of you are present

11   in the room.  You may deliberate today until 6:00 p.m., and tomorrow and

12   each succeeding week-day as necessary.  You must not discuss the case, or

13   anything or anyone having anything to do with it, in any way, outside the jury

14   room, when fewer than all 12 of you are present, or with anyone who is not a

15   member of this 12 member jury.  Leave all notes, exhibits and case related material

16   in the jury room at all times.   The Marshal will bring you back to the courtroom

17   for dismissal.

18

19   [Deputy Clerk swears Marshal in.]

*REFLECTING CONSIDERATION OF AUGUST 5, 2016, CORRESPONDENCE*

1

2          Mr. Marshal, please escort the jury to the jury room.

3