UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

TEL: (212)-805-0417
FAX: (212)-805-0426

August 11, 2016

VIA ECF & EMAIL
Sarah McCallum, Esq.
Brooke Cucinella, Esq.
Mark Gombiner, Esq.
Martin Cohen, Esq.

United States v. Sean Stewart
Criminal Action No. 15 Cr. 287 (LTS)

MEMORANDUM TO COUNSEL

Dear Counsel:

For your records, attached is the jury charge as given and as provided in hardcopy

to the jury.

Sincerely yours,

/s/

Lina Peng
Law Clerk to Judge Swain

w/ Enclosure

COURT EXHIBIT #4

| | |
|---|---|
| 1 | **JURY INSTRUCTIONS** |
| 2 | **U.S. v. Stewart, 15 CR 287** |
| 3 | |
| 4 | Ladies and gentlemen, I now am going to instruct you on the law, before you |
| 5 | begin your deliberations.  You must pay close attention and I will be as clear as possible. |
| 6 | |
| 7 | It has been obvious to me and counsel that you have faithfully discharged your |
| 8 | duty to listen carefully and observe each witness who testified.  Your interest has never flagged, |
| 9 | and you have followed the testimony with close attention. |
| 10 | |
| 11 | I ask you to give me that same careful attention as I instruct you on the law. |
| 12 | |
| 13 | The following instructions are rather extensive, so let me provide you with a brief |
| 14 | overview of what to expect.  I'll begin by instructing you on very important rules that are |
| 15 | generally applicable to all criminal jury trials.  Then, I will proceed to review the counts which |
| 16 | are charged in the Indictment and instruct you on the specific rules of law that you will have to |
| 17 | consider in deciding each count.  Finally, I will instruct you on the procedures you should follow |
| 18 | while conducting your deliberations. |
| 19 | |
| 20 | **ROLE OF THE COURT** |
| 21 | You have now heard all of the evidence in the case as well as the final arguments |
| 22 | of the lawyers for the Government and for Mr. Stewart, the Defendant. |

COURT EXHIBIT #4

1          My duty at this point is to instruct you as to the law.  It is your duty to accept

2    these instructions of law and apply them to the facts as you determine them, just as it has been

3    my duty to preside over the trial and decide what testimony and evidence is relevant under the

4    law for your consideration.

5

6          On these legal matters, you must take the law as I give it to you.  If any attorney

7    has stated a legal principle different from any that I state to you in my instructions, it is my

8    instructions that you must follow.

9

10         You should not single out any instruction as alone stating the law, but you should

11   consider my instructions as a whole when you retire to deliberate in the jury room.

12

13         You should not, any of you, be concerned about the wisdom of any rule that I

14   state. Regardless of any opinion that you may have as to what the law may be – or ought to be –

15   it would violate your sworn duty to base a verdict upon any other view of the law than that

16   which I give you.

17

18                            **ROLE OF THE JURY**

19         As members of the jury, you are the sole and exclusive judges of the facts.  You

20   pass upon the evidence.  You determine the credibility of the witnesses. You resolve such

21   conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide

22   to draw from the facts as you have determined  them, and you determine the weight of the

COURT EXHIBIT #4

1    evidence.

2

3              In determining these issues, no one may invade your province or function as

4    jurors.  In order for you to determine the facts, you must rely upon your own recollection of the

5    evidence. What the lawyers have said in their opening statements, in their closing arguments, in

6    the objections, or in their questions is not evidence.  Nor is what I may have said – or what I may

7    say in these instructions – about a fact issue, evidence.  In this connection, you should bear in

8    mind that a question put to a witness is never evidence; it is only the answer which is evidence.

9    But you may not consider any answer that I directed you to disregard or that I directed struck

10   from the record.  Do not consider such answers.

11

12             Since you are the sole and exclusive judges of the facts, I do not mean to indicate

13   any opinion as to the facts or what your verdict should be.  The rulings I have made during the

14   trial are not any indication of my views of what your decision should be as to whether or not the

15   Government has proven its case.

16

17             You are to understand that the Court has no opinion as to the verdict you should

18   render in this case.

19

20             As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to

21   perform the duty of finding the facts without bias or prejudice for or against any party.

22

COURT EXHIBIT #4

1

2

3                                    **JUROR OATH**

4              In determining the facts, you are reminded that you took an oath to render

5     judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the

6     evidence in the case and the applicable law.  I know that you will do this and reach a just and

7     true verdict.

8

9                         **JURY TO DISREGARD COURT'S VIEW**

10             I have not expressed, nor have I intended to intimate, any opinion as to which

11    witnesses are or are not worthy of belief, what facts are or are not established, or what inference

12    or inferences should be drawn from the evidence.  If any expression of mine has seemed to

13    indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I

14    repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the

15    credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be

16    exercised with sincere judgment, sound discretion, and in accordance with the rules of law that I

17    give you.  In making your determination of the facts in this case, your judgment must be applied

18    only to that which is properly in evidence.  Arguments of counsel are not in evidence, although

19    you may give consideration to those arguments in making up your mind on what inferences to

20    draw from the facts which are in evidence.

21

22             From time to time the Court has been called upon to pass upon the admissibility

Charge As Given.wpd          version 08/09/16                                              4

COURT EXHIBIT #4

1    of certain evidence.  I have tried to do so, in so far as it was practicable, out of your hearing.

2    The reasons for any such rulings are not your concern and you are not to draw any inferences

3    from them.  Whether evidence is admissible is purely a question of law in the province of the

4    Court and outside the province of the jury.  In admitting evidence to which objection has been

5    made, the Court does not determine what weight should be given to such evidence, nor does it

6    pass on the credibility of the evidence.  Of course, you will dismiss from your mind completely,

7    entirely, any evidence which has been ruled out of the case by the Court, and you must refrain

8    from speculation or conjecture or any guesswork about the nature or effect of any discussion

9    between Court and counsel held out of your hearing or sight.

10

11    **<u>CONDUCT OF COUNSEL</u>**

12    It is the duty of the attorney on each side of a case to object when the other side

13    offers testimony or other evidence which the attorney believes is not properly admissible.

14    Counsel also have the right and duty to ask the Court to make rulings of law and to request

15    conferences at the side bar out of the hearing of the jury.  All those questions of law must be

16    decided by me, the Court.  You should not show any prejudice against an attorney or the party

17    the attorney represents because the attorney objected to the admissibility of evidence, or asked

18    for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

19

20    As I already indicated, my rulings on the admissibility of evidence do not, unless

21    expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are

22    the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

COURT EXHIBIT #4

1        Your verdict should be based on the facts as found by you from the evidence and

2   the law as instructed by the Court.

3

4                        **REMARKS TO COUNSEL**

5        It is the duty of the attorneys to offer evidence and press objections on behalf of

6   their side.  It is my function to cut off counsel from an improper line of argument or questioning,

7   to strike offending remarks and to reprimand counsel when I think it is necessary.  But you

8   should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you

9   believe I like a lawyer.

10

11        I would like to express my gratitude to each of the attorneys for their

12   conscientious efforts and for work well done.

13

14          **PRESUMPTION OF INNOCENCE & BURDEN OF PROOF**

15        Mr. Stewart has pleaded not guilty to the Indictment, which contains the charges

16   for which he is now on trial.

17

18        As a result of Mr. Stewart's plea of not guilty the burden is on the Government to

19   prove him guilty beyond a reasonable doubt.  This burden never shifts to a defendant for the

20   simple reason that the law never imposes upon a defendant in a criminal case the burden or duty

21   of calling any witness or producing any evidence.

22

COURT EXHIBIT #4

1            The law presumes Mr. Stewart to be innocent of all the charges against him.  I

2   therefore instruct you that you are to presume that Mr. Stewart is innocent throughout your

3   deliberations until such time, if ever, that you as a jury are satisfied that the Government has

4   proven him guilty beyond a reasonable doubt.

5

6            Mr. Stewart begins the trial here with a clean slate.  This presumption of

7   innocence alone is sufficient to acquit a defendant unless you as jurors are, unanimously,

8   convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of

9   all of the evidence in this case.  If the Government fails to sustain its burden, you must find Mr.

10   Stewart not guilty.

11

12            This presumption was with Mr. Stewart when the trial began and remains with

13   him even now, as I speak to you, and will continue with Mr. Stewart into your deliberations

14   unless and until you are convinced that the Government has proven him guilty beyond a

15   reasonable doubt.

16

17                             **<u>REASONABLE DOUBT</u>**

18            I have said that the Government must prove Mr. Stewart guilty beyond a

19   reasonable doubt.  The question naturally is: what is a reasonable doubt?  The words almost

20   define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a

21   reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause

22   a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof

COURT EXHIBIT #4

1    beyond a reasonable doubt must, therefore, be proof of such a convincing character that a

2    reasonable person would not hesitate to rely and act upon it in the most important of his or her

3    own affairs.  A reasonable doubt is not a caprice or whim; it is not speculation or suspicion.  It is

4    not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

5

6              In a criminal case, the burden is at all times upon the Government to prove guilt

7    beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all

8    possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never

9    shifts to the defendant, which means that it is always the Government's burden to prove each of

10   the elements of each of the crimes charged beyond a reasonable doubt.

11

12             If, after fair and impartial consideration of all of the evidence, you have a

13   reasonable doubt, it is your duty to acquit Mr. Stewart.  On the other hand, if after fair and

14   impartial consideration of all the evidence, you are satisfied of Mr. Stewart's guilt beyond a

15   reasonable doubt, it is your duty to convict.

16

17                          **THE GOVERNMENT AS A PARTY**

18             You are to perform the duty of finding the facts without bias or prejudice as to

19   any party.  You are to perform this duty in an attitude of complete fairness and impartiality.

20

21             This case is important to the Government, for the enforcement of criminal laws is

22   a matter of prime concern to the community.  Equally, it is important to the Defendant, who is

COURT EXHIBIT #4

1    charged with serious crimes.

2

3            The fact that the prosecution is brought in the name of the United States of

4    America entitles the Government to no greater consideration than that accorded to any other

5    party to a litigation.  By the same token, it is entitled to no less consideration.  All parties,

6    whether government or individuals, stand as equals at the bar of justice.

7

8                        **WHAT IS AND IS NOT EVIDENCE**

9            The evidence in this case is the sworn testimony of the witnesses, the exhibits

10   received in evidence and stipulations.

11

12           By contrast, the question of a lawyer is not to be considered by you as evidence.

13   It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on

14   cross-examination may have incorporated into a question a statement which assumed certain

15   facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of

16   a statement, and if there is no direct evidence in the record proving that assumed fact to be true,

17   then you may not consider it to be true simply because it was contained in the lawyer's question.

18

19           An example of this is a lawyer's question of a witness: "When did you stop

20   drinking excessively?"  You would not be permitted to consider as true the assumed fact that the

21   witness had ever been drinking excessively unless the witness herself indicated that she had, or

22   unless there was some other evidence in the record that the witness had been drinking

COURT EXHIBIT #4

1    excessively.

2

3              Testimony that has been stricken or excluded is not evidence and may not be

4    considered by you in rendering your verdict.  Also, if certain testimony was received for a

5    limited purpose – such as for the purpose of assessing a witness' credibility--you must follow any

6    limiting instructions I have given.

7

8              Arguments by lawyers are not evidence, because the lawyers are not witnesses.

9    What they have said to you in their opening statements and in their summations is intended to

10   help you understand the evidence to reach your verdict.  However, if your recollection of the

11   facts differs from the lawyers' statements, it is your recollection which controls.

12

13             To constitute evidence, exhibits must be received in evidence.  Exhibits which

14   have been marked for identification may not be considered by you as evidence until and unless

15   they have been received in evidence by the Court.

16

17             Materials brought forth only to refresh a witness' recollection are not evidence.

18

19             Finally, statements that I may have made concerning the quality of the evidence

20   do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the

21   testimony you have heard and the exhibits you have seen.

22

COURT EXHIBIT #4

1  **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2            There are two types of evidence which you may properly use in reaching your

3  verdict.

4

5            One type of evidence is direct evidence.  Direct evidence is testimony about

6  something the witness knows by virtue of his own senses – something he has seen, felt, touched,

7  or heard.  Direct evidence may also be in the form of an exhibit, where the fact to be proved is its

8  present existence or condition.

9

10           Circumstantial evidence is evidence that tends to prove a disputed fact by proof of

11  other facts.  Here is a simple example of circumstantial evidence.  Assume that, when you came

12  into the courthouse this morning, it was a nice day.  Assume that the courtroom blinds were

13  drawn and you could not look outside.  As you were sitting here, someone walked in with a wet

14  coat and hat.  Then, a few minutes later, another person entered with a wet umbrella.  Now, you

15  cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you

16  have no direct evidence of that fact.  But on the combination of facts which I have asked you to

17  assume, it would be reasonable and logical for you to conclude that it had begun to rain.

18

19           That is all there is to circumstantial evidence.  You infer on the basis of reason

20  and experience and common sense, from one established fact, the existence or non-existence of

21  some other fact.

22

Charge As Given.wpd          version 08/09/16                                                    11

COURT EXHIBIT #4

1    Circumstantial evidence is of no less value than direct evidence.  It is a general

2    rule that the law makes no distinction between direct evidence and circumstantial evidence.

3

4                                    **INFERENCE DEFINED**

5    You have just heard me use the term "infer," and in their arguments the attorneys

6    may have asked you to infer, on the basis of your reason, experience, and common sense, from

7    one or more established facts, the existence of some other fact.

8

9    An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that

10   a disputed fact exists on the basis of another fact which has been shown to exist.

11

12   There are times when different inferences may be drawn from facts, whether

13   proved by direct or circumstantial evidence.  The Government may ask you to draw one set of

14   inferences, while the defense may ask you to draw another.  It is for you, and you alone, to

15   decide what inferences you will draw.

16

17   The process of drawing inferences from facts in evidence is not a matter of

18   guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are

19   permitted to draw – but are not required to draw – from the facts which have been established by

20   either direct or circumstantial evidence.  In drawing inferences, you should exercise your

21   common sense.

22

COURT EXHIBIT #4

1      So, while you are considering the evidence presented to you, you are permitted to

2   draw, from the facts which you find to be proven, such reasonable inferences as would be

3   justified in light of your experience.

4

5                              **WITNESS CREDIBILITY**

6      You have had the opportunity to observe all the witnesses.  It is now your job to

7   decide how believable each witness was in his or her testimony.  You are the sole judges of the

8   credibility of each witness and of the importance of his or her testimony.

9

10      It must be clear to you by now that you are being called upon to resolve various

11   factual issues raised by the parties in the face of very different pictures painted by both sides.  In

12   making these judgments, you should carefully scrutinize all of the testimony of each witness, the

13   circumstances under which each witness testified, and any other matter in evidence which may

14   help you decide the truth and the importance of each witness' testimony.

15

16      How do you determine where the truth lies?  You watched the witness testify.

17   Everything a witness said or did on the witness stand counts in your determination.  How did the

18   witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and

19   edgy as if hiding something?  How did the witness appear; what was his or her demeanor – that

20   is, the person's carriage, behavior, bearing, manner and appearance while testifying?  Often it is

21   not what a person says but how he or she says it that moves us.

22

COURT EXHIBIT #4

1          You should use all the tests for truthfulness that you would use in determining

2   matters of importance to you in your everyday life.  You should consider any bias or hostility the

3   witness may have shown for or against any party as well as any interest the witness has in the

4   outcome of the case.  You should consider the opportunity the witness had to see, hear, and

5   know the things about which he or she testified, the accuracy of the witness' memory, the

6   witness' candor or lack of candor, the witness' intelligence, the reasonableness and probability

7   of his or her testimony and its consistency or lack of consistency, and its corroboration or lack

8   corroboration with other credible testimony.

9

10          If you find that a witness has testified falsely as to any material fact or if you find

11   that a witness has been previously untruthful when testifying under oath or otherwise, you may

12   reject that witness' testimony in its entirety or you may accept only those parts that you believe

13   to be truthful or that are corroborated by other independent evidence in the case.

14

15          It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me

16   as the judge, to decide the credibility of witnesses who appeared here and the weight that their

17   testimony deserves.

18

19          What you must try to do in deciding credibility is to size a witness up in light of

20   the witnesses's demeanor, the explanations given and all of the other evidence in the case.

21   Always remember that you should use your common sense, your good judgment and your own

22   life experience.

COURT EXHIBIT #4

1        **BIAS**

2              In deciding whether to believe a witness, you should specifically note any

3    evidence of hostility or affection which the witness may have towards one of the parties.

4    Likewise, you should consider evidence of any other interest or motive that the witness may

5    have in cooperating with a particular party.

6

7              It is your duty to consider whether the witness has permitted any such bias or

8    interest to color his or her testimony.  In short, if you find that a witness is biased, you should

9    view his or her testimony with caution, weigh it with care and subject it to close and searching

10   scrutiny.

11

12       **INTEREST IN OUTCOME**

13             In evaluating the credibility of the witnesses, you should take into account any

14   evidence that a witness may benefit in some way from the outcome of the case.  Such interest in

15   the outcome creates a motive to testify falsely and may sway a witness to testify in a way that

16   advances his or her own interests.  Therefore, if you find that any witness whose testimony you

17   are considering may have an interest in the outcome of this trial, then you should bear that factor

18   in mind when evaluating the credibility of his or her testimony, and accept it with great care.

19

20             Keep in mind, though, that it does not automatically follow that testimony given

21   by an interested witness is to be disbelieved.  There are many people who, no matter what their

22   interest in the outcome of the case may be, would not testify falsely.  It is for you to decide,

COURT EXHIBIT #4

1    based on your own perceptions and common sense, to what extent, if at all, the witness' interest

2    has affected his or her testimony.

3

4                              **<u>DISCREPANCIES IN TESTIMONY</u>**

5                You may have heard evidence of discrepancies in the testimony of certain

6    witnesses, and counsel may have argued that such discrepancies are a reason for you to reject the

7    testimony of those witnesses.

8

9                You are instructed that evidence of discrepancies may be a basis to disbelieve a

10   witness' testimony.  On the other hand, discrepancies in a witness' testimony or between his

11   testimony and that of others do not necessarily mean that the witness' entire testimony should be

12   discredited.

13

14               People sometimes forget things and even a truthful witness may be nervous and

15   contradict him or herself.  It is also a fact that two people witnessing an event will see or hear it

16   differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail

17   should be considered in weighing its significance; but a willful falsehood always is a matter of

18   importance and should be considered seriously.

19

20               It is for you to decide, based on your total impression of the witness, how to

21   weigh the discrepancies in his or her testimony. You should, as always, use common sense and

22   your own good judgment.

COURT EXHIBIT #4

1    **IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

2            You have heard evidence that at some earlier time a witness has said or done

3    something which counsel argues is inconsistent with the witness' trial testimony.

4

5            Evidence of a prior inconsistent statement is not to be considered by you as

6    affirmative evidence in determining guilt.  Evidence of a prior inconsistent statement was placed

7    before you for the more limited purpose of helping you decide whether to believe the trial

8    testimony of the witness who contradicted him or herself.  If you find that the witness made an

9    earlier statement that conflicts with his or her trial testimony, you may consider that fact in

10   deciding how much of his or her trial testimony, if any, to believe.

11

12           In making this determination, you may consider whether the witness purposely

13   made a false statement or whether it was an innocent mistake; whether the inconsistency

14   concerns an important fact, or whether it had to do with a small detail; whether the witness had

15   an explanation for the inconsistency, and whether that explanation appealed to your common

16   sense.

17

18           It is exclusively your duty, based upon all the evidence and your own good

19   judgment, to determine whether the prior statement was inconsistent, and if so how much, if any,

20   weight to give to the inconsistent statement in determining whether to believe all or part of the

21   witness' testimony.

22

COURT EXHIBIT #4

1                          **DEFENDANT'S TESTIMONY**

2              The defendant in a criminal case never has any duty to testify or come forward

3    with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable

4    doubt remains on the Government at all times, and the defendant is presumed innocent. In this

5    case, Mr. Stewart did testify and he was subject to cross-examination like any other witness. The

6    fact that he testified does not in any way remove or lessen the burden on the Government to

7    prove the charges against him beyond a reasonable doubt. Mr. Stewart did not have to testify,

8    and in fact, did not have to present any evidence whatsoever. You should examine and evaluate

9    Mr. Stewart's testimony just as you would the testimony of any witness with an interest in the

10   outcome of the case.

11

12                         **PREPARATION OF WITNESSES**

13             You have heard evidence that, prior to appearing in court, witnesses have

14   discussed the facts of the case and their testimony with attorneys. Although you may consider

15   this fact when you are evaluating a witness's credibility, I should tell you that there is nothing

16   either improper or unusual about a witness meeting with lawyers before testifying, so that the

17   witness can be aware of the subjects he or she will be questioned about, and can focus on those

18   subjects and have the opportunity to prepare or review relevant exhibits before being questioned

19   about them. Such consultation helps conserve your time and the Court's time. In fact, it would be

20   unusual for a lawyer to call a witness without such consultation.

21

22

COURT EXHIBIT #4

1        **ACCOMPLICE/COOPERATING WITNESS TESTIMONY**

2                You have heard from a witness, Mark Boccia, who testified pursuant to a grant of

3        immunity. This witness's testimony may not be used against him in any criminal proceeding,

4        except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with

5        his immunity order or non-prosecution agreement. You should weigh the credibility of this

6        witness carefully, considering the impact that any incentive, motive, bias, or prejudice may have

7        had on his testimony.

8                You have also heard from one witness, Richard Cunniffe, who testified that he

9        has pleaded guilty to insider trading.  Mr. Cunniffe testified pursuant to an agreement to

10       cooperate with the Government. The law allows the use of accomplice testimony. Indeed, it is

11       the law in federal courts that the testimony of accomplices may be enough in itself for

12       conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt. It is

13       also the case, however, that accomplice testimony is of such a nature that it must be scrutinized

14       with great care and viewed with particular caution when you decide how much of that testimony

15       to believe.

16

17               I have given you some general considerations on credibility and I will not repeat

18       them all here. Nor will I repeat all the arguments made on both sides. Nevertheless, let me say a

19       few things that you might want to consider during your deliberations on the subject of

20       accomplices. You should ask yourselves whether Mr. Cunniffe would benefit more by lying or

21       by telling the truth. Was his testimony made up in any way because he believed or hoped that he

22       would somehow receive favorable treatment by testifying falsely? Or did he believe that his

COURT EXHIBIT #4

1    interests would be best served by testifying truthfully? If you believe that the witness was

2    motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was

3    it one that would cause him to tell the truth? Did this motivation color his testimony? In sum,

4    you should look at all of the evidence in deciding what credence and what weight, if any, to give

5    to an accomplice witness.

6

7                    **UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES**

8                    There are people whose names you heard during the course of the trial that did

9    not appear in court to testify. I instruct you that each party had an equal opportunity or lack of

10   opportunity to call any of these witnesses, and that Robert Stewart was unavailable to both sides.

11   Therefore, you should not draw any inferences or reach any conclusions as to what they would

12   have testified to had they been called. Their absence should not affect your judgment in any way.

13

14                   You should remember my instruction, however, that the law does not impose on

15   the defendant in a criminal case the burden or duty of calling any witnesses or producing any

16   evidence whatsoever, and that the burden always rests with the Government to prove the

17   defendant's guilt beyond a reasonable doubt.

18

19                          **PERSONS NOT ON TRIAL**

20                   You may not draw any inference, favorable or unfavorable, towards the

21   Government or the Defendant from the fact that any person other than the Defendant is not on

22   trial here.  You also may not speculate as to the reasons why other persons are not on trial.

Charge As Given.wpd          version 08/09/16                                                20

COURT EXHIBIT #4

1   Those matters are wholly outside your concern and have no bearing on your function as jurors.

2

3                                    **SUMMARY CHARTS**

4          You have seen exhibits in the form of charts and summaries. These exhibits

5   purport to summarize the underlying evidence that was used to prepare them. I decided to admit

6   these charts and summaries in order to save time and to avoid unnecessary inconvenience. You

7   should consider these charts and summaries as you would any other evidence.

8

9                          **AUDIO RECORDINGS AND TRANSCRIPTS**

10         The evidence admitted in this case includes one or more audio recordings.  You

11  must give the audio recordings full consideration, along with all the other evidence in the case,

12  as you determine whether the Government has proved the Defendant's guilt beyond a reasonable

13  doubt. You must do that even if you disapprove of the way in which the evidence was collected.

14

15         In connection with these recordings, the Government was permitted to hand out

16  transcripts. The transcripts were given to you as an aid to assist you in listening to the

17  recordings. The transcripts are not, however, evidence. Therefore, when the recordings were

18  played, I advised you to listen very carefully to the recordings themselves. You must make your

19  own determination of what appears on the recordings based on what you heard. If you heard

20  something different than what appears in the transcripts, what you heard is controlling.

21

22

COURT EXHIBIT #4

1          **STIPULATIONS OF TESTIMONY**

2                    In this case you have heard evidence in the form of stipulations of testimony. A

3     stipulation of testimony is an agreement between the parties that, if called as a witness, the

4     person would have given certain testimony. You must accept as true the fact that the witness

5     would have given that testimony. However, it is for you to determine the effect to be given that

6     testimony.

7

8          **STIPULATIONS OF FACT**

9                    In this case you have also heard evidence in the form of stipulations that

10    contained facts that were agreed to be true.  In such instances, you must accept those facts as

11    true.

12

13          **PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED**

14                   You have heard reference, in the arguments of defense counsel in this case, to the

15    fact that certain investigative techniques were not used by law enforcement authorities.  There is

16    no legal requirement that the Government prove its case through any particular means.

17    However, you may consider the evidence as to what was done or omitted in deciding whether the

18    Government has met its burden of proof, because, as I told you, you should look to all of the

19    evidence and lack of evidence in deciding whether the Defendant is guilty or not guilty.

20

21          **LAW ENFORCEMENT AND GOVERNMENT EMPLOYEE WITNESSES**

22                   You have heard the testimony of law enforcement officials and of employees of

COURT EXHIBIT #4

1   the Government.  The fact that a witness may be employed as a federal or state law enforcement

2   official or employee does not mean that his or her testimony is necessarily deserving of more or

3   less consideration or greater or lesser weight than that of an ordinary witness.

4

5          It is your decision, after reviewing all the evidence, whether to accept the

6   testimony of the law enforcement or Government employee witness and to give to that testimony

7   the weight you find it deserves.

8

9                              **INTERNAL COMPLIANCE POLICIES**

10         During the course of the trial, you heard testimony and argument and were shown

11  exhibits regarding the internal compliance policies of JP Morgan and Perella Weinberg. I remind

12  and instruct you that a violation of a compliance policy or an internal rule is not the same as a

13  violation of the law. Even if a particular disclosure of information would violate these policies, it

14  would not necessarily violate the law. You may consider such evidence and argument only as it

15  related to Mr. Stewart's state of mind. During your deliberations, you must follow my

16  instructions on the law and the definitions that I have provided to you.  To the extent that the

17  policies define terms in a manner inconsistent with the instructions I will give you, the definition

18  I provide is the definition you must use.  In this case, your role is to determine whether the

19  defendant violated the law, and specifically whether he is guilty of the crimes charged in the

20  indictment, not whether he may have violated any internal policies.

21

22

COURT EXHIBIT #4

1                                    **LEGENDS**

2              As I have previously instructed you, on some of the J.P. Morgan and Perella

3    Weinberg documents you have seen, a legend along the lines of "confidential treatment

4    requested by" the respective company has been placed on the documents in connection with this

5    case.  Those legends have no significance for your work in this case and you are to disregard

6    them.

7

8                       **IMPROPER CONSIDERATIONS:**

9              **RACE, RELIGION, NATIONAL ORIGIN, SEX, AGE, ETC.**

10             Your verdict must be based solely upon the evidence developed at trial or the lack

11   of evidence.  It would be improper for you to consider, in reaching your decision as to whether

12   the Government sustained its burden of proof, any personal feelings you may have about the

13   Defendant's race, religion, national origin, sex, or age.  The parties in this case are entitled to a

14   trial free from prejudice and our judicial system cannot work unless you reach your verdict

15   through a fair and impartial consideration of the evidence.  It would also be improper for you to

16   allow any feelings you might have about the nature of the crimes charged to interfere with your

17   decision-making process.

18

19                                 **PUNISHMENT**

20             The question of possible punishment of the Defendant is of no concern to the jury

21   and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a

22   sentence, if necessary, rests exclusively with the Court.  Your function is to weigh the evidence

COURT EXHIBIT #4

1     in the case and to determine, solely upon the basis of such evidence, whether or not Mr. Stewart

2     is guilty beyond a reasonable doubt.  Under your oath as jurors, you cannot allow a consideration

3     of the punishment that may be imposed upon Mr. Stewart, if he is convicted, to influence your

4     verdict in any way or to enter into your deliberations in any sense.

5

6                                     **INDICTMENT NOT EVIDENCE**

7            With these preliminary instructions in mind, let us turn to the charges against Mr.

8     Stewart that are contained in the Indictment.  I remind you that an indictment itself is not

9     evidence.  It merely describes the charges made against the Defendant.  It is an accusation.  It

10    may not be considered by you as any evidence of the guilt of Mr. Stewart.

11

12            In reaching your determination as to whether the Government has proven the

13    Defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or

14    lack of evidence.  The indictment is not evidence.

15

16                         **MULTIPLE COUNTS - ONE DEFENDANT**

17            With these preliminary instructions in mind, let us turn to the specific charges (or

18    "counts" as they are sometimes called) against Mr. Stewart. I will, at times, refer to each count

19    by the number assigned to it in the Indictment, a copy of which will be provided to you in the

20    jury room when you retire to deliberate.  You should know that there is no significance to the

21    order of these numbers or the specific number of counts charged, and indeed my instructions will

22    follow a different order than the order in which the various counts appear in the indictment.

COURT EXHIBIT #4

1          There are <u>nine</u> <u>counts</u> in the indictment.  Mr. Stewart is charged in Count One

2     with conspiracy to commit securities fraud and to commit fraud in connection with a tender

3     offer, which is a particular kind of securities fraud. Based on the same allegations, Mr. Stewart is

4     charged in Count Two with conspiracy to commit wire fraud. In Counts Three through Eight,

5     Mr. Stewart is charged with committing six acts of securities fraud itself; these are sometimes

6     called substantive counts. Finally, in Count Nine Mr. Stewart is charged with committing a

7     substantive act of tender offer fraud. In a moment, I will instruct you on each of these charges in

8     more detail. At the outset, however, let me instruct you that you must consider each individual

9     charge separately and evaluate each on the proof or lack of proof that relates to that charge.

10

11                    **<u>ELEMENTS OF THE OFFENSE</u>**

12    **SECURITIES FRAUD**

13          Let us turn first to the six substantive securities fraud charges, which are listed in

14    the indictment as Counts Three through Eight but which are more convenient to consider before

15    Counts One and Two. Each of these counts charges Mr. Stewart with unlawfully disclosing to

16    his father, Robert Stewart, certain material, nonpublic information, and that Robert Stewart

17    and/or his acquaintance, Richard Cunniffe, then used this information to purchase securities.

18

19          Count Three charges Mr. Stewart with unlawfully disclosing material, nonpublic

20    information about Kendle International, to his father, which information his father then used to

21    purchase 2,775 shares of Kendle from on or about February 7, 2011 through on or about March

22    4, 2011.

COURT EXHIBIT #4

1    Count Four charges Mr. Stewart with unlawfully disclosing material, nonpublic

2    information about Kinetic Concepts or "KCI" to his father, which information his father then

3    used to purchase approximately 700 shares of KCI from on or about May 5 to on or about May

4    6, 2011.

5

6    Court Five also charges Mr. Stewart with unlawfully disclosing material

7    nonpublic information about KCI to his father, which information Mr. Stewart's father then used

8    to cause Richard Cunniffe to purchase 365 KCI call option contracts from on or about April 21,

9    2011 to on or about June 23, 2011.

10

11   Count Six charges Mr. Stewart with unlawfully disclosing material, nonpublic

12   information about Gen Probe to his father, which information his father then used to cause

13   Cunniffe to purchase 320 Gen-Probe call option contracts from on or about April 18, 2012 to on

14   or about April 27, 2012.

15

16   Count Seven charges Mr. Stewart with unlawfully disclosing material, nonpublic

17   information about Lincare to his father, which information his father then used to cause Cunniffe

18   to purchase 375 Lincare call option contracts from on or about May 29, 2012 to on or about June

19   28, 2012.

20

21   Count Eight charges Mr. Stewart with unlawfully disclosing material, nonpublic

22   information about CareFusion to his father, which information his father then used to cause

COURT EXHIBIT #4

1    Cunniffe to purchase 630 CareFusion call option contracts from on or about August 19, 2014 to

2    on or about October 2, 2014.

3

4              As to any of these six substantive counts that you are considering, the

5    Government, in order to convict Mr. Stewart on that count, must prove each of the following

6    three elements beyond a reasonable doubt:

7

8              The first element is, that in connection with the purchase or sale of securities of

9    the company in question, the defendant employed a device, scheme, or artifice to defraud.

10

11             The second element is, that when he engaged in this scheme, Mr. Stewart acted

12   knowingly, willfully, and with an intent to defraud the company specified in any given count and

13   its shareholders, or the source of the information.

14

15             The third element is that, the mail, interstate communication facility, or a facility

16   of a national securities exchange was used in furtherance of the scheme.

17

18   **A. The First Element: The Insider Trading Scheme**

19             A few words about the first element, device, scheme or artifice to defraud: A

20   device or artifice to defraud is merely a plan to accomplish a fraudulent objective.  The specific

21   device, scheme, or artifice to defraud that the Government alleges that Mr. Stewart employed in

22   connection with each of Counts Three through Eight is known as insider trading.  For purposes

COURT EXHIBIT #4

1   of these charges, an insider is a person who possesses material, nonpublic information about a

2   publicly traded company by virtue of a relationship that involves trust and confidence.  If a

3   person has such inside information and his position of trust and confidence prevents him from

4   disclosing that information, the law forbids him from buying or selling the securities in question

5   or assisting others to trade on the basis of that information.

6

7            In order to find that the Government has established this first element - that Mr.

8   Stewart engaged in an insider trading scheme - you must find that the Government has proven,

9   beyond a reasonable doubt, each of four separate factors that, taken together, constitute an

10  insider trading scheme under the federal securities laws.  The four factors are as follows:

11

12            One, that Mr. Stewart had a relationship of trust and confidence with either the

13  company at issue in the count being considered or the source from which he obtained the

14  information he allegedly disclosed;

15            Two, that Mr. Stewart violated the duty of trust and confidence by disclosing to

16  his father material, non-public information belonging to the company specified in each count

17  that he obtained by virtue of his relationship with the company or the source from which he

18  obtained the information he allegedly disclosed;

19

20            Three, that Mr. Stewart anticipated that his father would trade on the basis of this

21  information and that his father then did so by buying the securities specified in the count, or by

22  having Mr. Cunniffe buy the security specified in the count; and

COURT EXHIBIT #4

1        Four, that, Mr. Stewart, in providing this information so that his father could trade

2    on it, anticipated receiving a personal benefit in return;

3

4        In order to establish the first factor, concerning the existence of a relationship of

5    trust and confidence, you must look to all of the facts and circumstances and ask whether both

6    the Defendant and the company or the information source recognized that their relationship

7    involved trust and confidence.

8

9        In order to establish the second factor, the Government must prove beyond a

10   reasonable doubt that any information disclosed by Mr. Stewart to his father was both material

11   and non-public.

12

13       Information is material if there is a substantial likelihood that a reasonable

14   investor would consider it important in deciding how to invest.  In other words, there must be a

15   substantial likelihood that a reasonable investor would view it as significantly altering the "total

16   mix" of information available.  Materiality of the information is judged as of the time the

17   information was disclosed.

18

19       Information is non-public if, at the time it was disclosed, it was not available to

20   the public through such sources as press releases, Securities and Exchange Commission filings,

21   trade publications, analysts' reports, newspapers, magazines, rumors, word of mouth or other

22   similar sources.  But the fact that information has not appeared in a newspaper or other media

COURT EXHIBIT #4

1    does not prove that the information is non-public. Sometimes a corporation is willing to make

2    information available to securities analysts, prospective investors, or members of the press who

3    ask for it even though it may never have appeared in any newspaper or other publication. Such

4    information would be considered public.  Accordingly, information is not necessarily non-public

5    simply because there has been no formal announcement or because only a few people have been

6    made aware of it.

7

8            On the other hand, confirmation by an insider of facts or rumors that the company

9    has not confirmed publicly itself may be the disclosure of inside information. A tip from a

10   corporate insider that is more reliable or more specific than rumor is non-public information,

11   even if the information is also the subject of rumors in the media or the investment community.

12

13           In other to establish the third factor, that Mr. Stewart anticipated that his father

14   would trade on the information, the Government must prove beyond a reasonable doubt that, at

15   the time the information was disclosed, Mr. Stewart anticipated that his father would use the

16   information to trade in securities or cause others to use the information to trade in securities.

17   The Government cannot prevail by establishing only that Mr. Stewart shared information that he

18   was required to keep confidential.  The Government must instead prove beyond a reasonable

19   doubt that, at the time the information was disclosed, Mr. Stewart anticipated that his father

20   would use that information to trade in securities.

21   .

22           In order to establish the fourth factor -personal benefit- the Government must

COURT EXHIBIT #4

1    prove beyond a reasonable doubt that Mr. Stewart anticipated receiving a personal benefit in

2    return for providing material non-public information to his father.  Personal benefit is broadly

3    defined to include pecuniary gain, as well as the benefit one would obtain from simply making a

4    gift of confidential information to a trading relative or friend.  However, the personal benefit

5    received in exchange for confidential information must be of some consequence.  Although the

6    receipt of personal benefit may be inferred from the personal relationship between Mr. Stewart

7    and his father, you may only draw this inference if you find that there was an exchange between

8    them that was objective, consequential, and represents at least a potential gain of a pecuniary or

9    similarly valuable nature.

10

11           As I indicated earlier, the Government must establish each of these four factors

12   beyond a reasonable doubt, in order for you to determine that the Government has sustained its

13   burden of proof as to the first element of the crime of securities fraud on a particular count. If as

14   to any count the Government has not established that factor beyond a reasonable doubt, as to a

15   particular securities fraud count, then you must find that the Government did not satisfy its

16   burden of proof, and you must return a verdict of not guilty as to that count.

17

18   **B. The Second Element - State of Mind**

19           The second element of the crime of securities fraud relates to state of mind.  If the

20   Government proves beyond a reasonable doubt the four factors I just explained – that is, if it

21   proves that Mr. Stewart engaged in an insider trading scheme – it must then prove that Mr.

22   Stewart engaged in the scheme knowingly, willfully, and with an intent to defraud.  To act

COURT EXHIBIT #4

1    knowingly means to act intentionally, deliberately, and voluntarily, rather than by mistake,

2    accident, ignorance, or carelessness.  To act willfully means to act deliberately and with the

3    intent to do something that the law forbids.  For Mr. Stewart to have acted with the intent to

4    defraud, he must have known of the fraudulent nature of the scheme and acted with the intent

5    that it succeed.

6

7              It is not required that the Government show that Mr. Stewart, in addition to

8    knowing what he was doing and deliberately doing it, also knew that he was violating some

9    particular federal statute.  But Mr. Stewart must have acted with the knowledge and intent to

10   help carry out the insider trading scheme; that is, the Government must prove beyond a

11   reasonable doubt that Mr. Stewart provided material non-public information to his father while

12   anticipating that his father would purchase securities on the basis of that information. A

13   defendant cannot be held liable for negligently or recklessly providing information.

14

15             Whether a person acted knowingly, willfully, and with intent to defraud is a

16   question of fact for you to determine, like any other fact question, based on your evaluation of

17   the evidence.  Intent to defraud involves the state of a person's mind and the purpose with which

18   he acted at the time the acts in question occurred. Direct proof of knowledge and intent to

19   defraud is not required.  Knowledge and criminal intent may, like any other fact, be established

20   by circumstantial evidence.

21

22             Because an essential element of the crime charged is intent to defraud, good faith

COURT EXHIBIT #4

1   on the part of Mr. Stewart is a complete defense to the charge of insider trading.  That is, the law

2   is not violated if the defendant held an honest belief that his actions were not in furtherance of

3   any unlawful scheme.  Thus, it is a complete defense to the charge of insider trading if Mr.

4   Stewart believed in good faith that any information he provided to his father would not be used

5   for trading purposes. A person who acts on a belief or opinion honestly held that turns out to be

6   wrong, is not punishable under these statutes.

7

8          It is not a criminal violation of these statutes to carelessly or unreasonably share

9   material non-public information with another person; instead, the Government must prove

10  beyond a reasonable doubt that Mr. Stewart intended to defraud the company in question or the

11  source of the information by sharing information with his father, anticipating that his father

12  would trade on that information.

13

14  **C. The Third Element: Interstate Commerce**

15         The third and final element that the Government must prove beyond a reasonable

16  doubt is that the disclosure of material, nonpublic information or trading based on that

17  information involved the use of some instrumentality of interstate commerce, such as an

18  interstate telephone call, use of the mails, or use of a facility of a national securities exchange,

19  such as a stock or options trade made on the NASDAQ, the New York Stock Exchange or the

20  International Stock Exchange.

21

22         As to each tip and trade alleged in Counts Three through Eight of the Indictment,

COURT EXHIBIT #4

1    if you find that the Government has failed to prove any element of any count beyond a

2    reasonable doubt, then you must find Mr. Stewart not guilty of that count. On the other hand, if

3    you find that the Government has proven each element, beyond a reasonable doubt, then you

4    must find Mr. Stewart guilty of that count.

5

6                            **TENDER OFFER FRAUD**

7                    The last substantive count in the Indictment, Count Nine, charges Mr. Stewart

8    with fraud in connection with a tender offer. This relates to the acquisition of Lincare by Linde

9    AG, which the Government has alleged took the form of a tender offer. To prove this count, the

10   Government must establish beyond a reasonable doubt the following <u>four</u> <u>elements</u>:

11

12                    <u>First</u>, that Mr. Stewart communicated to another person (that is, his father)

13   material non-public information relating to the Lincare tender offer, which he knew had been

14   acquired directly or indirectly either from Linde or Lincare, or any officer, director, partner, or

15   employee, or any other person acting on behalf of Lincare or Linde;

16

17                    <u>Second</u>, that Mr. Stewart made this communication at a time when Linde had

18   taken substantial steps to commence the tender offer.

19

20                    A substantial step to commence a tender offer may include the formulation of a

21   plan or proposal to make a tender offer by the offering company (here, Linde) or people working

22   on its behalf. It may also include activities which substantially facilitate the tender offer such as:

COURT EXHIBIT #4

1    hiring an investment bank, hiring lawyers, arranging financing for the tender offer, or preparing

2    or directing or authorizing the preparation of tender offer materials.

3

4            <u>Third</u>, that, at the time of this communication, there were circumstances that

5    made it reasonably foreseeable to Mr. Stewart that the communication would likely cause his

6    father to purchase or sell Lincare stock, or to have another person do so; and

7

8            <u>Fourth</u>, that Mr. Stewart acted willfully.  As I described earlier, to act willfully

9    means to act deliberately and with the intent to do something that the law forbids.  For Mr.

10   Stewart to have acted with the intent to commit fraud in connection with a tender offer, he must

11   have known of the fraudulent nature of the scheme and acted with the intent that it succeed.

12   Because an essential element of the crime charged is that Mr. Stewart acted willfully, that is,

13   with the intent to defraud, good faith on the part of Mr. Stewart is a complete defense. Thus, it is

14   a complete defense to the tender offer charge if Mr. Stewart believed in good faith that any

15   information he provided to his father would not be used to purchase or sell Lincare stock.

16

17           The Government does not have to prove that Mr. Stewart knew that the material,

18   non-public information he was communicating related to a tender offer specifically.  Also, for

19   this count, the Government does not have to prove that the Defendant acted in breach of any duty

20   of trust or confidence, or that he acted for personal benefit.

21

22

COURT EXHIBIT #4

1       **CONSPIRACY TO COMMIT SECURITIES FRAUD AND TENDER OFFER FRAUD**

2               I will now instruct you with respect to Count One.  Count One charges Mr.

3       Stewart with conspiracy to commit securities fraud and tender offer fraud.  Conspiracy is an

4       entirely distinct and separate offense from substantive securities fraud. In order to sustain its

5       burden of proof with respect to a conspiracy charge, the Government must prove beyond a

6       reasonable doubt each of the following <u>three</u> <u>elements</u>:

7

8               <u>First</u>, that the charged conspiracy existed;

9

10              <u>Second</u>, that Mr. Stewart intentionally joined and participated in this conspiracy

11      during the applicable time period; and

12

13              <u>Third</u>, that at least one of the co-conspirators committed an overt act in

14      furtherance of the conspiracy.

15

16              The <u>first</u> <u>element</u> is simply the existence of a conspiracy.  A conspiracy is an

17      agreement, or an understanding, by two or more persons to accomplish an unlawful or criminal

18      purpose.  In this case, the unlawful objects of the conspiracy are alleged to be trading on the

19      basis of material, non-public information regarding Kendle, KCI, Gen-Probe, Lincare, and/or

20      CareFusion.  Specifically, Mr. Stewart is charged with participating in a conspiracy to undertake

21      a scheme that meets the essential elements of insider trading and/or tender offer fraud as I have

22      already explained them to you in my Instructions regarding securities fraud and tender offer

COURT EXHIBIT #4

1    fraud.

2

3          To prove that a conspiracy exists, the Government must prove that two or more

4    people explicitly or implicitly came to an understanding to achieve at least one of the specified

5    objects. It is not necessary for you to find that the agreement was ever expressed orally or in

6    writing, but the Government does have to prove that there was a mutual understanding between

7    at least two people.

8

9          The indictment charges that the conspiracy lasted from February 2011 to April

10   2015. It is not necessary for the Government to prove that the conspiracy lasted throughout the

11   entire period alleged, but only that it existed for some period within that time frame.

12

13         If you conclude that the Government has proven beyond a reasonable doubt that

14   the charged conspiracy existed, you must then consider the second essential element and

15   determine whether the Government has proven, beyond a reasonable doubt, that Mr. Stewart

16   intentionally participated in the conspiracy.  To prove this element, the Government must prove

17   beyond a reasonable doubt that Mr. Stewart entered into the conspiracy and did so "knowingly"

18   and "willfully" as I have previously described those terms to you, and that he joined the insider

19   trading conspiracy for the purpose of furthering its unlawful object.

20

21         As I have already instructed you, knowingly means to act intentionally and

22   voluntarily, and not because of ignorance, mistake, accident or carelessness.  Willfully means to

COURT EXHIBIT #4

1   act deliberately and with a purpose to do something that the law forbids with knowledge that

2   one's conduct is unlawful and with the intent to do something that the law forbids.   A

3   defendant's conduct is not willful if it was undertaken in good faith, or done due to negligence,

4   inadvertence or mistake.

5

6           As I mentioned a moment ago, before a defendant can be found to have been a

7   coconspirator, you must first find that he knowingly entered into the unlawful agreement or plan.

8   The key question, therefore, is whether Mr. Stewart entered into an agreement with an awareness

9   of the basic aims and purposes of the unlawful agreement.

10

11          It is not necessary that a defendant be fully informed of all the details of the

12  conspiracy, or all of its participants. He need know only one other member of the conspiracy and

13  need know and agree to only one of its objects.  He can join the conspiracy at any point and need

14  not have received any benefit in return, so long as he in fact participated in the conspiracy in the

15  manner I have explained.

16

17          I want to caution you, however, that a defendant's mere association with another

18  member of the alleged conspiracy does not make the defendant a member of the conspiracy. In

19  other words, knowledge and association without participation is not sufficient. Moreover, the

20  fact that the acts of a defendant, without knowledge, merely happen to further the purposes or

21  objectives of the conspiracy, does not make the defendant a member.  More is required under the

22  law. What is necessary is that the defendant intentionally participated in the conspiracy with

COURT EXHIBIT #4

1    knowledge of its unlawful purposes and with the intent to aid in the accomplishment of its

2    unlawful objective.

3

4            In sum, a defendant, with an understanding of the unlawful character of the

5    conspiracy, must intentionally have engaged, advised, or assisted in it for the purpose of

6    furthering at least one of the unlawful objects charged.  A defendant thereby becomes a knowing

7    and willing participant in the unlawful agreement – that is to say, a conspirator.

8

9            The third element that the Government must prove, beyond a reasonable doubt, is

10   that some member of the conspiracy, not necessarily Mr. Stewart, knowingly committed at least

11   one overt act in furtherance of the conspiracy. An overt act is any act intended to help achieve

12   the object of the conspiracy. An overt act, itself, need not be a criminal act, but it must contribute

13   to the goals of the conspiracy. The overt act requirement may be met even if the fraudulent

14   scheme is never actually carried out.

15

16           If you find that the Government has not proved, beyond a reasonable doubt, any

17   of those essential elements, then you must find Mr. Stewart not guilty of Count One.  On the

18   other hand, if you find that the Government proved, beyond a reasonable doubt, that the charged

19   conspiracy existed, that Mr. Stewart joined it knowingly and willfully, and that at least one overt

20   act was committed in furtherance of the conspiracy, then you should find Mr. Stewart guilty of

21   the conspiracy crime charged in Count One.

22

COURT EXHIBIT #4

## CONSPIRACY TO COMMIT WIRE FRAUD

2    The final count to address is Count Two, which charges Mr. Stewart with

3 conspiracy to commit wire fraud. For this count, the Government must prove beyond a

4 reasonable doubt <u>two</u> <u>elements</u>:

5

6    <u>First</u>, that the charged conspiracy existed;

7

8    <u>Second</u>, that Mr. Stewart unlawfully, knowingly and intentionally joined and

9 participated in this conspiracy during the applicable time period.

10 As you will recognize, these are basically the same elements about which I instructed you with

11 respect to Count One.  My prior instructions about the elements of Count One apply equally

12 here, except the Government does <u>not</u> have to prove that any <u>overt</u> <u>act</u> was taken in furtherance

13 of the conspiracy charged in Count Two.

14

15    The other difference between this count and Count One is the object of the

16 conspiracy charged: Here, the object is alleged to be wire fraud, not securities fraud.

17 Specifically, the wire fraud scheme that is alleged to be the object of the conspiracy charged in

18 Count Two is the use of the interstate or international wires (for example, through phone calls, e-

19 mail communications, or electronic trades) in furtherance of a scheme to defraud one or more of

20 the companies at issue or the source of non-public information that was material to the company

21 in question or information source.  In this context, "material" means simply that the information

22 was important to the company or the information source in making decisions.

COURT EXHIBIT #4

1

2          To prove this count, the Government must establish beyond a reasonable doubt

3    that Mr. Stewart agreed to: (1) employ a device, scheme, or artifice to defraud or to obtain

4    money or property by false pretenses, representations or promises; (2) act knowingly and

5    willfully, with knowledge of the fraudulent nature of the scheme and with specific intent to

6    defraud; and (3) in the execution of the scheme, use, or cause to be used, interstate wires.  I

7    explained in the context of securities fraud what it means to employ a device, scheme, or artifice

8    to defraud, and to act knowingly and willfully.  Those earlier explanations apply here.  To prove

9    that Mr. Stewart conspired to act with specific intent to defraud, the Government must prove that

10   he agreed to act with the intent to deprive the company at issue or the information source of

11   something of value—for example, material, non-public information, by providing that

12   information to his father with the anticipation that his father would trade or cause others to trade

13   on the basis of that information.  In this context, "material" means simply that the information

14   was important to the company or the information source in making decisions.

15

16                              **CONSCIOUS AVOIDANCE**

17          As I have explained, all of the counts charged require the Government to prove

18   that Mr. Stewart acted knowingly.  In determining whether Mr. Stewart acted knowingly, you

19   may consider whether Mr. Stewart deliberately closed his eyes to what otherwise would have

20   been obvious.  The following instructions apply only to the knowledge element of the crimes,

21   and not to the question of the Defendant's intent.

22

COURT EXHIBIT #4

1          I would like to point out that the necessary knowledge on the part of Mr. Stewart

2    with respect to any particular charge cannot be established by showing that the defendant was

3    careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant

4    of a fact material and important to his conduct in order to escape the consequences of criminal

5    law.

6

7          Thus, if you find beyond a reasonable doubt that, at the time that Mr. Stewart

8    provided confidential information to his father, Mr. Stewart was aware that there was a high

9    probability that his father would, directly or indirectly, trade in securities based on the

10   confidential information Mr. Stewart shared with him, but that Mr. Stewart took action to avoid

11   learning the truth of that fact, then you may find that the Defendant had knowledge of that

12   material fact.  In other words, a defendant cannot avoid criminal responsibility for his own

13   conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which

14   would confirm to him that he was engaged in criminal conduct.  However, if you find that Mr.

15   Stewart actually believed that his father was unlikely to trade, or cause trading, on the basis of

16   the information, he may not be convicted.

17

18         Finally, I caution you that this conscious avoidance doctrine as I have explained it

19   is only applicable to the question of Mr. Stewart's knowledge.  It is not applicable to the separate

20   questions of whether Mr. Stewart acted willfully and with the deliberate intent to commit the

21   charged offenses.  You may not apply the doctrine of conscious avoidance to decide whether Mr.

22   Stewart formed the intent to commit the charged offenses.

COURT EXHIBIT #4

1

2                          **DEFENSE THEORY OF CASE**

3              The defendant, Sean Stewart, contends that he did not provide his father, Robert

4    Stewart, with material non-public information with the anticipation that his father would use the

5    information to purchase securities, or with the anticipation that his father would ask another

6    person to purchase securities.

7

8              Sean Stewart acknowledges that, on a number of occasions, he violated the

9    internal policies of JP Morgan Chase and Perella Weinberg by sharing work information with his

10   father that Sean Stewart was supposed to keep confidential.  Sean Stewart contends, however,

11   that, on those occasions, he never expected or believed that his father would use this confidential

12   information to purchase securities, or that his father would ask another person to purchase

13   securities.

14

15             In essence, the defense theory is that, although Sean Stewart shared confidential

16   information with his father, he never intended to commit any crime when doing so, and that he

17   believed in good faith that the shared information would not be used for trading purposes

18

19                               **<u>VENUE</u>**

20             With respect any given count you are considering, the Government, in addition to

21   proving the essential elements of that charge, must also prove that at least one act in furtherance

22   of the crime charged occurred in the Southern District of New York. This is called establishing

Charge As Given.wpd          version 08/09/16                                    44

COURT EXHIBIT #4

1    venue.

2

3             The Southern District of New York includes all of Manhattan and the Bronx, as

4    well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

5

6             The Government does not have to prove that a completed crime was committed

7    within the Southern District of New York, or that the Defendant was ever in the Southern

8    District of New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of

9    the crime charged, occurred in this District. The act itself may not be a criminal act.  It could

10   include, for example, processing or executing a securities trade within this District. And the act

11   need not have been taken by Mr. Stewart, so long as the act was part of the crime that you find

12   Mr. Stewart committed.

13

14            Unlike the elements of the offenses which must be proven beyond a reasonable

15   doubt, the Government is only required to prove venue by a preponderance of the evidence. A

16   preponderance of the evidence means that it is more probable than not that some act in

17   furtherance of the crime you are considering occurred in this District.

18

19                          **VARIANCE IN DATES, ETC.**

20            The indictment refers to various dates and amounts. I instruct you that it does not

21   matter if a specific event is alleged to have occurred on or about a certain date or month but the

22   testimony indicates that in fact it was a different date or month. Nor does it matter if the

COURT EXHIBIT #4

1   indictment alleges that a transaction involved a specific number of shares or amount of money,

2   but the testimony indicates that it was a different amount. The law requires only a substantial

3   similarity between the dates, months, and amounts alleged in the indictment and the dates,

4   months, and amounts established by the evidence.

5

6                          **<u>CONCLUSION OF INSTRUCTIONS</u>**

7              This completes my instructions of the law.

8

9       **<u>SELECTION OF THE FOREPERSON, RIGHT TO SEE EXHIBITS AND HEAR</u>**

10            **<u>TESTIMONY; COMMUNICATIONS WITH THE COURT</u>**

11             Now, for some general instructions that will guide you in your deliberations. You

12   will shortly retire to the jury room to begin your deliberations.  When you retire to the jury room,

13   you must have a foreperson.  That person will preside over the deliberations and speak for you

14   here in open court.  Other than those functions, the foreperson will have no greater nor lesser

15   authority than any other juror.

16

17             It is my custom to select the foreperson of the jury.  Accordingly, I am now

18   selecting juror number one as your foreperson.

19

20             All of the documentary exhibits that were received in evidence will be provided

21   to you in the jury room after you have retired to deliberate.  You may also request to have any of

22   the testimony read back.  Please remember that it is not always easy to locate what you might

COURT EXHIBIT #4

1    want, so be as specific as you possibly can in your requests.

2

3              I remind you that any notes you may have taken during trial are simply an aid to

4    your personal memory.  They are not to be shared.  Because the notes may be inaccurate or

5    incomplete, they may not be given any greater weight or influence than the recollections of other

6    jurors about the facts or the conclusions to be drawn from the facts in determining the outcome

7    of the case.  Any difference between a juror's recollection and a juror's notes should always be

8    settled by asking to have the court reporter's transcript on that point read back to you.  You must

9    base your determination of the facts and, ultimately, your verdict, on the court record rather than

10   on your notes.

11

12             During your deliberations, you must not communicate with or provide any

13   information to anyone who is not part of the 12-member deliberating jury by any means about

14   this case.  You may not use any electronic device or media, such as a telephone, cell phone,

15   smart phone, iPhone, or computer; the internet, any internet service, or any text or instant

16   messaging; or any internet chat room, blog or website or social networking platform such as

17   Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this

18   case or to conduct any research about this case until I accept your verdict.  You must continue to

19   refrain from receiving any outside information about this case.

20

21             Each of your requests, and any communication with the Court, should be made to

22   me in writing, signed by your foreperson, and given to the U.S. Marshal, who will be available

COURT EXHIBIT #4

1    outside the jury room throughout your deliberations.  After consulting with counsel, I will

2    respond to any question or request you have as promptly as possible, either in writing or by

3    having you return to the courtroom so that I can speak with you in person.

4

5                    **DUTY TO CONSULT AND NEED FOR UNANIMITY**

6                    The Government, to prevail with respect to each Count of the Indictment, must

7    prove the essential elements of the crime charged beyond a reasonable doubt, as already

8    explained in these instructions.  If the Government succeeds, your verdict should be guilty; if the

9    Government fails, your verdict should be not guilty.

10

11                    To report a verdict, your decision must be unanimous.

12

13                    Your function is to weigh the evidence in the case and determine whether or not

14    the Defendant is guilty as to each crime charged in the Indictment, solely upon the basis of such

15    evidence.

16

17                    Each of you must decide the case for yourself, after consideration, with your

18    fellow jurors, of the evidence of the case.  You should not hesitate to change an opinion when

19    convinced that it is erroneous.  However, you are not bound to surrender your honest convictions

20    concerning the effect or weight of the evidence for the mere purpose of returning a verdict or

21    solely because of the opinion of other jurors.  Discuss and weigh your respective opinions

22    dispassionately, without regard to sympathy, without regard to prejudice or favor for either

COURT EXHIBIT #4

1    party, and adopt that conclusion which in your good conscience appears to be in accordance with

2    the truth.

3

4           Again, each of you must make his or her own decision about the proper outcome

5    of this case based on your consideration of the evidence and your discussions with your fellow

6    jurors.  In short, your verdict, whether you find the Defendant guilty or not guilty, must reflect

7    your conscientious decision as to how the issues should be decided.  And your decision must be

8    unanimous.  That is, in order to return a verdict, it is necessary that each juror agree to it.

9

10           If you are divided, do <u>not</u> report how the vote stands and, if you have reached a

11    verdict, do not report what it is until you are asked in open court.

12

13           After you have reached a verdict, your foreperson completes and signs the verdict

14    form that will be provided to you in the jury room after you have retired to deliberate, and will

15    advise the Marshal outside your door that you have reached a verdict and are ready to return to

16    the courtroom.  Place the completed verdict form in an envelope marked "Verdict," seal the

17    envelope and hand it to the Marshal.  Then wait to be brought back into the courtroom.

18

19           Please remain silent, in your seats, while I confer briefly with counsel.

20

21                   **[SIDEBAR RE ANY OBJECTIONS TO CHARGE]**

22

COURT EXHIBIT #4

1          At this time I will thank, and excuse from deliberations for now, the two alternate

2     jurors.  All of us in this courtroom are grateful for your faithful and attentive participation in

3     these proceedings.  Even though you are being excused from deliberating for now you may be

4     called to join the deliberations if that becomes necessary in the future.  Accordingly, I am not

5     releasing you from your oath as jurors or from your obligations of confidentiality at this time.

6     You must continue to follow my instructions to keep your views to yourself and not to discuss

7     the case, or anyone or anything having to do with it, in any way, with any one at all.

8

9          Please give Ms. Ng telephone numbers at which you can be reached, and be

10    prepared to return to the courthouse on two hours' notice if called to do so.  If you are not

11    recalled during the deliberations, Ms. Ng will notify you after the deliberations have ended.

12    Jurors 13 and  14, thank you.  Please accompany Ms. Ng to the jury room to gather your

13    belongings and give her your contact information.

14

15          We will all remain here, in our seats, until Ms. Ng returns.

16

17          The Marshal will now be sworn and you will retire to the jury room to begin your

18    deliberations.  You must only deliberate when all 12 of you are present in the room.  You may

19    deliberate today until 6:00 p.m., and tomorrow and each succeeding week-day as necessary.

20    You must not discuss the case, or anything or anyone having anything to do with it, in any way,

21    outside the jury room, when fewer than all 12 of you are present, or with anyone who is not a

22    member of this 12 member jury.  Leave all notes, exhibits and case related material in the jury

COURT EXHIBIT #4

1     room at all times.   The Marshal will bring you back to the courtroom for dismissal.

2

3               [Deputy Clerk swears Marshal in.]

4

5               Mr. Marshal, please escort the jury to the jury room.

6