

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 26, 2016

**BY HAND AND ECF**

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

>  Re:   United States v. Sean Stewart,
>          S1 15 Cr. 287 (LTS)

Dear Judge Swain:

      The Government respectfully submits this letter in response to defendant Sean Stewart's September 22, 2016 request for an order permitting him—but not the Government—to review the sealed record of the *in camera* proceeding the Court conducted to assess the validity of Robert Stewart's invocation of the Fifth Amendment privilege against self-incrimination. The Court should deny this request.

      During trial, Sean Stewart sought to compel his father to testify on his behalf. Robert Stewart invoked his Fifth Amendment privilege against self-incrimination, and the Court, following the well-accepted procedure for evaluating the validity of such an invocation, conducted an *in camera* hearing outside the presence of the parties, the jury, and the public. *See, e.g.*, *United States* v. *Burns*, 684 F.2d 1066, 1070 (2d Cir. 1982) (describing similar procedure); *United States* v. *Basciano*, 763 F. Supp. 2d 303, 322 (E.D.N.Y. 2011) (same); *see also, e.g.*, *United States* v. *Petrie*, 302 F.3d 1280, 1289 (11th Cir. 2002) (rejecting defense's substantive and procedural objections to district court's ruling, following *in camera* proceeding, that witness's invocation of Fifth Amendment privilege was valid). To help guide the hearing, the Court requested and received from the parties *ex parte*, sealed letters setting forth certain areas of questioning that might arise during direct examination and cross-examination of Robert Stewart. On the basis of the *in camera* hearing, the Court ruled that Robert Stewart's invocation was valid.

      Sean Stewart now asks that he and his counsel—but no one else—gain access to the transcript of the *in camera* proceedings. He further moves for disclosure of the Government's list of question areas—again, to no one but him and his counsel, and with no accompanying offer to supply the defense list of question areas to the Government. Robert Stewart has no objection to his son's requests, provided the requested disclosures are effectuated in "a manner that fully

protects Robert Stewart's constitutional rights, and is not treated as a waiver of any of his rights or privileges." (Def. 9/22/2016 Ltr. at 1). Robert Stewart's counsel has confirmed orally to the undersigned that, for the time being at least, his consent extends only to disclosures to Sean Stewart and Sean Stewart's counsel—not to the Government or the public.

The Court should deny the defendant's request. The *in camera* proceeding, of which the parties' *ex parte*, sealed letters were an integral part, was conducted in accordance with long-established practices intended to protect prospective witnesses' Fifth Amendment rights. The record of Robert Stewart's invocation has been developed and preserved for review both by this Court and by the Second Circuit. The law on what constitutes a valid invocation of the Fifth Amendment privilege is well-settled, and the defendant can present that law and any accompanying arguments to the Court, confident that the Court will evaluate his arguments in light of all relevant facts, including those revealed during the *in camera* proceeding.

The alternative route the defense suggests, by contrast, is one that presumably would bloom into an extended *ex parte* discussion with the Court. Any defense motion papers incorporating the still-sealed transcript would have to be submitted *ex parte*, leaving the Government at a severe disadvantage, unable to respond in a meaningful way. It is thus unsurprising that the defense can cite no case supporting its proposed course of action. The proposal is lopsided, unnecessary, and unlikely to assist the Court in its consideration of any defense motion on this issue.

If the Court disagrees, and believes that disclosure to the defense is warranted for some reason in this case, the Government respectfully requests that a mechanism be employed to ensure that the Government has equal access to all relevant materials. For example, the Court could order disclosure to a "wall" team of Assistant United States Attorneys who would be prohibited from disclosing the contents of the *in camera* proceeding to any member of the prosecution team, but would be permitted to review the contents themselves and make arguments therefrom. Under this approach, the pertinent parts of the record would remain sealed, ensuring the continued protection of Robert Stewart's Fifth Amendment rights.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By: /s/  Sarah K. Eddy
    Sarah K. Eddy
    Brooke E. Cucinella
    Assistant United States Attorneys
    (212) 637-1033 / 2477

cc (by email):  Mark Gombiner, Esq.
                Martin Cohen, Esq.
                Sarah Baumgartel, Esq.