*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2016

**BY HAND AND ECF**

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Sean Stewart,**
                  **S1 15 Cr. 287 (LTS)**

Dear Judge Swain:

      The Government respectfully submits this letter to advise the Court of a pertinent decision issued after briefing of defendant Sean Stewart's motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure had been fully submitted.

      On December 6, 2016, the Supreme Court reaffirmed that the personal benefit element of an insider trading charge brought pursuant to 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 is satisfied "'*when an insider makes a gift of confidential information to a trading relative or friend.*'" *Salman* v. *United States*, 580 U.S. --, Slip. Op. at 9 (emphasis in original) (quoting *Dirks* v. *S.E.C.*, 463 U.S. 646, 664 (1983)).  In reconfirming this principle, the Supreme Court rejected the statement of law, derived from the Second Circuit's decision in *United States* v. *Newman*, 773 F.3d 438 (2d Cir. 2014), upon which Stewart relies in seeking reversal of his conviction—namely, that "[t]he government must specifically prove that as a *quid pro quo* in exchange for disclosing information, the tipper received a personal benefit that was objective, consequential, and represented at least a potential pecuniary gain to the tipper."  (Stewart Opening Br. at 6).  Writing for a unanimous Court, Justice Alito held that "[t]o the extent the Second Circuit [in *Newman*] held that the tipper must also receive something of a 'pecuniary or similarly valuable nature' in exchange for a gift to family or friends," that "requirement is inconsistent with *Dirks*."  *Salman* v. *United States*, 580 U.S. --, Slip Op. at 10.

      As the Government has previously argued, the evidence at Stewart's trial amply established the personal benefit element of the Title 15 insider trading counts charged, even under the *Newman* standard, which was incorporated into the Court's jury instructions.  But *Salman* removes even the theoretical predicate for Stewart's sufficiency argument, because it

makes plain that there is no "pecuniary or similarly valuable" litmus test for personal benefit where, as here, the tippee is a relative of the tipper.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney

By: /s/  Sarah K. Eddy
     Sarah K. Eddy
     Brooke E. Cucinella
     Assistant United States Attorneys
     (212) 637-1033 / 2477

cc (by email):  Mark Gombiner, Esq.
                Martin Cohen, Esq.
                Sarah Baumgartel, Esq.