UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                   :

**UNITED STATES OF AMERICA**          :

                                                   :

                - v -                              :          15 Cr. 287 (LTS)

                                                   :

**SEAN STEWART**,                        :

                                                   :

                              Defendant.     :

------------------------------------------------------ x


## REPLY SENTENCING MEMORANDUM ON BEHALF OF
## SEAN STEWART

                                             DAVID PATTON, ESQ.
                                             Federal Defenders of New York, Inc.
                                             Attorney for Defendant
                                             SEAN STEWART
                                             52 Duane Street - 10th Floor
                                             New York, New York 10007
                                             Tel.: (212) 417-8737

                                             MARTIN S. COHEN
                                             MARK GOMBINER
                                             *Of Counsel*


TO:     PREET BHARARA, ESQ.
          United States Attorney
          Southern District of New York
          One. St. Andrew's Plaza
          New York, New York 10007
          Attn:   BROOKE CUCINELLA, ESQ.
                      SARAH EDDY, ESQ.
                      Assistant United States Attorneys

**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

February 16, 2017

*By Hand and ECF*

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Sean Stewart*
       15 Cr. 287 (LTS)

Dear Judge Swain:

  The Government distorts Sean Stewart's character and the facts of this case in arguing for an excessive sentence. That Sean Stewart was convicted at trial does not mean that he obstructed justice, nor does his conviction – which carries with it severe collateral consequences – warrant extensive incarceration.

  In arguing for an obstruction enhancement and an extraordinarily long sentence of imprisonment, the Government relies primarily on speculation about what Sean Stewart supposedly told Robert Stewart when they spoke – often multiple times a day – over a four-year period. The government's assertions – several of which are discussed in more detail below – are contradicted by other evidence in the case, Robert Stewart's sworn affidavit, as well as common sense.

  Here, there are key undisputed facts which are fundamentally at odds with the Government's version of events: Sean Stewart did not know Richard Cunniffe; Richard Cunniffe directed the vast majority of the trading in this case; and Richard Cunniffe received around 90% of the profits (over one million dollars), of which he gave Robert Stewart around 10%. These facts are wholly incompatible with the narrative set forth in the Government's submission.

  Nor does the Government's distorted view of Mr. Stewart comport with other facts the Court has to consider at sentencing: that Sean is someone who has worked extraordinarily hard from a very young age; that Sean is devoted to his family, to caring for his mother and his young son; that he faces life-long disabilities as a result of this

Honorable Laura Taylor Swain                                                                              Page 2
February 16, 2017

**Re:** *United States v. Sean Stewart*
      *15 Cr. 287 (LTS)*

conviction; and that Sean will be an asset to his community going forward. Sean Stewart does not need to be incapacitated for any reason.

The Government suggests that Mr. Stewart's attempt to find work after his conviction is somehow grounds for punishment. Gov't Mem. p. 18-19. That Mr. Stewart sought to find out whether he was still employable in the only career he has ever known is not a reason to incarcerate him. The Court can readily imagine what Mr. Stewart was repeatedly told by prospective employers. It is extraordinarily unlikely that Mr. Stewart will work in finance again. Indeed, Mr. Stewart was recently hired to coach a girl's crew team at a local high school.

The Court should also reject the argument that Mr. Stewart's violation of the conditions of his release – by spending the money in the account securing his bail – requires an incarceratory sentence. Mr. Stewart has now had over a year to contemplate the consequences of this terrible decision, which resulted in his being placed on home detention, and later curfew, for 13 months. While punishment was not the purpose for imposing these conditions, home detention and curfew significantly curtail a person's liberty, and contain a strong punitive component. During these past 13 months, Mr. Stewart has been wholly compliant with the conditions of release. *See* PSR ¶ 11.[1]

Sean Stewart has admitted to significant misconduct; he faces life-long disabilities; and his future prospects are severely limited. While on supervision, Mr. Stewart will lay the foundation for the rest of his life, providing crucial emotional support to his young son and his infirm mother, and demonstrating to the Court that he is a fundamentally good person who will do the hard work necessary to make amends. Regardless of the Court's ultimate determination of the advisory sentencing guidelines, incarceration is not required to satisfy any of the purposes of sentencing.
.

---

[1] The Government suggests that Mr. Stewart's testimony concerning when he told his former attorney, Tai Park, that he had spent the money in the secured account was inconsistent with Mr. Park stating that he had learned of the liquidation in January 2016. *See* Gov't Mem. n.6. There is no inconsistency. Mr. Stewart made clear in his testimony that he didn't recall the exact date when he told his "attorney at the time" [Mr. Park], but that it was "well after" Mr. Stewart received, and spent, the money in the account. *See* Tr. at 1316, 1365.

Honorable Laura Taylor Swain                                                          Page 3
February 16, 2017

**Re:**  *United States v. Sean Stewart*
       **15 Cr. 287 (LTS)**

### A. The obstruction of justice enhancement is not warranted.

In seeking an enhancement for obstruction of justice, and in arguing for an excessive sentence, the government makes a number of factual assertions which are unsupported by the evidence. *See United States v. Guerra*, 888 F. 2d 247, 251 (2d Cir. 1989) (disputed sentencing issues must be proved by a preponderance of the evidence). We will not address every point, but a selection should suffice:

- The government asserts that Sean "coached" Robert Stewart in how to lie to the SEC after Robert received a call from an SEC investigator in May 2013. The government's "proof" consists of the fact that Robert and Sean spoke briefly over the telephone between the time that the SEC investigator left a message for Robert, and Robert returned the call. *See* Gov't Ex. 31. This proves nothing, however, except that Sean and Robert Stewart spoke all the time, often many times a day. Indeed, on the day Robert spoke to the SEC investigator, Robert was coordinating with Sean about picking up Sean's car in Westchester, where it had been impounded. *See* Tr. at 1308-1309; Def. Exs. 504-506. The notion that Sean coached Robert is especially unlikely given that Robert apparently told the SEC investigator that he had used the proceeds of his Kendle investment to help pay for Sean Stewart's wedding. *See* PSR ¶ 56.[2]

- Mr. Stewart testified that he told his father about Kendle in the context of planning for his wedding and honeymoon. Mr. Stewart was staffed on Kendle in December 2010, *see* PSR ¶ 40, and his wedding was planned for early June 2011. The government is wrong in arguing that Mr. Stewart's testimony on this point must be false because the target date for the Kendle announcement was in May 2011. Gov't Mem. at 16. As several witnesses testified, there is a great deal of uncertainty regarding the timing of these enormously complex deals, which often fall apart, or whose announcements are delayed for one reason or another. *See*, *e.g.*, Tr. at 503-505 (Jarrod Pontius, who was the chief legal officer for Kendle during the acquisition, testified that Kendle had asked JP Morgan to reach out to approximately 14 different buyers in January 2011, and that, as of March

---

[2] If the Court is considering crediting the government's assertion, we request a hearing. *See* U.S.S.G. § 6A1.3(a) ("When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor.").

Honorable Laura Taylor Swain                                                                                          Page 4
February 16, 2017

Re:   *United States v. Sean Stewart*
      **15 Cr. 287 (LTS)**

        3, 2011, it was "hard to gauge if the transaction will happen"); Tr. at 195 (Karen Flaherty, a JP Morgan banker, testified about the general uncertainty surrounding whether a particular deal would be completed).

- The Government's assertion that Sean Stewart was "spooked" by the FINRA inquiry in May 2011, and that this led to him instructing Robert Stewart to engage others to trade for him, is flatly contradicted by the Government's acknowledgment that Mr. Stewart "was no stranger to FINRA investigations, which were common in the wake of acquisitions of publicly traded companies." Gov't Mem. at 5. Moreover, Robert Stewart engaged others to trade for him as early as February 2011, including asking Cunniffe to trade on his behalf in April 2011, well before the FINRA inquiry into Kendle. *See also* Affidavit of Robert Stewart, Docket No. 227 ("I did not tell Sean Stewart about my trading agreement with Richard Cunniffe prior to my arrest in May 2015.").

Sean Stewart did not obstruct justice, and the enhancement under §3C1.1 is not warranted.

### B. The Government's requested sentence is extraordinarily excessive.

If the Court determines that some incarceration is required, a term of one year and one day will be more than sufficient to satisfy all the purposes of sentencing, including general deterrence. *See United States v. Gupta*, 904 F. Supp. 2d 349, 355 (2012) (explaining that common sense suggests that business executives will be deterred by a modest prison sentence; imposing a sentence of 24 months on tipper convicted after trial where gain was $5 million, and Guideline range was 78 to 97 months); *United States v. Gansman*, 08 Cr. 471 (MGC) (convicted after trial for tipping mistress, who gained $390,000; sentenced to one year and one day in prison). Where Courts in this district have imposed longer terms for defendants convicted of insider trading after trial, the benefits received from the trading were of an entirely different level of magnitude than those at issue here. *See e.g.*, *United States v. Contorinis*, 09-cr-1083 (RJS) (tippee Joseph Contorinis sentenced to 72 months on gain of $7.3 million); *United States v. Newman et al.*, 12-cr-121 (RJS) (tippee Anthony Chiasson sentenced to 78 months on gain of $68 million; tippee Todd Newman sentenced to 54 months on gain of $4 million); *United States v. Jiau*, 11-cr-161 (JSR) (tipper/tippee sentenced to 48 months on profits of $3,100,000).

Honorable Laura Taylor Swain                                                                                         Page 5
February 16, 2017

**Re:**  *United States v. Sean Stewart*
       **15 Cr. 287 (LTS)**

    Of course, all cases and all defendants are different. Here, Sean Stewart shared inside information with his father, with whom he had a loving but complicated relationship. In so doing, Mr. Stewart has destroyed a lifetime of hard work and accomplishment, and it may take the rest of his life to pick up the pieces. A sentence of probation will be sufficient to satisfy all the purposes of sentencing. If the Court determines that some term of incarceration is required, a "modest" term will be more than sufficient given the unique circumstances of this case.

    **C.  Conclusion.**

    For the reasons described above and in our February 13 submission, a term of imprisonment is not necessary to satisfy any of the purposes of sentencing. We urge the Court to impose a sentence of probation, with special conditions including a term of six months' home detention, and 400 hours of community service.

    Respectfully submitted,

    /s/
    Martin S. Cohen
    Mark Gombiner
    Ass't Federal Defenders
    Tel.: (212) 417-8737/8718

Cc:    Brooke Cucinella, Esq., by e-mail and ECF
       Sarah Eddy, Esq., by e-mail and ECF
       Mr. Sean Stewart, by e-mail