U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 16, 2017

**BY HAND AND ECF**

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Sean Stewart,**
                **S1 15 Cr. 287 (LTS)**

Dear Judge Swain:

      The Government respectfully submits this letter to respond, briefly, to an argument that defendant Sean Stewart has raised for the first time in his reply to the Government's sentencing submission. The argument is that a Guidelines sentence would be "excessive" here as compared to sentences imposed in analogous insider trading cases. (*See* Def. Reply at 4-5).

      That argument simply does not hold water. The two recent cases that bear the closest resemblance to this one are *United States* v. *Riley*, 13 Cr. 339 (VEC), and *United States* v. *Hixon*, 14 Cr. 227 (RA). In both cases, the defendants were insiders who were prosecuted for tipping others with material non-public information, and were sentenced to substantial terms of imprisonment notwithstanding that they gained little personal pecuniary advantage from their crimes.

      David Riley, while head of information technology at a Silicon Valley technology company, tipped an analyst friend with non-public sales figures and the as-yet-unannounced fact of his company's prospective acquisition by another company. Riley, who made approximately $4,000 by acting on *quid pro quo* stock tips from his tippee, and whom Judge Caproni described as having acted for "essentially nothing" in terms of personal pecuniary gain, was sentenced to 78 months' imprisonment after trial. (*See* Tr. of Proceedings on Apr. 27, 2015, 13 C. 339 (VEC), Docket Entry No. 263 at 49). In contrast to Stewart, Riley did not testify falsely in his own defense. Riley had a young son at the time of sentencing, and his pre-offense record—which featured employment with the CIA and the Air Force, among other things—was unblemished. Yet the Court properly concluded that his gross and repeated breaches of fiduciary duty warranted a substantial prison term.

Frank "Perk" Hixon, a former managing director at investment bank Evercore Management, LLC, used information gleaned from clients about two not-yet-public acquisitions, as well as inside information about Evercore's own earnings, to generate approximately $700,000 in trading profits for his former girlfriend (and mother of his young child) and his father. Hixon, like Stewart, lied to his employer when confronted with the fact of his father's name on a FINRA list. And Hixon also lied to agents when approached about his conduct. But Hixon ultimately took responsibility for his actions and pled guilty. Seventy-five letters of support were submitted to the court on his behalf. (*See* Tr. of Proceedings dated Aug. 1, 2014, 14 Cr. 227 (RA), Docket Entry No. 31 at 48). Judge Abrams, while recognizing that Hixon had done great good, and that he had not acted "for his own immediate gain" (*id.* at 49), sentenced him to 30 months' imprisonment. Again, repeated, grave breaches of fiduciary duty warranted a substantial term of imprisonment—even for someone who acknowledged responsibility and did not testify falsely in his own defense.

As gauged against these two most relevant points of comparison, a Guidelines sentence here would not be "excessive" but rather appropriate.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/ Sarah K. Eddy
Sarah K. Eddy
Brooke E. Cucinella
Assistant United States Attorneys
(212) 637-1033 / 2477

cc (by email):  Mark Gombiner, Esq.
Martin Cohen, Esq.