# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | |
| SEAN STEWART | ) | Case Number: 01:S1 15crim287-02 (LTS) |
| | ) | USM Number: 09014-090 |
| | ) | Martin S. Cohen, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)  One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8) and Nine (9)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371; 15 USC 78j(b), 78n(e) and 78ff; 17 CFR 240.10b-5, 240.10b5-2, 240.14e-3(a) and 240.14e-3(d) | Conspiracy to commit securities fraud and tender offer fraud. | 4/2015 | One (1) |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  and any underlying indictment(s)   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 17, 2017
Date of Imposition of Judgment

_Signature of Judge_

Laura Taylor Swain, U.S.D.J.
Name and Title of Judge

February 23, 2017
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-2017

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1349 | Conspiracy to commit wire fraud. | 4/2015 | Two (2) |
| 15 USC 78j(b) & 78ff; 17 CFR 240.10b-5 and 240.10b5-2 and 18 USC 2 | Securities fraud. | 5/2011 | Three (3) |
| 15 USC 78j(b) & 78ff; 17 CFR 240.10b-5 and 240.10b5-2 and 18 USC 2 | Securities fraud. | 5/2011 | Four (4) |
| 15 USC 78j(b) & 78ff; 17 CFR 240.10b-5 and 240.10b5-2 and 18 USC 2 | Securities fraud. | 10/2014 | Five (5) |
| 15 USC 78j(b) & 78ff; 17 CFR 240.10b-5 and 240.10b5-2 and 18 USC 2 | Securities fraud. | 10/2014 | Six (6) |
| 15 USC 78j(b) & 78ff; 17 CFR 240.10b-5 and 240.10b5-2 and 18 USC 2 | Securities fraud. | 10/2014 | Seven (7) |
| 15 USC 78j(b) & 78ff; 17 CFR 240.10b-5 and 240.10b5-2 and 18 USC 2 | Securities fraud. | 10/2014 | Eight (8) |
| 15 USC 78n(e) & 78ff; 17 CFR 240.14e-3(a) & 240.14e-3(a) & 240.14e-3(d) and 18 USC 2 | Securities fraud in connection with a tender offer. | 5/2012 | Nine (9) |

Judgment — Page 3 of 8

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**36 months as to each of Counts One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8), and Nine (9), to run concurrently.**

X  The court makes the following recommendations to the Bureau of Prisons:
   **that the defendant be designated to the FCI Otisville Satellite Facility in order to facilitate the maintenance of family ties.**

   **The Court recommends to the BOP that the defendant be considered to spend the maximum amount of time in a halfway house.**

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at  ____  ☐ a.m.  ☐ p.m.  on  ____ .

   ☐ as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   X  before 2 p.m. on   June 6, 2017.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____ to ____

at ____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev 11/16)   Judgment in a Criminal Case
   Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:      SEAN STEWART
CASE NUMBER:    01:S1 15crim287-02 (LTS)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years of supervised release as to each of Counts One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8), and Nine (9), to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - X The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page 5 of 8

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

## SPECIAL CONDITIONS OF SUPERVISION

Defendant must comply with the conditions of home detention for a period of 12 months under curfew conditions. During this time, defendant must remain at defendant's place of residence during curfew hours set by the probation officer to permit the defendant to attend to child care, employment, medical emergencies and other activities approved by the Probation Officer. Defendant must maintain a telephone at defendant's place of residence without call forwarding, a modem, caller ID, call waiting, or portable cordless telephones for the period of home detention. At the direction of the Probation Officer, defendant must wear an electronic monitoring device and follow the electronic monitoring procedures as specified by the Probation Officer. Home detention shall commence on a date to be determined by the Probation Officer. Defendant must pay the costs of home detention on a self payment or co-payment basis as directed by the Probation Officer.

While on supervised release, defendant must perform 200 hours of Community Service as directed by the Probation Officer.

Defendant must provide the Probation Officer with access to any requested financial information.

Defendant must not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment payment schedule.

Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

Defendant is to be supervised by the district of residence.

AO 245B(Rev 11/16)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page  6  of  8

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| TOTALS | $ 900.00       | $ 0                  | $ 7,500.00 | $ **TBD**     |

X  The determination of restitution is deferred until __5/18/2017__ . An *Amended Judgment in a Criminal Case (AO 245C)* will be after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|--------------------|-------------------------|----------------------------|
|                   |                    |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the  X  fine  ☐ restitution.

    ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SEAN STEWART
CASE NUMBER: 01:S1 15crim287-02 (LTS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  X  Lump sum payment of $ __900.00__ due immediately, balance due

    ☐ not later than _____ , or
    X  in accordance with ☐ C, ☐ D, ☐ E, or X F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

**During defendant's prison term, if defendant is engaged in a BOP non-UNICOR or UNICOR grade 5 work program, defendant will pay $25 per quarter towards the criminal financial penalties. However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, defendant will pay 50% of defendant's monthly UNICOR earnings towards the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11.**

**During the defendant's supervised release term, the defendant will make payments toward any outstanding restitution and fine obligations by paying 10% of defendant's gross monthly earned income toward the outstanding obligations as directed by the Probation Department, to commence within 30 days after entry onto supervised release. The collection of amounts unpaid after the defendant has completed supervised release will be administered by the United States Attorney's office's collection unit, and the defendant's restitution payments will be made to the Clerk of this Court for disbursement to the victims. The Government may use the judgment collection mechanisms available under the applicable law with respect to any remainder outstanding after the supervised release period has terminated. The Government is encouraged to engage in post-supervision period collection activities in a manner not inconsistent with the defendant's ability to provide reasonably for the needs of the defendant and his dependents.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.