**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 9, 2019

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

    Re:    ***United States v. Sean Stewart*,**
           **S1 15 Cr. 287 (LTS)**

Dear Judge Swain:

      On behalf of the Government, we write respectfully to request that the Court set a prompt date for a retrial of defendant Sean Stewart at the status conference set for tomorrow in this matter. In preparation for tomorrow's status conference, we have conferred with the defendant's newly retained counsel, who have indicated that they plan to request that the Court refrain from scheduling a date for the retrial and instead schedule a further conference date after they are able to (a) review the Rule 16 discovery that the Government produced to the defendant's prior counsel, and (b) determine whether they wish to make new Rule 12 motions.  Such delay is not warranted. As the Court is aware, this case was first indicted three-and-a-half years ago, and the defendant has been aware for months that a retrial would likely occur.  Therefore, the Government respectfully requests that the Court set a date for retrial in the spring of 2019.  We have conferred with defense counsel, who object to this proposal.

      By way of background, the defendant was first arrested in May 2015 and was indicted that same month.  The Government began producing discovery in July 2015.  Trial commenced on July 25, 2016 and ended on August 17, 2016 when the defendant was convicted on all counts.  Prior to trial, the Government provided witness statements to the defense pursuant to Title 18, United States Code, Section 3500, and at trial, the Government introduced numerous exhibits, all of which have now been in possession of the defense for two-and-a-half years along with the full transcript of the first trial.

      Argument on the defendant's appeal was heard in the Second Circuit on February 26, 2018. On June 26, 2018, the Second Circuit directed that the District Court order the defendant released on bail pending the resolution of his appeal, and on November 5, 2018, the Second Circuit vacated the defendant's convictions on all counts and remanded the case to Your Honor for further proceedings.

The Government promptly contacted the defendant's trial counsel at the Federal Defenders of New York and his appellate counsel at the law firm of Shapiro Arato and thereafter was informed on November 14, 2018 that the defendant was seeking to substitute new counsel for further proceedings. On January 4, 2019, new counsel at the law firm of Fried, Frank, Harris, Shriver & Jacobson filed notices of appearance on behalf of the defendant ("Substitute Counsel").

Substitute Counsel has advised the Government, in substance, that they plan to request at tomorrow's status conference that the Court refrain from scheduling a date for the defendant's retrial until after they have reviewed the Rule 16 discovery and determined whether they wish to make new Rule 12 motions.[1]

The Government respectfully submits that the timeline that Substitute Counsel seeks is not in the interests of justice and that the Court should set a prompt date for a retrial of this case. The *defendant* has elected—at a late stage of the proceedings, and months after he knew there would be a retrial in this case—to seek a substitution of new counsel, and that election should not stand in the way of the prompt resolution of this case. An analogous situation arose in *United States v. Silver*, 15 Cr. 93 (VEC), where an initial trial conviction was vacated on appeal and remanded for a new trial. United States District Judge Valerie E. Caproni set a new trial date during the pendency of the appeal. (*See Silver*, Dkt. No. 334). Following issuance of the mandate from the Second Circuit, the defendant sought to substitute new defense counsel, who cited the large volume of discovery and sought an adjournment of the trial date and an extended schedule to file new motions. (*See* Transcript of February 1, 2018 conference, attached as Exhibit A, at 2-4). Judge Caproni denied the application, noting, "Mr. Silver knew there was going to be another trial months ago. . . . If he wanted to change counsel, he should have done so, so that you could do all that you've just described and be ready to go on April 16. . . ." (Exhibit A at 3).

The Court is confronted with a similar issue here. Stewart has been aware of the strong likelihood of a new trial in this case since the Second Circuit *sua sponte* ordered his release on bail pending appeal seven months ago in June 2018. He has known for certain that there would be a new trial since the Second Circuit opinion issued two months ago in early November 2018 vacating his conviction and remanding his case for further proceedings. If Stewart wanted to change counsel, then he could have done so at any time. He elected not to do so until January 4, 2019, and the Court should not grant him an open-ended timetable for re-trial on that basis.

While Substitute Counsel has indicated that they may seek to file additional Rule 12 motions, it is notable that issues that were previously litigated cannot and should not be re-litigated anew. "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that

---

[1] Substitute Counsel has advised that they do not have a copy of the Rule 16 discovery that the Government previously produced to prior counsel, and they understand prior counsel may no longer possess a complete copy of that discovery. As a result, Substitute Counsel has requested that the Government re-produce the discovery. While the Government is under no obligation to do so, as a courtesy, the Government will endeavor promptly to re-produce discovery to Substitute Counsel. For the reasons explained below, that should not be grounds for an open-ended schedule in this case.

court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks and citations omitted). Under the law of the case doctrine, "a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of case; the parties are deemed to have waived the right to challenge that decision." *United States v. Ben Zvi*, 242 F.3d 89, 96 (2d Cir. 2001) (internal quotation marks and alterations omitted) (quoting *Cty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997)). This is because "it would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *Id.*; *see also United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993) (explaining that law of the case doctrine is justified by "important policy considerations" such as "stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy" (internal quotation omitted)).

Moreover, under what is more commonly known as the "mandate rule," a defendant is barred from raising "issues previously waived by the defendant or decided by the appellate court." *Quintieri*, 306 F.3d at 1225. "The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Ben Zvi*, 242 F.3d at 95. "Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." *Id.*

To the extent the defendant seeks to raise new Rule 12 motions, it is not a foregone conclusion that such motions are properly brought, given the law-of-the-case doctrine and the mandate rule,[2] and in any event the defendant has had more than sufficient time to seek counsel regarding any new Rule 12 motions since his June 2018 release from custody and the November 2018 opinion from the Second Circuit. While the Government is not at this time seeking a ruling precluding the defense from making new Rule 12 motions, we respectfully submit that it is not appropriate to design a schedule as if the case has been newly indicted and the defendant is receiving discovery for the first time.

---

[2] In the context of a remand for a new trial, the waiver provisions of Rule 12 do not bar parties from raising new issues. *United States v. Lawson*, 736 F.2d 835, 837 (2d Cir. 1984). But *Lawson* does not concern the law-of-the-case doctrine, which continues to apply after remand for a new trial. *See United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991).

Rule 16 discovery, 3500 material, and trial exhibits have been available for years. So has the previous trial transcript. Substitute Counsel has possession of the transcript, the exhibits, and the 3500 material. Given the passage of time and the late date of the defendant's substitution of counsel, the Government respectfully requests that the Court set a prompt retrial date in the spring of 2019, consistent with the Court's schedule and counsel's other trial commitments. As noted above, Substitute Counsel objects to this proposal, and in any event is not available for trial in March 2019.

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

by:   /s/_____
        Richard Cooper / Samson Enzer
        Assistant United States Attorneys
        (212) 637-1027 / 2342