Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

**FRIED FRANK**

Direct Line: +1.212.859.8592
Email: steven.witzel@friedfrank.com

January 10, 2019

**BY ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Sean Stewart*, 1:15-cr-00287-LTS

Dear Judge Swain:

      We respectfully write in response to the Government's January 9, 2019 letter in which the Government requests to proceed to trial in a few short months. The Government filed this letter two hours after informing defense counsel that, due to technical and other issues, it had no idea of the volume of Rule 16 discovery in its possession or when it would be capable of producing that discovery.[1] For the reasons set forth below, we respectfully request that the Court deny the Government's unreasonable request for a Spring 2019 trial, and instead schedule a second pretrial conference in approximately two months to provide time for defense counsel to review Rule 16 discovery and identify potential pretrial motions.

      Defendant Sean Stewart has recently retained undersigned counsel to represent him in this matter. We entered appearances in this proceeding less than one week ago, and should be given an opportunity to receive and review Rule 16 discovery and become familiar with the issues before trial. The Government's insistence on rushing to trial is at odds with this equitable request. It is also inconsistent with common practice in this court. *See, e.g.*, *United States v. Felipe*, No. 94-cr-395(LMM), 1996 WL 18985, at *1 (S.D.N.Y. Jan. 18, 1996) (adjourning trial for six months where the "nature and extent of the charges," the "amount of discovery in the case," and the fact that "new counsel would have only minimal time to prepare for trial . . . fully warrant an adjournment of the trial date.").

---

[1] As we were finalizing this letter and shortly before noon today, the Government communicated to defense counsel via email an estimate of the volume and type of discovery in its possession, without a time for delivery, "based on [their] preliminary review to date," and "subject to revision." *See* Attached Exhibit A (phone numbers redacted by defense counsel).

New York • Washington • London • Frankfurt
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

Fried, Frank, Harris, Shriver & Jacobson LLP

January 10, 2019
Page 2

The Sixth Amendment encompasses "the right to select and be represented by one's preferred attorney." *Wheat v. United States*, 486 U.S. 153, 159 (1988). While that right is not unlimited, no exceptions apply here. It is a fundamental aspect of Mr. Stewart's right to a fair trial that his chosen counsel be given an adequate opportunity to prepare. Indeed, counsel has an ethical obligation to familiarize themselves with the voluminous record and investigate the facts in carrying out their duties to advise and zealously represent Mr. Stewart in this proceeding. *See Burt v. Titlow*, 571 U.S. 12, 19 (2013) (Sotomayor, J., concurring) ("counsel must 'make an independent examination of the facts, circumstances, pleadings and laws involved and then' . . . . provide[] the client with competent and fully informed advice, including an analysis of the risks that the client would face in proceeding to trial") (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948)). It is contrary to the Sixth Amendment and totally unrealistic to suggest that Mr. Stewart could prepare a complete defense with new counsel in the Spring of 2019.

It is further baseless to assert, as the Government repeatedly does, that Mr. Stewart has delayed in seeking a substitution of new counsel. The Second Circuit vacated Mr. Stewart's convictions on all counts and remanded the case to Your Honor for further proceedings on December 21, 2018, less than one month ago. Indeed, the Government engaged in discussions with prior defense counsel in November 2018 concerning the possibility of a resolution without trial, and only filed a letter with the Court indicating its intent to retry Mr. Stewart approximately one month ago on December 4, 2018. Dkt. No. 276. Within just a few weeks, Mr. Stewart researched, interviewed, and hired new counsel. Mr. Stewart has plainly been diligent.

The Government's reliance on *United States v. Silver* is misplaced. Judge Caproni had scheduled an April 16, 2018 trial date on August 15, 2017—more than eight months in advance—with the expectation that the same counsel who had gone through the first trial would retry the case. No. 15-cr-93, Dkt. No. 334. During the February 2018 conference—two months before the scheduled trial and six months after the trial date had been set—an application was made for a change in counsel and adjournment of the trial date. *See* No. 15-cr-93, Dkt. Nos. 354 at 2; 334 (Text Order). Unlike this case, Judge Caproni was merely preserving her longstanding schedule in response to a last minute switch of counsel shortly before a trial that had been scheduled six months earlier.

More instructive here is Judge Caproni's decision in *United States v. Marley*, No. 17-cr-374(VEC). In that case new counsel appeared in January 2017, on the eve of a trial date scheduled for February 2017, and Judge Caproni ordered a new trial date of July 2017, noting that "new counsel is involved [and] needs time to get up to speed" and that defendant's "interest in getting his attorney up to speed outweighs the public interest in a speedy trial." *Marley*, Dkt. No. 86, Transcript of January 12, 2017 conference, attached as Exhibit B, at 2-3, 13. Even though new counsel came in on the eve of trial—unlike in this case—Judge Caproni adjourned the previously scheduled trial date, further highlighting how unusual the decision in *Silver* was.

Courts routinely provide adequate time to prepare in complex cases. For example, in the securities fraud case of *United States v. Wey*, No. 15-cr-611(AJN), in which the Government alleged "a sprawling scheme running four years or more and implicating three publicly traded

Fried, Frank, Harris, Shriver & Jacobson LLP

January 10, 2019<br>
Page 3

stocks," Judge Nathan granted an adjournment because, "in complex conspiracy cases like this one, the potential for unfair surprise and the difficulty of preparing a defense are amplified." *United States v. Wey*, No. 15-cr-611(AJN), 2017 U.S. Dist. LEXIS 6991, *68 (S.D.N.Y. January 18, 2017) (citing *United States v. Rajaratnam*, 09-cr-1184, 2010 U.S. Dist. LEXIS 70385, 2010 WL 2788168, at *2 (S.D.N.Y. Jul. 13, 2010)).  Judge Nathan adjourned a longstanding trial date, which itself had been set thirteen months earlier, for an additional eight months "because Defendant requires time to review extensive discovery, to engage in pretrial motion practice, and to prepare for trial."  No. 15-cr-611(AJN), Dkt. No. 74.

Despite its haste to schedule a trial, during conversations with the Government over the last several days, it has been unable to (1) tell us how much discovery there is and when we will get it, and (2) articulate any justification that should compel the Court to require defense counsel to try a complex case on such short notice and without adequate time to prepare.  In effect, the Government is attempting without reason to limit defense counsel's ability to provide effective representation.  As noted in the footnote on page one, just this morning, the Government described voluminous discovery in its possession, including more than 123,000 pages of Bates-stamped documents, multiple hard drives containing unknown volumes of material, and audio recordings, among other materials. *See* Exhibit A.  This illustrates the extent and complexity of the discovery and the significant review and analysis that defense counsel must undertake in order to effectively defend Mr. Stewart.

In sum, Mr. Stewart does not seek an "open-ended timetable for re-trial," Gov. Ltr. at 2, but merely to enforce his rights to effective counsel and due process, which are threatened by the Government's unreasonable proposed schedule.  In Mr. Stewart's original trial, the Government began producing discovery in July 2015 and trial began July 25, 2016, a year later.  Defendant does not seek another year to prepare, but rather two months to review Rule 16 discovery after it is provided.  Therefore, we respectfully request that the Court schedule a second pretrial conference, and of course we would consent to the exclusion of time until that date.  From our discussions with the Government, we understand that the week of March 11, 2019 is available to the parties for a pretrial conference if convenient to the Court.

Respectfully,<br>
<br>
Lawrence Gerschwer<br>
Steven M. Witzel

cc: Richard Cooper, Esq.
    Samson Enzer, Esq.